DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

## IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | Case No. 4:22-cv-03596-RS<br><br>**DEFENDANT ANCIENT ORGANICS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Assigned to the Hon. Richard Seeborg<br><br>Date:       December 22, 2022<br>Time:       1:30 p.m.<br>Courtroom:  3<br><br>**[*Request for Judicial Notice, Declaration of Matthew Girard Maxon, and Proposed Order Filed Concurrently*]** |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2022, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Ancient Organics will move the Court for an order dismissing with prejudice the First Amended Complaint (FAC) filed by Plaintiffs Kelly Effinger and Keefe Stevernu (Plaintiffs).

Ancient Organics seeks an order dismissing Plaintiffs' claims because:  (1) the label does not represent the product is "healthy" as Plaintiffs assert; (2) the actual statements on the label—"EAT GOOD FAT," "the very best fat one can eat," "superfood," and "nourish your mind, body, and soul"—are non-actionable puffery that no reasonable consumer would find misleading; (3) any attempt to impose contrary disclosure requirements on Ancient Organics is preempted; (4) Plaintiffs lack standing to bring claims regarding unpurchased products; (5) Plaintiffs lack standing to bring claims on behalf of a nationwide class; and (6) California law does not recognize a standalone cause of action for unjust enrichment.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Motion is based upon this notice, the attached memorandum of points and authorities, the request for judicial notice and declaration of Matthew Girard Maxon submitted herewith, the pleadings and records on file, and upon such other and further matters as may be presented before or at the hearing.

Dated:  November 14, 2022

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
James H. Moon
Peter K. Bae

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant Ancient Organics*

i

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     FACTUAL BACKGROUND ..................................................................................... 2

        A.      Ancient Organics Sells a Ghee Product ...................................................... 2

        B.      Plaintiffs Purchase a Ghee Product ............................................................. 4

        C.      Plaintiffs Allege That Ghee Is Not Healthy ................................................ 4

III.    ARGUMENT .............................................................................................................. 5

        A.      The Ghee Product Does Not Purport to Be "Healthy." ............................... 5

        B.      Plaintiffs Fail to Allege any Actionable Representations. ........................... 7

                1.      The Challenged Statements Are Puffery. ......................................... 7

                2.      The Statements Would Not Deceive a Reasonable Consumer. ................ 10

        C.      Plaintiffs' Claims are Preempted ................................................................ 12

        D.      Plaintiffs' Claims Fail for Other Claim-Specific Reasons. ....................... 15

                1.      Plaintiffs Lack Standing to Bring Claims for Unpurchased Products. ....... 15

                2.      Plaintiffs Lack Standing to Bring Claims for a Nationwide Class. ........... 17

                3.      Plaintiffs' Unjust Enrichment Claim Should be Dismissed. .................... 18

IV.     CONCLUSION ......................................................................................................... 19

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Andrade-Heymsfield v. NextFoods, Inc.*,

5

    2022 WL 1772262 (S.D. Cal. Apr. 27, 2022) ........................................................................ 8

6

*Anunziato v. eMachines Inc.*,

    402 F. Supp. 2d 1133 (C.D. Cal. 2005) ............................................................................. 10

7

*In re Apple Processor Litig.*,

8

    2022 WL 2064975 (N.D. Cal. June 8, 2022) ...................................................................... 19

9

*Bruton v. Gerber Prods. Co.*,

    961 F. Supp. 2d 1062 (N.D. Cal. 2013) ............................................................................. 16

10

*In re Capacitors Antitrust Litig.*,

11

    154 F. Supp. 3d 918 (N.D. Cal. 2015) ............................................................................... 17

12

*In re Carrier IQ, Inc.*,

13

    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................................... 17

14

*Cheslow v. Ghirardelli Chocolate Co.*,

    445 F. Supp. 3d 8 (N.D. Cal. 2020) ..................................................................................... 3

15

*Clark v. Perfect Bar, LLC*,

16

    816 F. App'x 141 (9th Cir. 2020) ...................................................................................... 13

17

*Clark v. Westbrae Nat., Inc.*,

18

    2020 WL 7043879 (N.D. Cal. Dec. 1, 2020) ...................................................................... 3

19

*In re Clorox Consumer Litig.*,

    894 F. Supp. 2d 1224 (N.D. Cal. 2012) ............................................................................... 7

20

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection. Serv. Inc.*,

21

    911 F.2d 242 (9th Cir. 1990) ........................................................................................... 7, 8

22

*CTIA v. City of Berkeley*,

23

    928 F.3d 832 (9th Cir. 2019) ............................................................................................. 12

24

*DaimlerChrysler Corp. v. Cuno*,

    547 U.S. 332 (2006) .......................................................................................................... 17

25

*Davidson v. Apple, Inc.*,

26

    2017 WL 3149305 (N.D. Cal. July 25, 2017) ................................................................... 10

27

*Davis v. Astrue*,

28

    874 F. Supp. 2d 856 (N.D. Cal. 2012) ............................................................................... 15

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................................. 19

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ............................................................................. 10

*In re Ferrero Litig.*,
  794 F. Supp. 2d 1107 (S.D. Cal. 2011) ............................................................... 13

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013) ............................................................................. 5, 7

*Finney v. Ford Motor Co.*,
  2018 WL 2552266 (N.D. Cal. June 4, 2018) ........................................................... 9

*Fraker v. KFC Corp.*,
  2007 WL 1296571 (S.D. Cal. Apr. 30, 2007) .......................................................... 9

*Fraley v. Facebook*,
  830 F. Supp. 2d 785 (N.D. Cal. 2011) ................................................................. 18

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ............................................................................... 11

*Glen Holly Ent., Inc. v. Tektronix Inc.*,
  343 F.3d 1000 (9th Cir. 2003) ............................................................................. 7

*Golden W. Trading, Inc. v. BelGioioso Cheese, Inc.*,
  2010 WL 11515277 (C.D. Cal. Feb. 19, 2010) ......................................................... 9

*Granfield v. NVIDIA Corp.*,
  2012 WL 2847575 (N.D. Cal. July 11, 2012) ......................................................... 16

*Hadley v. Kellogg Sales Co.*,
  273 F. Supp. 3d 1052 (N.D. Cal. 2017) ................................................................. 8

*Hairston v. S. Beach Beverage Co.*,
  2012 WL 1893818 (C.D. Cal. May 18, 2012) ......................................................... 16

*Hendricks v. StarKist Co.*,
  30 F. Supp. 3d 917 (N.D. Cal. 2014) ................................................................... 13

*Herbold Lab., Inc. v. United States*,
  413 F.2d 342 (9th Cir. 1969) ............................................................................... 5

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) .......................................................................... 18

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) .......................................................................... 16

iv

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Kingston v. FCA US LLC*,
  2019 WL 7753446 (C.D. Cal. Dec. 10, 2019) .................................................................... 9

*Klinge v. Gem Shopping Network, Inc.*,
  2014 WL 7409580 (D. Minn. Dec. 31, 2014) ................................................................... 9

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ...................................................................................................... 15

*Lanovaz v. Twinings N. Am., Inc.*,
  2014 WL 46822 (N.D. Cal. Jan. 6, 2014) ......................................................................... 7

*Larsen v. Trader Joe's Co.*,
  2012 WL 5458396 (N.D. Cal. June 14, 2012) ................................................................. 17

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ........................................................................................... 11

*Lewis v. Google LLC*,
  461 F. Supp. 3d 938 (N.D. Cal. 2020) ............................................................................... 8

*Lorentzen v. The Kroger Co.*,
  532 F. Supp. 3d 901 (C.D. Cal. 2021) ........................................................................ 15, 16

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*,
  2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) ................................................................ 17

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................................... 17

*McMorrow v. Mondelez Int'l, Inc.*,
  2018 WL 3956022 (S.D. Cal. Aug. 17, 2018) ................................................................. 10

*Meaunrit v. The Pinnacle Foods Grp., LLC*,
  2010 WL 1838715 (N.D. Cal. May 5, 2010) ................................................................... 18

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................................................. 16

*Mlejnecky v. Olympus Imaging Am. Inc.*,
  2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) ................................................................. 16

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ............................................................................................... 11

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
  513 F.3d 1038 (9th Cir. 2008) ............................................................................................ 8

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................................. 10

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Painter v. Blue Diamond Growers*,
   757 F. App'x 517 (9th Cir. 2018) ................................................................................ 11

*Peviani v. Hostess Brands, Inc.*,
   750 F. Supp. 2d 1111 (C.D. Cal. 2010) ....................................................................... 13

*Pfizer Inc. v. Superior Court*,
   182 Cal. App. 4th 622 (2010) ...................................................................................... 17

*Polo v. Innoventions Int'l LLC*,
   2013 WL 12136601 (C.D. Cal. Sept. 4, 2013) ............................................................ 10

*Prescott v. Nestle USA, Inc.*,
   2020 WL 3035798 (N.D. Cal. June 4, 2020) ................................................................. 3

*Punian v. Gillette Co.*,
   2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ............................................................... 8

*Rasmussen v. Apple Inc.*,
   27 F. Supp. 3d 1027 (N.D. Cal. 2014) ...................................................................... 7, 8

*Razuki v. Nationstar Mortg., LLC*,
   2020 WL 1478374 (N.D. Cal. Mar. 26, 2020) ............................................................. 17

*Robinson v. Wells Fargo Home Mortg.*,
   2016 WL 6524403 (N.D. Cal. Nov. 3, 2016) ............................................................... 18

*Shaeffer v. Califia Farms, LLC*,
   44 Cal. App. 5th 1125 (2020) ................................................................................ 11, 12

*Silver v. BA Sports Nutrition, LLC*,
   2020 WL 2992873 (N.D. Cal. June 4, 2020) ................................................................. 9

*Simpson v. The Kroger Corp.*,
   219 Cal. App. 4th 1352 (2013) .................................................................................... 12

*Song v. Champion Petfoods USA, Inc.*,
   2020 WL 7624861 (D. Minn. Dec. 22, 2020) ............................................................... 9

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ..................................................................................................... 15

*Stewart v. Kodiak Cakes, LLC*,
   568 F. Supp. 3d 1056 (S.D. Cal. 2021) ......................................................................... 9

*Stickrath v. Globalstar, Inc.*,
   527 F. Supp. 2d 992 (N.D. Cal. 2007) ........................................................................... 7

*Taleshpour v. Apple Inc.*,
   2021 WL 1197494 (N.D. Cal. Mar. 30, 2021) ............................................................... 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Trazo v. Nestlé USA, Inc.*,
     2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) .................................................................. 6

*Turek v. Gen. Mills, Inc.*,
     662 F.3d 423 (7th Cir. 2011) .................................................................................... 13

*Van Mourik v. Big Heart Pet Brands, Inc.*,
     2018 WL 1116715 (N.D. Cal. Mar. 1, 2018) ............................................................. 18

*Vitiosus v. Alani Nutrition, LLC*,
     2022 WL 2441303 (S.D. Cal. July 5, 2022) ............................................................... 14

*Weiss v. Kroger Co.*,
     2014 WL 5114608 (C.D. Cal. Aug. 8, 2014) ............................................................... 9

*Weiss v. Trader Joe's*,
     838 F. App'x 302 (9th Cir. 2021) .............................................................................. 12

*Werbel v. Pepsico, Inc.*,
     2010 WL 2673860 (N.D. Cal. July 1, 2010) ............................................................. 11

*Wilson v. Frito-Lay N. Am.*,
     961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............................................................. 15, 16

*Workman v. Plum Inc.*,
     141 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................... 12

**Statutes**

21 U.S.C.
     §§ 301–399 (FDCA) ............................................................................................ 12, 13
     §§ 343 *et seq.* (NLEA) ...................................................................................... 12, 13

California Business & Professions Code
     §§ 17200 *et seq.* (UCL) ...................................................................................... *passim*
     §§ 17500 *et seq.* (FAL) ....................................................................................... *passim*

California Civil Code §§ 1750 *et seq.* (CLRA) ..................................................... *passim*

California Health & Safety Code
     §§ 109875 *et seq.* (Sherman Law) ...................................................................... 4, 14

**Rules**

Federal Rules of Civil Procedure
     12(b)(1) ................................................................................................................. 15
     12(b)(6) ................................................................................................................... 8

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Regulations**

21 C.F.R.
    § 100.1(c)(4) .................................................................................................. 13
    § 101.13(b)(2)(i)-(ii) ........................................................................................ 6
    § 101.65(d) ........................................................................................... 6, 14, 15

59 Fed. Reg. 24232 (May 10, 1994) ..................................................................... 6

**Constitutional Provisions**

United States Constitution
    Article III ................................................................................................ 15, 17
    Article VI, cl. 2 ............................................................................................ 12

**Other Authorities**

California Dept. of Food & Agriculture, *Guidelines on Advertising, Promotion and
    Communications for Commodity Marketing Programs* (Guidelines) ..................................... 14

H.R. Rep. No. 101-538 (1990), *reprinted in* 1990 U.S.C.C.A.N. 3336 ........................................ 13

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs' false advertising claims rest on the assertion that reasonable consumers would believe Ancient Organics' "ghee" product—i.e., 100% pure clarified *butter*—is low in saturated fat.  Although the word "healthy" is used repeatedly in the First Amended Complaint (FAC), it does not appear anywhere on the actual product at issue.  Plaintiffs misrepresent the product label's actual statements—"EAT GOOD FAT," "the very best fat one can eat," "superfood," and "nourish your mind, body, and soul"—to claim that the ghee touts itself as being "healthy." Plaintiffs' contrived reading ignores that ghee is a traditional butter product that consumers knowingly purchase for its fat content.  A reasonable consumer would not expect butter to be low in saturated fat based on the innocuous advertising statements on the product label. Plaintiffs' claims based on that unreasonable premise should be dismissed with prejudice.

*First*, Plaintiffs argue that the ghee product is misbranded under federal regulations because it does not carry disclosures required to accompany products purporting to be "healthy." But the product's label makes no representations concerning the "healthiness" of the product, and it is improper for Plaintiffs to suggest otherwise.  Plaintiffs cannot base their claims on made-up representations that do not appear on the label at all.

*Second*, the advertising statements actually appearing on the product label—like "good," "best," "super," and "nourish"—are the type of vague, unmeasurable claims courts routinely dismiss as inactionable puffery.  Likewise, any reasonable consumer would know the specialty ghee product at issue (clarified butter) contains saturated fats.

*Third*, Plaintiffs' attempt to impose any disclosure requirements based on the non-existent "healthy" representation is preempted by federal law.  The Food and Drug Administration (FDA) has limited such disclosures for when products use the term "healthy" or its derivatives, and Plaintiffs cannot impose different requirements through their state-law claims.

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Last*, Plaintiffs' various claims and requests for relief fail for numerous other claim-specific reasons, including their lack of standing to bring claims on behalf of products they did not purchase or a nationwide class.

## II.   FACTUAL BACKGROUND

### A.   Ancient Organics Sells A Ghee Product.

Ancient Organics manufactures and distributes a ghee product (the Product).  (FAC ¶¶ 23, 27.)  The Product is sold in a glass jar of different sizes, with substantially the same labeling.  (*Id.* ¶¶ 4–5.)  The label contains the following components pictured on pages 2 and 8 of the FAC:

1.   ***Front Panel:***  A front panel with a picture of a sun, the name of the brand and the Product, and the following information: "100% ORGANIC," "*from* GRASS-FED AND PASTURED COWS," the net volume of the Product, and the "USDA ORGANIC" symbol. (FAC ¶ 27.)




ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.      ***Side Panel:***  A side panel stating in large font "EAT GOOD FAT," with the word "*Ayughritam*" much smaller underneath followed by its translation, "Ghee is Life," and another sun.  (FAC ¶ 27.)

3.      ***Informational Panel:***  An informational side panel stating, e.g., "Ancient Organics Ghee is the very best fat one can eat.  Use this superfood to nourish your mind, body and soul."  (FAC ¶ 28.)



4.      ***Nutritional Panel:***  A back label[1] with the "Nutrition Facts" panel listing the following information per tablespoon serving of Product: 120 Calories, 120 Calories from Fat, 14g (22%) Total Fat, 9g (45%) Saturated Fat, 0g Trans Fat, 0.5g Polyunsaturated Fat, 3.5g Monounsaturated Fat, 35mg (12%) Cholesterol, etc.  (*See* Req. for Judicial Not. (RJN), Ex. A

---

[1] Plaintiffs' FAC does not provide pictures of the full label of the Product.  Because the label is "publicly available and not subject to reasonable dispute," the Court may take judicial notice of the full label.  *See* RJN; *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15 (N.D. Cal. 2020) (taking judicial notice and noting "[o]ther courts have noticed images that better display the packaging in question"); *see also Prescott v. Nestle USA, Inc.*, 2020 WL 3035798 at *2 (N.D. Cal. June 4, 2020) (same); *Clark v. Westbrae Nat., Inc.*, 2020 WL 7043879, at *2 (N.D. Cal. Dec. 1, 2020) (same).

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

(picturing full label).)  The back label also lists the Product's sole ingredient: "ORGANIC

BUTTER (MILK)."  (*Id.*)

**B.**  **Plaintiffs Purchase A Ghee Product.**

Ms. Effinger "has purchased the Product on multiple occasions," most recently at a

grocery store in Stockton, California, in August 2021.  (FAC ¶ 16(b).)  Mr. Stevernu also

"purchased the Products on multiple occasions," most recently at a Whole Foods in Berkeley,

California, in November 2020.  (*Id.* ¶ 17(b).)

Plaintiffs assert they relied on the following statements in making their purchase:  "the

'EAT GOOD FAT' representations made on the Product as well as the reference that it was a

'superfood,' could 'nourish the mind, body, and soul,' that it was the 'very best fat one could

eat,' and the reference to the vitamins contained in it."  (FAC ¶ 19.)  They allege that these

representations are false and misleading because the Product "contain[s] dangerously high levels

of saturated fats."  (*Id.* ¶ 20.)

Based on these allegedly false and misleading representations, Plaintiffs bring claims,

purportedly on behalf of a nationwide class, based on alleged violations of California's Unfair

Competition Law (UCL), California's False Advertising Law (FAL), California's Consumer

Legal Remedies Act (CLRA), and similar consumer-protection laws in other states.  (*Id.* ¶¶ 131–

204.)  These "other" states are those with consumer-protection statutes "similar" to California's:

Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York,

Pennsylvania, Oregon, and Washington.  (*Id.* ¶ 121(b) & n.27 (at p. 26–27).)

**C.**  **Plaintiffs Allege That Ghee Is Not Healthy.**

The bulk of the FAC's allegations relate to the supposed "unsafe[ness]" of saturated fat

generally because of its link to "bad" cholesterol.  (FAC ¶ 6; *see also id.* ¶¶ 9–10, 33–60.)

Plaintiffs assert that saturated fat raises levels of "bad" cholesterol, putting consumers at higher

risk of coronary heart disease, "the number one killer of Americans every year."  (*Id.* ¶ 6; *see

also id.* ¶¶ 9–10, 44–58.)  Plaintiffs use these assertions to allege that under FDA regulations and

California's Sherman Law, certain statements on the Product's side panels "are false or

misleading" for "imply[ing] that it is healthful" and render the Product "misbranded because the

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

labeling contains unauthorized nutrient content claims" while omitting mandatory disclosures. (*Id.* ¶¶ 66, 72, 91.)  Plaintiffs' theory is that Ancient Organics' labeling and advertising of the product "represents to consumers that the fat contained in the Product is good for them, and thus the Product is healthy and healthful," when in reality the Product contains "unhealthy levels of saturated fat."  (*Id.* ¶¶ 9, 30.)

### III.    ARGUMENT

The Court should dismiss the FAC with prejudice because:  (1) Ancient Organics does not advertise the Product as "healthy," (2) the actual representations are inactionable puffery incapable of deceiving a reasonable consumer, (3) Plaintiffs' attempt to impose disclosure requirements on the label is preempted by federal law, and (4) numerous other deficiencies with their claims and requests for relief.

### A.    The Ghee Product Does Not Purport To Be "Healthy."

Plaintiffs have taken a pen to Ancient Organics' labels to claim that the Product purports to be "healthy" in violation of federal regulations governing nutrient content claims.  (FAC ¶ 9 (claiming the Product makes "healthy representations"); *id.* ¶ 18 (claiming the Product represents "it was healthy, healthful, better for them, and a healthier alternative"); *id.* ¶ 30 (claiming the Product "represents to consumers that the fat contained in the Product is good for them, and thus the Product is healthy and healthful"); *id.* ¶ 66 (claiming the Product represents it "is healthful, conducive to health, and won't detriment health"); *id.* ¶¶ 84, 86 (claiming "the use of a 'healthy' term renders the Products misbranded"); *id.* ¶ 115 (claiming Plaintiffs paid for Products that "purported to consist of healthy 'good' fats").)

The "healthy" ghee product Plaintiffs' FAC attacks is a fiction.  No matter how many times Plaintiffs repeat themselves, nowhere on the Product's label is there a representation regarding "health," "healthy," or "healthiness," and they should be admonished for suggesting otherwise.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment."); *see also Herbold Lab'y, Inc. v. United States*,

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

413 F.2d 342, 344 (9th Cir. 1969) (reversing grant of injunctive relief because advertisement did not improperly represent product would restore user's natural hair color as government alleged).

As discussed below, the only actual representations at issue in this case are:  "EAT GOOD FAT," "superfood," "nourish the mind, body, and soul," "very best fat one could eat," "provides sustained energy levels."  (FAC ¶¶ 19, 26.)  These statements are not even synonymous with "healthy."  Even if they were, they would not implicate the federal disclosure requirements under 21 C.F.R. § 101.65(d), which only apply to claims of "health"-iness and its close derivatives.  *See* 21 C.F.R. § 101.65(d)(2) (discussing the use of the term "healthy" and variations of the word "healthy," e.g., "health," "healthful," "healthfully," "healthfulness," "healthier," "healthiest," "healthily," and "healthiness").  The FDA has expressly refused to expand the definition of "healthy" to include synonyms specifically in the context of 21 C.F.R. § 101.65(d)(2):

> **A few comments urged FDA to extend the definition of "healthy" to terms like "wholesome," "nutritious," "good for you," and "food for today's diet."**  One of these comments further stated that if FDA adopts a stringent definition for "healthy," and fails to apply it to synonymous terms, the food industry might simply replace "healthy" with these other terms.
>
> **While the agency recognizes that terms such as "nutritious," "wholesome," and "good for you" can be implied nutrient content claims when they appear in a nutritional context on a label or in labeling, the agency does not believe that they are necessarily synonymous with "healthy." FDA has concluded, as stated in the general principles final rule (58 FR 2302 at 2375), that it does not have sufficient information to determine whether definitions for the terms mentioned in these comments are needed, and what those definitions should be.**  The comments to the "healthy" proposal have not provided the agency with the information that it would need to develop **definitions or to establish these terms as synonyms for the term "healthy." Thus, the agency is not extending the definition of "healthy" to these terms.**

Food Labeling: Nutrient Content Claims, Definition of Term: Healthy,59 Fed. Reg. 24232, 24235–36 (May 10, 1994) (emphasis added).

Plaintiffs thus cannot maintain any claims premised on the allegation that the Product does not meet Section 101.65(d)'s disclosure requirements for "healthy" nutrient content claims. None of the actual statements on the Product suggest, as required for a nutrient-content claim, that (1) fat is absent or present in the ghee "in a certain amount" or (2) the ghee helps "maintain[]

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   healthy dietary practices" in association with "an explicit claim or statement about [fat]."  21

2   C.F.R. § 101.13(b)(2)(i)–(ii).  Accordingly, these statements "are not 'healthy' nutrient content

3   claims because they are not associated with dietary or nutritional principles and do not imply the

4   levels of a particular nutrient."  *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218, at *10 (N.D. Cal.

5   Aug. 9, 2013).

6          Plaintiffs cannot be misled by, or impose labeling requirements based on language that

7   does not appear anywhere on the label and is inconsistent with what the label actually says.  *See*

8   *Fink*, 714 F.3d at 742 ("easily conclud[ing] that Plaintiffs' claims lack the facial plausibility

9   necessary to survive a motion to dismiss" because "the allegations of the Complaint are

10  materially inconsistent with the sole advertisement Plaintiffs have submitted"); *Lanovaz v.*

11  *Twinings N. Am., Inc.*, 2014 WL 46822, at *8 (N.D. Cal. Jan. 6, 2014) ("Because the label does

12  not say anything about a disease, the court finds that the label does not make disease-related

13  health claim.").

14         **B.**     **Plaintiffs Fail To Allege Any Actionable Representations.**

15         Plaintiffs' claims fail because the actual representations at issue—"EAT GOOD FAT,"

16  "superfood," "nourish the mind, body, and soul," "very best fat one could eat," "provides

17  sustained energy levels" (FAC ¶¶ 19, 26)—are the types of generalized statements that courts

18  have held (1) constitute unactionable puffery, and (2) are incapable of deceiving reasonable

19  consumers as a matter of law.

20         **1.**     **The Challenged Statements Are Puffery.**

21         Marketing statements are not actionable when they "constitute[] mere 'puffery' rather

22  than factual claims upon which a reasonable consumer would rely."  *Cook, Perkiss & Liehe, Inc.*

23  *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990); *see also Stickrath v.*

24  *Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) ("no reasonable consumer relies on

25  puffery").  "The distinguishing characteristics of puffery are vague, highly subjective claims as

26  opposed to specific, detailed factual assertions."  *In re Clorox Consumer Litig.*, 894 F. Supp. 2d

27  1224, 1233 (N.D. Cal. 2012); *see also Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000,

28  1015 (9th Cir. 2003) ("generalized, vague and unspecific assertions[] constitut[e] mere

1   'puffery'"); *Cook, Perkiss & Liehe*, 911 F.2d at 246 ("common theme" in puffery cases is

2   conclusion "that consumer reliance will be induced by specific rather than general assertions").

3   On the other hand, actionable statements make a "specific and measurable claim, capable of

4   being proved false or of being reasonably interpreted as a statement of objective fact."

5   *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014) (quotations omitted)

6   (collecting cases); *see also Cook, Perkiss & Liehe*, 911 F.2d at 246 (statements are actionable

7   only when they make a claim as to the "specific or absolute characteristics of a product")

8   (quotations omitted); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 958 (N.D. Cal. 2020) ("A

9   statement that is 'quantifiable, that makes a claim as to the "specific or absolute characteristics of

10  a product," may be an actionable statement of fact….'") (quotations omitted).

11          "[T]he determination of whether an alleged misrepresentation 'is a statement of fact' or is

12  instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion."

13  *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008).  Accordingly, courts

14  routinely dismiss claims brought under the UCL, FAL, and CLRA where the alleged

15  misrepresentations constitute puffery.  *See, e.g.*, *Rasmussen*, 27 F. Supp. 3d at 1042–43

16  (dismissing CLRA and UCL claims premised on representations such as "the Mac is designed to

17  'last[,]' … [is] 'precisely built,' and that the machines use only 'quality components and

18  materials'"); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1087–88 (N.D. Cal. 2017)

19  (dismissing UCL, FAL, and CLRA claims premised on the statements "Keeps 'em full keeps

20  'em focused," "help[s] keep you full and focused all morning," and "one good decision can lead

21  to another") (alteration in original); *Punian v. Gillette Co.*, 2016 WL 1029607, at *9 (N.D. Cal.

22  Mar. 15, 2016) (same, premised on statements "that consumers 'will always have access to

23  power' and can 'trust' Duralock Batteries").

24          The statements at issue in this case are non-actionable puffery that cannot form the basis

25  of Plaintiffs' claims.  In particular, the terms "good," "superfood," "nourish," "best," and

26  "sustained energy"—whether considered either on their own or in the context of the entire

27  label—are not capable of objective verification.  (FAC ¶¶ 19, 26.)  Courts have so ruled in

28  numerous cases involving indistinguishable puffing statements:

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- "Good" is non-actionable puffery.  *See Hadley*, 273 F. Supp. 3d at 1088–89 (concluding "one good decision leads to another," that product keeps one "full and focused," and "eat better" are puffery); *Andrade-Heymsfield v. NextFoods, Inc.*, 2022 WL 1772262, at *5 (S.D. Cal. Apr. 27, 2022) (holding that "START YOUR GOODHEALTH GAME PLAN" and "Reboot your belly, then make GoodBelly your daily drink to keep your GoodHealth going" are puffery); *Weiss v. Kroger Co.*, 2014 WL 5114608, at *3 (C.D. Cal. Aug. 8, 2014) (holding that "[t]here's a whole lot of goodness contained in each and every tiny sunflower seed" is puffery); *Golden W. Trading, Inc. v. BelGioioso Cheese, Inc.*, 2010 WL 11515277, at *3 (C.D. Cal. Feb. 19, 2010) ("Just as a representation that a product is of the 'highest quality' comprises non-actionable puffery, so too does the less ambitious claim that the product quality is 'good.'").

- "Super" is non-actionable puffery.  *See Kingston v. FCA US LLC*, 2019 WL 7753446, at *4 (C.D. Cal. Dec. 10, 2019) (explaining that "best-in-class," "super-efficient," and "enduring quality" are inactionable puffery); *Klinge v. Gem Shopping Network, Inc.*, 2014 WL 7409580, at *6 (D. Minn. Dec. 31, 2014) (explaining that superlatives like "super" are "puffery that no reasonable person would rely on").

- "Nourish"-ing is non-actionable puffery.  *See Stewart v. Kodiak Cakes, LLC*, 568 F. Supp. 3d 1056, 1068 (S.D. Cal. 2021) (concluding "Nourishment for Today's Frontier" statement is puffery); *Song v. Champion Petfoods USA, Inc.*, 2020 WL 7624861, at *10 (D. Minn. Dec. 22, 2020) (holding that "'nourish as nature intended' is non-actionable puffery—a phrase that is too vague to be proved or disprove"), *aff'd*, 27 F.4th 1339 (8th Cir. 2022); *see also Silver v. BA Sports Nutrition, LLC*, 2020 WL 2992873, at *5 (N.D. Cal. June 4, 2020) (holding that "that the statements 'Superior Hydration' and 'More Natural Better Hydration' are non-actionable puffery").

- "Best" is non-actionable puffery.  *See Fraker v. KFC Corp.*, 2007 WL 1296571, at *3 (S.D. Cal. Apr. 30, 2007) (reaffirming that "KFC provides the 'best food'" is

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

puffery); *Taleshpour v. Apple Inc.*, 2021 WL 1197494, at \*9 (N.D. Cal. Mar. 30, 2021) (ruling that "statements that the laptops are 'revolutionary,' 'groundbreaking,' offer 'breakthrough performance,' and contain 'the best Mac display ever'" are puffery); *Finney v. Ford Motor Co.*, 2018 WL 2552266, at \*8 (N.D. Cal. June 4, 2018) (holding that statement that truck had "best in-class: horsepower, gas torque, unsurpassed diesel horsepower" is puffery).

- "Sustained energy" is non-actionable puffery.  *McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022, at \*11 (S.D. Cal. Aug. 17, 2018) (ruling "Power Up People" and "specifically baked to release energy regularly and continuously to fuel your body throughout the morning" are puffery because "[t]here are no means of measuring" such assertions); *Polo v. Innoventions Int'l LLC*, 2013 WL 12136601, at \*3 (C.D. Cal. Sept. 4, 2013) (holding that "after a few days of consuming DiabeStevia, you will feel that your body has returned to normal, [with] more energy, more vitality and total health" is puffery) (alteration in original).

These types of subjective statements about a product's superiority to competitors' offerings are classic puffery incapable of deception.  *See, e.g.*, *Anunziato v. eMachines Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (holding that representations regarding the "outstanding quality" of a product were non-actionable puffery); *Davidson v. Apple, Inc.*, 2017 WL 3149305, at \*11 (N.D. Cal. July 25, 2017) (holding that claims that product was made with "high-quality" materials are "non-actionable puffery" as "Courts across the country have held"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) ("[G]eneralized and vague statements of product superiority such as 'superb, uncompromising quality' … are non-actionable puffery.").  Because Plaintiffs have failed to identify any actionable representations, their consumer-protection-laws claims should be dismissed with prejudice.

### 2.     The Statements Would Not Deceive A Reasonable Consumer.

Even if Plaintiffs had pleaded any actionable representations (they do not), their claims fail because the challenged statements are not deceptive to "reasonable consumers."

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

A statement is deceptive or misleading under the CLRA, FAL, or UCL only if it "members of the public are likely to be deceived" by it. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotations omitted). Courts routinely grant motions to dismiss where, as here, plaintiffs fail to establish this standard. *See, e.g., id.* at 965–66 (affirming grant of motion to dismiss because "rational consumer" in marketplace would not be deceived given "commonplace" experience with product); *Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995) (simply "doing sufficient reading" would put "person of ordinary intelligence" on notice of qualifying language in sweepstakes promotion); *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1139 (2020) (affirming grant of demurrer without leave to amend because "a reasonable consumer is unlikely to make the series of inferential leaps" needed to be deceived by product label).

The phrase "'[l]ikely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel v. Pepsico, Inc.*, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (collecting cases).

Here, the Court can and should conclude that a reasonable consumer is not likely to be deceived by the Product. Plaintiffs overreach in asserting that a reasonable consumer would interpret "EAT GOOD FAT" and "nourish mind, body, and soul" to mean the ghee product at issue is "healthy" because it is low in saturated fat. (FAC ¶¶ 76-77.) Reasonable consumers are charged with contextual knowledge about the products they buy and would not ignore the fact that the Product is a specialty pure clarified butter product that is inherently high in saturated fat. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) ("information available to a consumer is not limited to the physical label and may involve contextual inferences regarding the product itself and its packaging."); *see also Painter v. Blue Diamond Growers*, 757 F. App'x

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

517, 519 (9th Cir. 2018) (holding plaintiff's "complaint does not plausibly allege that a reasonable consumer would be deceived into believing that Blue Diamond's almond milk products are nutritionally equivalent to dairy milk").

The Product's label further contradicts Plaintiffs' assertion that a reasonable consumer would believe the Product is "healthy." The label discloses, among other things, the exact amount of saturated fat in a serving of the Product and that the Product is made entirely of butter. (*See* RJN, Ex. A (full product label).) No reasonable consumer would ignore this information and instead infer the Product is "healthy." *See Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products …."); *Shaeffer*, 44 Cal. App. 5th at 1139 (affirming dismissal of misrepresentation claim where "a reasonable consumer is unlikely to make the series of inferential leaps" that would make label deceptive); *Simpson v. The Kroger Corp.*, 219 Cal. App. 4th 1352, 1371 (2013) (affirming dismissal of mislabeling claim where products' labels "clearly informed any reasonable consumer" of contents).

Reasonable consumers buying ghee would not conclude that it is "healthy" or low in saturated fat, because it is pure butter and explicitly discloses its fat content. *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021) ("Simply put, a reasonable consumer does not check her common sense at the door of the store."). Plaintiffs' claims premised on their unreasonable assumptions to the contrary should be dismissed.

**C.     Plaintiffs' Claims Are Preempted.**

Any attempt by Plaintiffs to superimpose the "healthy" disclosure requirements to the actual representations used on the Product are contrary to FDA requirements and are thus preempted.

Under the Supremacy Clause of the United States Constitution, Congress has the power to preempt state law. U.S. Const. art. VI, cl. 2 (stating that the laws of the United States "shall be the supreme Law of the Land; … any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). Federal preemption of state law occurs in three scenarios:

1   "(1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts

2   with federal law; or (3) federal law occupies a legislative field to such an extent that it is

3   reasonable to conclude that Congress left no room for state regulation in the legislative field."

4   *CTIA v. City of Berkeley*, 928 F.3d 832, 849 (9th Cir. 2019) (citation and quotations omitted).

5          The Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301–399, the Nutrition

6   Labeling and Education Act (NLEA), 21 U.S.C. § 343, *et seq.*, and their implementing

7   regulations detail the federal provisions prohibiting "misbranding" of food (21 U.S.C. § 331(b))

8   and grant the FDA exclusive authority to ensure that "foods are . . . properly labeled" on behalf

9   of all consumers, *id.* § 393(b)(2)(A).  *See* H.R. Rep. No. 101-538, at 7 (1990), *reprinted in* 1990

10  U.S.C.C.A.N. 3336, 3337 (noting the NLEA, amending the FDCA, was intended to "clarify and

11  to strengthen [the FDA's] legal authority to require nutrition labeling on foods").  These statutes

12  ensure that uniform requirements will not devolve into a state-by-state patchwork of labeling

13  schemes that would impede federal objectives.  *See Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 426

14  (7th Cir. 2011).

15         To ensure uniform labeling nationally, the NLEA contains an express preemption clause

16  providing that "no State . . . may directly or indirectly establish . . . any requirement . . . made in

17  the labeling of food of the type required by," among others, 21 U.S.C. § 343(i) and (k), "that is

18  not identical to the requirement of such section."  21 U.S.C. § 343-1(a)(2) & (3).  A requirement

19  is "not identical" if it "directly or indirectly imposes obligations or contains provisions

20  concerning the composition or labeling of food, or concerning a food container, that: (i) Are not

21  imposed by or contained in the applicable provision [or regulation]; or (ii) Differ from those

22  specifically imposed by or contained in the applicable provision [or regulation]."  21 C.F.R.

23  § 100.1(c)(4).  The NLEA states that "no State or political subdivision of a State may directly or

24  indirectly establish under any authority or continue in effect as to any food in interstate

25  commerce" that is inconsistent with federal regulations.  21 U.S.C. § 343-1(a)(5).

26         The Ninth Circuit has recently confirmed that the "NLEA preempts all state law claims

27  that 'directly or indirectly establish any requirement for the labeling of food that is not identical

28  to the federal requirements.'"  *Clark v. Perfect Bar, LLC*, 816 F. App'x 141, 143 (9th Cir. 2020).

13

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As such, state consumer protection laws are "preempted if they seek to impose requirements that contravene the requirements set forth by federal law." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1113 (S.D. Cal. 2011) (interpreting 21 C.F.R. § 100.1(c)(4)) (citations omitted); *see also Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 926 (N.D. Cal. 2014) ("[S]tate law or state law claims seeking to establish standards that differ from the FDCA's standards are expressly preempted."); *Peviani v. Hostess Brands*, *Inc.*, 750 F. Supp. 2d 1111, 1119 (C.D. Cal. 2010) (state law claims fail where they "impose a state-law obligation … not required by federal law"). California's Sherman Law, Cal. Health & Safety Code § 109875 *et seq.*, incorporates the FDCA's food labeling requirements. *See* Cal. Health & Safety Code § 110100(a).

The gravamen of Plaintiffs' operative complaint is that the ghee product's "labeling bears nutrient content claims that the Products [sic] contain healthy 'good' fats, but the Product fails to meet the requirements for making such implied nutrient content claims as set forth in 21 C.F.R. § 101.65(d)." (FAC ¶ 75.)  Put another way, Plaintiffs claim the ghee products are misbranded because they do not comply with the fat and nutrient content claims for "healthy" labeled products under 21 C.F.R. § 101.65(d)(2).  (*See id.* ¶¶ 79–81, 84, 86.)  Plaintiffs appear to allege the ghee products are subject to Section 101.65(d)(2) because the term "GOOD" in the phrase "EAT GOOD FAT" can be construed synonymously with "healthy."  (*See, e.g.*, *id.* ¶ 75 (alleging the products are misbranded because the labels allegedly claim to contain "healthy 'good' fats").)  But as explained above, Ancient Organics makes no "healthy" claim at all, and the FDA has rejected attempts to expand Section 101.65(d)(2) over purported synonyms.

Plaintiffs seek to apply state law to overcome this federal obstacle.  In particular, Plaintiffs assert that "good fat" may be interpreted to mean "healthy fat[]" and that "[t]his is consistent with the California Dept. of Food & Agriculture's interpretation for the term[]."  (FAC ¶¶ 76–78 (citing California Dept. of Food & Agriculture, *Guidelines on Advertising, Promotion and Communications for Commodity Marketing Programs* (Guidelines) at 19).)  As an initial matter, the informal and unauthoritative Guidelines appear to relate to fruits and vegetables: "These Guidelines are for the use of Fruit and Vegetable Programs, Agricultural Marketing Service (AMS) and its marketing order committees and research and promotion boards."

1   (Guidelines at 1.)  They do not help Plaintiffs anyway because they do not equate "good fat"

2   with "healthy" and merely provide that "good fat" may be used to describe monounsaturated and

3   polyunsaturated fats, which the Product indisputably contains.  (*See id.* at 19; RJN, Ex. A (full

4   label).)  Even if the state guidance supported Plaintiffs' assertions, it cannot override the FDA's

5   express decision to limit the reach of Section 101.65(d)(2) to "healthy" claims not present in this

6   action.  *See Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *6 (S.D. Cal. July 5, 2022)

7   (dismissing claims premised on alleged 21 C.F.R. § 101.65(d) violation because "Plaintiffs

8   cannot seek to impose the definition in a way that is not identical to federal law").

9        Plaintiffs' claims—uniformly premised upon the implied-nutrient-content-claim theory—

10  accordingly attempt to impose requirements not identical with federal law, are expressly

11  preempted, and should be dismissed with prejudice.

12       **D.     Plaintiffs' Claims Fail For Other Claim-Specific Reasons.**

13       In addition to the generalized reasons for dismissal specified above, Plaintiffs' claims and

14  requests for relief fail for additional reasons.

15            **1.     Plaintiffs Lack Standing To Bring Claims For Unpurchased Products.**

16       Plaintiffs have not been injured by and therefore lack standing to sue for products they

17  did not purchase.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016), as revised (May 24,

18  2016) ("That a suit may be a class action ... adds nothing to the question of standing, for even

19  named plaintiffs who represent a class 'must allege and show that they personally have been

20  injured, not that injury has been suffered by other, unidentified members of the class to which

21  they belong.'") (internal quotations omitted); *Lorentzen v. The Kroger Co.*, 532 F. Supp. 3d 901,

22  909 (C.D. Cal. 2021) ("A plaintiff who is falsely led to buy a product may claim injury resulting

23  from that purchase; the same plaintiff, however, cannot claim injury from similarly false

24  advertising upon which he or she did not injuriously rely (by buying a similar product or

25  otherwise).").

26       Under Rule 12(b)(1), Plaintiffs bear the "burden of proving standing and subject matter

27  jurisdiction."  *Davis v. Astrue*, 874 F. Supp. 2d 856, 862 (N.D. Cal. 2012).  To meet that burden

28  and satisfy Article III's case or controversy requirement, a plaintiff in a mislabeling case may

15

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   "show Article III standing by alleging that they purchased a product they otherwise would not

2   have purchased, or that they spent too much on such a product, in reliance on a defendant's

3   representations in ads or on labels." *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1140

4   (N.D. Cal. 2013) (citation omitted).  Injury is also a required element of the California causes of

5   action at issue here.  *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–22 (2011).

6   Standing for individuals alleging UCL and FAL claims is limited to persons who "have suffered

7   injury in fact and have lost money or property as a result of the unfair competition." *Hinojos v.*

8   *Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013) (cleaned up).  "Similarly, for the purpose of

9   bringing a CLRA cause of action, '[a] plaintiff … must not only be exposed to an unlawful

10  practice but also have suffered some kind of damage.'" *Bruton v. Gerber Prods. Co.*, 961 F.

11  Supp. 2d 1062, 1087 (N.D. Cal. 2013), *rev'd on other grounds* 103 F. App'x 468 (2017).

12       Here, Plaintiffs bring their claims in a shotgun manner against all of Ancient Organics'

13  "Products," defined only as "its food products."  (FAC ¶ 1.)  Ms. Effinger alleges she "purchased

14  the Product" and Mr. Stevernu claims he "purchased the Products," whatever they may be.  (*Id.*

15  ¶¶ 16.b. & 17.b.)  The Complaint pictures various ghee products but focuses its "substantive

16  allegations" on the 32-ounce ghee "Product."  (*Id.* at pp. 2, 7-8.)  Assuming Plaintiffs purchased

17  the 32-ounce Product, Plaintiffs' attempt to bring claims with respect to any other unpurchased

18  Products should be dismissed. *See Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D.

19  Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased

20  and products that she did not purchase, claims relating to products not purchased must be

21  dismissed for lack of standing.") (collecting cases); *see also Hairston v. S. Beach Beverage Co.*,

22  2012 WL 1893818, at *6 n.5 (C.D. Cal. May 18, 2012) (purchaser of various flavors of

23  beverages lacked standing to bring claims as to particular flavor he did not purchase); *Mlejnecky*

24  *v. Olympus Imaging Am. Inc.*, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (purchaser of a

25  Stylus 1030 SW camera lacked standing to sue for a Stylus 850 SW camera she had never

26  purchased even though the two models allegedly suffered from "the same underlying defects …

27  and Defendant used the same advertisement for all Stylus cameras.").

28

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

Plaintiffs could not have been injured by any products beyond whatever unspecified products, if any, they admittedly purchased. *See, e.g.*, *Lorentzen*, 532 F. Supp. 3d at 909 ("A plaintiff who is falsely led to buy a product may claim injury resulting from that purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise)."); *Wilson*, 961 F. Supp. 2d at 1141–42 (refusing to "assume that each of these subtly different Products is like all the others" and dismissing claims relating to products the plaintiffs had not purchased); *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 870–72 (N.D. Cal. 2012) (dismissing claims arising from products that plaintiff did not purchase).

Plaintiffs do not even allege that they ever purchased or even saw or read the labeling on the other products, much less suffered an injury-in-fact stemming from these products as required under Article III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The allegations in the FAC concerning these unpurchased products are therefore ripe for dismissal for lack of constitutional standing as Plaintiffs did not purchase a single one of these other products and "therefore, as a matter of law, could not have suffered a particularized injury as required by Article III." *Larsen v. Trader Joe's Co.*, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012). Plaintiffs also lack statutory standing to sue based on these products because they did not purchase them and, thus, they could not have lost money or property in reliance on any representations made on their labels. *See, e.g.*, *Pfizer Inc. v. Superior Court*, 182 Cal. App. 4th 622, 632 (2010).

### 2.     Plaintiffs Lack Standing To Bring Claims For A Nationwide Class.

Article III standing must be established "for each claim [a plaintiff] seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see also In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918, 924 (N.D. Cal. 2015) ("Article III standing must be measured claim by claim."). Thus, "at least one named plaintiff must have Article III standing to bring a claim under the laws of each state included in the alleged multi-state class …. This forecloses claims on behalf of a multi-state class at this time." *Razuki v. Nationstar Mortg., LLC*, 2020 WL 1478374, at *3 (N.D. Cal. Mar. 26, 2020) (citations omitted); *see also In re Carrier IQ, Inc.*, 78

F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) ("[T]he named Plaintiffs do not have standing to assert claims from states in which they do not reside or did not purchase their mobile device."); *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) ("[T]his Court joins the majority of courts in the Northern District in concluding that dismissal is appropriate with respect to claims asserted under the laws of states in which no Plaintiff resides or has purchased products.").

Plaintiffs, California residents, lack standing to bring nationwide class claims where laws of other states, and not California, apply to the class-member claims.  (*See* FAC ¶¶ 16 ("Plaintiff Kelly Effinger is a citizen of California."), 17 ("Plaintiff Keefe Stevernu is a citizen of California.").)  To be clear, Plaintiffs purport to bring a putative class action on behalf of "[a]ll persons in the States of California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Oregon, and Washington who purchased the Products" and "[a]ll persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period."  (*Id.* ¶ 121(b) & (c).)  But not only do Plaintiffs lack constitutional standing to bring their claims under the laws of states other than California, they also fail to "clearly address the elements of any of these claims.  These claims are all inadequately pleaded and fail to advise the defendant of what it is called to answer for legally." *Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018).

Plaintiffs do not allege that they purchased the Product or were injured by Ancient Organics' conduct in any other state other than California, and they do not (and cannot) suggest that California law applies to all putative class members, so the claims they purport to bring on behalf of a nationwide class should be dismissed for lack of standing.

### 3. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed.

California law does not recognize a standalone cause of action for unjust enrichment. *See, e.g.*, *Fraley v. Facebook*, 830 F. Supp. 2d 785, 814–15 (N.D. Cal. 2011) ("[T]his Court has previously determined that 'there is no cause of action for unjust enrichment under California law.'") (collecting cases); *accord Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) ("Unjust enrichment is not a cause of action, just a restitution claim.").  In any event, an unjust

18

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

enrichment claim cannot stand when a complaint's other causes of action fail. *See, e.g.,*

*Robinson v. Wells Fargo Home Mortg.*, 2016 WL 6524403, at *6 (N.D. Cal. Nov. 3, 2016)

(dismissing unjust enrichment cause of action where "the allegations in the complaint [were]

insufficient to support plaintiffs' claim."); *Meaunrit v. The Pinnacle Foods Grp., LLC*, 2010 WL

1838715, at *13 (N.D. Cal. May 5, 2010) ("Plaintiffs' unjust enrichment and restitution claim

fails because they have not stated a predicate claim warranting such relief.").  Here, the

"formulation of Plaintiffs' unjust enrichment claim relies on the same set of allegations as

Plaintiffs' … Claims addressed above," e.g., that Ancient Organics made alleged

misrepresentations and "fraudulently omitted information" regarding the purported healthiness of

the ghee product.  *In re Apple Processor Litig.*, 2022 WL 2064975, at *12 (N.D. Cal. June 8,

2022).  "Because Plaintiffs have failed to sufficiently plead [their other causes of action], their

unjust enrichment claim relying on the same alleged fraudulent conduct must also be dismissed."

*Id.* (collecting cases); *see also Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 933 (N.D. Cal.

2012) ("[A]s plaintiff has failed to sufficiently plead an actionable misrepresentation or

omission, his restitution claim must be dismissed.").

## IV.    CONCLUSION

For the above reasons, the Court should dismiss the FAC with prejudice because none of

the deficiencies can be remedied.

Dated:  November 14, 2022

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
James H. Moon
Peter K. Bae

By: _/s/ Jacob M. Harper_____
Jacob M. Harper

*Attorneys for Defendant Ancient Organics*

ANCIENT ORGANICS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899