DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>          Defendant. | Case No. 3:22-cv-03596-RS<br><br>**DEFENDANT ANCIENT ORGANICS'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Assigned to the Hon. Richard Seeborg<br><br>Date:          December 22, 2022<br>Time:          1:30 p.m.<br>Courtroom:  3 |

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3

I.     INTRODUCTION ........................................................................................................ 1

4

II.    ARGUMENT ............................................................................................................... 1

5

    A.    Plaintiffs Failed to Timely Oppose the Motion. .................................................. 1

6

    B.    The Ghee Product Does Not Purport To Be "Healthy." ....................................... 2

7

    C.    Plaintiffs Fail To Allege Any Actionable Representations. .................................. 4

8

          1.    The Challenged Statements Are Puffery. .................................................. 4

9

          2.    The Statements Would Not Deceive a Reasonable Consumer. .................. 6

10

    D.    Plaintiffs' Claims Are Preempted. ........................................................................ 8

11

    E.    Plaintiffs' Claims Fail for Other Claim-Specific Reasons. ................................... 9

12

          1.    Plaintiffs Lack Standing to Bring Claims for Unpurchased Products......... 9

13

          2.    Plaintiffs Lack Standing to Bring Claims for a Nationwide Class............ 10

14

          3.    Plaintiffs' Unjust Enrichment Claim Should Be Dismissed. .................... 12

15

III.    CONCLUSION ........................................................................................................ 12

16

17

18

19

20

21

22

23

24

25

26

27

28

i

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Anderson v. AMR*,
   348 F. App'x 322 (9th Cir. 2009)............................................................................. 1

5

6

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015)................................................................................. 12

7

8

*Bobo v. Optimum Nutrition, Inc.*,
   2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) ...................................................... 7

9

*Brown v. Hain Celestial Grp. Inc.*,
   913 F. Supp. 2d 881 (N.D. Cal. 2012) .................................................................. 10

10

11

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   475 F. App'x 113 (9th Cir. 2012)........................................................................... 7

12

*Clark v. Perfect Bar, LLC*,
   816 F. App'x 141 (9th Cir. 2020)........................................................................... 8

13

14

*Coe v. Gen. Mills, Inc.*,
   2016 WL 4208287 (N.D. Cal. Aug. 10, 2016) ........................................................ 5

15

16

*Davidson v. Sprout Foods Inc.*,
   2022 WL 2668481 (N.D. Cal. July 11, 2022) ....................................................... 12

17

*Dinan v. SanDisk LLC*,
   2020 WL 364277 (N.D. Cal. Jan. 22, 2020) ........................................................... 7

18

19

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016)................................................................................... 7

20

21

*Granfield v. NVIDIA Corp.*,
   2012 WL 2847575 (N.D. Cal. July 11, 2012) ......................................................... 9

22

*Hadley v. Kellogg Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) .............................................................. 3, 5

23

24

*Hairston v. S. Beach Beverage Co.*,
   2012 WL 1893818 (C.D. Cal. May 18, 2012)........................................................ 7

25

26

*Hendricks v. StarKist Co.*,
   30 F. Supp. 3d 917 (N.D. Cal. 2014) ...................................................................... 9

27

*In re Clorox Consumer Litig.*,
   894 F. Supp. 2d 1224 (N.D. Cal. 2012) .................................................................. 5

28

ii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ................................................................ 9

*In re Milo's Dog Treats Consol. Cases*,
   9 F. Supp. 3d 523 (W.D. Pa. 2014) ..................................................................... 4

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
   712 F. Supp. 2d 958 (N.D. Cal. 2010) ............................................................... 11

*Jones v. Micron Tech. Inc.*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019) ............................................................... 10

*Jones v. Nutiva, Inc.*,
   2016 WL 5210935 (N.D. Cal. Sept. 22, 2016) ............................................. 4, 7, 8

*Jones v. Nutiva, Inc.*,
   2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ................................................. 7, 8

*LaDuke v. Nelson*,
   762 F.2d 1318 (9th Cir. 1985) ........................................................................... 11

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*,
   2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) .................................................. 10

*McMorrow v. Mondelez Int'l, Inc.*,
   2018 WL 3956022 (S.D. Cal. Aug. 17, 2018) ..................................................... 3

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) .................................................................................. 6

*Munsell v. Colgate-Palmolive Co.*,
   463 F. Supp. 3d 43 (D. Mass. 2020) .................................................................. 10

*Phan v. Sargento Foods, Inc.*,
   2021 WL 2224260 (N.D. Cal. June 2, 2021) ...................................................... 11

*Quinn v. Walgreen Co.*,
   958 F. Supp. 2d 533 (S.D.N.Y. 2013) ............................................................... 10

*Razuki v. Nationstar Mortg., LLC*,
   2020 WL 1478374 (N.D. Cal. Mar. 26, 2020) ................................................... 11

*Red v. Kraft Foods, Inc.*,
   754 F. Supp. 2d 1137 (C.D. Cal. 2010) ............................................................... 3

*Shaeffer v. Califia Farms, LLC*,
   44 Cal. App. 5th 1125 (2020) .............................................................................. 8

*Shank v. Presidio Brands, Inc.*,
   2018 WL 510169 (N.D. Cal. Jan. 23, 2016) ...................................................... 10

iii

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Shaw v. Gera*,
  2019 WL 4933636 (N.D. Cal. Oct. 7, 2019) ........................................................................ 1

*Simpson v. The Kroger Corp.*,
  219 Cal. App. 4th 1352 (2013) ........................................................................................... 8

*Sultanis v. Champion Petfoods USA Inc.*,
  2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) ..................................................................... 11

*Tietsworth v. Sears, Roebuck & Co.*,
  2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ................................................................... 12

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) ...................................................................................................... 10

*Trazo v. Nestlé USA, Inc.*,
  2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ...................................................................... 3

*Vitiosus v. Alani Nutrition, LLC*,
  2022 WL 2441303 (S.D. Cal. July 5, 2022) ..................................................................... 3, 9

*Weiss v. Trader Joe's*,
  838 F. App'x 302 (9th Cir. 2021) ....................................................................................... 8

*Williams v. Gerber Prod. Co.*,
  552 F.3d 934 (9th Cir. 2008) .......................................................................................... 6, 7

*Wilson v. Frito-Lay N. Am.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............................................................................. 9

**Statutes**

21 U.S.C. § 343-1 ...................................................................................................................... 9

**Rules**

Civil Local Rules
  Rule 6-3 ............................................................................................................................... 1
  Rule 7-3 ............................................................................................................................... 1

Federal Rules of Civil Procedure
  Rule 23 ......................................................................................................................... 10, 11

**Regulations**

21 C.F.R.
  § 101.13 ............................................................................................................................... 2
  § 101.65 ......................................................................................................................... 2, 8, 9

iv

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Other Authorities**

58 Federal Register 2302 (1993) ........................................................................................................ 2

H.R. Rep. No. 101-538 (1990) ......................................................................................................... 8

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3          Plaintiffs' late-filed Opposition asserts that a reasonable consumer buying a 100% butter

4  "ghee" Product would believe it is low in saturated fat and healthier than butter.  This argument

5  fails as a matter of common sense and applicable law.  Plaintiffs no longer appear to contend the

6  Product claims to be "healthy" as repeatedly stated in the FAC.  It therefore does not trigger any

7  disclosure requirement under the FDA's nutrient content regulations.  Plaintiffs instead claim

8  that the ghee Product promises health based on statements like "EAT GOOD FAT."  But no

9  reasonable consumer would interpret the innocuous puffery statements on the Product label in

10  the illogical manner contended by Plaintiffs.  Reasonable consumers would expect a 100%

11  clarified-butter Product to be high in saturated fat because they know butter is high in saturated

12  fat.  Plaintiffs' claims are entirely based on their unreasonable premise that customers seeking to

13  buy "ghee" do not know that it is 100% "butter"—even though "ghee" *is* "butter" by definition

14  and as explained in black and white on the ingredient label.  (Opp'n 3:5-19.)  These fundamental

15  legal deficiencies in Plaintiffs' claims cannot be remedied.  This misguided action should be

16  dismissed with prejudice.

17

## II.     ARGUMENT

18  **A.     Plaintiffs Failed to Timely Oppose the Motion.**

19          Plaintiffs failed to timely file their Opposition.  Ancient Organics filed its Motion on

20  November 14, 2022.  (ECF No. 26.)  Pursuant to Local Rule 7-3, the Opposition was due no later

21  than November 28, 2022.  L.R. 7-3(a) ("The opposition must be filed and served not more than

22  14 days after the motion was filed.  Fed. R. Civ. P. 6(d), which extends deadlines that are tied to

23  service (as opposed to filing), does not apply and thus does not extend this deadline.").  The

24  Opposition was not filed until December 1, 2022.  (ECF No. 28.)  Plaintiffs have not provided

25  any explanation regarding its late filing and did not seek any extension from the Court.  *See* L.R.

26  6-3(a).  Ancient Organics objects to Plaintiffs' improper and late Opposition arguments.  *See*

27  *Anderson v. AMR*, 348 F. App'x 322, 323–24 (9th Cir. 2009) (explaining district court acted

28  within its broad discretion to reject untimely opposition); *Shaw v. Gera*, 2019 WL 4933636, at

1

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

1  *3 (N.D. Cal. Oct. 7, 2019) ("[B]ecause plaintiff did not follow the Local Rules and seek proper

2  leave to file a late opposition, this Court will not consider Plaintiff's opposition.").

3        **B.       The Ghee Product Does Not Purport to Be "Healthy."**

4        Even if considered, Plaintiffs' untimely arguments all fail on the merits.  Ancient

5  Organics explained in its Motion that Plaintiffs' misbranding claim fails because the Product

6  does not purport to be "healthy" in violation of the FDA's regulations as Plaintiffs misleadingly

7  asserted in the FAC.  (Mot. 5–7.)  Plaintiffs do not dispute this.  (Opp'n 6.)  Plaintiffs instead

8  respond that the FDA's disclosure requirement applies not only to the non-existent "healthy"

9  nutrient content claims but also to other purported "nutrient content claims" on the Product label

10  like "EAT GOOD FAT," "superfood," "nourish your mind, body and soul," "HIGH MCFA'S

11  (medium chain fatty acids)," "provides sustained energy levels," "OMEGA 3,6,9, VITAMINS

12  A, D, E, & K," and "very best fat one can eat."  (Opp'n 6.)  This is a different theory from the

13  one pleaded in the FAC.  (FAC ¶¶ 79, 86-88.)  The new argument fails even if considered

14  because none of the identified statements triggers the disclosure requirement.

15        Under controlling federal regulations, the disclosure requirement at issue is triggered by

16  "nutrient content claims," which are limited to "[c]laims about the food or an ingredient therein

17  that suggest that a ***nutrient or an ingredient*** is absent or present in a ***certain amount*** (e.g., 'high

18  in oat bran')."  21 C.F.R. § 101.65(c)(1) (emphases added); *accord id.* § 101.13(b)(2)(i).  None

19  of the challenged statements meet this standard.  The adjectives "good," "best," and "super" do

20  not suggest the presence or absence of fat in any "certain amount."  Likewise, the accurate listing

21  of "vitamins" and "omega" fatty acids contained in the product is not a quantitative statement.

22  The statements about "nourish"-ment and "energy" similarly say nothing about a nutrient level.

23  The statement regarding "HIGH MCFA'S (medium chain fatty acids)" does not trigger the

24  disclosure requirement either and it is not alleged to in the operative FAC.  (FAC ¶¶ 26, 75.)  In

25  any event, MCFAs are fat.  Under federal law, there is no requirement to add the disclosure "See

26  nutrition for fat content" next to a claim of high fat.  58 Fed. Reg. 2302, 2307 (Jan. 6, 1993)

27  ("The disclosure statement specifically directs the consumer to the information panel for

28  information about other nutrients in the food in addition to the nutrient for which disclosure is

---

2

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

triggered...."). At most, the disclosure further renders unreasonable the assertion that reasonable consumers would think the ghee was low in fat.

Because none of these challenged statements "provide[] 'a direct statement about the level (or range) of a nutrient in [a] food,'" they do not constitute nutrient content claims. *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218, at *9 (N.D. Cal. Aug. 9, 2013); *see also McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022, at *8 (S.D. Cal. Aug. 17, 2018) (explaining "[b]aked with hearty whole grains, belVita Soft Baked Breakfast biscuits are delicious, nutritious, and give you satisfying morning energy to start your day off right" is not an implied nutrient content claim); *Red v. Kraft Foods, Inc.*, 754 F. Supp. 2d 1137, 1142 (C.D. Cal. 2010) (agreeing that statements at issue "do not meet the definition of implied nutrient content claims because they do not suggest 'that a nutrient is absent or present in a certain amount' or make an explicit claim like that in the 'healthy, contains 3 grams (g) of fat' example given in § 101.13(b)(2)(ii)"); *Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *4 (S.D. Cal. July 5, 2022) (explaining that to prevail on claims premised on a section 101.65(d)(2) violation, "Plaintiff must first plead that the word ['FIT'] is subject to the regulation at all, that is, that the word, in connection with other words, characterizes or otherwise makes a claim about a particular nutrient").

Plaintiffs fail to cite a single case suggesting any of the challenged terms fall under the parameters of the controlling federal regulations. Plaintiffs instead assert that other "[w]ords like 'nutritious,' 'wholesome,' 'best choice,' and 'good for you' can be implied nutrient content claims in some circumstances" without further analysis. (Opp'n 3 (quoting *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1078 (N.D. Cal. 2017)).) Such words can be implied nutrient content claims when they connect the presence of a nutrient with the health of the consumer. *See Hadley*, 273 F. Supp. 3d at 1078 (explaining the statements at issue "connect the presence of fiber with the health of the consumer ('wholesome'; 'Take care of you'; 'your body needs')"). But these words must be "stated next to an 'explicit or implicit claim or statement about a nutrient.'" *Id.* (citation omitted). No such claim or statement exists on the label of the actual Product at issue. Any claim premised on a nutrient content claim therefore fails.

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.** **Plaintiffs Fail To Allege Any Actionable Representations.**

**1.** **The Challenged Statements Are Puffery.**

As explained in the Motion, Plaintiffs' misrepresentation claims fail because they are based on subjective and vague puffery statements.  (Mot. 7–10.)  ***The Opposition does not dispute that each of the challenged statements has consistently been deemed inactionable "puffery" in the series of cases cited in the Motion.***  (Opp'n 3–4.)  Plaintiffs' primary response is to cite four cases that bear no similarities to the present dispute.  (*Id.*)  In particular, each case involved objective and verifiable statements capable of stating a viable claim.  None of those cases stand for the premise that a mislabeling case can be built on a pile of puffery alone.

- *In re Milo's Dog Treats Consolidated Cases*, 9 F. Supp. 3d 523, 531–32 (W.D. Pa. 2014), involved "alleged misrepresentations [that] appear to be verifiable facts and sufficiently specific to induce customer reliance," like the dog treat "ingredients are chicken breast, glycerin, sugar, salt, natural flavors, and mixed tocopherals (a preservative and natural source of Vitamin E)" and are "made with whole fillets of 100% real jerky and the quality and care your dog deserves without any artificial chicken flavors or filler ingredients."  The court explained that other unverifiable statements could be puffery but could not "be divorced from the specific representations."  *Id.* at 532.

- *Jones v. Nutiva, Inc.*, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016), is similar. There, the plaintiff challenged numerous highly specific and verifiable statements like "100% less cholesterol than butter," "Contains 62% medium chain triglycerides (MCTs) along with lauric and caprylic acids," "0g trans fat," and "non-hydrogenated."  *Id.* at *7.  The court observed that "some of the Virgin Coconut Oil statements that Plaintiff purportedly relied upon could, standing alone, be characterized as puffery" but explained that considered in the context of the entire label, the puffing statements contributed to the overall deceptive context and refused to dismiss the claims.  *Id.*

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- *Coe v. General Mills, Inc.*, 2016 WL 4208287, at *5 (N.D. Cal. Aug. 10, 2016), examined claims based on statements "a great start to your day," "start your school day right," and "kick-start your day" and "appealing photographic images depicting healthy and successful kids and parents."  The court found that these statements are not "so general as to be unable to mislead a reasonable consumer" and that they "arguably contribute to the alleged 'deceptive context of the packaging as a whole.'"  *Id.* at *6 (citation omitted).  Notably, the plaintiffs challenged a product named "Cheerios Protein" that they alleged did not have a material amount of additional protein "considering the larger serving size and calories per serving" and contained 16 to 17 times the amount of added sugar as regular Cheerios.  *Id.* at *1.

- In *Hadley*, "the parties provide[d] no argument as to the deceptive context of the packaging as a whole," and so the court examined the statements at issue there in the manner Plaintiffs here advocate *against*, i.e., in isolation and not as a whole. 273 F. Supp. 3d at 1089.  The court found many statements, in isolation, to constitute puffery, such as:  "unbelievably nutritious," "positively nutritious," "Keeps 'em full keeps 'em focused," "help[s] keep you full and focused all morning," "one good decision can lead to another," "A great way to START THE DAY," "Nutri–Grain / Eat Better All Day."  *Id.* at 1083, 1087–89.  *Hadley* does not help the Plaintiffs here.

Unlike in these cases, Plaintiffs fail to identify any actionable statement other than the puffery statements at issue.  Whether considered separately or together, the Product's label statements include nothing more than the types of "vague, highly subjective claims" that constitute inactionable puffery as a matter of law.  *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1233 (N.D. Cal. 2012).  The statements are "so general, vague, or overly exaggerated that only 'some few consumers viewing [the statements] in an unreasonable manner' would rely on them."  *Hadley*, 273 F. Supp. 3d at 1083.  Viewing several inactionable puffing statements "as a

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

whole" does not suddenly make them specific enough such that a reasonable consumer would rely on them.  Plaintiffs' misrepresentation claims should be dismissed with prejudice.

## 2.   The Statements Would Not Deceive a Reasonable Consumer.

As explained in the Motion, reasonable consumers would view the Product in context and not ignore the fact that it is a specialty pure clarified-butter product inherently high in saturated fat.  (Mot. 10–12.)  The Opposition lays bare the untenable foundation for Plaintiffs' claims that reasonable consumers do not understand "ghee" to be "butter":

> Defendant also argues that "[a] reasonable consumer would not expect butter to be low in saturated fat."  Defendant's Brief at pg. 1.  **That argument *might* work if the Product was represented to be butter, but it is not.  Rather, the Product is represented as "ghee" throughout the entire label, and the word "butter" only appears once in the ingredients list.**  A reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the [container]."  *Williams* [*v. Gerber Prod. Co.*], 552 F.3d 934, 939 (9th Cir. 2008).  (Opp'n 3:5-9, emphasis added.)

Plaintiffs' claims fail because "ghee" is—by its most fundamental nature and definition—"butter."  *Ghee*, Merriam-Webster, https://www.merriam-webster.com/dictionary/ghee ("a semifluid clarified butter made especially in India"); *Ghee*, Cambridge Dictionary, https://dictionary.cambridge.org/dictionary/english/ghee ("clarified butter (= butter with the water and milk solids removed by heating) used in South Asian cooking").  It originated in Indian and Pakistani cultures thousands of years ago, and is a synonym for butter.  It is no different from "butter" than "beurre."  Anybody buying this specialty product would know its nature.  *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) ("[I]nformation available to a consumer is not limited to the physical label and may involve contextual inferences regarding the product itself and its packaging.").

Indeed, even if there was any potential doubt about the product's nature, it was clarified by the product's ingredient list:  "INGREDIENTS:  ORGANIC BUTTER (MILK)."  Contrary to Plaintiffs' assertions, this is not a case requiring reasonable consumers to "look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."  *Williams*, 552 F.3d at 939.  Rather, the back label clarifies

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

any potential ambiguity:  Consumers who do not know what ghee is (but still desire to purchase it for whatever reason) would turn to the ingredient list which, in all caps, provides only one ingredient: butter.  *See Dinan v. SanDisk LLC*, 2020 WL 364277, at *9 (N.D. Cal. Jan. 22, 2020), *aff'd*, 844 F. App'x 978 (9th Cir. 2021) (back label "serves not to 'cure' but rather to 'clarify' Defendant's use of the term"); *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015) (statement on label only misleading "if information on the front and back of the label is ignored"); *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) (any ambiguity "clarified by the detailed information contained in the ingredient list").

Dismissal is appropriate because "the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived" because it revealed exactly what was being sold.  *Williams*, 552 F.3d at 939; *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (distinguishing *Williams* because "there is no deceptive act to be dispelled" and "label does not contradict other representations or inferences"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) ("[I]t strains credulity to claim that a reasonable consumer would be misled to think that an ice cream dessert, with 'chocolate coating topped with nuts,' is healthier than its competitors simply by virtue of these 'Original' and 'Classic' descriptors.").

Plaintiffs' remaining argument in Opposition heavily relies on inapposite coconut oil cases to argue that the Product's label would mislead reasonable consumers, in part because certain statements ("nourishing" and "superfood") were found misleading in those cases.  (Opp'n 2 (citing *Jones v. Nutiva, Inc.*, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016); *Jones v. Nutiva, Inc.*, 2017 WL 3617104 (N.D. Cal. Aug. 23, 2017)).)  But those cases are distinguishable because the alleged misrepresentations that the court found could plausibly mislead consumers into believing the product is healthy were highly specific and even mentioned cholesterol content, unlike the statements here.  *See Jones*, 2016 WL 5210935, at *7 ("It is plausible that a reasonable consumer could interpret statements such as '0g trans fat' and '100% less cholesterol than butter' to indicate that Defendant's Virgin Coconut Oil is healthy, healthier than butter, or at

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

least does not negatively impact one's cholesterol levels."); *Jones*, 2017 WL 3617104, at *2

("Plaintiffs list examples of such marketing practices on labels that describe Defendant's

products as 'nourishing,' a 'superfood,' 'cholesterol free,' and containing 'zero trans fats.'").

These cases are also distinguishable because they dealt with a product that is indisputably not

butter and, in fact, represented itself as "better than butter," and found the product misleading, in

part, because reasonable consumers could interpret the statements to mean the product was

healthier than butter.  *Jones*, 2016 WL 5210935, at *7.

Looking at the challenged statements in context, no reasonable consumer would make the

inferential leaps Plaintiffs have to conclude the Product represents itself as low in fat or

"healthy."  There is no viable claim of deception to a reasonable consumer in these

circumstances.  *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021) ("Simply put, a

reasonable consumer does not check her common sense at the door of the store."); *see also*

*Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1139 (2020) (affirming dismissal of

misrepresentation claim where "a reasonable consumer is unlikely to make the series of

inferential leaps" that would make label deceptive); *Simpson v. The Kroger Corp.*, 219 Cal. App.

4th 1352, 1371 (2013) (affirming dismissal of mislabeling claim where products' labels "clearly

informed any reasonable consumer" of contents).

### D.       Plaintiffs' Claims Are Preempted.

As Ancient Organics explained in its Motion, any attempt by Plaintiffs to superimpose

additional or different "healthy" disclosure requirements to the actual representations used on the

ghee product are contrary to FDA requirements and are thus preempted.  (Mot. 12–15.)  The

NLEA, which was intended to "clarify and to strengthen [the FDA's] legal authority to require

nutrition labeling on foods," H.R. Rep. No. 101-538, at 7 (1990), *reprinted in* 1990

U.S.C.C.A.N. 3336, 3337, "preempts all state law claims that 'directly or indirectly establish any

requirement for the labeling of food that is not identical to the federal requirements.'"  *See, e.g.*,

*Clark v. Perfect Bar, LLC*, 816 F. App'x 141, 143 (9th Cir. 2020).  Here, the gravamen of

Plaintiffs' suit is that the ghee products are subject to section 101.65(d)(2)'s nutrient content

regulations because the term "GOOD" in the phrase "EAT GOOD FAT" can be construed

8

synonymously with "healthy."  (*See, e.g.*, FAC ¶ 75.)  Yet, the ghee products make no "healthy" claim at all, nor has the FDA regulation at issue subjected the terms on the product labels to the requirements for "healthy" labeled products.  *See* 21 C.F.R. § 101.65(d)(2).  Plaintiffs' claims are thus expressly preempted as they "seek to impose requirements that contravene the requirements set forth by federal law."  *See, e.g.*, *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1113 (S.D. Cal. 2011); *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 926 (N.D. Cal. 2014) (same); 21 U.S.C. § 343-1(a)(2) & (3) (preempting any state requirement concerning the labeling of food that is "not identical to the requirement[s]" of the FDCA).

In straining to argue that their claims escape the purview of the NLEA's express preemption provision, Plaintiffs claim "the FDA regulations are consistent with the claims raised."  (Opp'n 5.)  As explained above, that is not true given the Product's conformity to the applicable regulations as opposed to Plaintiffs' improper understanding of them.  Plaintiffs' central complaint is that the ghee products are mislabeled because they do not comply with the fat and nutrient content claims for "healthy" labeled products under 21 C.F.R. § 101.65(d)(2). (*See* FAC ¶¶ 79–81, 84, 86.)  Thus, "Plaintiffs' theory [of liability] turns on whether the FDA regulates the [challenged] word[s] as a synonym of 'healthy' under 21 CFR § 101.65(d)(2).  If the FDA regulation does not encompass [those challenged statements], then Plaintiffs' claims … are preempted."  *Vitosus*, 2022 WL 2441303, at *4.  Because the ghee products' representations are in compliance with the FDCA's regulations and the challenged terms are not encompassed by FDA regulations, Plaintiffs' claims are preempted.

**E.      Plaintiffs' Claims Fail for Other Claim-Specific Reasons.**

   **1.      Plaintiffs Lack Standing to Bring Claims for Unpurchased Products.**

Plaintiffs do not address the vast majority of the caselaw Ancient Organics provided, which have held, across-the-board, that plaintiffs lack Article III standing to assert claims regarding products they did not purchase.  *See, e.g.*, *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1140 (N.D. Cal. 2013); *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012); Mot. 15–17.

9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Instead, Plaintiffs suggest they have standing to assert claims on behalf of the unnamed class members for "similar[]" products they never purchased themselves.  (Opp'n 8.)  Plaintiffs, as the parties "asserting the claim," bear "the burden of establishing standing." *Brown v. Hain Celestial Grp. Inc.*, 913 F. Supp. 2d 881, 889 (N.D. Cal. 2012).  The FAC includes "substantive allegations" only on the 32-ounce ghee "Product" and does not attempt to establish its similarity to different-sized containers.  (*Id*. at pp. 2, 7–8.)  The case-at-bar is therefore markedly different from the authorities Plaintiffs cite in which the plaintiffs not only identified the unpurchased products but also alleged the "common" or "identical" "misrepresentations [allegedly made] across the product lines." *Brown*, 913 F. Supp. 2d at 891–92; *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) (finding "substantial similarities between all of defendants' [products] … and the alleged misrepresentations on [their] labels"); *Munsell v. Colgate-Palmolive Co.*, 463 F. Supp. 3d 43, 53 (D. Mass. 2020) (same); *Shank v. Presidio Brands, Inc.*, 2018 WL 510169, at *6 (N.D. Cal. Jan. 23, 2016) (same).

As Plaintiffs appear to acknowledge (Opp'n 15), Article III compliance and Rule 23 create two distinct requirements, with the former serving as a condition precedent to the latter.  If Plaintiffs filed separate actions based on the unpurchased products purportedly at issue, those actions would be immediately dismissed for lack of Article III standing.  That result does not change because Plaintiffs aggregated their claims in pursuing a class action.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.").  Plaintiffs' claims based on the unpurchased ghee products should be dismissed.

### 2.  Plaintiffs Lack Standing to Bring Claims for a Nationwide Class.

"Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019) (collecting cases); *see also Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) ("[T]he majority of courts in the Northern

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

District" have found "dismissal is appropriate with respect to claims asserted under the laws of states in which no Plaintiff resides or has purchased products.").

Plaintiffs protest that the issue of nationwide class standing should be put off for the class certification stage.  (Opp'n 9.)  Although certain courts outside of this Circuit have applied varying analyses on this issue (*id.* 10), "[t]he Ninth Circuit has stated in clear terms … that [because] standing is a jurisdictional element that must be satisfied prior to class certification," the fundamental question of standing cannot be put off for a later time.  *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 964 (N.D. Cal. 2010) (quotations omitted), *citing LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985).  That is because "certification is not sufficient in itself to bestow standing on individuals or a class who lacked the requisite personal stake at the outset."  *LaDuke*, 762 F.2d at 1325.

Here, too, the Court should exercise its "discretion [and] hold that Plaintiff[s] … cannot represent unnamed class members in states outside of California," whether the propriety of his nationwide claims "be cast as a standing question or an early adjudication of prospective class certification."  *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *13 (N.D. Cal. June 2, 2021).  In other words, Plaintiffs—two California residents who brings their claims solely based on the purported purchases of ghee in California stores (FAC ¶¶ 16–17)—"cannot serve as named representatives for individuals outside of California.  *This is a threshold issue of standing under Article III, which should be decided now and not deferred to Rule 23 proceedings*."  *Razuki v. Nationstar Mortg., LLC*, 2020 WL 1478374, at *2 (N.D. Cal. Mar. 26, 2020) (emphases added).  Even assuming that the nationwide claims were analyzed under Rule 23, the Court nonetheless retains "discretion to conclude at the pleadings stage that [Plaintiffs do] not satisfy the adequacy, typicality, or predominance requirements to bring claims on behalf of unnamed plaintiffs in multiple other states where [they] do[] not reside or where [they] did not purchase the [ghee] Products."  *Sultanis v. Champion Petfoods USA Inc.*, 2021 WL 3373934, at *7 (N.D. Cal. Aug. 3, 2021).

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

### 3.  Plaintiffs' Unjust Enrichment Claim Should Be Dismissed.

As Ancient Organics explained, Plaintiffs' unjust enrichment claim fails because California does not recognize such a standalone cause of action, nor do they raise a "valid quasi-contract claim seeking the remedy of restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  "Because Plaintiffs have yet to allege a viable claim for relief, their claim for unjust enrichment also must be dismissed." *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *14 (N.D. Cal. Oct. 13, 2009); *see also Davidson v. Sprout Foods Inc.*, 2022 WL 2668481, at *6 (N.D. Cal. July 11, 2022) (permitting unjust enrichment claim to proceed because the plaintiffs "adequately stated a claim for their UCL 'unlawful' claim.").

## III.   CONCLUSION

The Court should dismiss the FAC with prejudice based on the fatal and irremediable deficiencies with Plaintiffs' claims.

Dated:  December 8, 2022

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

*Attorneys for Defendant Ancient Organics*

ANCIENT ORGANICS'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899