DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>              Defendant. | Case No. 3:22-cv-03596-RS<br><br>**DEFENDANT ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Assigned to the Hon. Richard Seeborg<br><br>Action Filed:        June 6, 2022 |

Defendant Ancient Organics hereby answers the Second Amended Complaint (SAC) filed by Plaintiffs Kelly Effinger and Keefe Stevernu (collectively, Plaintiffs) as follows.  Unless specifically admitted, all allegations of the SAC are denied.

## PREAMBLE

Ancient Organics admits that Plaintiffs filed the above-captioned class action complaint against Defendant Ancient Organics.  Except as otherwise admitted, Ancient Organics denies the remaining allegations in this introductory paragraph.

## NATURE OF THE ACTION

1.      Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 1.

2.      Ancient Organics admits it manufactures, sells, and distributes the Products using a marketing and advertising campaign.  Except as otherwise admitted, Ancient Organics denies the remaining allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 3.

4.      Ancient Organics admits the SAC pictures parts of the labels of its Products.  Rather than responding to Plaintiffs' characterization of the Products' labels, Ancient Organics refers to the text on the labels, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 4 to the extent they are inconsistent with the text on the labels.

5.      Ancient Organics admits the SAC pictures part of the labels of its Products.  Except as otherwise admitted, Ancient Organics denies the remaining allegations in Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies its labels are false, misleading, or deceptive.  Rather than responding to Plaintiffs' characterization of the amount of fat contained in the Products, Ancient Organics refers to the Products' nutrition panels, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 6 to the extent they are inconsistent with the nutrition panels.  Except as otherwise admitted, Ancient Organics lacks

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies those allegations.

7.     Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 7.

8.     Rather than responding to Plaintiffs' characterization of the amount of saturated fat contained in the Products, Ancient Organics refers to the Products' nutrition panels, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 8 to the extent they are inconsistent with the nutrition panels.  Except as otherwise admitted, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies those allegations.

9.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies the allegations.

10.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 10 and on that basis denies the allegations.

**JURISDICTION AND VENUE**

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics admits its headquarters falls within the Northern District of California and that it sells its Products throughout the state.  Except as otherwise admitted, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies the allegations.

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics admits its headquarters falls within the Northern

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

District of California.  Except as otherwise admitted, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis denies those allegations.

## DIVISIONAL ASSIGNMENT

14.     Paragraph 14 contains legal conclusions to which no response is required.  Except as otherwise admitted, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies those allegations.

## PARTIES

15.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies the allegations.

16.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies the allegations.

17.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Ancient Organics admits that the Plaintiffs allege to seek the relief requested in Paragraph 21.  Ancient Organics denies that Plaintiffs are entitled to the relief requested in Paragraph 21.

22.     Ancient Organics admits the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs have a right to amend the SAC that is inconsistent with the Federal Rules of Civil Procedure.

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **SUBSTANTIVE ALLEGATIONS**

**A.  Defendant Makes, Markets, and Sells the Products to Consumers.**

24.      Ancient Organics admits the allegations in Paragraph 24.

25.      Rather than responding to Plaintiffs' characterization of the Products' labels, Ancient Organics refers to the text on the labels, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 25 to the extent they are inconsistent with the text on the labels.

26.      Ancient Organics admits the SAC pictures part of the labels for its Products.

27.      Ancient Organics admits the SAC pictures part of the labels for its Products.

28.      Rather than responding to Plaintiffs' characterization of the Products' labels, Ancient Organics refers to the text on the labels, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 28 to the extent they are inconsistent with the text on the labels.

29.      Paragraph 29 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 29.

30.      Paragraph 30 purports to quote a blog.  Rather than responding to Plaintiffs' characterization of the blog, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 30 to the extent they are inconsistent with or not contained in the text of the blog.  Ancient Organics does not admit that the blog is relevant to this action.

31.      Ancient Organics admits the allegations in Paragraph 31.

32.      Rather than responding to Plaintiffs' characterization of the Products' labels, Ancient Organics refers to the text on the labels, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 32 to the extent they are inconsistent with the text on the labels.  Ancient Organics admits the SAC pictures part of the labels for its Products.

33.      Rather than responding to Plaintiffs' characterization of the Products' labels, Ancient Organics refers to the text on the labels, which speaks for itself.  Ancient Organics

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

denies the allegations in Paragraph 33 to the extent they are inconsistent with the text on the labels.  Ancient Organics admits the SAC pictures part of the labels for its Products.

**B. The Products Contain High Levels of Saturated Fat.**

34.     Rather than responding to Plaintiffs' characterization of the amount of saturated fat contained in the Products, Ancient Organics refers to the Products' nutrition panels, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 34 to the extent they are inconsistent with the nutrition panels.

35.     Rather than responding to Plaintiffs' characterization of the amount of saturated fat contained in the Products, Ancient Organics refers to the nutrition panels on its Products, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 35 to the extent they are inconsistent with the nutrition panels.

36.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies the allegations.

37.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies the allegations.

38.     Rather than responding to Plaintiffs' characterization of the amount of saturated fat contained in the Products, Ancient Organics refers to the Products' nutrition panels, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 38 to the extent they are inconsistent with the nutrition panels.

39.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies the allegations.

40.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies the allegations.

41.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies the allegations.

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C. Saturated Fat Consumption Increases the Risk of Cardiovascular Disease and Other Morbidity.**

42.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies the allegations.

43.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies the allegations.

44.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies the allegations.

45.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies the allegations.

46.     Paragraph 46 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 46 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.  Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis denies the allegations.

47.     Paragraph 47 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 47 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

48.     Paragraph 48 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 48 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.  Ancient Organics lacks knowledge or information sufficient to form a

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies the allegations.

49.     Paragraph 49 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 49 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

50.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies the allegations.

51.     Paragraph 51 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 51 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

52.     Paragraph 52 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 52 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

53.     Paragraph 53 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 53 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

54.     Paragraph 54 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 54 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

relevant to this action.  Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies the allegations.

55.     Paragraph 55 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 55 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

56.     Paragraph 56 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 56 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

57.     Paragraph 57 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 57 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

58.     Paragraph 58 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 58 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

59.     Paragraph 59 purports to quote an article.  Rather than responding to Plaintiffs' characterization of the article, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 59 to the extent they are inconsistent with or not contained in the text of the article.  Ancient Organics does not admit that the article is relevant to this action.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

60.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies the allegations.

61.     Ancient Organics denies the allegations in Paragraph 61.

**D.  Defendant Violates Identical Federal and State Regulations**

**a.  Federal and State Regulations Are Identical**

62.     Ancient Organics admits the allegations in Paragraph 62.

63.     Paragraph 63 purports to quote the Federal Food, Drug, and Cosmetic Act. Rather than responding to Plaintiffs' characterization of the Act, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 63 to the extent they are inconsistent with or not contained in the text of the Act.

64.     Paragraph 64 purports to quote California Health and Safety Code, section 110100.  Rather than responding to Plaintiffs' characterization of the statute, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 64 to the extent they are inconsistent with or not contained in the text of the statute.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 65 to the extent they are inconsistent with the texts of the Federal Food, Drug, and Cosmetic Act and California Health and Safety Code.

**b.  Regulations Governing the Labeling of Food Products**

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 66.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 68.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 69.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 71.

72.     Paragraph 72 purports to quote guidelines from the California Department of Food and Agriculture.  Rather than responding to Plaintiffs' characterization of the guidelines, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 72 to the extent they are inconsistent with or not contained in the text of the guidelines.  Ancient Organics does not admit that the guidelines are relevant to this action.

73.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies the allegations.

74.     Ancient Organics admits that the Plaintiffs allege to seek the relief requested in Paragraph 74.  Ancient Organics denies that Plaintiffs are entitled to the relief requested in Paragraph 74.

**E.  The Products are misbranded.**

75.     Paragraph 75 purports to quote the Federal Food, Drug, and Cosmetic Act. Rather than responding to Plaintiffs' characterization of the Act, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 75 to the extent they are not contained in or inconsistent with the text of the Act.

76.     Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies the allegations.

77.     Rather than responding to Plaintiffs' characterization of the amount of saturated fat contained in the Products, Ancient Organics refers to the Products' nutrition panels, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 77 to the extent they are inconsistent with the nutrition panels.

78.     Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 78.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

79.     Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 79.

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 80 to the extent they are inconsistent with the texts of the Federal Food, Drug, and Cosmetic Act and California Health and Safety Code.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 81.

82.     Paragraph 82 purports to quote various sections of the California Health and Safety Code.  Rather than responding to Plaintiffs' characterization of the statute, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 82 to the extent they are inconsistent with or not contained in the text of the statute.

83.     Ancient Organics denies the allegations in Paragraph 83.

**F.  Reasonable consumers relied on Defendant's misrepresentations to their detriment.**

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 87.

**G.  Defendant's wrongful conduct caused Plaintiffs' and the Class Members' injuries.**

88.     Ancient Organics denies the allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 89.

90.     Ancient Organics denies the allegations in Paragraph 90.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

91.     Paragraph 91 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 93.

94.     Ancient Organics denies the allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 95.

**H. Defendant Has Knowledge of These Regulations and Acts with Reckless Disregard**

96.     Ancient Organics denies the allegations in Paragraph 96.

97.     Paragraph 97 purports to quote various articles.  Rather than responding to Plaintiffs' characterization of the articles, Ancient Organics refers to the complete texts of the articles, which speak for themselves.  Ancient Organics denies the allegations in Paragraph 97 to the extent they are inconsistent with or not contained in the texts of the articles.  Ancient Organics does not admit that the articles are relevant to this action.

98.     Ancient Organics denies the allegations in Paragraph 98.

<u>**CLASS DEFINITIONS AND ALLEGATIONS**</u>

99.     Ancient Organics denies that the proposed class or any class action is proper. Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies the allegations.

100.    Paragraph 100 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.    Paragraph 101 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies the

2   allegations.

3         102.    Paragraph 102 contains legal conclusions to which no response is required.  To

4   the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

5   form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies the

6   allegations.

7         103.    Paragraph 103 contains legal conclusions to which no response is required.  To

8   the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

9   form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies the

10  allegations.

11        104.    Paragraph 104 contains legal conclusions to which no response is required.  To

12  the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

13  form a belief as to the truth of the allegations in Paragraph 104 and on that basis denies the

14  allegations.

15        105.    Paragraph 105 contains legal conclusions to which no response is required.  To

16  the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

17  form a belief as to the truth of the allegations in Paragraph 105 and on that basis denies the

18  allegations.

19        106.    Paragraph 106 contains legal conclusions to which no response is required.  To

20  the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

21  form a belief as to the truth of the allegations in Paragraph 106 and on that basis denies the

22  allegations.

23        107.    Paragraph 107 contains legal conclusions to which no response is required.  To

24  the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

25  form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies the

26  allegations.

27        108.    Paragraph 108 contains legal conclusions to which no response is required.  To

28  the extent a response is required, Ancient Organics lacks knowledge or information sufficient to

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies the allegations.

**CAUSES OF ACTION**

**COUNT I**
**Violation of California's Unfair Competition Law ("UCL")**
**Business and Professions Code § 17200 et seq.**
**(On Behalf of the Nationwide Class)**

109.    In response to Paragraph 109, Ancient Organics incorporates by reference its response to the preceding paragraphs.

110.    Ancient Organics admits that Plaintiffs allege to state a claim under California Business and Professions Code, section 17200.  Except as otherwise admitted, Ancient Organics denies the remaining allegations in Paragraph 110.

111.    Paragraph 111 purports to quote California Business and Professions Code, section 17200.  Rather than responding to Plaintiffs' characterization of the statute, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 111 to the extent they are inconsistent with or not contained in the text of the statute.

**A.  Unlawful Prong**

112.    Paragraph 112 purports to quote an opinion issued by the United States District Court for the Central District of California.  Rather than responding to Plaintiffs' characterization of the opinion, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 112 to the extent they are inconsistent with or not contained in the text of the opinion.  Ancient Organics does not admit the opinion is relevant to this action.

113.    Paragraph 113 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 113 and on that basis denies the allegations.

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

114.    Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 114.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 115.

116.    Paragraph 116 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 116.

117.    Ancient Organics denies the allegations in Paragraph 117.

118.    Ancient Organics denies the allegations in Paragraph 118.

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 119 and on that basis denies the allegations.

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 121 and on that basis denies the allegations.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 122 and on that basis denies the allegations.

**B.  Unfair Prong**

123.    Paragraph 123 purports to quote an opinion issued by the California Court of Appeal.  Rather than responding to Plaintiffs' characterization of the opinion, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 123 to the extent they are inconsistent with or not contained in the text of the opinion. Ancient Organics does not admit the opinion is relevant to this action.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 124.

125.    Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 125.

126.    Ancient Organics denies the allegations in Paragraph 126.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 127.

128.    Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 128.

129.    Paragraph 129 purports to quote an opinion issued by the Ninth Circuit Court of Appeals.  Rather than responding to Plaintiffs' characterization of the opinion, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 129 to the extent they are inconsistent with or not contained in the text of the opinion.  Ancient Organics does not admit the opinion is relevant to this action.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 130.

131.    Paragraph 131 purports to quote an opinion issued by the Ninth Circuit Court of Appeals.  Rather than responding to Plaintiffs' characterization of the opinion, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 131 to the extent they are inconsistent with or not contained in the text of the opinion.  Ancient Organics does not admit the opinion is relevant to this action.

132.    Paragraph 132 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 132.

133.    Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 134.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

135.    Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 135.

136.    Ancient Organics denies the allegations in Paragraph 136.

137.    Ancient Organics denies the allegations in Paragraph 137.

138.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 138 and on that basis denies the allegations.

139.    Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 139.

**C.  Fraudulent Prong**

140.    Paragraph 140 purports to quote an opinion issued by the Supreme Court of California.  Rather than responding to Plaintiffs' characterization of the opinion, Ancient Organics refers to the complete text, which speaks for itself.  Ancient Organics denies the allegations in Paragraph 140 to the extent they are inconsistent with or not contained in the text of the opinion.  Ancient Organics does not admit the opinion is relevant to this action.

141.    Paragraph 141 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 142.

143.    Paragraph 143 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 143.

144.    Paragraph 144 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 144.

145.    Ancient Organics denies the allegations in Paragraph 145.

146.    Ancient Organics denies the allegations in Paragraph 146.

147.    Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

situated consumers (if any) are entitled to the relief requested in Paragraph 147 and on that basis denies the allegations.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Ancient Organics denies the allegations in Paragraph 148.

### COUNT II
### Violation of California's False Advertising Law ("FAL")
### Business and Professions Code § 17500 et seq.
### (On Behalf of the Nationwide Class)

149.    In response to Paragraph 149, Ancient Organics incorporates by reference its response to the preceding paragraphs.

150.    Ancient Organics admits that Plaintiffs purport to state a claim under California Business and Professions Code, section 17500 et seq. Except as otherwise admitted, Ancient Organics denies the remaining allegations in Paragraph 150.

151.    Paragraph 151 purports to quote California Business and Professions Code, section 17500. Rather than responding to Plaintiffs' characterization of the statute, Ancient Organics refers to the complete text, which speaks for itself. Ancient Organics denies the allegations in Paragraph 151 to the extent they are inconsistent with or not contained in the text of the statute.

152.    Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, Ancient Organics denies the allegations in Paragraph 152.

153.    Paragraph 153 contains legal conclusions to which no response is required. To the extent a response is required, Ancient Organics denies the allegations in Paragraph 153.

154.    Ancient Organics denies the allegations in Paragraph 154.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Ancient Organics denies the allegations in Paragraph 155.

156.    Paragraph 156 contains legal conclusions to which no response is required. To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 156 and on that basis denies the allegations.

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

157.     Paragraph 157 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 157.

158.     Ancient Organics admits Plaintiffs purport to seek the relief requested in Paragraph 158.  Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 158.

**COUNT III**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Business and Professions Code § 1750 et seq.**
**(Injunctive Relief Only)**
**(On Behalf of the California Class)**

159.     In response to Paragraph 159, Ancient Organics incorporates by reference its response to the preceding paragraphs.

160.     Ancient Organics admits that Plaintiffs purport to state a claim under California Business and Professions Code, section 1750 et seq.  Except as otherwise admitted, Ancient Organics denies the remaining allegations in Paragraph 160.

161.     Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 161.

162.     Paragraph 162 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 162.

163.     Paragraph 163 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 163.

164.     Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 164.

165.     Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 165.

166.     Paragraph 166 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 166.

167.     Paragraph 167 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics admits that it received a letter from Plaintiffs dated May 12, 2022; however, Ancient Organics denies that the letter meets the requirements of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California Civil Code, section 1782.  Except as otherwise admitted, Ancient Organics denies the allegations in Paragraph 167.

168.   Ancient Organics admits Plaintiffs purport to seek the relief requested in Paragraph 168.  Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 168.

169.   Paragraph 169 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 169.

170.   Paragraph 170 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 170.

171.   Paragraph 171 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 171.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

172.   In response to Paragraph 172, Ancient Organics incorporates by reference its response to the preceding paragraphs.

173.   Paragraph 173 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 173.

174.   Paragraph 174 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 174.

175.   Paragraph 175 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 175.

176.   Paragraph 176 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 176.

177.   Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies the allegations in Paragraph 177.

178.   Paragraph 178 contains legal conclusions to which no response is required.  To the extent a response is required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any) are entitled to the relief requested in Paragraph 178.

1

## RELIEF DEMANDED

2     179.    Plaintiffs' demand for relief is not an allegation.  To the extent a response is

3  required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any)

4  are entitled to the requested relief.

5

## JURY TRIAL DEMAND

6     180.    Plaintiffs' demand for a jury trial is not an allegation.  To the extent a response is

7  required, Ancient Organics denies that Plaintiffs or other similarly situated consumers (if any)

8  are entitled to the requested relief.

9

## AFFIRMATIVE DEFENSES

10     Ancient Organics denies any and all allegations not specifically admitted and states and

11  alleges the following defenses.  In so doing, Ancient Organics does not allege or admit that it

12  bears the burden of proof or persuasion with respect to any of the foregoing defenses.  Ancient

13  Organics reserves the right to supplement or amend its defenses and raise any counterclaims as

14  additional information is developed through discovery or investigation.

15

### FIRST AFFIRMATIVE DEFENSE

16

### (Failure to State a Claim)

17     The SAC, and each of its purported causes of action, fails to state facts sufficient to

18  constitute a cause of action against Ancient Organics.

19

### SECOND AFFIRMATIVE DEFENSE

20

### (Standing)

21     Plaintiffs' claims fail, in whole or in part, because Plaintiffs lack standing to pursue their

22  claims.

23

### THIRD AFFIRMATIVE DEFENSE

24

### (Preemption)

25     Plaintiffs' claims fail, in whole or in part, because they are barred by the doctrine of

26  preemption.

27

28

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**FOURTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

Plaintiffs' claims fail, in whole or in part, because they are barred by the doctrine of primary jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Misrepresentation)**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs cannot identify any actionable misrepresentation by Ancient Organics regarding the purported healthiness of the ghee Products that was false or misleading.

**SIXTH AFFIRMATIVE DEFENSE**

**(Puffery)**

Plaintiffs' claims fail, in whole or in part, because any alleged deceptive statements by Ancient Organics constitute inactionable puffery.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Intent)**

Plaintiffs' claims based on Ancient Organics's alleged willful misrepresentations are barred because such representations were not intended to mislead or deceive consumers.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Conduct Not Fraudulent Nor Likely to Deceive a Reasonable Consumer)**

Plaintiffs' claims based on Ancient Organics's alleged misrepresentations are barred because such representations were not likely to mislead or deceive a reasonable consumer.

**NINTH AFFIRMATIVE DEFENSE**

**(Justifiable Reliance)**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs could not have justifiably relied on the purported misrepresentations alleged in the SAC.

**TENTH AFFIRMATIVE DEFENSE**

**(Economic Loss Doctrine)**

Plaintiffs' claims fail, in whole or in part, based on the economic loss doctrine.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

**(Causation)**

3

Plaintiffs' purported harm was not caused by Ancient Organics, its Products, or its acts.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5

**(Materiality)**

6

Plaintiffs' claims based on Ancient Organics's alleged misrepresentations are barred

7

because such representations were not material insofar as they are not likely to affect consumers'

8

purchasing decisions.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10

**(Third Parties)**

11

Plaintiffs' purported harm was caused by third parties and factors outside the control of

12

Ancient Organics.

13

**FOURTEENTH AFFIRMATIVE DEFENSE**

14

**(Laches)**

15

Plaintiffs' claims fail, in whole or in part, by the doctrine of laches based on the

16

prejudicial delay in asserting their claims.

17

**FIFTEENTH AFFIRMATIVE DEFENSE**

18

**(Unclean Hands)**

19

Plaintiffs' claims fail, in whole or in part, because of the doctrine of unclean hands.

20

**SIXTEENTH AFFIRMATIVE DEFENSE**

21

**(Waiver/Consent/Release)**

22

Plaintiffs' claims fail, in whole or in part, because of waiver, consent, and/or release.

23

**SEVENTEENTH AFFIRMATIVE DEFENSE**

24

**(Estoppel)**

25

Plaintiffs' claims fail, in whole or in part, because of the doctrine of estoppel.

26

27

28

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Benefit of Bargain)**

Plaintiffs' claims for monetary relief are barred because Plaintiffs have already received the benefit of their bargain, and neither law nor equity may be invoked to obtain a windfall.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Remedies at Law)**

Plaintiffs are barred from asserting the request for equitable relief alleged in the SAC because Plaintiffs have adequate remedies at law and/or the equitable relief is neither necessary nor proper.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

Ancient Organics's alleged actions, at all relevant times and places, were necessary to the competitive operation of its business, and Plaintiffs' alleged injuries, if any, are outweighed by the benefit to the public of Ancient Organics's actions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Compliance with Law/Safe Harbor)**

Plaintiffs' claims fail, in whole or in part, because Ancient Organics's alleged actions, at all relevant times and places, were in compliance with applicable law, including but not limited to the Food and Drug Administration's regulations and the Federal Food, Drug, and Cosmetics Act.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

While Ancient Organics denies that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiffs have failed to take reasonable action to mitigate or minimize Plaintiffs' alleged damages.

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2  **(Setoff)**

3      While Ancient Organics denies that Plaintiffs have been damaged in any way, if it should

4  be determined that Plaintiffs have suffered legally recognizable damages, such damages are

5  subject to setoff and recoupment.

6  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7  **(No Right to Injunctive Relief)**

8      Plaintiffs are not entitled to injunctive relief because the hardship that would be imposed

9  on Ancient Organics by any such relief would be greatly disproportionate to any hardship that

10  Plaintiffs may suffer in its absence; any injunctive relief that would require regulation by the

11  Court on an ongoing basis is inappropriate.

12  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13  **(No Right to Punitive or Exemplary Damages)**

14      Plaintiffs are not entitled to punitive or exemplary damages as any such award would

15  violate the due process and/or equal protection clauses of the Constitution of the State of

16  California and the Constitution of the United States of America.

17  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

18  **(Uncertain/Unmanageable Damages)**

19      Plaintiffs' requested monetary relief is too speculative, remote, and/or impossible to

20  prove and/or allocate.

21  **REQUEST FOR RELIEF**

22      THEREFORE, Ancient Organics requests judgment as follows:

23      1.      That Plaintiffs take nothing by reason of the Second Amended Complaint;

24      2.      That judgment be entered in favor of Ancient Organics;

25      3.      That Ancient Organics be awarded its costs of suit incurred in defense of this

26  action, including reasonable attorneys' fees to the extent permissible by law; and

27      4.      For such other relief as the Court deems proper.

28

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## **DEMAND FOR JURY TRIAL**

2

Ancient Organics demands a trial by jury of all issues so triable.

3

4   Dated:  April 7, 2023

DAVIS WRIGHT TREMAINE LLP

5
Jacob M. Harper
James H. Moon
6
Peter Bae

7   By:  /s/ Jacob M. Harper

8
Jacob M. Harper

*Attorneys for Defendant Ancient Organics*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANCIENT ORGANICS'S ANSWER TO SECOND AMENDED COMPLAINT
Case No. 3:22-cv-03596-RS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899