**GOOD | GUSTAFSON | AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar. No. 220802)
2330 Westwood Boulevard, Suite 103
Los Angeles, CA  90064
Telephone:     (310) 274-4663
Email:          jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh, PA 15212
Telephone:     (888) 412-5291
Email:          stkeeton@keetonfirm.com
* *Pro hac vice*

**SHENAQ PC**
Amir Shenaq, Esq.**
3500 Lenox Rd. Ste. 1500
Atlanta, GA 30326
Telephone:     (888) 909-9993
Email:          amir@shenaqpc.com
** *Pro hac vice* forthcoming

*Counsel for Plaintiffs and the Proposed Class*

DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant Ancient Organics*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT** |

Plaintiffs Kelly Effinger and Keefe Stevernu, individually and on behalf of those similarly situated ("Plaintiffs") and Defendant Ancient Organics ("Defendant" or "Ancient Organics") (collectively, the "Parties"), by and through their respective counsel of record, conferred on May 31, 2023, to discuss the matters set forth in Fed. R. Civ. P 26(f) and Civil L. R. 16-9, and

subsequently over email. The Parties hereby jointly submit this Rule 26(f) Report and Case Management Statement.

## 1. Jurisdiction & Service

Because Plaintiffs allege claims under 28 U.S.C. § 1332(d) of the Class Action Fairness Act in which they allege that the amount in controversy exceeds $5,000,000.00, there are more than 100 putative class members, and some putative class members are citizens of a different state than the Defendant, the Parties agree that this Court has subject matter jurisdiction.

The Parties agree that there are no issues regarding personal jurisdiction or venue. All parties have been served.

## 2. Facts

Plaintiffs' Statement

Defendant manufactures, sells, and distributes the Products using a marketing and advertising campaign focused on claims that appeal to health-conscious consumers. Defendant engages in a deceptive marketing campaign to convince consumers that the Products are nutritious and healthful to consume, and are more healthful than similar products despite including dangerously high levels of saturated fat. Defendant makes the same representations – regardless of size – on each Product. Specifically, the label includes health-focused statements like "EAT GOOD FAT," "the very best fat one can eat," "superfood," "OMEGA 3, 6, 9, VITAMINS A, D, E, & K," and "nourish your mind, body, and soul" which lead consumers to believe that the Products are healthy, healthful, and a healthier alternative to competing products.

This interpretation is consistent with Ancient Organics' founders' intent and has been expressed by co-founder Matteo Girard Maxon, "One of the core elements of this food foundation is healthy fat." Despite these representations, Defendant's Product actually contains dangerously high levels of saturated fat including more saturated fat in just a single tablespoon than one KFC Fried Chicken breast and three KFC Fried Chicken drumsticks combined.

Plaintiffs bring claims individually and on behalf of putative Class Members.

Ancient Organics' Statement

Plaintiffs allege Ancient Organics' ghee products—100% pure clarified butter—are misleading and falsely advertised because reasonable consumers would believe these products are low in saturated fat.  Plaintiffs argue they are entitled to bring suit because the ghee product label's statements—"EAT GOOD FAT," "the very best fat one can eat," "superfood," and "nourish your mind, body, and soul"—represent the ghee as "healthy."  From this, they bring a putative class action based on the 16 oz. and 32 oz. ghee products they purchased and other products in varying sizes and packages that they did not purchase.

3. **Legal Issues**

Plaintiffs' Statement

Defendant's health-focused representations concerning their Products are unlawful, deceptive, and fraudulent. These representations are not only unlawful and deceptive to Plaintiffs but also to reasonable consumers and Class Members. These representations violate the CLRA, the UCL, the FAL, breach warranties, and cause the Defendant to be unjustly enriched. Plaintiffs bring these claims individually and on behalf of California and Nationwide classes. All factors for class certification are present in this action.

Ancient Organics' Statement

Plaintiffs have pleaded four causes of action against Ancient Organics:  (1) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); (2) violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq*.); (3) violation of California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.); and (4) unjust enrichment.  (ECF No. 39 ¶¶ 109–78.)

4. **Motions**

Plaintiffs' Anticipated Motion(s): At this time, Plaintiffs anticipate that they will file a motion for class certification and motion for summary judgment.

<u>Ancient Organics' Anticipated Motion(s)</u>:  At this time, Ancient Organics anticipates it will file a motion for summary judgment.

**5.     Amendment of Pleadings and Joinder of Additional Parties**

Plaintiffs propose that the deadline to add parties and amend pleadings shall be no later than 60 days after the entry of the Scheduling Order.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The Parties also confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties agree to exchange initial disclosures on July 18, 2023.

**8.     Discovery**

The Parties conferred regarding discovery pursuant to Rule 26(f) on May 31, 2023. The Parties have not yet taken discovery. Because discovery in this action is likely to involve the production of confidential information, the Parties anticipate filing a Stipulated Protective Order, and intend to work together cooperatively to reach agreement on the terms of that Order. The Parties are conferring regarding the form of the Order now and will submit an Order for the Court's consideration and entry. The Parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate for this case.

The scope of discovery will cover the facts and issues identified above, as well as those alleged in the Complaint and Answer, including any subsequent amendments thereto. Discovery will encompass electronically stored information (ESI). The Parties do not anticipate any issues regarding disclosure or discovery of ESI as this time, and will work together to formulate and stipulate to an ESI protocol as needed.

**9.     Class Actions**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs' Statement: Plaintiffs intend to file a class certification motion for a California Class and a Nationwide Class because all of the factors for class certification are present in this case.

Ancient Organics' Statement: Ancient Organics denies Plaintiffs' allegations that this action may proceed as a class action, including Plaintiffs' attempts to apply California law to a "nationwide" class.

**10.    Related Cases**

There are currently no related cases or proceedings pending before another judge of this Court or before another court.

**11.    Relief**

Plaintiffs' Statement: Plaintiffs seek certification of the proposed Classes, injunctive relief, restitution, compensatory and punitive damages – including actual and statutory damages – arising from Defendant's wrongful and illegal conduct, an award of attorneys' fees and costs, and any further relief as the Court deems just and proper.

Ancient Organics' Statement: Ancient Organics denies Plaintiffs' entitlement to each and every aspect of relief sought in the operative complaint.

**12.    Settlement and ADR**

The Parties have met and conferred regarding settlement and ADR options, and stipulate to private mediation within 180 days.

**13.    Consent to Magistrate Judge for All Purposes**

All parties did not consent to a magistrate judge.

**14.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are not currently aware of issues that can be narrowed.

**16.    Expedited Trial Procedure**

The Parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

<u>Ancient Organics' Position.</u>  Ancient Organics proposes to bifurcate discovery in this matter.

During the first phase of discovery (Phase (1) Class Certification), discovery will be limited to:  (a) information and documents related to the named Plaintiffs; (b) information and documents related to class certification requirements under Fed. R. Civ. P. 23, including but not limited to the materiality of Ancient Organics' challenged statements to a reasonable consumer; (c) information and documents related to Plaintiffs' and the proposed putative class members' alleged damages; and (d) documents relating to the identifiability of class members (with appropriate redactions).  Ancient Organics proposes that each party agree to take reasonable steps to produce during Phase (1) all information and documents it intends to rely upon to support or oppose class certification.  Following the Court's ruling on the class certification motion, the second phase of discovery (Phase (2) Merits) will encompass all remaining fact discovery, including the topics included in Phase (1).

<u>Plaintiffs' Position.</u>  Plaintiffs oppose bifurcation of discovery because it tends to unnecessarily slow the case and lead to more discovery conflicts over merits vs. class distinctions.

Plaintiffs will propound document requests, interrogatories, and requests for admission. Plaintiffs will also depose corporate representatives of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) as well as employees of Defendant individually. Plaintiffs will also depose any experts that Defendant will use in this matter.

The subjects of Plaintiffs' discovery may include, among other subjects, studies, communications, and drafts related to the marketing and labeling of the Products, both internal and as produced by agents; Defendant's business strategy for the Products in isolation and vis-à-vis competitors and related documents; studies and/or communications regarding competitor

marketing and sales; timeframes for various Product label approaches and versions and documents relating in any way to health-focused claims; Defendant's pricing of and sales records for the Products; and Defendant's communications, or records related thereto.

Parties' Proposed Schedule. The Parties have conferred and jointly propose the following schedule in this action:

| Event | Date |
|---|---|
| Initial Disclosures FRCP 26(a)(1) | July 18, 2023 |
| Class certification fact discovery cutoff | February 1, 2024 |
| Fact discovery cutoff | Three months after the court's decision on the motion for class certification |
| Class certification expert disclosures | February 12, 2024 |
| Class certification rebuttal expert disclosures | February 26, 2024 |
| Class certification expert discovery cutoff | March 29, 2024 |
| Non-class merits expert discovery | To be determined after court decision on motion for class certification |
| Class certification motions | April 5, 2024 |
| Opposition Briefs | May 3, 2024 |
| Reply Briefs | May 24, 2024 |
| Deadline to file Motion for Summary Judgment / Dispositive Motions | To be determined after court decision on motion for class certification |
| Joint Pretrial Order | To be determined after court decision on motion for class certification |
| Final Pretrial Conference | To be determined after court decision on motion for class certification |
| Trial | To be determined after court decision on motion for class certification |

**18.   Trial**

Plaintiffs have demanded a jury trial. Plaintiffs estimate that the length of trial will be approximately ten business days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The Parties restate their disclosure statements and certificate of interested entities as follows:

Plaintiffs: Plaintiffs identify no other interested parties other than the putative class members.

Ancient Organics:  Ancient Organics identifies no interested parties other than those stated in its Corporate Disclosure Statement and Certification of Interested Entities or Persons. (ECF No. 13.)

**20.   Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

There are no other matters of note at this time.

Dated: May 31, 2023

GOOD | GUSTAFSON | AUMAIS LLP

By:    */s/ J. Ryan Gustafson*
J. Ryan Gustafson (SBN 220802)
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone: (310) 274-4663
Email: jrg@ggallp.com

THE KEETON FIRM LLC
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
Email: stkeeton@keetonfirm.com
*Admitted pro hac vice*

SHENAQ PC
Amir Shenaq, Esq.**
3500 Lenox Rd. Ste. 1500
Atlanta, GA 30326
Telephone: (888) 909-9993
Email: amir@shenaqpc.com
** *Pro hac vice* forthcoming

Counsel for Plaintiffs and the Proposed Class

Dated: May 31, 2023

By: */s/ Jacob M. Harper*
Jacob M. Harper

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
James H. Moon
Peter K. Bae

*Attorneys for Defendant Ancient Organics*