**GOOD | GUSTAFSON | AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar. No. 220802)
2330 Westwood Boulevard, Suite 103
Los Angeles, CA 90064
Telephone:  (310) 274-4663
Email:  jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh, PA 15212
Telephone:  (888) 412-5291
Email:  stkeeton@keetonfirm.com
* *Pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**PLAINTIFFS' MOTION TO CHANGE TIME** |

1. On December 13, 2023 (Dkt. No. 49), the Court entered its scheduling order which established specific deadlines for Plaintiffs Kelly Effinger and Keefe Stevernu ("Plaintiffs") and Defendant Ancient Organics ("Defendant" or "Ancient Organics") (collectively, the "Parties").

2. Specifically, the Court established:

- Case referred to private mediation to be completed by 4/10/2024.
- Parties to file a joint notice regarding selection of mediator and mediation schedule by 1/11/2024.
- Case schedule as follows: Initial Disclosures due by 12/11/2023.
- Class Certification Close of Fact Discovery due by 4/1/2024.
- Class Certification Expert Disclosures due by 4/15/2024.
- Class Certification Expert Rebuttal due by 4/30/2024.
- Class Certification Close of Expert Discovery due by 5/27/2024.
- Class Certification Motion due by 6/14/2024.
- Opposition due by 7/30/2024.
- Reply due by 8/23/2024.
- Class Certification Motion Hearing set for 9/26/2024 at 02:00 PM.

3. To this point, performance for these deadlines has been mixed.

4. On March 14, 2024, the private mediation session was held before the Hon. Diane M. Welsh (Ret.) of JAMS.

5. In preparation of the mediation, the Parties agreed to accelerate certain aspects of discovery while reserving other sections to be completed at a later date.

6. Specifically, the Plaintiffs requested that sales figures and product labels be prioritized for production by February 1, 2024.[1]

7. Further, Documents responsive to other requests for production were to be delivered by February 9, 2024.

8. Defendant did not meet this deadline for the later documents.

9. A production of documents was ultimately delivered on February 14, 2024.

10. The production consisted of approximately 20 documents, and in combination with the prior production, amounted to a total universe of approximately 35 documents produced.

11. While disappointed with Defendant's efforts to this point, the joint preparation for the mediation was progressing towards the March 14, 2024 session, and Plaintiffs were hopeful that the delays and lack of depth of the production were caused by Defendant's energy being focused on the upcoming mediation.

12. However, the mediation session was not productive and ultimately ended without resolution.

---

[1] The requests were originally served on Defendant on August 25, 2023. On September 18, 2023, the Defendant requested – and Plaintiffs consented to – an extension to respond until October 25, 2023. On October 23, 2023, the Defendant requested an additional extension to respond, and once again, Plaintiffs agreed to a brief extension until November 3, 2023. On this date, the responses were delivered. At this time, there was no case management schedule, but the case management schedule was expected to be established on December 12, 2023. On December 19, 2023, Plaintiffs informed the Defendant of numerous deficiencies in its responses to the discovery requests and asked to meet and confer. In consideration of the holidays, the meet and confer session was delayed until the new year. The session occurred via Zoom on January 5, 2024. The February 1 and February 9 deadlines were jointly agreed in this session.

13.     Plaintiffs' efforts to obtain additional documents have been delayed by Defendant and not successful to this point.[2]

14.     Knowing that discovery has been significantly delayed, Plaintiffs have made significant efforts – for weeks preceding this request – to communicate with Defendant and jointly stipulate to adjusting the discovery deadlines.

15.     Plaintiffs have made a good faith attempt to seek Defendant's consent or cooperation in this motion to extend deadlines. But, Defendant has declined to respond to these efforts.

16.     Discovery efforts are continuing. Plaintiffs have requested the depositions of Defendant under Rule 30(b)(6) and Defendant's employees including Matteo Girard Maxon, Peter Malakoff, and Morgyne LeCount. Additionally, dates for Plaintiff Effinger's deposition are being coordinated.

17.     This motion is being made within the current class discovery period and is the first and only request made by Plaintiffs for an extension of deadlines. The extension will not prejudice Defendant.

18.     If the extension is not granted by the Court, Plaintiffs would be substantially prejudiced by not obtaining necessary evidence for the forthcoming class certification motion.

19.     For the reasons stated above, Plaintiffs move the Court for an order extending the following deadlines:

---

[2] Plaintiffs understand that this is not a formal discovery dispute and does not intend to overburden the Court with details of specific deficiencies. Rather, Plaintiffs intend to show the Court that significant efforts to meet its deadlines have been made by Plaintiffs, and but for the Defendant's inaction, no adjustments to the schedule would have been needed.

- Class Certification Close of Fact Discovery due by **May 15, 2024** (currently 4/1/2024);

- Class Certification Expert Disclosures due by **June 1, 2024** (currently 4/15/2024);

- Class Certification Expert Rebuttal due by **June 15, 2024** (currently 4/30/2024);

- Class Certification Close of Expert Discovery due by **June 30, 2024** (currently  5/27/2024);

- Class Certification Motion due by **July 10, 2024** (currently 6/14/2024);

- Opposition due by **August 26, 2024** (currently 7/30/2024);

- Reply due by **September 23, 2024** (currently 8/23/2024);

- Class Certification Motion Hearing set at Court's availability.

Dated: March 27, 2024                               **THE KEETON FIRM LLC**

By: ___*/s/ Steffan T. Keeton*___
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
Email: stkeeton@keetonfirm.com
**Admitted pro hac vice*

Counsel for Plaintiffs and the Proposed Class

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2024, a true and correct copy of **PLAINTIFFS' MOTION TO CHANGE TIME** was sent to counsel of record via email as follows:

**DAVIS WRIGHT TREMAINE LLP**
Jacob Harper
*jacobharper@dwt.com*
James H. Moon
*jamesmoon@dwt.com*
Peter Bae
*peterbae@dwt.com*

                                      /s/ *Steffan T. Keeton*
                                      Steffan T. Keeton