DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>　　　　　Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS'S OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declarations of Jacob M. Harper and Matteo Girard Maxon Filed Concurrently*]<br><br>Assigned to the Hon. Araceli Martínez-Olguín |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 3

    A. The Case Proceeds According to Schedule. ....................................................... 3

    B. For the First Time in March 2024, Plaintiffs' Counsel Seek to Extend Discovery Deadlines, Set Depositions, and Dismiss Mr. Stevernu. ...................... 4

    C. Plaintiffs File Their Untimely, Deficient Motion. ................................................ 6

III. ARGUMENT .................................................................................................................. 6

    A. Plaintiffs' Motion Fails to Comply With Local Rules. ........................................ 6

        1. Plaintiffs' Motion Fails to Comply With N.D. Cal. L.R. 6. ........................ 6

        2. Plaintiffs' Motion Fails to Comply With N.D. Cal. L.R. 7. ........................ 7

    B. Plaintiffs Fail to Provide "Good Cause" to Extend Discovery Deadlines. ............. 8

        1. The Timing of Plaintiffs' Motion Demonstrates Lack of Diligence. ........... 9

        2. Plaintiffs Knowingly Delayed on Depositions. ........................................... 9

        3. Plaintiffs' Written Discovery Demonstrates Lack of Diligence. .............. 11

    C. Plaintiffs Cannot Be Prejudiced By Their Own Lack of Diligence. ..................... 12

    D. Ancient Organics Would Be Prejudiced By Amendment. .................................. 12

IV. CONCLUSION ............................................................................................................ 14

i

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bresk v. Unimerica Ins. Co.*,
 2017 WL 10439831 (C.D. Cal. Nov. 16, 2017) .................................................................. 9, 10

*Castillo v. T-Mobile USA, Inc.*,
 2024 WL 589882 (C.D. Cal. Jan. 5, 2024) ............................................................................... 7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
 2014 WL 4954634 (N.D. Cal. Oct. 1, 2014) ........................................................................ 8, 9

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd. (US) Research Inst.*,
 2021 WL 12104534 (N.D. Cal. Aug. 6, 2021) ......................................................................... 7

*In re Clawson*,
 434 B.R. 556 (N.D. Cal. 2010) ................................................................................................ 2

*Gilmore v. Safe Box Logistics, Inc.*,
 2023 WL 7106883 (N.D. Cal. Sept. 15, 2023) (Martínez-Olguín, J.) ................................... 12

*Greenlight Sys., LLC v. Breckenfelder*,
 2020 WL 5910067 (N.D. Cal. Oct. 6, 2020) ............................................................................ 8

*Holloway v. 3M Co.*,
 2019 WL 7172600 (C.D. Cal. Oct. 31, 2019) .................................................................... 9, 10

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) .................................................................................................. 11

*Kearns v. Loandepot.com, LLC*,
 2024 WL 248575 (C.D. Cal. Jan. 11, 2024) ...................................................................... 9, 10

*Keck v. Alibaba.com*,
 2018 WL 5292212 (N.D. Cal. Oct. 23, 2018) .......................................................................... 8

*Lam v. City and Cnty. of San Francisco*,
 2011 WL 2669451 (N.D. Cal. July 7, 2011) .......................................................................... 12

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
 2024 WL 1180999 (N.D. Cal. Mar. 18, 2024) .............................................................. 8, 9, 12

*McCreary v. Celera Corp.*,
 2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) ......................................................................... 7

*Missing Link, Inc. v. eBay, Inc.*,
 2010 WL 94268 (N.D. Cal. Jan. 6, 2010) .............................................................................. 12

ii
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Mitsui O.S.K. Lines, Ltd v. Seamaster Logistics, Inc.*,
    2012 WL 6095089 (N.D. Cal. Dec. 7, 2012) ............................................................................. 9

*Moore v. City of Boise*,
    829 F. App'x 810 (9th Cir. 2020) ............................................................................................. 8

*Nehad v. Mukasey*,
    535 F.3d 962 (9th Cir. 2008) ................................................................................................... 2

*Ottovich v. City of Fremont*,
    2013 WL 3245162 (N.D. Cal. June 26, 2013) ......................................................................... 9

*POGA Mgmt. Partners LLC v. Medfiler LLC*,
    2014 WL 6893778 (N.D. Cal. Dec. 5, 2014) ......................................................................... 11

*Price v. Thomas*,
    2021 WL 5564795 (N.D. Cal. Nov. 29, 2021) ......................................................................... 7

*Schaffner v. Crown Equip. Corp.*,
    2011 WL 6303408 (N.D. Cal. Dec. 16, 2011) ............................................................ 11, 12, 13

*Tessera, Inc. v. Sony Corp.*,
    2013 WL 97794 (N.D. Cal. Jan 7, 2013) ......................................................................... 12, 14

*Tyler v. City of San Diego*,
    2015 WL 1956434 (S.D. Cal. Apr. 29, 2015) ..................................................................... 9, 10

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ................................................................................................... 8

*Ward v. Circus Circus Casinos, Inc.*,
    473 F.3d 994 (9th Cir. 2007) ................................................................................................... 7

*Wilson v. Frito-Lay N. Am., Inc.*,
    2015 WL 846546 (N.D. Cal. Feb. 25, 2015) ................................................................. 7, 8, 11

*Zivkovic v. S. California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................................................ 8, 12

**Rules**

Federal Rule of Civil Procedure
    Rule 16 ..................................................................................................................................... 8
    Rule 16(b) ............................................................................................................................... 12
    Rule 30 ................................................................................................................................... 10
    Rule 30(b)(1) .......................................................................................................................... 10
    Rule 30(b)(6) .................................................................................................................. *passim*

iii
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Northern District of California
    Local Rule 37-3 ................................................................................................................... 9
    Local Rule 6 ..................................................................................................................... 6, 7
    Local Rule 6-1(b) ................................................................................................................. 6
    Local Rule 6-3 ..................................................................................................................... 1
    Local Rule 6-3(a) ................................................................................................................. 6
    Local Rule 7 ..................................................................................................................... 6, 8
    Local Rule 7-1 ..................................................................................................................... 1
    Local Rule 7-2 ..................................................................................................................... 7
    Local Rule 7-2(b) ................................................................................................................. 7
    Local Rule 7-2(d) ................................................................................................................. 7
    Local Rule 7-4(a) ................................................................................................................. 7
    Local Rule 7-5(a) ................................................................................................................. 7
    Local Rule 37-3 ................................................................................................................... 9

iv

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

After blowing their discovery deadlines and no-showing their duly-noticed depositions, Plaintiffs Keefe Stevernu and Kelly Effinger (Plaintiffs) unilaterally seek an extension of discovery deadlines in their Motion to Change Time (Motion, ECF No. 54), without providing any evidence of their diligence in prosecuting this action. Whether analyzed under N.D. Cal. L.R. 6-3 or 7-1, Plaintiffs' Motion should be denied outright for failing to comply with Local Rules. Plaintiffs also fail to supply "good cause" necessary to amend the Court's Scheduling Order; in fact, they do not even address the legal standard, nor do they provide any factual submission in support of their Motion. Defendant Ancient Organics respectfully requests the Court deny Plaintiffs' dilatory, unjustified, and prejudicial request.

Aside from rewarding conduct that has no justification, an order granting Plaintiffs' request would unfairly prejudice Ancient Organics. Ancient Organics has incurred substantial expense and expended substantial effort meeting the Court's deadlines, including by identifying and disclosing its potential witnesses, serving written discovery requests, and timely noticing Plaintiffs' depositions. On the other hand, beyond asserting in their complaint that Ancient Organics's ghee product (i.e., 100% clarified butter) deceptively advertises the ghee's healthiness or saturated fat content, Plaintiffs have done little to try to prove their baseless claims or otherwise fulfill their obligations in the lawsuit they initiated.

The Motion does not even try to explain what has happened in this case, so Ancient Organics will:

- Plaintiffs filed this action against Ancient Organics in June 2022, and served their first set of discovery requests in August 2023. Ancient Organics not only timely served its initial discovery responses in November 2023, but also made several productions of documents, after extensively meeting and conferring with Plaintiffs' counsel, during the weeks leading up to the March 14, 2024, mediation. At no point prior to the mediation did Plaintiffs ever suggest the schedule was unworkable for any reason. Indeed, they insisted Ancient Organics follow the Court's schedule.

1

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Plaintiffs requested deposition dates for the first time on March 20, 2024, although Ancient Organics identified its potential witnesses four months prior. Plaintiffs also purported to serve their 18-page Rule 30(b)(6) Notice, with 55 matters for examination, on March 22, 2024, just ten days prior to the close of fact discovery, and purported to schedule Ancient Organics's deposition for just seven days later, on March 29, 2024. They did not meet and confer about the notice.

- On March 22, 2024, when Ancient Organics pressed for Mr. Stevernu's "full responses to [its] previously served discovery," his attorneys indicated for the first time—just ***eight days*** after attending mediation—that they would move "forward to dismiss Mr. Stevernu … because [they] haven't been able to get in touch with him for the ***past few weeks***." (Emphasis added.) Opposing counsel conducted settlement negotiations on behalf of both plaintiffs as recently as March 14, 2024, but now suggest Mr. Stevernu is AWOL and unable to participate in discovery.[1] Plaintiffs' lawyers have yet to move to dismiss Mr. Stevernu.

- Plaintiffs filed their Motion on March 27, 2024—just five days before the close of fact discovery—based on a failed mediation, although the Court issued its Scheduling Order, and referred the parties to private mediation, four months ago.

- Plaintiffs and their counsel unilaterally failed to appear for their duly-noticed depositions on March 27, 2024, and March 28, 2024. Neither plaintiff sought a protective order to delay the deposition. Ancient Organics's attorneys prepared for and traveled to depositions that did not occur.

- To date, Plaintiffs have produced ***zero documents*** that refer or relate to, e.g., any transaction between Plaintiffs and Ancient Organics, or to Plaintiffs' purchases of Ancient Organics's ghee. The utter lack of documentation related to Plaintiffs' supposed purchases not only calls into question their good-faith compliance with

---

[1] "It is well settled that only the client has the authority to define the objectives of the representation. … Only the client, therefore, may decide whether to make or accept an offer of settlement." *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (collecting authorities); *In re Clawson*, 434 B.R. 556, 571 (N.D. Cal. 2010) ("California requires an attorney to have express authority to settle a client's claims.").

2
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

discovery obligations, but also whether either sustained any actual injury as the result of the challenged conduct.

In this years-long proceeding, Plaintiffs have forced Ancient Organics to incur substantial costs to defend against their meritless action, and now attempt to multiply those costs by extending the discovery period. Plaintiffs seek to excuse their noncompliance with the Federal Rules of Civil Procedure, Local Rules, and this Court's Civil Standing Order based on little more than a statement from their attorneys that they expected the case to settle.

Plaintiffs' Motion should be denied, and their counsel's conduct admonished.

## II. FACTUAL BACKGROUND

### A. The Case Proceeds According to Schedule.

On June 17, 2022, Plaintiffs filed this action against Ancient Organics. (ECF No. 1.)

On August 25, 2023, Plaintiffs served their First Set of Requests for Production (RFP) and Requests for Admission (RFA) upon Ancient Organics. (Declaration of Jacob M. Harper (Harper Decl.) ¶ 2.) On November 3, 2023, Ancient Organics timely served its Responses to Plaintiffs' First Set of RFP and RFA. (*Id.*)

On December 5, 2023, after "conferr[ing] regarding discovery pursuant to Rule 26(f) on May 31, 2023," the parties submitted their Joint Rule 26(f) Report and Case Management Statement. (ECF No. 45 at 4.)

On December 12, 2023, Ancient Organics served its Initial Disclosures, which disclosed its principal witness and corporate designee Matteo Girard Maxon. (Ex. A (Initial Disclosures) at 3.)[2]

On December 13, 2023, this Court entered its Case Schedule, entering a "Class Certification Close of Fact Discovery" deadline of "4/1/12024," and ordering the parties to complete a "private mediation" by "4/10/2024." (ECF No. 49.)

---

[2] All cites to Exhibits reference exhibits to the Declaration of Jacob M. Harper filed concurrently.

3
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

1  On January 11, 2024, the parties met and conferred regarding Ancient Organics's
2  discovery responses and document production. In relevant part, the parties initially agreed that
3  Ancient Organics would start its rolling production of documents on February 9, 2024.
4  On January 16, 2024, Plaintiffs' counsel emailed Ancient Organics, requesting Ancient
5  Organics produce its labels and sales information for its ghee products by February 1, 2024, and
6  miscellaneous documents later on in February 2024. (Ex. B (Jan. 16, 2024, email).)
7  On January 18, 2024, Plaintiffs' counsel emailed Ancient Organics: "Since we have an
8  April 1 discovery cutoff (and we'd prefer not to extend it), if we do the mediation in March, we
9  will have to schedule depositions before and around that date…." (Ex. C (Jan. 18, 2024, email).)
10 On February 1, 2024, Ancient Organics produced its initial set of documents, including
11 product labels and sales information for its ghee products. On February 14, 2024, Ancient
12 Organics made a supplemental production of documents, including a specification sheet, texts of
13 actual advertisements, employee organizational charts, and texts of job descriptions for Ancient
14 Organics's employees responsible for labeling and packaging its ghee products.
15 On March 1, 2024, Ancient Organics timely served Notices of Deposition of Plaintiffs
16 Keefe Stevernu and Kelly Effinger (Notices). (Exs. D & E (Notices).) The Notices set
17 Mr. Stevernu's deposition for 9 a.m. PST on March 27, 2024, and Ms. Effinger's deposition for
18 9 a.m. PST on March 28, 2024, at Ancient Organics's counsel's San Francisco office. (*See id.*)
19 On March 14, 2024, the parties attended a private mediation over Zoom with Hon. Diane
20 M. Welsh (Ret.) of JAMS. The mediation was unsuccessful.

21  **B.  For the First Time in March 2024, Plaintiffs' Counsel Seek to Extend**
22  **Discovery Deadlines, Set Depositions, and Dismiss Mr. Stevernu.**

23 On March 20, 2024—just 12 days prior to the close of fact discovery—Plaintiffs' counsel
24 emailed to ask whether Ancient Organics would stipulate to extending "certain deadlines" "given
25 the breakdown in settlement talks at mediation," and advised they would "move to dismiss [Mr.
26 Stevernu] with prejudice." (Exs. F & G (Mar. 2024, emails) at 2.) The same day, Plaintiffs sent
27 a letter seeking extensions of their deadline to file their motion for class certification, and the
28 parties' deadline to file expert disclosures, to May 15, 2024, and requesting dates for depositions

4
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  of Matteo Girard Maxon, Peter Malakoff, Morgyne LeCount, and "Representative for the 30(b)6

2  [sic] for Ancient Organics." (Ex. H (Mar. 20, 2024, letter) at 2.)

3        On March 21, 2024, Ancient Organics's attorneys responded as follows: "This news

4  regarding Mr. Stevernu is coming out of the blue. As you know, his deposition is scheduled for

5  next week [on March 27, 2024]. Before considering any dismissal request, we would need to

6  receive full responses to the previously served discovery and to take his duly noticed

7  deposition." (Exs. F & G at 1.)

8        On March 22, 2024, Plaintiffs' lawyer replied: "We are moving forward to dismiss

9  Mr. Stevernu. We are doing so because we haven't been able to get in touch with him for the

10  past few weeks and we have done everything we know to do to make contact with him." (Ex. F

11  at 1.) Mr. Stevernu ultimately failed to produce a single document despite committing to do so,

12  and never responded to Ancient Organics's First Set of Interrogatories, without explanation.

13        On March 22, 2024—just ten days prior to the close of fact discovery—Plaintiffs

14  purported to serve their Rule 30(b)(6) Deposition Notice. (Ex. I (Rule 30(b)(6) Notice).)

15  Plaintiffs' Notice, which includes 55 matters for examination, unilaterally set Ancient Organics's

16  deposition just seven days later, on March 29, 2024. (*Id.*) To date, Plaintiffs have not met and

17  conferred with Ancient Organics regarding the notice. (*Id.*)[3]

18        The same day, Plaintiffs' counsel emailed Ancient Organics, stating for the first time that

19  "Ms. Effinger will not be able to attend next week's deposition [on March 28, 2024]. We will

20  get you alternative dates." (Ex. G at 1.) As threatened, neither Plaintiffs nor their counsel

21  appeared for depositions. The deposition transcripts for Plaintiffs' nonappearances cost Ancient

22  Organics $3,191.20. (Ex. J (transcript invoices).) Despite his assurances, opposing counsel has

23  failed to provide any "alternative dates" for Ms. Effinger's deposition. (Ex. G at 1; *see also* Mot.

24  ¶ 16 ("Additionally, dates for Plaintiff Effinger's deposition are being coordinated.").)

25

26      [3] On March 28, 2024, Ancient Organics sent a letter objecting to Plaintiffs' Rule 30(b)(6)
27  Notice as untimely, failing to provide reasonable or proper notice, and containing unduly
overbroad and burdensome deposition topics. (Ex. L (Mar. 28, 2024, letter).) Ancient Organics
28  also advised that "Mr. Malakoff and Ms. LeCount are not current officers, directors, or managing
agents of Ancient Organics subject to deposition by notice to Ancient Organics." (*Id.* at 2.)

5

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**C.      Plaintiffs File Their Untimely, Deficient Motion.**

On March 27, 2024—just five days before the close of fact discovery—Plaintiffs filed their Motion. The same day, Plaintiffs served their Second Set of RFP, which seek all manner of irrelevant information and documents related to, e.g., Ancient Organics's financial health, and third-party "approval" to sell Ancient Organics's ghee in their stores. (*See generally* Ex. K (Second Set of RFP).)

On April 4, 2024, the Court held a Case Management Conference. The Court ordered Ancient Organics to file its opposition to Plaintiffs' Motion by April 10, 2024, and Plaintiffs to file their reply in support of their Motion by April 17, 2024. (ECF No. 56.)

### III.      ARGUMENT

Plaintiffs' Motion should be denied. As explained below, Plaintiffs failed to demonstrate good cause to amend the Court's Scheduling Order because they did not diligently pursue discovery. Although Plaintiffs would not be prejudiced by their own delay in seeking amendment, a belated amendment of the case schedule would substantially prejudice Ancient Organics, who diligently and timely pursued discovery.

**A.      Plaintiffs' Motion Fails to Comply With Local Rules.**

Plaintiffs' Motion should be denied outright for failing to comply with any potentially applicable Local Rules, including N.D. Cal. L.R. 6 and 7.

**1.      Plaintiffs' Motion Fails to Comply With N.D. Cal. L.R. 6.**

N.D. Cal. L.R. 6-1(b) states "[a]ny … motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event." "A motion to enlarge … time … must be accompanied … by a declaration." L.R. 6-3(a).

Plaintiffs' Motion is untimely under L.R. 6-1(b), and fails to attach the declaration required by L.R. 6-3(a). Plaintiffs filed their Motion on March 27, 2024, and seek to extend class certification deadlines, including "Class Certification Close of Fact Discovery … (currently 4/1/2024)." (Mot. 5.) Plaintiffs' Motion is therefore untimely because it was filed just ***five days***—not "later than 14 days"—before the fact discovery cut-off date. L.R. 6-1(b). In addition, "Plaintiffs' motion does not comply with Civil Local Rule 6-3(a) … because it was not

6

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  accompanied by the required declaration." *Wilson v. Frito-Lay N. Am., Inc.*, 2015 WL 846546,
2  at *2 (N.D. Cal. Feb. 25, 2015); *McCreary v. Celera Corp.*, 2011 WL 1399263, at *2 (N.D. Cal.
3  Apr. 13, 2011) ("Plaintiff has not included a declaration in support of his Motion and has
4  satisfied none of these requirements. Accordingly, the Court DENIES Plaintiff's Motion").
5  Plaintiffs' Motion fails to comply with Local Rule 6.

### 2. Plaintiffs' Motion Fails to Comply With N.D. Cal. L.R. 7.

7  N.D. Cal. L.R. 7-2 states "all motions must be filed, served and noticed in writing on the
8  motion calendar of the assigned Judge for hearing not less than 35 days after filing of the
9  motion." L.R. 7-2(b) provides that "a motion must contain," inter alia, "the noticed hearing date
10 and time"; "notice of the motion including date and time of hearing"; and "points and authorities
11 in support of the motion - in compliance with Civil L.R. 7-4(a)." L.R. 7-2(d) explains "[e]ach
12 motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5."
13 Plaintiffs' Motion is missing a noticed hearing date and notice of motion as required by
14 L.R. 7-2(b), as well as a L.R. 7-2(d) declaration. Courts routinely deny motions for "fail[ing] to
15 select a hearing date and time, and are [otherwise] improperly noticed." *Castillo v. T-Mobile
16 USA, Inc.*, 2024 WL 589882, at *1 (C.D. Cal. Jan. 5, 2024) (citing *Ward v. Circus Circus
17 Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (district court may deny the motion for
18 violating the Local Rules alone)). Plaintiffs also peddle factual assertions in their Motion, which
19 are entirely devoid of evidentiary support. (*See, e.g.*, Mot. ¶¶ 15, 18 ("Defendant has declined to
20 respond to [Plaintiffs' conferral] efforts," "If the extension is not granted by the Court, Plaintiffs
21 would be substantially prejudiced").) Plaintiffs' Motion should accordingly be denied as it was
22 not "authenticated in accordance with Civil Local Rule 7-5(a), which provides that '[f]actual
23 contentions made in support of ... any motion must be supported by an affidavit or declaration
24 and by appropriate references to the record,' and that 'evidentiary matters must be appropriately
25 authenticated by an affidavit or declaration.'" *Price v. Thomas*, 2021 WL 5564795, at *2 (N.D.
26 Cal. Nov. 29, 2021); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd. (US) Research
27 Inst.*, 2021 WL 12104534, at *4 (N.D. Cal. Aug. 6, 2021) (parties are "required to provide a
28 declaration to support factual contentions under Civil Local Rule 7-2(d)").

7

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Plaintiffs' Motion fails to comply with Local Rule 7.

2  **B.  Plaintiffs Fail to Provide "Good Cause" to Extend Discovery Deadlines.**

Even if Plaintiffs complied with the Local Rules, their Motion should be denied anyways because "they did not act diligently in pursuing the discovery at issue." *See, e.g.*, *Wilson*, 2015 WL 846546, at *2. "Plaintiffs here have failed to demonstrate good cause for their untimely motion … , and thus, the district court [would] not abuse its discretion in denying [their] motion." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); *Moore v. City of Boise*, 829 F. App'x 810, 811–12 (9th Cir. 2020) (same).

"Federal Rule of Civil Procedure 16 dictates that a schedule may only be modified for 'good cause and with the judge's consent.'" *M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*, 2024 WL 1180999, at *4 (N.D. Cal. Mar. 18, 2024).  "In general, the pretrial scheduling order can only be modified upon a showing of good cause. … The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. … ***If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted***."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (cleaned up; emphasis added); *Keck v. Alibaba.com*, 2018 WL 5292212, at *1 (N.D. Cal. Oct. 23, 2018) (same).  "[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014).  "No good cause has been shown" where moving parties fail to submit "any evidence that they have been diligently pursuing their rights in [their] lawsuit."  *Greenlight Sys., LLC v. Breckenfelder*, 2020 WL 5910067, at *5 (N.D. Cal. Oct. 6, 2020).

Plaintiffs' Motion should be denied because they fail to prove the "good cause" necessary to modify the Court's Scheduling Order.  Plaintiffs submitted no testimony or evidence even attempting to justify their request.  In fact, as explained below, Plaintiffs were not diligent in prosecuting this action, as demonstrated by (1) the timing of their last-minute Motion; (2) their failure to timely notice depositions, including Ancient Organics's Rule 30(b)(6) deposition; and (3) their failure to move to compel further responses to discovery as necessary.

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1. **The Timing of Plaintiffs' Motion Demonstrates Lack of Diligence.**

"[C]ourts are unlikely to vary the applicable schedule" "if a party … waits until the eleventh hour for tactical reasons, or otherwise acts carelessly or in bad faith." *Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *2; *see also Mitsui O.S.K. Lines, Ltd v. Seamaster Logistics, Inc.*, 2012 WL 6095089, at *2 (N.D. Cal. Dec. 7, 2012) (parties lack diligence by waiting until eve of a discovery deadline to seek amendment).

Plaintiffs filed their eleventh-hour Motion to extend discovery deadlines on March 27, 2024, a mere ***three court days*** prior to the close of fact discovery on April 1, 2024. Courts have found "good cause … lacking for an extension of the discovery deadline" where an extension "motion was only filed a little more than ***three months*** prior to the discovery cutoff." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *5 (emphasis added); *Silva Corks USA, LLC*, 2024 WL 1180999, at *5 (no good cause when a moving party waits "three months … to move to amend the scheduling order") (Martínez-Olguín, J.).

Plaintiffs "failed to either show an inability to comply with the Court's scheduling order or diligence in seeking modification thereof, and thus fails to show good cause for the requested extensions." *Ottovich v. City of Fremont*, 2013 WL 3245162, at *2 (N.D. Cal. June 26, 2013).

2. **Plaintiffs Knowingly Delayed on Depositions.**

"Unless otherwise ordered, as used in any order of [the U.S. District Court for the Northern District of California] or in these Local Rules, a 'discovery cut-off' is the date … by which all depositions must be concluded." L.R. 37-3. "Counsel should … notice depositions sufficiently in advance of the cut-off date to comply with this local rule." Commentary to L.R. 37-3. For a Rule 30(b)(6) deposition, "courts often consider ten days to be a minimum standard of reasonableness." *Bresk v. Unimerica Ins. Co.*, 2017 WL 10439831, at *7 (C.D. Cal. Nov. 16, 2017) (collecting cases); *see also, e.g., Holloway v. 3M Co.*, 2019 WL 7172600, at *24 (C.D. Cal. Oct. 31, 2019) ("[N]ine days' notice … not reasonable for a Rule 30(b)(6) deposition seeking 33 matters for examination regarding the entire putative class."); *Kearns v. Loandepot.com, LLC*, 2024 WL 248575, at *4 (C.D. Cal. Jan. 11, 2024) ("Fewer than eight days' notice has been found unreasonable.") (collecting cases); *Tyler v. City of San Diego*, 2015 WL

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1956434, at *2 (S.D. Cal. Apr. 29, 2015) ("Seven days is insufficient notice"). This Court's Civil Standing Order goes even further, stating "[n]otices of depositions must be given at least 30 days prior to the close of fact discovery." Civil Standing Order, ¶ I.6.

Plaintiffs were not diligent in pursuing depositions. They requested deposition dates for the first time on March 20, 2024, and served their deficient Rule 30(b)(6) notice on March 22, 2024. As an initial matter, Plaintiffs' counsel could (and should) have discussed scheduling the Rule 30(b)(6) deposition as early as at the parties' May 2023, Rule 26(f) conference. *See* FED. R. CIV. P. 30, Committee Notes on Rules—2020 Amendment ("When the need for a Rule 30(b)(6) deposition is known early in the case, the Rule 26(f) conference may provide an occasion for beginning discussion of these topics."). Plaintiffs were aware of Ancient Organics's potential individual witnesses, namely Mr. Maxon, as early as December 2023, when Ancient Organics served its Initial Disclosures. (Ex. A.) This Court also set the "Class Certification Close of Fact Discovery" deadline as "4/1/2024," again, in December 2023. (ECF No. 49.)

Plaintiffs, however, failed to properly notice the Rule 30(b)(6) deposition or the depositions of other third parties, and instead sent a defective notice on March 22, 2024, ten days before the close of discovery, which unilaterally set Ancient Organics's deposition on 55 topics for just seven days later, on March 29, 2024. (Ex. I.) Plaintiffs' counsel were aware of the "April 1 discovery cutoff" date, which they specifically identified in an email sent on January 2024: "***Since we have an April 1 discovery cutoff (and we'd prefer not to extend it)***, if we do the mediation in March, we will have to schedule depositions before and around that date…." (Ex. C (emphasis added).) Plaintiffs had plenty of time to provide—as they were required to do—"at least 30 days" of notice "prior to the close of fact discovery," i.e., on or before March 1, 2024. Civil Standing Order, ¶ I.6. They did not. Plaintiffs also plainly failed to provide reasonable written notice for the deposition, as required under Fed. R. Civ. P. 30(b)(1). *See, e.g.*, *Bresk*, 2017 WL 10439831, at *7; *Holloway*, 2019 WL 7172600, at *24; *Kearns*, 2024 WL 248575, at *4; *Tyler*, 2015 WL 1956434, at *2. Indeed, they provide no explanation at all as to why their notice could not have been served from the start of discovery nearly a year ago.

10

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 In sum, "Plaintiffs were aware that [Ancient Organics's] witnesses might have discoverable information since [December.] … But Plaintiffs offer nothing in their submissions explaining why they waited almost four months ... (until the eve of the fact discovery cutoff) to notice and schedule the deposition of the … witnesses. Without some explanation for that delay or any indication of factors outside Plaintiffs' control, the Court cannot conclude Plaintiffs diligently pursued this discovery. … Plaintiffs … instead begin their discussion of diligence at the time they noticed the deposition. That is insufficient to show Plaintiffs' diligence, and as a result, 'the inquiry should end.'" *Wilson*, 2015 WL 846546, at *2 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (refusing to extend discovery where party waited less than a month until discovery closed and almost four months after witness disclosures to notice depositions)).

### 3. Plaintiffs' Written Discovery Demonstrates Lack of Diligence.

Plaintiffs suggest an extension of case deadlines is necessary because they would like Ancient Organics to provide discovery responses and documents beyond what it has already produced. (Mot. ¶¶ 13–14.) To date, however, Plaintiffs have failed to move to compel, although Ancient Organics served its initial discovery responses on November 3, 2023, and made multiple document productions to date after meeting and conferring with Plaintiffs' counsel. "Plaintiff[s] commenced this action almost *[two] years ago* …. Since that time, Plaintiff has had more than ample opportunity to conduct discovery and to prepare this case for trial. To the extent that Plaintiff[s] legitimately believed that [Ancient Organics] was obstructing [their] efforts to obtain relevant discovery, it was incumbent upon Plaintiff[s] to *expeditiously* seek relief from the Court to ensure that [they] would be sufficiently prepared for trial within the time-frame set by the Court." *Schaffner v. Crown Equip. Corp.*, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (emphases in original); *POGA Mgmt. Partners LLC v. Medfiler LLC*, 2014 WL 6893778, at *2 (N.D. Cal. Dec. 5, 2014) ("The Court is not persuaded that POGA has shown good cause to modify the Court's pretrial scheduling order. This case has been pending for nearly two years. As such, POGA has had ample time to conduct discovery and prepare its case for trial."). "Under the circumstances presented, whether and when [Plaintiffs] received

11
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  discovery responses was entirely within [their] control.  Instead of pursuing discovery diligently,
2  [they] chose … a passive approach.  That is not enough." *Tessera, Inc. v. Sony Corp.*, 2013 WL
3  97794, at *3 (N.D. Cal. Jan 7, 2013).

### C. Plaintiffs Cannot Be Prejudiced By Their Own Lack of Diligence.

Plaintiffs protest they would be "prejudiced by not obtaining necessary evidence for the forthcoming class certification motion."  (Mot. ¶ 18.)  But courts routinely find plaintiffs fail to demonstrate good cause to modify pretrial scheduling orders where "prejudice to Plaintiff is of his own making."  *Schaffner*, 2011 WL 6303408, at *2; *Gilmore v. Safe Box Logistics, Inc.*, 2023 WL 7106883, at *4 (N.D. Cal. Sept. 15, 2023) (Martínez-Olguín, J.) (denying plaintiff's motion to amend scheduling order where "situation was Gilmore's own making.").

Plaintiffs' inability to comply with the Court's deadlines is the result of their own lack of diligence.  As opposing counsel is aware, the "parties in their joint case management statement stipulated to [the] class certification discovery" dates.  *Missing Link, Inc. v. eBay, Inc.*, 2010 WL 94268, at *2 (N.D. Cal. Jan. 6, 2010) (denying plaintiffs' motion to extend class certification discovery).  Even still, Plaintiffs' "counsel did not seek to modify that order until four months after the court issued the order.  [Plaintiffs] did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed. R. Civ. P. 16(b)."  *Zivkovic*, 302 F.3d at 1087–88. Plaintiffs' belated Motion, untimely and defective deposition requests, and failure to move to compel further responses to their discovery requests, *supra* at 8–12, provide further evidence of their lack of diligence.

### D. Ancient Organics Would Be Prejudiced By Amendment.

"Although … the 'good cause' standard focuses primarily on the diligence of the moving party," "a court may consider prejudice to the party opposing modification of the scheduling order."  *M.A. Silva Corks USA, LLC*, 2024 WL 1180999, at *4 (collecting cases); *Lam v. City and Cnty. of San Francisco*, 2011 WL 2669451, at *2 (N.D. Cal. July 7, 2011) ("Plaintiffs have failed to demonstrate good cause … at this late juncture, particularly in light of the prejudice to defendants.").  "In contrast [to Plaintiffs, an] enlargement of the pretrial schedule … will

12

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  prejudice [Ancient Organics] by unnecessarily increasing litigation costs and delaying resolution
2  of the action." *Schaffner*, 2011 WL 6303408, at *3.

3     An extension of case deadlines at this late juncture would only prejudice Ancient
4  Organics.  As explained above, Ancient Organics diligently pursued discovery, including by
5  timely serving its Initial Disclosures (Ex. A), written discovery requests and responses (Harper
6  Decl. ¶ 2), initial and supplemental productions of documents, and Notices of Plaintiffs'
7  depositions (Exs. D & E).  While preparing for and attending the March 14, 2024, mediation, Mr.
8  Maxon, President of Ancient Organics, personally attended multiple conferences on Ancient
9  Organics's behalf with its attorneys to review Plaintiffs' discovery requests; blocked out
10 substantial time, including on weekends, to help search for potentially responsive documents;
11 and conferred regularly with Ancient Organics's attorneys about the status of discovery, not only
12 to ensure that it was moving forward smoothly, but also to address any discovery concerns stated
13 by Plaintiffs.  (Maxon Decl. ¶ 3.)  Mr. Maxon worked diligently because he understood the
14 initial discovery stage would end on April 1, 2024, based on the Court's Order.  (*Id*. ¶ 4.)

15    In contrast, Plaintiffs (and their counsel) improperly noticed depositions; failed to timely
16 move on their written discovery; and sought an extension of case deadlines for the first time in
17 March 2024, nearly 10 months after the parties attended their Rule 26(f) conference in May
18 2023, and more than four months after the Court issued its Scheduling Order, and Ancient
19 Organics disclosed potential witnesses, in December 2023.  (*Compare* Mot. (filed Mar. 27, 2024)
20 *with* ECF No. 45 at 4 (parties "conferred regarding discovery pursuant to Rule 26(f) on May 31,
21 2023") *and* Ex. A (Initial Disclosures served Dec. 12, 2023) *and* ECF No. 49 (Case Schedule
22 filed Dec. 13, 2023).)  As Mr. Maxon testifies:  "Plaintiffs have already prejudiced Ancient
23 Organics with their lack of diligence in discovery. … [N]either Plaintiff showed up for their
24 depositions set by the company's attorneys, and Plaintiffs' counsel is now saying that one of the
25 Plaintiffs wants to withdraw[] from the case after making allegations against my company."
26 (Maxon Decl. ¶ 5.)  Even still, Plaintiffs seek to extend the time for them to ask for more
27 documents and information, which would substantially prejudice Ancient Organics by forcing it
28

ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  to spend more on litigation costs, including defending against deficient written discovery
2  requests and deposition notices, past the discovery cutoff date.  (*See id*. ¶¶ 4–5.)
3       "A scheduling order is not a mere suggestion or a trifle that can be disregarded when it
4  becomes inconvenient; it is an order from the court.  Just like any other order, the court expects
5  compliance. … [T]he fact that this motion appears so late in the process is prejudicial to"
6  Ancient Organics.  *Tessera*, 2013 WL 97794, at *3.

### IV.   CONCLUSION

For the above reasons, the Court should deny Plaintiffs' Motion.

Dated:  April 10, 2024                              DAVIS WRIGHT TREMAINE LLP
                                                      Jacob M. Harper
                                                      James H. Moon
                                                      Peter K. Bae

                                                    By: */s/ Jacob M. Harper*
                                                      Jacob M. Harper

                                                    *Attorneys for Defendant Ancient Organics*

14
ANCIENT ORGANICS'S OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899