1

DAVIS WRIGHT TREMAINE LLP
   Jacob M. Harper (SBN 259463)
   *jacobharper@dwt.com*
   James H. Moon (SBN 268215)
   *jamesmoon@dwt.com*
   Peter K. Bae (SBN 329158)
   *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

2

3

4

5

6

7

8

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

9

10

11

**IN THE UNITED STATES DISTRICT COURT**

12

**THE NORTHERN DISTRICT OF CALIFORNIA**

13

**SAN FRANCISCO DIVISION**

14

15

16

17

18

19

20

21

22

KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,

                    Plaintiffs,

          v.

ANCIENT ORGANICS, a California corporation,

                    Defendant.

Case No. 3:22-cv-03596-AMO

**DECLARATION OF JACOB M. HARPER IN SUPPORT OF DEFENDANT ANCIENT ORGANICS'S OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME**

[***Opposition to Motion to Change Time and Declaration of Matteo Girard Maxon Filed Concurrently***]

Assigned to the Hon. Araceli Martínez-Olguín

23

24

25

26

27

28

---

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

## <u>DECLARATION OF JACOB M. HARPER</u>

I, Jacob M. Harper, declare and state as follows:

1.      I am a partner with the law firm of Davis Wright Tremaine LLP, counsel for defendant Ancient Organics in this matter.  I make this declaration in support of Ancient Organics's Opposition to Plaintiff Keefe Stevernu's and Kelly Effinger's (Plaintiffs) Motion to Change Time.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2.      On August 25, 2023, Plaintiffs served their First Set of Requests for Production (RFP) and Requests for Admission (RFA) upon Ancient Organics.  On November 3, 2023, Ancient Organics timely served its Responses to Plaintiffs' First Set of RFP and RFA.

3.      Attached as **Exhibit A** is a true and correct copy of Ancient Organics's Initial Disclosures, which my office served upon Plaintiffs on December 12, 2023.

4.      Attached as **Exhibit B** is a true and correct copy of an email Plaintiffs' counsel sent to my colleagues, counsel for Ancient Organics, on January 16, 2024.

5.      Attached as **Exhibit C** is a true and correct copy of an email Plaintiffs' counsel sent to my colleagues, counsel for Ancient Organics, on January 18, 2024.

6.      Attached as **Exhibit D** is a true and correct copy of Ancient Organics's Notice of Deposition of Plaintiff Keefe Stevernu, which my office served upon Plaintiffs on March 1, 2024.

7.      Attached as **Exhibit E** is a true and correct copy of Ancient Organics's Notice of Deposition of Plaintiff Kelly Effinger, which my office served upon Plaintiffs on March 1, 2024.

8.      Attached as **Exhibit F** are true and correct copies of email correspondence exchanged between counsel of record for Plaintiffs and Ancient Organics in March 2024, including an email Plaintiffs' counsel sent on or around 8:09 a.m. PST on March 22, 2024, on which I was copied.

9.      Attached as **Exhibit G** are true and correct copies of email correspondence exchanged between counsel of record Plaintiffs and Ancient Organics in March 2024, including

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

an email Plaintiffs' counsel sent on or around 11:02 a.m. PST on March 22, 2024, on which I was copied.

10.     Attached as **Exhibit H** is a true and correct copy of a letter which Plaintiffs sent to Ancient Organics, and my office received, on March 20, 2024.

11.     Attached as **Exhibit I** is a true and correct copy of Plaintiffs' Rule 30(b)(6) Deposition Notice to Ancient Organics, which Plaintiffs served upon my office on March 22, 2024.

12.     Attached as **Exhibit J** are true and correct copies of invoices my office incurred on behalf of Ancient Organics for preparing deposition transcripts of Plaintiffs' nonappearances at their depositions.

13.     Attached as **Exhibit K** is a true and correct copy of Plaintiffs' Second Set of Requests for Production, which Plaintiffs served upon Ancient Organics, and my office received, on March 27, 2024.

14.     Attached as **Exhibit L** is a true and correct copy of a letter which my office sent on behalf of Ancient Organics to Plaintiffs on March 28, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of April, 2024, at Los Angeles, California.

*/s/ Jacob M. Harper*
Jacob M. Harper

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
OPPOSITION TO MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>                 Plaintiffs,<br><br>    vs.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>                 Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**ANCIENT ORGANICS'S INITIAL DISCLOSURES**<br><br>Action Filed:  June 17, 2022 |

ANCIENT ORGANICS'S INITIAL DISCLOSURES
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Under Federal Rule of Civil Procedure 26(a)(1)(A), Defendant Ancient Organics makes the following initial disclosures.

### A.       Preliminary Statement

Because Ancient Organics's investigation is ongoing, these initial disclosures are based on information reasonably available at this time.  Ancient Organics therefore reserves the right to supplement, amend, correct, or otherwise modify these initial disclosures as additional evidence and information become available.  Ancient Organics also reserves the right to assert all appropriate claims, positions, theories, and defenses in this case, to produce and rely on additional documents or facts, and to depose and otherwise rely on witnesses not listed herein.  Ancient Organics provides these initial disclosures without prejudice to its right to introduce at a hearing or at trial any subsequently discovered evidence.

Ancient Organics makes these initial disclosures without waiving or limiting its right to (1) object to the discoverability or admissibility of any materials or testimony identified herein on the grounds of competency, privilege, the work product doctrine, undue burden, relevance, hearsay, or any other proper ground; (2) object to the use of any such information, for any purpose, in whole or in part, in any other proceeding or action; (3) object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) remove from these disclosures any individual if Ancient Organics discovers that the information known by such individual is not discoverable.

### B.       Individuals Likely to Have Discoverable Information (Rule 26(A)(1)(A)(i))

Ancient Organics identifies the following individuals whom it believes are likely to have discoverable information that Ancient Organics may use to support its defenses, except where the use would be solely for impeachment.

| Name/Title | Contact Information | Subjects |
|---|---|---|
| Kelly Effinger | Contact through Plaintiffs' counsel | Ms. Effinger is likely to have information pertaining to her purchase of the subject ghee products, reliance on labels (or lack thereof), supposed injuries she suffered, and her claims. |

ANCIENT ORGANICS'S INITIAL DISCLOSURES
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Keefe Stevernu | Contact through Plaintiffs' counsel | Mr. Stevernu is likely to have information pertaining to his purchase of the subject ghee products, reliance on labels (or lack thereof), supposed injuries he suffered, and his claims. |
| Matteo Girard Maxon | Contact through Ancient Organics's counsel | Mr. Maxon may have information pertaining to the labeling and marketing of the ghee products at issue in this litigation, the factual assertions regarding the products made by Plaintiffs in their operative complaint, and Ancient Organics's defenses to those claims. |
| Corporate Designees for Ancient Organics | Contact through Ancient Organics's counsel | Ancient Organics's representatives may have information pertaining to the labeling and marketing of the ghee products at issue in this litigation, the factual assertions regarding the products made by Plaintiffs in their operative complaint, and Ancient Organics's defenses to those claims. |
| Any and all witnesses or potential witnesses Plaintiffs identify | N/A | N/A |

Ancient Organics reserves the right to identify additional persons as witnesses if, during the course of discovery and investigation relating to the case, it learns that such additional persons have relevant knowledge.

**C.      Documents, Electronically Stored Information, and Tangible Things (Rule 26(A)(1)(A)(ii))**

Ancient Organics discloses the following categories of documents, electronically stored information, or tangible things in its possession, custody, or control that it may use to support its defenses to Plaintiffs' claims, unless solely for impeachment.

1.      The pleadings, filings, declarations, and other documents filed by and relied on by Plaintiffs in this action.

2.      Copies of forms or related documents pertaining to the ghee products at issue in the operative complaint.

ANCIENT ORGANICS'S INITIAL DISCLOSURES
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.      Correspondence relating to the ghee products' labeling.

4.      Correspondence and documents, if any, with third parties responsible for labeling or creating the ghee products at issue.

5.      Expert reports, including any and all documents relied upon by experts in this case.

6.      Documents produced by Plaintiffs in the course of this litigation.

7.      Communications or agreements between Plaintiffs and Ancient Organics.

8.      Other documents to be determined.

Ancient Organics will only produce documents containing confidential information upon entry of an appropriate protective order.  Ancient Organics reserves the right to supplement these disclosures to identify additional documents and further reserves the right to use at trial any document Plaintiffs identify in their initial disclosures or in discovery.

**D.      Computation of Damages (Rule 26(A)(1)(A)(iii))**

Ancient Organics has not asserted any counterclaim for damages in this action, and it therefore has no computations to provide or supporting evidentiary materials to produce.  Ancient Organics may seek payment of certain fees, expenses, or costs.

**E.      Liability Insurance (Rule 26(A)(1)(A)(iv))**

Ancient Organics is not aware of any applicable insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  December 12, 2023                    DAVIS WRIGHT TREMAINE LLP

                                                            By: /s/ James H. Moon
                                                                James H. Moon

                                                            *Attorneys for Defendant*
                                                            *Ancient Organics, a California corporation*

ANCIENT ORGANICS'S INITIAL DISCLOSURES
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On December 12, 2023, I served the document described as **ANCIENT ORGANICS'S INITIAL DISCLOSURES** upon the interested parties in this action addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

__x__ (VIA U.S. MAIL)  I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

____ (VIA PERSONAL SERVICE) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from GLOBAL NETWORK LEGAL SUPPORT deliver true copies of the above-named documents enclosed in sealed envelopes.

__x__ (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address sharisanders@dwt.com, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

____ (VIA OVERNIGHT DELIVERY) by placing a true copy or original in a separate envelope for each addressee named below, with the name and address of the person served shown above on the envelope, sealing the envelope and placing it for collection and delivery by FEDERAL EXPRESS with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on December 12, 2023, Los Angeles, California.

__X__ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_Shari Sanders_
Shari Sanders

ANCIENT ORGANICS'S INITIAL DISCLOSURES
Case No. 3:22-cv-03596-AMO

SERVICE LIST

| | |
|---|---|
| **GOOD GUSTAFSON AUMAIS LLP**<br>J. Ryan Gustafson<br>2330 Westwood Blvd., No. 103<br>Los Angeles, CA 90064<br>Tel: (310) 274-4663<br>jrg@ggallp.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **THE KEETON FIRM LLC**<br>Steffan T. Keeton, Esq. *(pro hac vice)*<br>100 S Commons, Ste 102<br>Pittsburgh PA 15212<br>Tel: (888) 412-5291<br>stkeeton@keetonfirm.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **SHENAQ PC**<br>Amir Shenaq, Esq. *(pro hac vice)*<br>3500 Lenox Rd. Ste 1500<br>Atlanta, GA 30326<br>Tel: (888) 909-9993<br>amir@shenaqpc.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |

# EXHIBIT B

**Bae, Peter**

| | |
|---|---|
| **From:** | stk@keetonfirm.com |
| **Sent:** | Tuesday, January 16, 2024 1:00 PM |
| **To:** | Moon, James; Bae, Peter; Ryan Gustafson; Mike McGlamry |
| **Subject:** | Effinger v. Ancient Organics - Discovery and Mediation Meeting Followup |

**[EXTERNAL]**

Hi James,

Thanks for meeting with me late last week to discuss the discovery in the case and the upcoming mediation.

First, I'd like to introduce you to Mike McGlamry from Pope McGlamry. He and I have worked on a fair number of cases together in the past, and I had been planning to bring his firm in to help with the discovery in this matter. Now that things are heating up with discovery, he's going to be hopping on the case with us.

Second, I reached out to Judge Welsh's office and she has availability on February 13 and 15. Please let me know which works best for you/your client.

On that note, we will need to work out a schedule of proposals/submissions to ensure that we have a productive session with Judge Welsh. Would you be free later this week (Wednesday or Thursday) to discuss the pre-mediation schedule?

Third, in terms of the critical documents to start preparing for mediation, we will need:

(1) Labels during the updated Relevant Time Period (June 17, 2022 through June 17, 2018).
(2) Sales data for the Products during the Relevant Time Period both at a National Level and a California Level.

Because these are critical for the mediation, we would like to have these specific items to us by February 1, 2024 and the remainder of the discovery requests delivered by your scheduled February 9, 2024. In other words, we would like these two sets of documents/information receive priority delivery over the other documents. Is that doable?

Best,

Steffan

Steffan T. Keeton

The Keeton Firm LLC

100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

# EXHIBIT C

**Bae, Peter**

| | |
|---|---|
| **From:** | stk@keetonfirm.com |
| **Sent:** | Thursday, January 18, 2024 10:34 AM |
| **To:** | Moon, James; Bae, Peter; Ryan Gustafson; Mike McGlamry |
| **Subject:** | Effinger v. Ancient Organics - Mediation Date Updates |

**[EXTERNAL]**

James,

Got some clarification on March dates. Judge Welsh has March 14th open. However, as we discussed, we both want to take the earlier opportunity to try and resolve this litigation before having to start depositions, etc.

Since we have an April 1 discovery cutoff (and we'd prefer not to extend it), if we do the mediation in March, we will have to schedule depositions before and around that date, while I would hope that we'd both prefer to work quicker and focus on a settlement and take advantage of the mid-February date.


Best,

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

# EXHIBIT D

DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>                 Plaintiffs,<br><br>   vs.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>               Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS' NOTICE OF DEPOSITION OF PLAINTIFF KEEFE STEVERNU**<br><br>Date:        March 27, 2024<br>Time:       9:00 a.m. PST<br>Location:   Davis Wright Tremaine LLP<br>                  50 California Street<br>                  Suite 2300<br>                  San Francisco, CA 94111 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that beginning at 9:00 a.m. PST on March 27, 2024, Defendant Ancient Organics will take the deposition of Plaintiff Keefe Stevernu pursuant to Federal Rules of Civil Procedure 26 and 30.  The deposition shall be conducted at the law firm of Davis Wright Tremaine LLP, 50 California Street, Suite 2300, San Francisco, CA 94111.

Said deposition will be taken before a certified court reporter or other person authorized to administer oaths, will be videotaped, and the deponent's testimony will be recorded by stenographic method, through the instant visual display of the testimony.  If the deposition is not completed on the dates set forth above, the taking of the deposition will continue at the same place on another date or dates, pursuant to the mutual convenience of the parties, until completed.

Ancient Organics reserves the right to present the deposition recording at trial.


Dated:  March 1, 2024                    DAVIS WRIGHT TREMAINE LLP
                                         Jacob M. Harper
                                         James H. Moon
                                         Peter K. Bae

                                         By: /s/ Jacob M. Harper
                                             Jacob M. Harper

                                         *Attorneys for Defendant*
                                         *Ancient Organics, a California corporation*

ANCIENT ORGANICS' NOTICE OF DEPOSITION OF
PLAINTIFF KEEFE STEVERNU
Case No. 3:22-cv-03596-AMO

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On March 1, 2024, I served the document described as "**DEFENDANT ANCIENT ORGANICS' NOTICE OF DEPOSITION OF PLAINTIFF KEEFE STEVERNU**" upon the interested parties in this action addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

 _X_   (VIA PERSONAL SERVICE) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from GLOBAL NETWORK LEGAL SUPPORT deliver true copies of the above-named documents enclosed in sealed envelopes.

 _X_   (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address linapearmain@dwt.com, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

Executed on March 1, 2024, Los Angeles, California.

 _X_   Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

LINA PEARMAIN

ANCIENT ORGANICS' NOTICE OF DEPOSITION OF
PLAINTIFF KEEFE STEVERNU
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ATTACHED SERVICE LIST

| | |
|---|---|
| **GOOD GUSTAFSON AUMAIS LLP**<br>J. Ryan Gustafson<br>2330 Westwood Blvd., No. 103<br>Los Angeles, CA 90064<br>Tel: (310) 274-4663<br>jrg@ggallp.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **THE KEETON FIRM LLC**<br>Steffan T. Keeton, Esq. *(pro hac vice)*<br>100 S Commons, Ste 102<br>Pittsburgh PA 15212<br>Tel: (888) 412-5291<br>stkeeton@keetonfirm.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **SHENAQ PC**<br>Amir Shenaq, Esq. *(pro hac vice)*<br>3500 Lenox Rd. Ste 1500<br>Atlanta, GA 30326<br>Tel: (888) 909-9993<br>amir@shenaqpc.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |

DAVIS WRIGHT TREMAINE LLP<br>865 S. FIGUEROA ST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90017-2566<br>(213) 633-6800<br>Fax: (213) 633-6899

# EXHIBIT E

DAVIS WRIGHT TREMAINE LLP
  Jacob Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>                        Plaintiffs,<br><br>        vs.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>                        Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS' NOTICE OF DEPOSITION OF PLAINTIFF KELLY EFFINGER**<br><br>Date:           March 28, 2024<br>Time:           9:00 a.m. PST<br>Location:    Davis Wright Tremaine LLP<br>                    50 California Street<br>                    Suite 2300<br>                    San Francisco, CA 94111 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that beginning at 9:00 a.m. PST on March 28, 2024, Defendant Ancient Organics will take the deposition of Plaintiff Kelly Effinger pursuant to Federal Rules of Civil Procedure 26 and 30.  The deposition shall be conducted at the law firm of Davis Wright Tremaine LLP, 50 California Street, Suite 2300, San Francisco, CA 94111.

Said deposition will be taken before a certified court reporter or other person authorized to administer oaths, will be videotaped, and the deponent's testimony will be recorded by stenographic method, through the instant visual display of the testimony.  If the deposition is not completed on the dates set forth above, the taking of the deposition will continue at the same place on another date or dates, pursuant to the mutual convenience of the parties, until completed.

Ancient Organics reserves the right to present the deposition recording at trial.


Dated:  March 1, 2024                              DAVIS WRIGHT TREMAINE LLP
                                                               Jacob M. Harper
                                                               James H. Moon
                                                               Peter K. Bae

                                                   By: _/s/ Jacob M. Harper_____
                                                               Jacob M. Harper

                                                   *Attorneys for Defendant*
                                                   *Ancient Organics, a California corporation*

ANCIENT ORGANICS' NOTICE OF DEPOSITION OF
PLAINTIFF KELLY EFFINGER
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On March 1, 2024, I served the document described as "**DEFENDANT ANCIENT ORGANICS' NOTICE OF DEPOSITION OF PLAINTIFF KELLY EFFINGER**" upon the interested parties in this action addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

 _X_  (VIA PERSONAL SERVICE) I caused the above-named documents to be served on all
       other parties to this action by requesting that a messenger from GLOBAL NETWORK
       LEGAL SUPPORT deliver true copies of the above-named documents enclosed in sealed
       envelopes.

 _X_  (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es)
       below from electronic mail address linapearmain@dwt.com, at Suite 2400, 865 South
       Figueroa Street, Los Angeles, California.

       Executed on March 1, 2024, Los Angeles, California.

 _X_  Federal    I declare under penalty of perjury under the laws of the United States of
       America that the foregoing is true and correct and that I am employed in the office of a
       member of the bar of this Court at whose direction the service was made.

                                                        _____
                                                        LINA PEARMAIN

---

ANCIENT ORGANICS' NOTICE OF DEPOSITION OF
PLAINTIFF KELLY EFFINGER
Case No. 3:22-cv-03596-AMO

ATTACHED SERVICE LIST

| | |
|---|---|
| **GOOD GUSTAFSON AUMAIS LLP**<br>J. Ryan Gustafson<br>2330 Westwood Blvd., No. 103<br>Los Angeles, CA 90064<br>Tel: (310) 274-4663<br>jrg@ggallp.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **THE KEETON FIRM LLC**<br>Steffan T. Keeton, Esq. *(pro hac vice)*<br>100 S Commons, Ste 102<br>Pittsburgh PA 15212<br>Tel: (888) 412-5291<br>stkeeton@keetonfirm.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **SHENAQ PC**<br>Amir Shenaq, Esq. *(pro hac vice)*<br>3500 Lenox Rd. Ste 1500<br>Atlanta, GA 30326<br>Tel: (888) 909-9993<br>amir@shenaqpc.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |

ANCIENT ORGANICS' NOTICE OF DEPOSITION OF
PLAINTIFF KELLY EFFINGER
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT F

**Bae, Peter**

| | |
|---|---|
| **From:** | stk@keetonfirm.com |
| **Sent:** | Friday, March 22, 2024 8:09 AM |
| **To:** | Moon, James |
| **Cc:** | Mike McGlamry; Jay Hirsch; Ryan Gustafson; Bae, Peter; Harper, Jacob |
| **Subject:** | Re: Effinger v. Ancient Organics - ROG Responses |

**[EXTERNAL]**

James,

In your email, you did not address the discovery extension request directly. Will you agree to the extension we suggested?
We are moving forward to dismiss Mr. Stevernu. We are doing so because we haven't been able to get in touch with him for the past few weeks and we have done everything we know to do to make contact with him.

Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

> On Mar 21, 2024, at 6:16 PM, Moon, James <JamesMoon@dwt.com> wrote:
>
> Steffan,
>
> This news regarding Mr. Stevernu is coming out of the blue.  As you know, his deposition is scheduled for next week.  Before considering any dismissal request, we would need to receive full responses to the previously served discovery and to take his duly noticed deposition.  We will need time to review both plaintiffs' information and documents given that the depositions are set for next week.  Please provide the information and documents by Monday.
>
> We received your letter yesterday.  We have not had a chance to discuss with our client.  We take it from your email today that the request is now moot.
>
> Best,
> James
>
> **James Moon**
> **Partner,** Davis Wright Tremaine LLP

**P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
DWT.COM

---

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Wednesday, March 20, 2024 2:13 PM
**To:** Moon, James <JamesMoon@dwt.com>
**Cc:** Mike McGlamry <mmcglamry@pmkm.com>; Jay Hirsch <jayhirsch@pmkm.com>; Ryan Gustafson <jrg@ggallp.com>; Bae, Peter <PeterBae@dwt.com>; Harper, Jacob <JHarper@dwt.com>
**Subject:** Re: Effinger v. Ancient Organics - ROG Responses

[EXTERNAL]

James,

In response to your inquiry, we have the following updates.

Concerning Mr. Stevernu, we will move to dismiss with prejudice. Will you give us leave to so file? If so, we can draft up the dismissal for Mr. Stevernu.

For Ms. Effinger, we will supplement our responses and produce the supplemented responses and documents/items by next week.

As referenced in our letter dated March 20, 2024, given the breakdown in settlement talks at mediation, we need to extend certain deadlines. Could you please let us know if Defendant consents to making these adjustments? If so, we can prepare a draft stipulation.

Best,

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

On Mar 20, 2024, at 2:55 PM, Moon, James <JamesMoon@dwt.com> wrote:

Counsel,

Ancient Organics requests a meet and confer on Plaintiffs Kelly Effinger and Keefe Stevernu's (Plaintiffs) deficient discovery responses and document production.   We note we have received no documents and little information even though depositions are set for next week.

- **RFP Responses/Doc Production.**  Despite committing to "conduct a reasonably diligent search" for most of the requested documents, Plaintiffs produced ***zero documents*** in response to Ancient Organics's RFPs.  For example, Ancient Organics asked Plaintiffs to produce the "physical container of the PRODUCT [they] purchased," to which each responded:  "Plaintiff will conduct a reasonably diligent search for any containers of the PRODUCT purchased by Plaintiff and will produce containers in Plaintiff's possession.  To the extent that there are more than 10 containers, Plaintiff will produce 10 units.  Further, if the 10-unit limit is not satisfactory to Ancient Organics, Plaintiff's counsel will meet and confer to refine the number of units relative to the needs of the case."  (Pls.' Resps. to RFP No. 6.)  Please provide documents, as well as the physical containers of each Ancient Organics's ghee product Plaintiffs purchased, as promised.  To the extent Plaintiffs are withholding any documents responsive to RFP Nos. 1-5, 8-9, 12-35, and 42-46 based on assertions of privilege, please provide a privilege log.

- **RFA Responses.**  Plaintiffs served improper RFA responses, and appear unable to admit or deny key allegations supporting their complaint.  First, Plaintiffs inappropriately objected to RFA Nos. 2 and 3 as "impermissibly compound."  Please answer Ancient Organics's RFA Nos. 2 and 3 in accordance with Fed. R. Civ. P. 36(a)(4), which requires an answering party to "specifically deny" "a matter … not admitted … or state in detail why the answering party cannot truthfully admit or deny it."  Second, please confirm Plaintiffs "lack[] sufficient knowledge to admit or deny" whether (a) two of the challenged representations, i.e., "provides sustained energy levels" and "Omega 3, 6, 9, Vitamins A, D, E & K," and (b) whether "ghee is made from butter," is true or false.  (Pls.' Resps. to RFA Nos. 7-8, 10; *see also* Ms. Effinger's Resp. to ROG No. 21 ("Plaintiff does not have sufficient knowledge to know if the Product 'provides sustained energy levels.'").)  Please provide amended Code-compliant RFA responses.

- **ROG Responses.**  Ms. Effinger served objections and limited ROG responses, and Mr. Stevernu failed to serve ROG responses without explanation.  Mr. Stevernu's "failure to object timely … serves to waive objections."  *Chartered Semiconductor Mfg., Ltd. v. Integrated Semiconductor Serv., Inc.*, 2007 WL 1674593, at *2 (N.D. Cal. June 8, 2007) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)); *Intuit, Inc. v. H&R Block E. Enters., Inc.*, 2006 WL 8462416, at *1 (N.D. Cal. Aug. 21, 2006) (same).  Please provide Mr. Stevernu's responses.

Please provide documents, amended written responses, physical containers of each Ancient Organics's ghee product Plaintiffs purchased, and Mr. Stevernu's ROG responses by March 22, 2024, and times to meet and confer if you do not intend to fully comply.

In response to your prior email, we are confirming our client has no additional documents responsive to Plaintiffs' RFP 6, 19, 23, 25, and 27.

We look forward to hearing from you.

Best,
James

**James Moon**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Friday, March 1, 2024 11:50 PM
**To:** Moon, James <JamesMoon@dwt.com>; Bae, Peter <PeterBae@dwt.com>; Harper, Jacob <JHarper@dwt.com>
**Cc:** Mike McGlamry <mmcglamry@pmkm.com>; Jay Hirsch <jayhirsch@pmkm.com>; Ryan Gustafson <jrg@ggallp.com>
**Subject:** Effinger v. Ancient Organics - ROG Responses

## [EXTERNAL]

Counsel,

Please find attached Plaintiffs' ROG responses.

Best,

Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

# EXHIBIT G

**Bae, Peter**

| | |
|---|---|
| **From:** | Steffan Keeton <stk@keetonfirm.com> |
| **Sent:** | Friday, March 22, 2024 11:02 AM |
| **To:** | Moon, James |
| **Cc:** | Mike McGlamry; Jay Hirsch; Ryan Gustafson; Bae, Peter; Harper, Jacob |
| **Subject:** | Re: Effinger v. Ancient Organics - ROG Responses |

**[EXTERNAL]**

James,

Ms. Effinger will not be able to attend next week's deposition. We will get you alternative dates. Also, as a reminder, we will be delivering supplemental responses on Monday to address the alleged deficiencies.

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.


> On Mar 21, 2024, at 6:16 PM, Moon, James <JamesMoon@dwt.com> wrote:
>
> Steffan,
>
> This news regarding Mr. Stevernu is coming out of the blue.  As you know, his deposition is scheduled for next week.  Before considering any dismissal request, we would need to receive full responses to the previously served discovery and to take his duly noticed deposition.  We will need time to review both plaintiffs' information and documents given that the depositions are set for next week.  Please provide the information and documents by Monday.
>
> We received your letter yesterday.  We have not had a chance to discuss with our client.  We take it from your email today that the request is now moot.
>
> Best,
> James

1

**James Moon**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

---

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Wednesday, March 20, 2024 2:13 PM
**To:** Moon, James <JamesMoon@dwt.com>
**Cc:** Mike McGlamry <mmcglamry@pmkm.com>; Jay Hirsch <jayhirsch@pmkm.com>; Ryan Gustafson <jrg@ggallp.com>; Bae, Peter <PeterBae@dwt.com>; Harper, Jacob <JHarper@dwt.com>
**Subject:** Re: Effinger v. Ancient Organics - ROG Responses

[EXTERNAL]

James,

In response to your inquiry, we have the following updates.

Concerning Mr. Stevernu, we will move to dismiss with prejudice. Will you give us leave to so file? If so, we can draft up the dismissal for Mr. Stevernu.

For Ms. Effinger, we will supplement our responses and produce the supplemented responses and documents/items by next week.

As referenced in our letter dated March 20, 2024, given the breakdown in settlement talks at mediation, we need to extend certain deadlines. Could you please let us know if Defendant consents to making these adjustments? If so, we can prepare a draft stipulation.

Best,

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your

system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.


On Mar 20, 2024, at 2:55 PM, Moon, James <JamesMoon@dwt.com> wrote:

Counsel,

Ancient Organics requests a meet and confer on Plaintiffs Kelly Effinger and Keefe Stevernu's (Plaintiffs) deficient discovery responses and document production.   We note we have received no documents and little information even though depositions are set for next week.

- **RFP Responses/Doc Production.**  Despite committing to "conduct a reasonably diligent search" for most of the requested documents, Plaintiffs produced **_zero documents_** in response to Ancient Organics's RFPs.  For example, Ancient Organics asked Plaintiffs to produce the "physical container of the PRODUCT [they] purchased," to which each responded:  "Plaintiff will conduct a reasonably diligent search for any containers of the PRODUCT purchased by Plaintiff and will produce containers in Plaintiff's possession.  To the extent that there are more than 10 containers, Plaintiff will produce 10 units.  Further, if the 10-unit limit is not satisfactory to Ancient Organics, Plaintiff's counsel will meet and confer to refine the number of units relative to the needs of the case."  (Pls.' Resps. to RFP No. 6.)  Please provide documents, as well as the physical containers of each Ancient Organics's ghee product Plaintiffs purchased, as promised.  To the extent Plaintiffs are withholding any documents responsive to RFP Nos. 1-5, 8-9, 12-35, and 42-46 based on assertions of privilege, please provide a privilege log.

- **RFA Responses.**  Plaintiffs served improper RFA responses, and appear unable to admit or deny key allegations supporting their complaint.  First, Plaintiffs inappropriately objected to RFA Nos. 2 and 3 as "impermissibly compound."  Please answer Ancient Organics's RFA Nos. 2 and 3 in accordance with Fed. R. Civ. P. 36(a)(4), which requires an answering party to "specifically deny" "a matter … not admitted … or state in detail why the answering party cannot truthfully admit or deny it."  Second, please confirm Plaintiffs "lack[] sufficient knowledge to admit or deny" whether (a) two of the challenged representations, i.e., "provides sustained energy levels" and "Omega 3, 6, 9, Vitamins A, D, E & K," and (b) whether "ghee is made from butter," is true or false.  (Pls.' Resps. to RFA Nos. 7-8, 10; *see also* Ms. Effinger's Resp. to ROG No. 21 ("Plaintiff does not have sufficient knowledge to know if the Product 'provides sustained energy levels.'").)  Please provide amended Code-compliant RFA responses.

- **ROG Responses.**  Ms. Effinger served objections and limited ROG responses, and Mr. Stevernu failed to serve ROG responses without explanation.  Mr. Stevernu's "failure to object timely … serves to waive objections."  *Chartered Semiconductor Mfg., Ltd. v. Integrated Semiconductor Serv., Inc.*, 2007 WL 1674593, at *2 (N.D. Cal. June 8, 2007) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)); *Intuit, Inc. v. H&R Block E. Enters., Inc.*, 2006 WL 8462416, at *1 (N.D. Cal. Aug. 21, 2006) (same).  Please provide Mr. Stevernu's responses.

Please provide documents, amended written responses, physical containers of each Ancient Organics's ghee product Plaintiffs purchased, and Mr. Stevernu's ROG responses by March 22, 2024, and times to meet and confer if you do not intend to fully comply.

In response to your prior email, we are confirming our client has no additional documents responsive to Plaintiffs' RFP 6, 19, 23, 25, and 27.

We look forward to hearing from you.

Best,
James

**James Moon**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6819   **C** 626.825.6528   **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Friday, March 1, 2024 11:50 PM
**To:** Moon, James <JamesMoon@dwt.com>; Bae, Peter <PeterBae@dwt.com>; Harper, Jacob <JHarper@dwt.com>
**Cc:** Mike McGlamry <mmcglamry@pmkm.com>; Jay Hirsch <jayhirsch@pmkm.com>; Ryan Gustafson <jrg@ggallp.com>
**Subject:** Effinger v. Ancient Organics - ROG Responses

## [EXTERNAL]

Counsel,

Please find attached Plaintiffs' ROG responses.

Best,

Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

# EXHIBIT H



James Moon, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Flr
Los Angeles, CA 90017-2566

March 20, 2024

**Via: E-Mail**

RE:  *Effinger v. Ancient Organics*, 3:22-cv-03596-AMO,
      Discovery Deficiencies

James,

There are deficiencies in response to numerous RFPs that have led to documents not being produced by Defendant. Specifically, we require responsive documents to RFP Nos.  6, 19, 23, 25, and 27 be delivered by Friday March 22, 2024. These documents are now over 40 days past the agreed upon date. If we do not receive them by Friday, we will seek the appropriate relief from the Court.

This is not the first attempt to resolve these issues. On December 19, 2023, we informed Defendant of significant discovery deficiencies concerning its responses and production in response to written discovery. On January 11, 2024, a meet and confer session was conducted in response to these issues. During the meet and confer, many issues were resolved and adjusted in consideration of the upcoming mediation with Judge Welsh.

In part, we both agreed to accelerate certain aspects of the document production. Specifically, product labels and summarized sales data would be provided by February 1, 2024. Other aspects were to be produced by February 9, 2024.

On February 1, 2024, product labels and summary sales figures of national sales were produced. On February 9, 2024, no additional documents were produced by Defendant; however, on February 14, 2024, a shallow production of documents was produced by Defendant. This limited production included product labels, job descriptions for Defendant's employees, organizational charts, and a product specification sheet. This shallow production pales in comparison to the items discussed in the January meet and confer session. This is unacceptable. We require responsive documents to RFP Nos.  6, 19, 23, 25, and 27 be delivered by Friday March 22, 2024.

**THE KEETON FIRM LLC**
    March 20, 2024
    Page 2 of 2

Based on the need for the requested documents and for other related information, it is also wise that we discuss the extension of the current discovery deadline. In pursuit of a successful mediation, the intensity of discovery slowed down. To offset these delays and given Defendant's stance that it would prefer to expend resources to combat the upcoming class certification motion, Plaintiffs propose an extension to May 15, 2024. In addition, Plaintiffs propose for expert disclosures to coincide with the filing of the class certification motion on June 14, 2024. Please let me know today if you will agree to this short extension, so that we can file a joint motion to that effect.

In this pursuit, we request dates for the deposition of the following individuals and entities:

    1.) Matteo Girard Maxon;
    2.) Peter Malakoff;
    3.) Morgyne LeCount; and
    4.) Representative for the 30(b)6 for Ancient Organics.

Additionally, in your mediation statements you've indicated that Plaintiffs' case is lacking in certain aspects, not taking into consideration the truncated discovery undertaking in light of the expressed desire to limit costs pending mediation. Now we must get this case back on pace, and we will need Defendant to participate – in good faith – in the discovery process as described herein. Otherwise, we will seek Court intervention to ensure that this case is no longer impacted by unnecessary delays.

Sincerely,

Steffan T. Keeton

# EXHIBIT I

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Kelly Effinger and Keefe Stevernu, individually, and on behalf of those similarly situated,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>Ancient Organics,<br><br>                                    Defendant. | CASE NO.  3:22-CV-03596-AMO<br><br>**PLAINTIFFS' RULE 30(b)(6) DEPOSITON NOTICE TO ANCIENT ORGANICS** |

-1-

PLAINTIFFS' RULE 30(b)(6) NOTICE

TO: Defendant, Ancient Organics, and its Attorneys of Record.

Please take notice that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendant, Ancient Organics ("AO") on March 29, 2024, at an agreed upon location.  The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day-to day until the examination is completed.  Pursuant to Fed. R. Civ. P. 30(b)(6), AO is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on behalf of AO, and whom AO will fully prepare to testify regarding all information that is known or reasonably available to AO organization regarding the subject matter identified in Schedule A, attached hereto.

## **DEFINITIONS**

1.    DOCUMENTS", "DOCUMENTATION" as used in this Request is coextensive with the meaning of the terms "DOCUMENTS" and "tangible things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules.  Consistent with the above definition, the term DOCUMENT shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without

-2-

PLAINTIFFS' RULE 30(b)(6) NOTICE

limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, CORRESPONDENCE and COMMUNICATIONS (as defined below) of any type (including but not limited to video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf.  "Communication" and/or "correspondence" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, social media, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity. This would include any team communication or collaboration tools; including but not limited

PLAINTIFFS' RULE 30(b)(6) NOTICE

to ClickUp, Hypercontext, Range, Weekdone, Yammer, Slack, Zoom, Flock, Twist, Troop, Messenger, Fleep, Markup Up, Hero, Loom, Google Meeting/ Google Chat, Notem, Basecamp, Conference, Dropbox Business, Coda, Your S&OP, Financial Forecast, Your Sales or any modification or derivation thereof made externally or internally.

2. "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers. "Computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications, and/or shareware.

3. "Electronic data" or "data" means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous

PLAINTIFFS' RULE 30(b)(6) NOTICE

files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

4.    "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CDROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

5.    "YOU, "YOUR," "Defendant," "Defendants," and Ancient Organics refers to Defendant Ancient Organics and any other entity revealed in Defendant's Certificate of Interested Entities (DKT. Entry 7) (both collectively and individually) as well as all of their partners, directors, officers, employees, servants, agents, attorneys, joint ventures, third-party contractors or other representatives, including all corporations and entities affiliated with Defendant, including any other person or entity identified in a Certificate of Interested Parties pursuant to the NDCA Civil Local Rules 3-15. The term "YOU" and "YOUR" shall also

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives. The terms "YOU" or "YOUR" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, attorneys, joint ventures or other representatives.

      6.    "RELATING TO," "RELATE TO," "RELATING," "REFERRING TO," "REFER TO," "CONCERNING" or "CONCERN" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS. "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any DOCUMENTS in your possession, custody or control. A DOCUMENT is deemed to be in your "possession, custody or control" if it is in  your physical custody, or if it is in the physical custody of another person or entity and YOU: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when you have sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of your attorney(s), employees, staff, representatives and agents.

-6-

7.     The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.     The use of the singular includes the plural and vice versa.

9.     Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of four years prior to the date of filing the complaint to the present.

10.     The term "Product" or "Products" means the Ancient Organics "EAT GOOD FAT" ghee products (including the container/packaging), as identified in the Complaint.

11.     The term "Action" means the above-entitled legal action.

12.     The term "Litigation" refers to the Class Action filed by Plaintiff against Defendant.

13.     The term "Complaint" or "Complaints" refers to the First Amended Class Action Complaint filed on June 17, 2022 and Second Amended Class Action Complaint filed on March 24, 2023.

14.     The Term "Relevant Time Period" means from June 17, 2018, to the present.

15.     The term "Representations" refers to the claims made on Products including but not limited to:

1.   "very best fat one can eat";

2.   "Omega 3, 6, 9 Vitamins A, D, E, & K";

3.   "provides sustained energy levels"; and

4.   "EAT GOOD FAT"

-7-

PLAINTIFFS' RULE 30(b)(6) NOTICE

1

2

3   Dated:  March 22, 2024                Respectfully submitted,

4

5                                          /s/ *Steffan T. Keeton*
                                           Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -8-

PLAINTIFFS' RULE 30(b)(6) NOTICE

## SCHEDULE A

1.      The identity of all employees employed by Defendant during the Relevant Time Period who are or were responsible for managing and maintaining its information technology infrastructure, including, but not limited to, mail, file, application, database and other servers, cloud, network, local and removable data storage services and/or systems and/or devices, backup systems, desktop computers, laptop computers, tablet devices, cellular telephones, and other similar electronic systems and devices.

2.      The identity of all nonemployee consultants, service providers, contractors, or similar entities retained by Defendant during the Relevant Time Period who are or were responsible for provisioning, installing, servicing, managing, or maintaining its technology infrastructure, including, but not limited to, mail, file, application, database and other servers, cloud, network, local and removable data storage services and/or systems and/or devices, backup systems, desktop computers, laptop computers, tablet devices, cellular telephones, and other similar electronic systems and devices.

3.      The identification description and operational function for all groups of connected computer systems used by Defendant during the Relevant Time Period that enable users to share information and peripherals, collaborate, store information and transfer data, including, but not limited to, local area networks (LANs), wide area networks (WANs), client-server networks, virtual private networks (VPNs), storage area networks (SANs) and network attached storage (NASs), including equipment, devices, components, and network resources that establish and maintain the network environment.

4.      The identification, description and operational function for all third-party remote, cloud or distributed connectivity by and between the computer systems and network

-9-

PLAINTIFFS' RULE 30(b)(6) NOTICE

environment used by Defendant during the Relevant Time Period including services known as Software as a Service (Saas), Platform as a Service (PaaS) and Infrastructure as a Service (IaaS).

5.  The identification, description and operational function of any database, data collection or data compilation used by Defendant, during the Relevant Time Period and pertaining to any testing or evaluation of the Products.

6.  The identification, description and operation of any database, data collection or data compilation used by Defendant during the Relevant Time Period and pertaining to any marketing or labeling of the Products.

7.  The identification, description and operation of any database, data collection or data compilation used by Defendant during the Relevant Time Period and pertaining to the sale or distribution of the Products.

8.  The identification, description and operational function of any database, data collection or data compilation used by Defendant, during the Relevant Time Period and pertaining to the tracking of Products sold.

9.  The identification, description and operation of any collaborative environment, extranet or virtual meeting or conferencing product and/or service used by Defendant during the Relevant Time Period in connection with the development, evaluation, approval, labeling, marketing, regulation, or health benefits of the Products.

10.  The identification, description and operation of any document or records management system used by Defendant during the Relevant Time Period and containing records, documents or ESI.

11.  A description of and the operation of each e-mail and messaging system used by

-10-

PLAINTIFFS' RULE 30(b)(6) NOTICE

Defendant during the Relevant Time Period and used by any persons involved in the development, evaluation, approval, labeling, marketing, regulation, or safety of the Products.

12.     The identification, description and operational function of all departments, divisions, groups, panels, teams, or individuals within Defendant that were or are involved in any manner in researching, marketing, promoting, advertising, or selling, training, managing, or evaluating the Products.

13.     The identification, description, basis for, and facts supporting Defendants' position on the time period relevant to the instant litigation.

14.     The steps (and any auditing of such steps) taken by Defendant and any of its agents, servants, and/or employees to identify and preserve documents, records, communications and electronically stored information in connection with the instant Action and prior, current or anticipated litigation(s) involving the same or substantially similar allegations and/or Products.

15.     The steps (and any auditing of such steps) taken by Defendant and any of its agents, servants, and/or employees to ensure that responses to written discovery, including the production of documents, records, communications, tangible things, and electronically stored information provided in response to Plaintiffs' First Request for Production of Documents and First Requests for Admission, produced in connection with the instant litigation and prior, current or anticipated litigation(s) involving the same or substantially similar allegations and/or Products  were complete and correct at the time the discovery responses were made.

16.     A description of policies and procedures of Defendant governing the use of removable media, such as recordable optical media, removable hard drives, flash drives, etc., during the Relevant Time Period.

-11-

PLAINTIFFS' RULE 30(b)(6) NOTICE

17. A description of the policies and procedures of Defendant governing the use of remote, cloud, or distributed computing or data storage services during the Relevant Time Period.

18. A description of policies, procedures and practices (including rotation and retention schedules) used for backing up computer systems owned or used by Defendant and its employees, including a description of any hardware or software (and logs associated with the use of same) used to perform such backups during the Relevant Time Period.

19. A description of policies, procedures and practices of Defendant for archiving or journaling e-mail messages, including a description of any hardware or software, and any rules, schedules or settings used to perform such archival or journaling during the Relevant Time Period.

20. A description of the components and configuration(s) employed by Defendant for voice messaging systems, including all hardware, software, and third-party service providers used during the Relevant Time Period.

21. A description of all policies, procedures, practices and audits pertaining to data retention and destruction during the Relevant Time Period and a description of all hardware or software used to facilitate the deletion of data subject to any data-retention and/or data-destruction policies and procedures.

22. A description of any and all servers or other network storage devices, desktop computers, laptop computers, tablet devices, cellular phones, removable storage media and other similar electronic data storage devices or media that have had their contents reformatted, wiped, or overwritten since the attachment of the preservation duty in connection with this action.

-12-

PLAINTIFFS' RULE 30(b)(6) NOTICE

23.     A description of any and all information or data storage media or device relevant to this matter that was erased, wiped, deleted, physically destroyed, corrupted, damaged, lost, or overwritten, and what information was lost pursuant to any data retention and destruction policies.

24.     The identification and description of any/all information or data provisioned by any/all third-party remote, cloud or distributed applications, services or servers that was erased, wiped, deleted, physically destroyed, corrupted, damaged, lost, overwritten, or decommissioned due to discontinuation or migration from any applications, services, service providers or servers and what information was lost pursuant to any data retention and destruction policies.

25.     The tools, systems and capabilities (including any limitations of same) of Defendant to perform the collection, search or preservation of documents, records and electronically stored information in the company's care and custody or subject to its control.

26.     Documents requested by counsel in any litigation, whether state or federal court, and in whatever form, whether paper or electronic, involving the label representations of Products.

27.     Defendant's responses to Plaintiffs' First Set of Requests for Production.

28.     The identification and description of any the burdens involved in responding to Plaintiffs' First Set of Requests for Production.

29.     The identification and description of the documents withheld on the basis of your objections to Plaintiffs' First Set of Requests for Production.

30.     The identification and description of the documents not withheld on the basis of your objections to First Set of Requests for Production.

31.     Corporate structure, including employees, groups, departments, etc. as indicated

-13-

PLAINTIFFS' RULE 30(b)(6) NOTICE

in organizational charts dated June 2018 to present that identify your agents or employees whose responsibilities include the research, design, manufacture, marketing, advertising, labelling and/or sale of the Product.

32.     Corporate structure, including employees, groups, departments, etc. as indicated in employee lists identifying the persons, including their title or position, who were involved in the creation, design, drafting, utilization, approval, manufacturing, marketing, labeling and/or content of labels and packaging for the Product.

33.     Documents generated/dated June 2018 to June 2022, that describe, summarize, analyze, discuss or comment on your efforts to design, market, advertise, and promote the Product, including but not limited to the labeling and packaging of the Product.

34.     Each compositional and presentational change made to the Product labeling/packaging, and its marketing, including those documents generated/dated June 2018 to present that relate to this issue.

35.     Your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging, including the intended, anticipated, and actual implications of, and inferences consumers draw from these decisions, including those documents generated June 2018 to the present that relate to this issue.

36.     Communications with the FDA or other regulatory bodies, whether in other nations or trans-national, which may assert authority over, or possesses expertise, concerning the Product ingredients and the labeling of the Product or substantially similar products, including those documents generated June 2018 to the present that relate to this issue.

37.     During the period June 2018 to present communications concerning the ingredients and the Product labels between you and suppliers and packagers of the Products.

-14-

PLAINTIFFS' RULE 30(b)(6) NOTICE

38.    Your price point for the Product, including but not limited to incentives, discounts, rebates, exchange amounts, as well as retailer data, including those documents generated June 2018 to the present that relate to this issue.

39.    Research and analysis conducted June 2018 to June 2022, concerning the pricing and labeling of similar competitive products including those produced by competitors and/or you, including but not limited to research and analysis of incentives, discounts, rebates, exchange amounts, as well as retailer data.

40.    During the period June 2018 to present, internal communications concerning representations regarding product nutrients, fat content, fat quality, benefits of fat consumption, or health benefits made by Defendant and/or producers of competing products.

41.    During the period June 2018 to present, communications with retailers concerning the sales of competing products.

42.    During the period June 2018 to present, information collected, obtained, or generated related to competitors of the Products including marketing studies and documents received by retailers about the Products' sales performance, including those documents generated June 2018 to the present that relate to this issue.

43.    Internal communications concerning food labels for Products like your Product at issue that are not manufactured, sold, or distributed by You.

44.    Development, decision process and approval of the product's label and packaging, including the use of "EAT GOOD FAT," the fat content, "very best fat one can eat", "Omega 3, 6, 9, Vitamins A, D, E, & K" and "provides sustained energy levels", including those documents generated from the inception of the product to the present that relate to this issue.

-15-

PLAINTIFFS' RULE 30(b)(6) NOTICE

45.    All insurance policies or indemnification agreements that may provide coverage for any of the claims in this action, or that may provide reimbursement for payments made in defense, and Communication concerning coverage relating to this action.

46.    Information, data, and analysis by You to report, describe, summarize, analyze, discuss or comment on competition, or the marketing or sales strategies, market shares or projected market shares, market conditions or the profitability of any competing company in the supply, manufacture, distribution or sale of the Product, including those documents generated June 2018 to the present that relate to this issue.

47.    Sales data for the Product within the states which comprise the putative classes and in the United States showing units sold, cost of units, markup cost and percentage and retail prices of units sold.

48.    Product information and specification sheets for the ingredients used in the Product.

49.    During the time period June 2018 to June 2022, communications, including but not limited to meeting agendas, marketing presentations, meeting minutes, forums, focus groups, and surveys, concerning consumer attention to and/or interpretation of the representations on the product label at issue.

50.    Consumer interpretation of the labels and/or healthy nutrition facts of the Product, including, but not limited to, meeting agendas/minutes, marketing presentations, consumer surveys and focus group studies concerning the Product, including those documents generated June 2018 to the present that relate to this issue.

51.    Consumer comments and/or complaints dated June 2018 to present regarding Defendant's Representations about the Product, the Product's label statements, healthiness,

-16-

PLAINTIFFS' RULE 30(b)(6) NOTICE

and/or fat quality.

52.     The final packaging and labeling of the Product including but not limited to the Representations and the Nutrient Fact Panel during the period June 2018 to present, including those documents generated June 2018 to the present that relate to the label issues.

53.     Texts used for all advertising on radio, the internet (including social media), print, television and any other medium for the Product, including those documents generated June 2018 to the present that relate to this issue.

54.     Consumer surveys or studies conducted during the period June 2018 to June 2022 regarding consumer attention to and/or interpretation of the Product labels, carried out by you or by a third-party on your behalf. Include the name of survey or study and dates they were conducted.

55.     Communications internally and externally with non-profit organizations and trade groups (e.g) regarding the Product's label, type fat and vitamin content, ingredients, health benefits, and "fat quality" representations.

-17-

PLAINTIFFS' RULE 30(b)(6) NOTICE

## CERTIFICATE OF SERVICE

### *Effinger et al. v. Ancient Organics*

### Case No.: CASE NO.  3:22-CV-03596-RS

At the time of service, I was over 18 years of age and not a party to this Action. I am

employed in the county where the mailing took place. My business address is 100 S Commons,

Ste. 102, Pittsburgh, PA 15212.

On the date set forth below, I caused to be served true copies of the following document(s)

described as:

**PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE TO ANCIENT ORGANICS**

to:

Counsel for Ancient Organics

### DAVIS WRIGHT TREMAINE LLP

**Jacob Harper**

*jacobharper@dwt.com*

**James H. Moon**

*jamesmoon@dwt.com*

**Peter Bae**

*peterbae@dwt.com*

I hereby certify that a copy of the foregoing has been duly served upon all counsel of record

via **ELECTRONIC MAIL** on this 22nd day of March, 2024.

**The Keeton Firm LLC**
*/s/ Steffan T. Keeton*
Steffan T. Keeton
Attorney for Plaintiff

-18-

PLAINTIFFS' RULE 30(b)(6) NOTICE

# EXHIBIT J

**First Legal Depositions**

1517 Beverly Boulevard
Los Angeles, CA 90026
Phone: (855)-348-4997



Davis Wright Tremaine - Los Angeles
Peter K. Bae
865 S. Figueroa Street 24th Floor
Los Angeles, CA 90017

*Invoice #107432*

| Date | Terms |
|------|-------|
| 04/04/2024 | Net 30 |

**Job #96321 on 03/28/2024 at 9:00 AM PT**

**Firm Case#:** 3:22-cv-03596-AMO
**Case:** Kelly Effinger and Keefe Stevernu v. Ancient Organics
**Location:** Davis Wright Tremaine - San Francisco
50 California Street, 23rd Floor
San Francisco, CA 94111

**Shipped On:** 04/02/2024
**Shipped Via:** Email Only
**Delivery Type:** Normal
**Services:** Court Reporter with Realtime; Videographer

| Description | Price | Amount |
|-------------|-------|--------|
| **Kelly Effinger** | | |
| Certificate of Non-Appearance | $ 495.00 | $ 495.00 |
| Appearance Fee (Half Day) | $ 125.00 | $ 125.00 |
| In Person Coverage | $ 250.00 | $ 250.00 |
| Exhibit(s) - Electronic (4 Pages) | $ 0.65 | $ 2.60 |
| Processing & Handling | $ 35.00 | $ 35.00 |
| Litigation Package | $ 100.00 | $ 100.00 |
| | | $ 1,007.60 |
| **Other** | | |
| Realtime Cancellation Fee | $ 175.00 | $ 175.00 |
| Video Cancellation Fee | $ 395.00 | $ 395.00 |
| Parking | $ 36.00 | $ 36.00 |
| | | $ 606.00 |

| | | |
|---|---|---|
| Amount Due: | $ 1,613.60 |
| Paid: | $ 0.00 |

| Balance Due: | $ 1,613.60 |
|--------------|-------------|
| Payment Due: | 05/03/2024 |

**We appreciate your business - Where the client comes first!**
**Billing questions?** Please call us at (855) 348-4997  or  email us at depoclientcare@firstlegal.com

**Remit Payment To:  First Legal Deposition Services LLC**
P.O. Box 841441
Dallas, TX  75284-1441

Tax ID: 46-3364757      First Legal Depositions      Phone: 855-348-4997

**First Legal Depositions**

1517 Beverly Boulevard
Los Angeles, CA 90026
Phone: (855)-348-4997



Davis Wright Tremaine - Los Angeles
Peter K. Bae
865 S. Figueroa Street 24th Floor
Los Angeles, CA 90017

*Invoice #107294*

| Date | Terms |
|------|-------|
| 04/05/2024 | Net 30 |

**Job #96320 on 03/27/2024 at 9:00 AM PT**

**Firm Case#:** 3:22-cv-03596-AMO
**Case:** Kelly Effinger and Keefe Stevernu v. Ancient Organics
**Location:** Davis Wright Tremaine - San Francisco
50 California Street, 23rd Floor
San Francisco, CA 94111

**Shipped On:** 03/28/2024
**Shipped Via:** Email Only
**Delivery Type:** Normal
**Services:** Court Reporter with Realtime; Videographer

| Description | Price | Amount |
|-------------|-------|--------|
| **Keefe Stevernu** | | |
| Certificate of Non-Appearance | $ 495.00 | $ 495.00 |
| Appearance Fee (Half Day) | $ 125.00 | $ 125.00 |
| In Person Coverage | $ 250.00 | $ 250.00 |
| Exhibit(s) - Electronic (4 Pages) | $ 0.65 | $ 2.60 |
| Processing & Handling | $ 35.00 | $ 35.00 |
| Litigation Package | $ 100.00 | $ 100.00 |
| | | $ 1,007.60 |
| **Video Services** | | |
| Video Cancellation Fee | $ 395.00 | $ 395.00 |
| Realtime Cancellation Fee | $ 175.00 | $ 175.00 |
| | | $ 570.00 |

| | |
|---|---|
| Amount Due: | $ 1,577.60 |
| Paid: | $ 0.00 |

| | |
|---|---|
| **Balance Due:** | **$ 1,577.60** |
| **Payment Due:** | **05/05/2024** |

**We appreciate your business - Where the client comes first!**
**Billing questions?  Please call us at (855) 348-4997   or   email us at depoclientcare@firstlegal.com**

**Remit Payment To:   First Legal Deposition Services LLC**
**P.O. Box 841441**
**Dallas, TX  75284-1441**

Tax ID: 46-3364757      First Legal Depositions      Phone: 855-348-4997

# EXHIBIT K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Kelly Effinger and Keefe Stevernu, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

Ancient Organics,

Defendant

Case No. 3:22-cv-03596-AMO

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs request that Defendant Ancient Organics produce for inspection and copying, or provide true and correct copies, of the documents, electronically stored information, and tangible things, within thirty (30) days of the service of this request, upon Good Gustafson Aumais LLP, 2330 Westwood Blvd., No. 103, Los Angeles, California 90064, or electronically, to any of the email addresses indicated in the signature block at the end of this document, except where otherwise indicated. Defendant shall also serve upon Plaintiffs the written responses as required by Fed. R. Civ. P. 26 and 34.

1

2                          **DEFINITIONS & INSTRUCTIONS**

3       1.      All definitions and rules of construction in the Local Rules of the United

4    States District Court for the Northern District of California apply.

5       2.      "Communication" as used herein and hereinafter means every manner

6    of written communications, including but not limited to reports, letters, notes,

7    facsimiles, text messages, instant messages, social media postings, and electronic

8    mail, and also means any written memorandum of oral communications.

9       3.      Document. The term "document" is defined to be synonymous in

10   meaning and equal in scope to the usage of the term "documents or electronically

11   stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a

12   separate document within the meaning of this term.

13      4.      Identify (with respect to persons). When referring to a person, "to

14   identify" means to give, to the extent known, the person's full name, present or last

15   known address, and when referring to a natural person, additionally, the present or

16   last known place of employment. Once a person has been identified in accordance

17   with this subparagraph, only the name of that person need be listed in response to

18   subsequent discovery requesting the identification of that person.

19      5.      Identify (with respect to documents). When referring to documents, "to

20   identify" means to give, to the extent known, the (i) type of document; (ii) general

21   subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and

22   recipient(s). In the alternative, the responding party may produce the documents,

23   together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

24      6.      Parties. The terms "plaintiff," "plaintiffs," and "defendant" as well as a

25   party's full or abbreviated name or a pronoun referring to a party mean the party

26   and, where applicable, its officers, directors, employees, partners, corporate parent,

27   subsidiaries or affiliates. This definition is not intended to impose a discovery

28   obligation on any person who is not a party to the litigation.

7.      Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.      Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9.      The following rules of construction apply to all discovery requests:

1.  All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.  And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  Number. The use of the singular form of any word includes the plural and vice versa.

10.      Each Request for Production should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

11.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of four years prior to the date of filing the complaint to the present.

12.      The term "Action" means the above-entitled legal action.

13.      "You," "your," or "yourself" as used herein and hereinafter means Defendant including any of its present or former employees, agents or representatives, including consultants or experts. The documents requested herein

3

shall include those in Defendant's possession, custody or control as well as all documents in the possession, custody or control of Defendant's past and present agents, employees, accountants, financial or tax advisors, or any other persons and/or entities purporting to act on Defendant's behalf.

14. "Plaintiffs" shall refer to the Plaintiffs listed in the above case caption.

15. The terms "you," "yours," or "Defendant" refers to Ancient Organics.

16. The term "Relevant Time Period" means from June 17, 2018 to the present.

17. The term "Product" or "Products" means the refers to the Ancient Organics products identified in Paragraph 33 of the Complaint.

18. "Litigation" refers to the case filed by Plaintiffs against Defendant on June 17, 2022.

19. "Complaint" refers to the Second Amended Class Action Complaint filed by Plaintiffs in this Litigation on March 24, 2023 at the above captioned case number.

20. If you object based on attorney-client privilege or privilege for materials prepared in anticipation of litigation or for trial, provide sufficient information (i) to permit the allegedly privileged information to be identified in a motion to compel, and (ii) to explain the basis for the claim of privilege.

21. Where there are no responsive documents or information, state this in writing.

22. Where a Request for Production asks you to "state the basis" of a claim, allegation, or defense, provide a substantial summary of the factual basis supporting the claim, allegation, or defense. The summary shall (a) identify the essential acts or failures to act forming the substance of the claim, allegation, or defense, (b) identify the persons and entities that, through firsthand information or possession of documents, are the sources of your information regarding the claim, allegation, or

4

defense, and (c) when one or more documents is the basis of the claim, identify each such document.

23.     As to any information requested but withheld on a claim of privilege, state: the date of the information; the subject matter of the information; the identity of all persons who have knowledge of the information; the identity of all persons to whom the information was imparted or have had disclosed to them the information in any form; if the information is contained in any document, the title of the document, the date of the document, and the identities of the drafters, recipients and/or possessors of the document; and sufficient information regarding the grounds for withholding the documents to explain the claim of privilege.

1
2

**REQUESTS FOR PRODUCTION**

3      **Request 1.**    Defendant's five most recent filed income tax returns with the
4  Internal Revenue Service.

5      **Request 2.**     Defendant's five most recent filed income tax returns with the
6  state taxing authorities for California.
7

8      **Request 3.**    Defendant's current balance sheet.

9      **Request 4.**    The application for Defendant's PPP Loan that was approved on
10  April 7, 2020 through City National Bank.

11      **Request 5.**    Documents sufficient to identify the current owners of Defendant.
12
       **Request 6.**    All Communications with suppliers and vendors, including but
13
  not limited to "Hunter," related to the use of "Land o Lakes" butter as an ingredient
14
  in the Product.
15

16      **Request 7.**    All Communications with suppliers and vendors, including but
17  not limited to "Straus," related to the use of "Straus" or "Straus Future" butter as an
18  ingredient in the Product.
19

20      **Request 8.**    All Communications and Documents related to the claim on the
21  Product's label that it is from "grass-fed" cows.

22      **Request 9.**    All Communications and Documents related to the claim on the
23  Product's label that it is from "pastured" cows.
24
       **Request 10.**   All Communications and Documents related to the claim on the
25
  Product's label that it is "organic" or "100% organic."
26

27

28

**Request 11.**  All Communications and Documents with Whole Foods or Amazon related to obtaining approval from Whole Foods or Amazon to sell the Product in Whole Foods physical stores.

**Request 12.**  All Communications and Documents with Costco related to obtaining approval from Costco to sell the Product in Costco physical stores.

**Request 13.**  All Communications and Documents with Wegmans related to obtaining approval from Wegmans to sell the Product in Costco physical stores.

**Request 14.**  All Communications within the Ancient Organics company or with any non-privileged third party related to the use of "Land o Lakes" butter as an ingredient in the Product.

Dated: March 27, 2024

**The Keeton Firm LLC**
/s/ *Steffan T. Keeton*
Steffan T. Keeton (*pro hac vice*)
100 S. Commons, Ste. 102
Pittsburgh, PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

*Counsel for Plaintiff and the Proposed Class*

7

1

2

## **CERTIFICATE OF SERVICE**

3      I hereby certify that on this 27th day of March, 2024, a true and correct copy of

4   **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** was sent to

5   counsel of record via email as follows:

6

7                          **DAVIS WRIGHT TREMAINE LLP**
                               Jacob Harper
8                           *jacobharper@dwt.com*
                               James H. Moon
9                           *jamesmoon@dwt.com*
                                Peter Bae
10                          *peterbae@dwt.com*

11

12                                                */s/ Steffan T. Keeton*
                                                    Steffan T. Keeton
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT L



865 South Figueroa Street
Suite 2400
Los Angeles, CA  90017-2566

James H. Moon
213.633.6819 tel
213.633.6899 fax

jamesmoon@dwt.com

March 28, 2024

*Via Email*

Steffan T. Keeton
stkeeton@keetonfirm.com
The Keeton Firm LLC
100 S Commons, Ste. 102
Pittsburgh, PA 15212

      **Re:**    **Objections to Plaintiffs' Deposition Notice and Requests**

Counsel,

      On behalf of Ancient Organics, we write in response to Plaintiffs Kelly Effinger's and Keefe Stevernu's (Plaintiffs) Rule 30(b)(6) Deposition Notice (Notice).  Plaintiffs served the Notice upon Ancient Organics on March 22, 2024, and unilaterally noticed the deposition for seven days later on March 29, 2024.  Ancient Organics objects to the Notice because it (1) is untimely, (2) fails to provide reasonable or proper notice, and (3) contains unduly overbroad and burdensome deposition topics.

      *First*, Plaintiffs failed to timely notice the deposition.  "Unless otherwise ordered, as used in any order of [the U.S. District Court for the Northern District of California] or in these Local Rules, a 'discovery cut-off' is the date … by which all depositions must be concluded."  N.D. Cal. L.R. 37-3.  "Counsel should … notice depositions sufficiently in advance of the cut-off date to comply with this local rule."  Commentary to N.D. Cal. L.R. 37-3.  Judge Martínez-Olguín's Standing Order goes even further, stating "***[n]otices of depositions must be given at least 30 days prior to the close of fact discovery.***"  (Standing Order, ¶ I.6 (emphasis added).)  As you know, Judge Martínez-Olguín set the "Class Certification Close of Fact Discovery" deadline as "4/1/2024."  (Order, ECF No. 49.)  Plaintiffs were required to provide "at least 30 days" of notice "prior to the close of fact discovery," i.e., on or before March 1, 2024, but missed their deadline to do so by three weeks.  Plaintiffs' Notice is untimely.

      *Second*, Plaintiffs failed to provide "reasonable written notice" as required under Federal Rule of Civil Procedure 30(b)(1).  "[C]ourts often consider ten days to be a minimum standard of reasonableness."  *Bresk v. Unimerica Ins. Co.*, 2017 WL 10439831, at *7 (C.D. Cal. Nov. 16, 2017) (collecting cases); *see also, e.g.*, *Holloway v. 3M Co.*, 2019 WL 7172600, at *24 (C.D. Cal. Oct. 31, 2019) ("[N]ine days' notice … not reasonable for a Rule 30(b)(6) deposition seeking 33 matters for examination regarding the entire putative class."); *Kearns v.*

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

March 28, 2024
Steffan T. Keeton
Page 2

*Loandepot.com, LLC*, 2024 WL 248575, at *4 (C.D. Cal. Jan. 11, 2024) ("Fewer than eight days' notice has been found unreasonable.") (collecting cases); *Tyler v. City of San Diego*, 2015 WL 1956434, at *2 (S.D. Cal. Apr. 29, 2015) ("Seven days is insufficient notice").   Plaintiffs failed to provide reasonable written notice.  The purported notice is also defective on its face as it does not indicate the time or location of the deposition and purports to require the deposition to "continue day-to day [sic] until the examination is completed."

      *Third*, Plaintiffs' Notice contains overly broad and unduly burdensome deposition topics.  "While a corporation must make a good faith effort to prepare a 30(b)(6) witness … that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand. … Accordingly, courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *DarbeeVision, Inc. v. C&A Mktg., Inc.*, 2019 WL 2902697, at *8 (C.D. Cal. Jan. 28, 2019).  Indeed, courts have denied plaintiffs' motion to compel Rule 30(b)(6) depositions because their deposition "notice," with just "twenty topics set out over nearly ten pages," was deemed "too complex, vague and burdensome." *Peck v. Cnty. of Orange*, 2020 WL 3026377, at *2 (C.D. Cal. May 11, 2020) (collecting cases).  Plaintiffs' 18-page Notice, with 55 matters for examination, is substantively deficient given that they seek all manner of information irrelevant and disproportionate to the needs of a motion for class certification and appear intended to unduly burden Ancient Organics.

      In addition, we received Plaintiffs' March 20, 2024, letter requesting dates for depositions of Matteo Girard Maxon, Peter Malakoff, and Morgyne LeCount.  For the same reasons discussed above, Ancient Organics objects to Plaintiffs' untimely and improper deposition requests.  In addition, Mr. Malakoff and Ms. LeCount are not current officers, directors, or managing agents of Ancient Organics subject to deposition by notice to Ancient Organics. *See, e.g.*, *In re Transpacific Passenger Air Trans. Antitrust Litig.*, 2013 WL 6730165, at *3 (N.D. Cal. Dec. 20, 2013) (plaintiff failed to meet its burden to establish deponent was a managing agent); *Bella+Canvas, LLC v. Fountain Set Limited*, 2022 WL 3697358, at *8 (C.D. Cal. June 29, 2022) (same).

      In sum, Ancient Organics objects to Plaintiffs' Rule 30(b)(6) Notice as it is both procedurally and substantively deficient.  Please contact me if you would like to discuss further.

      Truly yours,

      James H. Moon
      Davis Wright Tremaine LLP

cc:    Jacob M. Harper
      Peter K. Bae