**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiffs Have Good Cause to Extend Discovery Deadlines. ..................... 2

        1. The Timing of Motion Demonstrates Plaintiffs' Diligence in the Face of Defendant's Bad Faith Tactics. ................................ 3

        2. Aspects of Discovery Had Been Delayed by Agreement. ............... 4

    B. Plaintiffs Are Prejudiced by Defendant's Tactics. ........................................ 5

    C. Defendant is not prejudiced by Amendment. ............................................... 5

III. CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES
### CASES

*Dawani's Aekyung Co. v. Intra & Co.*,

   No. 99 CIV. 11773 (LMM), 2005 WL 1845088 (S.D.N.Y. Aug. 3, 2005) ....................5

*Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*,

   105 F.3d 521 (9th Cir. 1997) ...............................................................................4

## I. INTRODUCTION

From the start of the discovery process, Plaintiffs' counsel had worked with defense counsel to push the case forward with civility and professional courtesy. When the defense needed some additional time – within reason – Plaintiffs' counsel agreed and worked diligently to move this case forward. Like all cases, there were times when more force was needed (*See, e.g.,* Exhibit 4), and those efforts *seemed* to continue to push the case forward with mutual respect and significant progress. As part of this process, counsel for both parties structured discovery to be streamlined heading towards mediation with one of the best mediators in the country. This was done to keep costly discovery efforts at bay unless mediation failed with the understanding that an extension of discovery would be needed if an agreement could not be achieved at the mediation. However, when Defendant failed to participate in good faith at the mediation and later declined to consent to the previous agreement, Plaintiffs needed intervention from the Court.

With the sudden surprise in the eleventh hour that defense counsel was no longer following the previously agreed-upon path, Plaintiffs swiftly filed the Motion albeit with a few errors. The original motion was filed with a good faith effort to comply with the rules prior to the expiration of the deadlines. Certain issues with the motion are to its form, but Plaintiffs have complied with the substance required in the Motion. To the extent that any deficiencies with its content existed, the attached Declaration ("Keeton Dec.") hereto satisfies those the formal requirements.[1] Plaintiffs' counsel have diligently pushed this case forward, have good cause to extend the

---

[1] Any annoyance, concern, delay, or harm caused to the Court and opposing counsel was unintentional, and Plaintiffs' counsel apologizes to both the Court and opposing counsel.

– 1 –

deadlines, and would be unfairly prejudiced if Defendant was allowed to benefit from its bad faith tactics.

## II. ARGUMENT

### A. Plaintiffs Have Good Cause to Extend Discovery Deadlines.

Plaintiffs have been diligently pursuing this action in the face of Defendant's "bait and switch" tactics throughout this case. Defendant claimed that it wanted to phase-in discovery with a focus on mediation, delay the expensive aspects of discovery until after mediation, and on numerous occasions extensions were discussed if mediation failed to resolve. Keeton Dec., ¶5. Then, at mediation, Defendant failed to participate in good faith, and after the mediation fell apart, continued to be deficient in its produced discovery, and then declined to consent to any of the previously discussed extensions. *See, e.g.,* Keeton Dec., ¶12; Exhibit 9.

At each stage of discovery, Plaintiffs attempted to work with defense counsel throughout the litigation by giving Defendant extension after extension[2] and conducted multiple Zoom and telephonic meet and confer sessions. Keeton Dec., ¶14. Moreover, Plaintiffs worked with Defendant to expedite delivery of documents and streamline discovery because Defendant wanted to structure discovery without expensive efforts like experts and depositions until only after mediation, and counsel had agreed that extension of discovery was the likely outcome. Keeton Dec., ¶20. Simply put, Defendant's statement that "[a]t no point prior to the mediation did Plaintiffs ever suggest the schedule was unworkable for any reason" is not true.

---

[2] *See, e.g.,* Exhibits 1 and 2.

– 2 –

Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Change Time
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

### 1. The Timing of Motion Demonstrates Plaintiffs' Diligence in the Face of Defendant's Bad Faith Tactics.

Plaintiffs' counsel has been diligently pursuing this action, and only when it was confirmed in late March 2024 that Defendant was not acting in good faith did Plaintiffs seek relief from the Court.

Based on numerous telephonic and Zoom meetings, Plaintiffs' counsel did not expect that intervention by the Court to extend the deadlines would be needed. In fact, had Defendant complied with discovery requests and not made numerous attempts to extend and delay the proceedings, no extension would have been necessary. Simply put, based on defense counsel's representations, it was the understanding that specific discovery would be streamlined with the more costly aspects being reserved until later so that a productive mediation would avoid those costs for all parties; in the event that mediation failed to end in a negotiated settlement, there was a strong likelihood that the parties would need additional time to complete discovery. Keeton Dec., ¶19.

Aspects of this joint understanding are shown with PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION that was served on March 27, 2024.[3] These requests were in response to information revealed by Defendant for the first time on March 26, 2024 in a single produced document. Keeton Dec., ¶¶ 26, 42. In other words, if Defendant is to be believed (that no extensions have been discussed, contemplated, or previously agreed), then they purposefully delivered material documents in the eleventh hour so that no further discovery could be pursued of the information contained therein.

---

[3] Dkt. No. 57-1, Defendant's Exhibit K at pp. 62-69.

– 3 –

## 2. Aspects of Discovery Had Been Delayed by Agreement.

Throughout this litigation, Defendant has sought numerous extensions and to delay discovery. *See, e.g.*, Exhibits 1 and 2. Plaintiffs' counsel has accommodated many of these requests because defense counsel routinely stated that its goal was to have a productive mediation session without incurring high, unnecessary costs for their client. Keeton Dec., ¶16. With that goal in mind, Plaintiffs' counsel was shocked at Defendant's "bait and switch" during the mediation with Judge Welsh[4] and its later refusal to consent-to the previously discussed discovery extensions that had been arranged to accommodate the Defendant.

Plaintiffs delayed to notice the depositions because Defendant had indicated that it wanted to delay more cost intensive aspects of discovery until after we had completed the mediation. Keeton Dec., ¶19. Intensive aspects of discovery like depositions and expert discovery were part of the parties mutual effort to not incur unnecessary costs. Moreover, Plaintiffs written discovery shows diligence. When objections have been raised by Defendant, Plaintiffs' counsel tried to respond immediately.[5] Throughout this litigation, Plaintiffs' counsel worked together with defense counsel on a common, agreed-upon path, and now, it suddenly shifts away. It is uncertain if this was by design, or just exploiting an opportunity that revealed itself. Whether it is a grand plan or a last second "gotcha," these bad faith actions should not be rewarded by the Court.

---

[4] (Ret.) United States Magistrate Judge for the Eastern District of Pennsylvania.
[5] *See, e.g.*, Dkt. No. 57-1 at 33-34 (example showing Defendant's concerns about discovery being responded to the same day).

– 4 –

### B. Plaintiffs Are Prejudiced by Defendant's Tactics.

Plaintiffs have been prejudiced by Defendant's delay tactics throughout the course of this litigation. Without Defendant's delays and "bait and switch" agreements, the deadlines would have been sufficient.

Denying Plaintiffs' request for an extension of time – despite diligent efforts – would merely serve to benefit actors that have been acting in bad faith.

### C. Defendant is not prejudiced by Amendment.

As described throughout, Defendant's actions are by its own design. Any prejudice is self-inflicted. If Defendant's actions were rewarded by the Court, Defendant would benefit by delaying, minimally participating in discovery, and failing to participate in good faith in the mediation with one of the top mediators in the country. Restricting these illicit gains is not prejudice.

Defendant has put forth minimal efforts in discovery. Keeton Dec., ¶10; Exhibit 8. For many requests, Defendant maintains that it has no communications or documents even where it would be impossible or improbable for Defendant to not possess a single document. For example, despite altering the serving size during the Class Period in violation of FDA regulations[6] to bypass disclosure requirements, Defendant claims that it "has no documents regarding the decision to change the serving size of its ghee products from one tablespoon to one teaspoon." Exhibit 12 (AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6). To date, Defendant has produced fewer than fifty documents and refused to provide privilege logs. Keeton Dec., ¶¶ 10, 22; Exhibit 4, p. 5 ("Plaintiffs request that Defendant –

---

[6] 21 C.F.R. § 101.12 (reference amount customarily consumed for butter is 1 tbsp).

– 5 –

Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Change Time
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

within ten days - supplement its responses and objections to the RFPs to indicate whether any documents are being withheld on the basis of privilege, and if so, provide a privilege log identifying the withheld documents and basis of claimed privilege.").

To the extent that Defendant claims that it was harmed by notice that Plaintiffs were unable to attend the depositions one week before the planned date, that argument fails to persuade. One week's notice is sufficient to inform opposing party of unavailability. *See*, *e.g.*, *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 522 (9th Cir. 1997); *Dawani's Aekyung Co. v. Intra & Co.*, No. 99 CIV. 11773 (LMM), 2005 WL 1845088, at *3 (S.D.N.Y. Aug. 3, 2005). Further, Defendant served deposition notices without any prior discussion with Plaintiffs' counsel concerning availability and set them during the week of a major holiday in the United States. Subsequently, Defendant never inquired about any other dates, and instead, opposed the request for extension of time where, for the first time, it raised any interest in new dates for the depositions.

Additionally, the mediation was a façade. Defendant did not participate in good faith and caused great expense – in both time and money – to Plaintiffs. Any harm or prejudice caused to Defendant has originated from Defendant's own actions.

### III. CONCLUSION

Plaintiff respectfully asks that the Court grant Plaintiffs' request to extend the deadlines so that this meritorious case is not irreparably damaged by Defendant's bad faith tactics.

– 6 –

Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Change Time
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

Dated: April 17, 2024

Respectfully submitted,

THE KEETON FIRM LLC
/s/ Steffan T. Keeton
Steffan T. Keeton, Esq.*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2024, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton, Esq.
