1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5

6   KELLY   EFFINGER   and   KEEFE        CASE NO. 3:22-cv-03596-AMO
    STEVERNU,  individually,   and  on
7   behalf of those similarly situated,    **DECLARATION OF STEFFAN T.
                                            KEETON IN SUPPORT OF
8                    Plaintiffs,            PLAINTIFFS' REPLY TO
                                            DEFENDANT'S OPPOSITION TO
9                                           PLAINTIFFS' MOTION TO
        v.                                  CHANGE TIME**
10
    ANCIENT ORGANICS,
11
                     Defendant.
12
                                            **[PLAINTIFFS' REPLY TO
13                                          DEFENDANT'S OPPOSITION TO
                                            PLAINTIFFS' MOTION TO CHANGE
14                                          TIME FILED CONCURRENTLY]**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF STEFFAN T. KEETON

I, Steffan T. Keeton, declare:

1. I am an attorney with The Keeton Firm LLC. I represent Plaintiffs in the above captioned matter. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2. I make this declaration in support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Change Time.

3. On March 14, 2024, I participated in the private mediation session before the Hon. Diane M. Welsh (Ret.) of JAMS.

4. In preparation of the mediation, the Parties agreed to accelerate certain aspects of discovery while reserving other sections to be completed at a later date.

5. Defendant claimed that it wanted to phase-in discovery with a focus on mediation, delay the expensive aspects of discovery until after mediation, and on numerous occasions extensions were discussed if mediation failed to resolve.

6. Specifically, the Plaintiffs requested that sales figures and product labels be prioritized for production by February 1, 2024.

7. Further, Documents responsive to other requests for production were to be delivered by February 9, 2024.

8. Defendant did not meet this deadline for the later documents.

9. A production of documents was ultimately delivered on February 14, 2024.

10. The production consisted of approximately 20 documents, and in combination with the prior production less than 50 total documents have been produced.

11. While disappointed with Defendant's efforts to this point, the joint preparation for the mediation was progressing towards the March 14, 2024 session, and Plaintiffs were hopeful that the delays and lack of depth of the production were caused by Defendant's energy being focused on the upcoming mediation.

12. However, the mediation session was not productive and ultimately ended without resolution because Defendant failed to participate in good faith during the session.

13. Plaintiffs' efforts to obtain additional documents have been delayed by Defendant and not successful to this point.

14. From January 2024 through March 2024, Plaintiffs' counsel had numerous telephonic and Zoom meetings with Peter Bae and James Moon.

15. Prior to the case management conference with the Court on April 4, 2024, I had never met or spoken with Jacob M. Harper.

16. In many of these meetings, Defendant's counsel indicated that its goal was to have a productive mediation session without incurring high, unnecessary costs for their client.

17. Plaintiffs delayed to notice the depositions because Defendant had indicated that it wanted to delay more cost intensive aspects of discovery until after we had completed the mediation.

18. Intensive aspects of discovery like depositions and expert discovery were part of the parties mutual effort to not incur unnecessary costs.

19. Based on defense counsel's representations, it was the understanding that specific discovery would be streamlined with the more costly aspects being reserved until later so that a productive mediation would avoid those costs for all parties; in the event that the mediation failed to end in a negotiated settlement, there was a strong likelihood that the parties would need additional time to complete discovery.

20. Plaintiffs worked with Defendant to expedite delivery of documents and streamline discovery because Defendant wanted to structure discovery without expensive efforts like experts and depositions until only after mediation and counsel had orally agreed that extension of discovery was the likely outcome.

21. On numerous occasions, counsel for both parties discussed that the schedule may become unworkable if mediation was not successful.

22. Despite requests from Plaintiffs, Defendant has declined to provide a privilege log.

23. Knowing that discovery has been significantly delayed, Plaintiffs have made significant efforts – for weeks preceding this request – to communicate with Defendant and jointly stipulate to adjusting the discovery deadlines.

24. Plaintiffs have made a good faith attempt to seek Defendant's consent or cooperation in this Motion to extend deadlines. But, Defendant has declined to respond to these efforts.

25. Discovery efforts were continuing until the deadline paused the progress. Plaintiffs have requested the depositions of Defendant under Rule 30(b)(6) and Defendant's employees including Matteo Girard Maxon, Peter Malakoff, and

Morgyne LeCount. Additionally, dates for Plaintiff Effinger's deposition are being coordinated.

26. On March 26, 2024, Defendant's produced a single additional document that revealed additional, pivotal information that necessitated Plaintiffs to make additional requests for production.

27. On March 27, 2024, Plaintiff made these additional requests for production.

28. The Motion was made within the current class discovery period and was the first and only request made by Plaintiffs for an extension of deadlines.

29. The extension will not prejudice Defendant.

30. If the extension is not granted by the Court, Plaintiffs would be substantially prejudiced by not obtaining necessary evidence for the forthcoming class certification motion.

31. Attached as **Exhibit 1** is a true and correct copy of an email chain between myself and defense counsel from August 25, 2023 through September 18, 2023.

32. Attached as **Exhibit 2** is a true and correct copy of an email chain between myself and defense counsel on October 23, 2023.

33. Attached as **Exhibit 3** is a true and correct copy of an email chain between myself and defense counsel from December 1, 2023 through December 5, 2023.

34. Attached as **Exhibit 4** is a true and correct copy of an email from myself to defense counsel from December 19, 2023 which included an attachment of a letter outlining Defendant's deviancies in response to Plaintiffs' First Set of RFPs and RFAs.

35. Attached as **Exhibit 5** is a true and correct copy of an email chain between

myself and defense counsel from December 19, 2023 through January 5, 2024.

36. Attached as **Exhibit 6** is a true and correct copy of an email chain between myself and defense counsel from January 16, 2024 through January 18, 2024.

37. Attached as **Exhibit 7** is a true and correct copy of an email chain between myself and defense counsel from February 13, 2024 through February 14, 2024.

38. Attached as **Exhibit 7** is a true and correct copy of an email between myself and defense counsel from February 14, 2024.

39. Attached as **Exhibit 8** is a true and correct copy of an email between myself and defense counsel from February 27, 2024.

40. Attached as **Exhibit 9** is a true and correct copy of an email from myself to defense counsel from March 20, 2024 which included an attachment of a letter.

41. Attached as **Exhibit 10** is a true and correct copy of an email from myself to defense counsel from March 25, 2024 which included an attachment of a letter.

42. Attached as **Exhibit 11** is a true and correct copy of an email from defense counsel to myself from March 26, 2024 which delivered a single document as a supplemental production.

43. Attached as **Exhibit 12** is a true and correct copy of DEFENDANT'S AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION served on March 27, 2024.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of April, 2024 at Pittsburgh, Pennsylvania.

/s/ Steffan T. Keeton

Steffan T. Keeton

Keeton Declaration ISO Plaintiffs' Reply
*Effinger, et al v. Ancient Organics*, No. 3:22-cv-03596-AMO

EXHIBIT 1

**From:** Bae, Peter  PeterBae@dwt.com
**Subject:** RE: Effinger v. Ancient Organics - Plaintiff's First Set of RFAs and RFPs
**Date:** September 18, 2023 at 5:48 PM
**To:** stk@keetonfirm.com
**Cc:** Moon, James  JamesMoon@dwt.com,  Harper, Jacob  JHarper@dwt.com,  Whitten, Caleah  CaleahWhitten@dwt.com,
Ryan Gustafson  jrg@ggallp.com,  Christina Kim  cwk@ggallp.com

Thank you.

**Peter Bae**
**Associate,** Davis Wright Tremaine LLP

**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

**DWT.COM**

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Monday, September 18, 2023 2:48 PM
**To:** Bae, Peter <PeterBae@dwt.com>
**Cc:** Moon, James <JamesMoon@dwt.com>; Harper, Jacob <JHarper@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>; Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>
**Subject:** Re: Effinger v. Ancient Organics - Plaintiff's First Set of RFAs and RFPs

[EXTERNAL]

Hi Peter,

That works on our end.

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

On Sep 18, 2023, at 5:38 PM, Bae, Peter <PeterBae@dwt.com> wrote:

Counsel,

Ancient Organics requests its first extension of time (to October 25) to respond to Plaintiff's First Set of RFAs and RFPs.  Please let us know if that works.  Thanks.

**Peter Bae**
**Associate,** Davis Wright Tremaine LLP

**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

**DWT.COM**

---

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Friday, August 25, 2023 10:49 AM
**To:** Bae, Peter <PeterBae@dwt.com>; Moon, James
<JamesMoon@dwt.com>; Harper, Jacob <JHarper@dwt.com>
**Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>
**Subject:** Effinger v. Ancient Organics - Plaintiff's First Set of RFAs and RFPs

---

**[EXTERNAL]**

Hi Peter,

Please find attached Plaintiff's First Set of RFAs and RFPs in the above captioned matter.

Best,

Steffan



Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person. Non-compliance may violate state and Federal privacy laws.

EXHIBIT 2

**From:** Bae, Peter PeterBae@dwt.com
**Subject:** RE: Effinger v. Ancient Organics - Plaintiff's First Set of RFAs and RFPs
**Date:** October 23, 2023 at 9:06 PM
**To:** Steffan Keeton stk@keetonfirm.com
**Cc:** Moon, James JamesMoon@dwt.com, Harper, Jacob JHarper@dwt.com, Whitten, Caleah CaleahWhitten@dwt.com,
Ryan Gustafson jrg@ggallp.com, Christina Kim cwk@ggallp.com

PB

Thanks Steffan.

**Peter Bae**
**Associate,** Davis Wright Tremaine LLP

**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

**DWT.COM**

---

**From:** Steffan Keeton <stk@keetonfirm.com>
**Sent:** Monday, October 23, 2023 6:00 PM
**To:** Bae, Peter <PeterBae@dwt.com>
**Cc:** Moon, James <JamesMoon@dwt.com>; Harper, Jacob <JHarper@dwt.com>; Whitten,
Caleah <CaleahWhitten@dwt.com>; Ryan Gustafson <jrg@ggallp.com>; Christina Kim
<cwk@ggallp.com>
**Subject:** Re: Effinger v. Ancient Organics - Plaintiff's First Set of RFAs and RFPs

[EXTERNAL]

---

No problem Peter

> On Oct 23, 2023, at 7:41 PM, Bae, Peter <PeterBae@dwt.com> wrote:
>
> Counsel,
>
> Hope all is well.  We would appreciate a modest, second extension of time to
> next Friday (Nov. 3) to respond to Plaintiff's First Set of RFAs and RFPs.
> Please let us know if that works.  Thanks.
>
> <image001.png>**Peter Bae**
> **Associate |** Davis Wright Tremaine LLP
> **P** 213.633.8626  **E** peterbae@dwt.com
> **A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
>
> <image003.png>
> **DWT.COM**   <image005.png>

EXHIBIT 3

From: **Steffan Keeton** stk@keetonfirm.com
Subject: **Re: Effinger v. Ancient Organics - CMC**
Date: **December 5, 2023 at 2:26 PM**
To: **Bae, Peter** PeterBae@dwt.com
Cc: **Ryan Gustafson** jrg@ggallp.com, **Christina Kim** cwk@ggallp.com, **Harper, Jacob** JHarper@dwt.com, **Moon, James** JamesMoon@dwt.com, **Whitten, Caleah** CaleahWhitten@dwt.com

Thank you Peter

> On Dec 5, 2023, at 9:23AM, Bae, Peter <PeterBae@dwt.com> wrote:
>
> Thanks, will do.
>
> **Peter Bae**  He/Him/His
> **Associate,** Davis Wright Tremaine LLP
>
> **P** 213.633.8626  **E** peterbae@dwt.com
> **A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
> **DWT.COM**
>
> ---
>
> **From:** stk@keetonfirm.com <stk@keetonfirm.com>
> **Sent:** Tuesday, December 5, 2023 11:16 AM
> **To:** Bae, Peter <PeterBae@dwt.com>
> **Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>; Harper, Jacob <JHarper@dwt.com>; Moon, James <JamesMoon@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>
> **Subject:** Re: Effinger v. Ancient Organics - CMC
>
> [EXTERNAL]
>
> Thanks Peter. Both look  good on our end. Could you please add Ryan's e-signature - "/s/ J. Ryan Gustafson" - and file?
>
> Thank you,
>
> Steffan
>
>
> Steffan T. Keeton
>
> The Keeton Firm LLC
> 100 South Commons
> Suite 102
> Pittsburgh, PA 15212
> 1-888-412-LAW1
> stk@keetonfirm.com
>
>
> This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.
>
>
>> On Dec 5, 2023, at 12:38 PM, Bae, Peter <PeterBae@dwt.com> wrote:
>>
>> Counsel,
>>
>> Please see attached.  Let us know if the Joint Request is good to file with your /s/.
>>
>> **Peter Bae**
>> **Associate,** Davis Wright Tremaine LLP
>>
>> **P** 213.633.8626  **E** peterbae@dwt.com

A 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
DWT.COM

---

**From:** Steffan Keeton <stk@keetonfirm.com>
**Sent:** Tuesday, December 5, 2023 9:23 AM
**To:** Moon, James <JamesMoon@dwt.com>
**Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>; Harper, Jacob <JHarper@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>; Bae, Peter <PeterBae@dwt.com>
**Subject:** Re: Effinger v. Ancient Organics - CMC

[EXTERNAL]

---

Thank you. We also need to get the remote hearing request filed today. The Judge requires it be made at least one week prior to conference/hearing.

Best,

Steffan

> On Dec 5, 2023, at 7:16 AM, Moon, James <JamesMoon@dwt.com> wrote:
>
> Yes, we will get back to you in short order if we have any edits.

**James Moon**  He/Him/His
**Partner,** Davis Wright Tremaine LLP

P 213.633.6819  C 626.825.6528  E jamesmoon@dwt.com
A 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
DWT.COM

---

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Tuesday, December 5, 2023 7:57 AM
**To:** Bae, Peter <PeterBae@dwt.com>
**Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>; Harper, Jacob <JHarper@dwt.com>; Moon, James <JamesMoon@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>
**Subject:** Re: Effinger v. Ancient Organics - CMC

[EXTERNAL]

---

Reminder: Judge MARTÍNEZ-OLGUÍN requires that we file this by noon today.

Please let us know your thoughts on the draft.

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its

system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

On Dec 4, 2023, at 5:27 AM, stk@keetonfirm.com wrote:

Thanks Peter. Please find attached the draft of the Joint CMS.

There's a few tweaks from the one we filed back on May 31, 2023, but I tried to generally use most of the content from the prior CMS. Given the time gap between the two CMS and the start of discovery, there's likely some points that we need to discuss before finalizing so please let me know your thoughts on the proposals.

<2023-12-04 - Effinger v. Ancient Organics CMS.docx>

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

On Dec 1, 2023, at 5:54 PM, Bae, Peter <PeterBae@dwt.com> wrote:

Thanks Steffan.  Have a nice weekend.

**Peter Bae**
**Associate,** Davis Wright Tremaine LLP

**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

**From:** Steffan Keeton <stk@keetonfirm.com>
**Sent:** Friday, December 1, 2023 12:32 PM
**To:** Bae, Peter <PeterBae@dwt.com>
**Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>; Harper, Jacob <JHarper@dwt.com>; Moon, James <JamesMoon@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>
**Subject:** Re: Effinger v. Ancient Organics - CMC

[EXTERNAL]

[EXTERNAL]

Hi Peter,

Remote works. On CMS front, I'll circulate draft and have in hands Monday to review.

Best,

Steffan

On Dec 1, 2023, at 8:29 AM, Bae, Peter <PeterBae@dwt.com> wrote:

Counsel,

The parties' initial case management conference in the above-referenced matter is set for December 12. Ancient Organics would like to participate in the conference remotely. Could you please advise by **noon PT Monday (December 4)** whether you agree to participate remotely as well?

In addition, please let us know if you will be circulating a case management statement for review and, if so, when we can expect to see a draft.

Thanks.

<image001.png>**Peter Bae**
**Associate |** Davis Wright Tremaine LLP
**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

**DWT.COM**    <image003.png>

<image005.png>

<2023-12-04 - Effinger v. Ancient Organics CMS (DWT).docx><Effinger v. Ancient Organics - Joint Request to Appear via Zoom at CMC.docx>

EXHIBIT 4

**From:** stk@keetonfirm.com
**Subject:** Effinger v. Ancient Organics - Defendant's Responses to Plaintiffs' First Set of RFPs and RFAs
**Date:** December 19, 2023 at 6:35 AM
**To:** Harper, Jacob JHarper@dwt.com
**Cc:** Ryan Gustafson jrg@ggallp.com, Christina Kim cwk@ggallp.com, Bae, Peter peterbae@dwt.com, Moon, James JamesMoon@dwt.com, Whitten, Caleah CaleahWhitten@dwt.com

Counsel,

Please find attached a correspondence in the above referenced matter.

Steffan

> **20231219 - Ancient Organics Deficiency Letter.pdf** 

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Non-compliance may violate state and Federal privacy laws.

THE KEETON FIRM LLC

Jacob M. Harper, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Flr
Los Angeles, CA 90017-2566


December 19, 2023

**Via: E-Mail**

RE:  *Effinger v. Ancient Organics*, 3:22-cv-03596-AMO,
     Deficiencies in Defendant's Responses and Objections to Plaintiffs' First Set of
     RFPs and RFAs


Jacob,

We write on behalf of the Plaintiffs to address discovery deficiencies in Defendant's
responses and objections to his requests for production (RFPs) and requests for
admission (RFAs) delivered on November 3, 2023. In the responses, Defendant
makes numerous illegitimate objections which render the responses deficient. To
remedy these deficiencies, Plaintiffs request Defendant's participation in a meet
and confer session within 10 days of this letter. Each section below discusses
specific deficiencies present in Defendant's responses.


   I.    <u>Date of Document Production</u>
All of the responses are deficient because they fail to provide a date certain for the
production. Consistent with Rule 34, Defendant is obligated to set forth a date
certain when production will begin.[1] In response to certain requests Defendant
indicates it will produce responsive documents if located, suggesting Defendant's
search is ongoing or yet to commence. Therefore, please provide an update on
Defendant's search for/production of documents in response to RFPs 11, 16, 18, 22,
24, 27, 31, 34, 38, and 40.

To the extent that Defendant requires a protective order, Plaintiffs request a
proposed protective order be delivered by December 22, 2023.

---

[1] *See Happy Place v. Hofesh, LLC*, 2019 WL 4221400 at *1 (C.D. Cal. May 17, 2019).

**THE KEETON FIRM LLC**
December 19, 2023
Page 2 of 9

II.    General Objections

In the RFP and RFA responses, Defendant makes "GENERAL OBJECTIONS" which are improper and renders the responses to be so deficient that they are the equivalent of Defendant failing to make a response.[2] Courts universally hold that general objections "are inadequate and tantamount to not making any objection at all."[3] Additionally, "[g]eneral objections to requests for admissions are prohibited."[4] It is "well-established law that parties seeking to invoke privileges are not permitted to provide mere blanket objections to discovery requests."[5] Defendant's general objections unnecessarily obfuscate the discovery process and distract from the real issues in a case.[6]

The incorporation of these General Objections in almost every response[7] acts as a non-response to each RFP and RFA where incorporated because "[s]uch objection and answer ... leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered."[8] As a result, incorporating these objections into almost each response is improper.[9] Simply put, this practice is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil

---

[2] *See Abraham v. Cnty. of Greenville, S.C.*, 237 F.3d 386, 392 (4th Cir. 2001) ("[Defendant's] responses were so inadequate as to constitute no responses under Rule 37."); Fed.R.Civ.P. 37(a)(3) ( "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.").

[3] *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citations omitted); *accord Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this district typically condemn boilerplate objections as legally inadequate or meaningless." (citations omitted) (internal quotation marks omitted)); *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, No. 09-CV-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (refusing to consider "[b]oilerplate or generalized objections").

[4] *Fisher v. Baltimore Life Ins. Co*, 235 F.R.D. 617, 630 (N.D. Va. 2006); *see also In re Meggitt*, 2018 WL 1121585, at *4 (Bankr. N.D. Ohio Feb. 27, 2018)(overruling general objections because "general 'boilerplate objections' does not comply with Rule 36(a)(5).") *and Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 80 (N.D.N.Y. 2003)("Unless these objections are raised as to a specific request to admit, this Court will ignore them completely.").

[5] *Bess v. Cate*, 422 F. App'x 569, 572 (9th Cir. 2011).

[6] *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877 LKK KJN, 2010 WL 4225561, at *4 n.4 (E.D. Cal. Oct. 20, 2010).

[7] *See, e.g.*, response to RFP27 ("Subject to and without waiving those objections…").

[8] *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, 2008 WL 4327253, at *3 (S.D.Fla. Sept. 18, 2008); *accord Rowell v. NCO Fin. Sys., Inc.*, 2014 WL 2154422, at *1 (D. Kan. May 22, 2014) ("As evidenced by the parties' briefs, such practice leaves the requesting party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered." (internal quotation marks omitted)); *Tomlinson v. Combined Underwriters Life Ins. Co.*, 2008 WL 4601578, at *1 (N.D. Okla. Oct. 16, 2008) ("Furthermore, when discovery responses are provided 'subject to' boilerplate objections without regard to the applicability of those objections, it is unclear whether the discovery request has received a complete response.").

[9] *See, e.g., Anderson v. Caldwell Cty. Sheriff's Office*, 2011 WL 2414140, at *3 (W.D.N.C. June 10, 2011) ("[T]here is no provision in the Federal Rules that allows a party to assert objections simply to preserve them. Instead, the Federal Rules require that objections be specific.").

**THE KEETON FIRM LLC**
December 19, 2023
Page 3 of 9

Procedure."[10]

The use of general objections violates numerous rules of civil procedure and ethics. Defendant's use of general objections does not serve the goals of the Federal Rules of Civil Procedure which are focused on "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding."[11] Discovery is intended to be a liberal process, encouraging the free flow of information between parties.[12] Under this framework, federal courts envision ideal discovery as relatively collegial, timely, and productive.[13] General objections violate these tenets.[14]

As required under Rule 26(g),[15] the discovery objections and responses submitted by Defendant were signed by counsel. When an attorney signs a discovery response containing general objections, that attorney has failed to live up to Rule 26(g)'s requirement that attorneys reflect on the legitimacy of any objections they make.[16] Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery objections do not comport with Rule 26(g)(1)'s requirements.[17] Defendant and its counsel have violated Rule 26(g) by using general objections. Defendant's use of general objections is not only inconvenient but also unlawful under the rules of civil procedure and ethics.[18] Defendant's General Objections are impermissible and

---

[10] *Keycorp v. Holland*, 2016 WL 6277813, at *11 (N.D. Tex. Oct. 26, 2016) (quoting *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)).

[11] FED. R. CIV. P. 1.

[12] See FED. R. CIV. P. 26 advisory committee's notes (1983); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

[13] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 123 (3d Cir. 2009).

[14] *See* FED. R. CIV. P. 26 advisory committee's notes (1983) ("Thus the spirit of the rules is violated when advocates attempt to use . . . evasive responses."); *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693 (N.D. Fla. 2011).

[15] FED. R. CIV. P. 26(g)(1).

[16] *See Anderson v. Caldwell Cnty. Sheriff's Office*, 2011 WL 2414140, at *4 (W.D.N.C. June 10, 2011).

[17] FED. R. CIV. P. 26(g)(3).

[18] Model Rules of Professional Conduct Rule 3.4(d) provides: "A lawyer shall not . . . in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." The purpose of this rule is to safeguard the "important procedural right" of an opposing party to obtain evidence during the discovery process. MODEL RULES OF PROF'L CONDUCT R. 3.4 cmt. 2; *see also id.* cmt. 1 ("The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.").

**THE KEETON FIRM LLC**
    December 19, 2023
    Page 4 of 9

"waste the reader's time."[19] Thus, they are "improper and essentially useless."[20]

To ensure a speedy resolution of this matter – and to avoid the need for intervention by the Court[21] – Plaintiffs request that Defendant withdraw the "General Objections" in the responses and objections to the RFPs and RFAs.

III.    Defendant's Privilege Objections

Defendant makes privilege objections throughout the responses.[22] The party resisting discovery by asserting any privilege, including work product protection, bears a burden of proof sufficient to substantiate its privilege claims and cannot rely merely on a blanket assertion of privilege.[23] While privilege may be invoked, the Rules require more than mere "magic words":[24]

> A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule,

---

[19] "Disappointingly, attorneys who are supposed to know better continue to preface their discovery responses with boilerplate, general objections…Defendant's discovery responses begin with six nonspecific 'General Objections' which serve no purpose other than to waste the reader's time. Now, all of Defendant's 'General Objections' are overruled." *Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017)(collecting cases).

[20] *In re Meggitt*, 2018 WL 1121585, at *4 (Bankr. N.D. Ohio Feb. 27, 2018) ("These types of generalized 'boilerplate' objections are generally viewed by courts as improper and essentially useless."); *Zox LLC v. Zox*, 2021 WL 8649853 at *1 (C.D. Cal. Dec. 14, 2021) (use of general objections created "deficient responses thus leave Plaintiff—and the Court—guessing whether Defendants have completed their document productions and whether they are withholding otherwise responsive documents based on specific stated objections."); *In re Haynes,* 577 B.R. 711, 723–27 (Bankr. E.D. Tenn. 2017) ("The use of boilerplate objections obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases.").

[21] *See Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 171 (N.D. Iowa 2017) (Discovery rules meant "to facilitate the disclosure of relevant information and to avoid conflicts by setting out the when, what, and how of discovery, as well as how to raise objections, in ways that should lead to the narrowing of issues and the resolution of disputes without the involvement of the courts.").

[22] *See, e.g.*, responses to RFP18 ("Ancient Organics is willing to produce responsive, non-privileged documents,…"); RFP23; RFP25.

[23] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Ingraham v. Planet Beach Franchising Corp.*, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (citing *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)); *Kiln Underwriting Ltd. v. Jesuit High Sch.*, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (citing *Hodges*, 768 F.2d at 721); *United States v. Impastato*, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (citing *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985); *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)); *High Tech Comm'c'ns, Inc. v. Panasonic Co.*, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995)(citing *Hodges*, 768 F.2d at 721). *Johnston v. Transocean Offshore Deepwater Drilling, Inc.*, 2019 WL 1558040, at *3 (E.D. La. Apr. 10, 2019).

[24] FRCP 26 - Notes of Advisory Committee on Rules—1993 Amendment (emphasis added).

THE KEETON FIRM LLC
December 19, 2023
Page 5 of 9

**subjects the party to sanctions** under Rule 37(b)(2), and may be viewed as a **waiver of the privilege** or protection.

The party must also **provide sufficient information** to enable other parties to evaluate the applicability of the claimed privilege or protection....

To ensure a speedy resolution of this matter, Plaintiffs request that Defendant – within ten days - supplement its responses and objections to the RFPs to indicate whether any documents are being withheld on the basis of privilege, and if so, provide a privilege log[25] identifying the withheld documents and basis of claimed privilege.

## IV. Defendant's Repetitive Relevancy and Proportionality Objections Are Improper

For almost every RFP,[26] Defendant repeats the boiler-plate objection that the request is irrelevant and not "proportional to the needs of the case" without any detail concerning how *that specific request* is unduly burdensome, oppressive, or harassing.[27] This is not proper.[28] Defendant must explain *why* the request meets any of those standards. Otherwise, this meaningless objection is simply a tagline completely "devoid of any individualized factual analysis."[29]

### 1. Relevancy

Throughout the responses, Defendant objects to numerous requests on grounds that

---

[25] *See* Wright, Miller & Marcus, Federal Practice and Procedure, Civil § 2016.01 (3d ed. 2009) ("The failure to assert the privilege objection correctly can mean that the privilege is waived … some courts state that such a log must be delivered within the time limit for filing a discovery response and the failure to list a document works as a waiver") *and One Beacon Ins. Co. v. Forman Int'l. Ltd.*, 2006 WL 3771010 at * 7 (S.D.N.Y. Dec.15, 2006) ("the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege.").

[26] *See, e.g,* responses to RFPs 7, 9, 10, 13, 14, 35, 37, and 39.

[27] *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) ("To be adequate, objections which serve as the basis of a motion for protective order under [Federal Rule of Civil Procedure] 26 should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)) (internal quotation marks omitted) (citing *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982))).

[28] *See Blendtec Inc. v. Blendjet, Inc.*, 2023 WL 2773644, at *4 (D. Utah Apr. 4, 2023) ("In essence when an objecting party makes no attempt to show specifically how the request is not relevant or how it is burdensome, but instead relies on the mere assertion that it is, that is not a successful objection.").

[29] *Ceroni v. 4Front Engineered Solutions, Inc.*, 793 F. Supp. 2d 1268, 1278 (D. Colo. 2011); *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 170–71, n.1, 186–89 (N.D. Iowa 2017)(quoting Matthew L. Jarvey, *Boilerplate Discovery Objections: How That are Used, Why they are Wrong, and What We Can Do About Them*, 61 Drake L.Rev. 913, 914–16 (2013)).

**THE KEETON FIRM LLC**
December 19, 2023
Page 6 of 9

materials sought are not relevant.[30] In effect, Defendant's use of a relevancy objection at this stage allows Defendant to be the *sole arbiter* of relevancy. Defendant may not blanketly curtail discovery premised on *its* interpretation of relevancy. Discovery at this stage is more broadly construed.[31] As outlined herein, Plaintiffs' requests are relevant to the case. Thus, Defendant should withdraw the objection and file supplemented responses.

### 2. *Proportionality*

For almost every request,[32] Defendant objects that the request is "not proportional to the needs of the case" without specifically outlining how each request is not proportional. Merely stating that a request is not proportional to the needs of the case, without further specificity, is a boilerplate objection. A party may not "refuse discovery simply by making a boilerplate objection that it is not proportional."[33] All discovery is burdensome. Therefore, in objecting you must explain how the specific request places an unreasonable burden on the responding party, by alleging "(1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request."[34]

In making these proportionality objections, Defendant fails to do so. Thus, Defendant should withdraw the objection and file supplemented responses.

### V.    Limiting Production to California

In response to numerous requests Defendant indicates it will produce responsive documents related to California only and attempts to cite authority blocking the nationwide class.[35] This is improper. The Court has already ruled that "Plaintiffs may proceed…with their claims on behalf of the putative Nationwide Class." *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1301 (N.D. Cal. 2023). For all requests, Plaintiffs require that Defendant provide nationwide information.

This unilateral trimming of class claims is improper. Thus, Defendant should withdraw the objection, provide documents not limited to California class members, and file supplemented responses.

---

[30] *See, e.g.*, responses to RFPs 10, 35, 39.

[31] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant).

[32]

[33] FED. R. CIV. P 26(b)(1), Advisory Committee Note (2015).

[34] *Sprint Comm's Co. L.P. v. Crow Creek Sioux Tribal Court*, 2016 WL 782247, at *5 (D.S.D. Feb. 26, 2016) (granting portions of defendant's motion to compel and also noting that the amendments require "[t]he producing party" to "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection"); *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005)).

[35] *See, e.g.*, responses to RFPs 11, 18-19, 22-24, 27, and 30.

**THE KEETON FIRM LLC**
December 19, 2023
Page 7 of 9

### VI.    Limiting Relevant Time Period

Defendant indicates it will limit the Relevant Time Period to August 2021.[36] This is improper. The Relevant Time Period does not terminate in August 2021. Defendant's deceptions continue to this date, and thus, new class members join every day. There is no August 2021 cut-off date.

This unilateral reduction of the Relevant Time Period is improper. Thus, Defendant should withdraw the objection, provide documents through this litigation, and file supplemented responses.

### VII.    Discovery of Communications Related to this Action

In response to RFP 36, Defendant claims that the request is overbroad and vague without articulating how the request fits into either objection. Communications concerning this Action are highly relevant to this Action, and easily searchable with targeted keywords. To the extent that Defendant raises privilege and withholds documents, a privilege log is requested.

Plaintiffs request that Defendant withdraw this objection and deliver the documents responsive to this request.

### VIII.    Withholding of Documents

Multiple Responses obscure whether responsive documents actually exist. Therefore, in order to determine whether Plaintiffs have cause to raise an issue with certain of Defendant's responses, please indicate whether responsive documents actually exist for RFPs 6-8, 10, 12-14, and 39. To the extent documents exist, Plaintiffs further provide:

#### 1.    Response to RFP 6

These documents are highly relevant to the claims raised in this case because Defendant's labeling and marketing practices are the key issue in the case. Defendant's decision to change the serving size from one tablespoon to one teaspoon is relevant to whether the representations "would mislead consumers into believing the Product is healthy for them (or healthier than competing products)." *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1299 (N.D. Cal. 2023). To the extent that Defendant claims to not understand the request because it is "vague," Defendant is "charged with exercising common sense and attribut[ing] ordinary definitions to terms in discovery requests."[37] If Defendant still struggles to understand the request, Plaintiffs' counsel is willing to meet and confer to further discuss.

---

[36] *See, e.g.*, responses to RFPs 11, 18-19, 22-24, 27, and 30.
[37] *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012).

**THE KEETON FIRM LLC**
December 19, 2023
Page 8 of 9

Plaintiffs request that Defendant withdraw this objection and deliver the documents responsive to this request.

### 2. *Responses to RFPs 7 and 8*

These requests concern the Product packaging. Despite Defendant's protest, this information is relevant. The context of the packaging as a whole" is relevant to the claims raised. *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1299 (N.D. Cal. 2023). These documents are highly relevant to the matter pending before the Court and proportional to the needs of the case. These documents are highly calculated to produce admissible evidence.

Plaintiffs request that Defendant withdraw this objection and deliver the documents responsive to this request.

### 3. *Responses to RFPs 12, 13, and 14*

Defendant refuses to produce documents and communications concerning any research, comparison, or analysis of the pricing and labeling of competing products. These documents are highly relevant to the claims raised in this case because Defendant's labeling and marketing practices are the key issue in the case. Any research concerning competing products is relevant to Defendant's practices. To the extent that Defendant claims to not understand "similar competitive products," it is "charged with exercising common sense and attribut[ing] ordinary definitions to terms in discovery requests."[38] If Defendant still struggles to identify competitors and competing products, Plaintiffs' counsel is willing to meet and confer to further refine the definition.

### 4. *Response to RFP 39*

This request concerns an aspect of the Product packaging. Despite Defendant's protest, this information is relevant. The context of the packaging as a whole" is relevant to the claims raised. *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1299 (N.D. Cal. 2023). Thus, the intended messaging of "superfood" and the intended influence it plays on consumer behavior is relevant to the review of the packaging as a whole. These documents are highly relevant to the matter pending before the Court and proportional to the needs of the case. Further, these documents are highly calculated to produce admissible evidence.

Plaintiffs request that Defendant withdraw this objection and deliver the documents responsive to this request.

### IX.    Requests for Admission

The responses to the Requests for Admission suffer from similar flaws.

---

[38] *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012).

**THE KEETON FIRM LLC**
December 19, 2023
Page 9 of 9

Defendant refuses to provide an adequate response to RFAs 40-45. The responses to RFAs 40-45 claim that "units" is vague. Defendant is "charged with exercising common sense and attribut[ing] ordinary definitions to terms in discovery requests."[39] The common sense and ordinary definition of "unit" is an individual item for sale. For example, in this case, the term "unit" refers to each glass jar sold. In this section of RFA responses, Defendant continues to defy the Court's ruling that Plaintiffs are allowed to pursue claims on behalf of a nationwide class.[40]  For RFAs 40-43, Plaintiffs request that Defendant withdraw these objections and provide an accurate response to each request.

Defendant refuses to provide an adequate response to RFAs 19-23. Defendant claims that the requests seek a legal conclusion, but that is not true. The implications of an accurate response to these requests may have harmful impacts to the outcome of the case, but that does not turn a fact into a legal conclusion. For example, whether Defendant intends for consumers to understand that the Product is healthy is no different than a defendant admitting that the traffic light was red when he traveled into the intersection. Defendant's relevancy objection equally fails because the healthy representations are pivotal in this case. To the extent that Defendant claims that "healthy" or "intend" are vague words fails to account for common sense definitions. This is especially apparent in Defendant's response to RFA 20 where Defendant cannot admit that *it* believes that the Product is healthy. Plaintiffs request that Defendant withdraw these objections and provide an accurate response to each request.

These discovery responses are unacceptable. Please let us know your availability for a meet-and-confer Zoom conference by December 29 to discuss and remedy these deficiencies.

Plaintiffs wish to avoid contacting the Court for such an obvious lack of compliance with discovery and hopes this can be swiftly remedied within the next 10 days.

Sincerely,

Steffan T. Keeton

---

[39] *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012).
[40] *Effinger*, 657 F. Supp. 3d at 1301 ("Plaintiffs may proceed…with their claims on behalf of the putative Nationwide Class.").

EXHIBIT 5

**From:** **Moon, James** JamesMoon@dwt.com 📎
**Subject:** Effinger v. Ancient Organics - Meet and Confer [rescheduled]
**Date:** January 5, 2024 at 4:16 PM
**To:** stk@keetonfirm.com, Bae, Peter PeterBae@dwt.com
**Cc:** Whitten, Caleah CaleahWhitten@dwt.com, Harper, Jacob JHarper@dwt.com, Ryan Gustafson jrg@ggallp.com, Christina Kim cwk@ggallp.com, Sarah Harvey seh@ggallp.com



Hi there,
James Moon is inviting you to a scheduled Zoom meeting.

**[ JOIN ZOOM MEETING ]**

| | |
|---|---|
| Mobile one-tap: | US:<br>+16699006833,,81759003609#,,,,1#,,014947# or<br>+16694449171,,81759003609#,,,,1#,,014947# |
| Meeting URL: | https://dwt.zoom.us/j/81759003609?<br>pwd=Ti9YajA4RGpPVkd0RkU5dmJHQkEwQT09 |
| Meeting ID: | 817 5900 3609 |
| Password: | 014947 |

**Join by Telephone**
For higher quality, dial a number based on your current location.

| | |
|---|---|
| Dial: | US: +1 669 900 6833 or +1 669 444 9171 or +1<br>719 359 4580 or +1 253 205 0468 or +1 253 215<br>8782 or +1 346 248 7799 or +1 312 626 6799 or<br>+1 360 209 5623 or +1 386 347 5053 or +1 507<br>473 4847 or +1 564 217 2000 or +1 646 931<br>3860 or +1 689 278 1000 or +1 929 205 6099 or<br>+1 301 715 8592 or +1 305 224 1968 or +1 309<br>205 3325 or 888 788 0099 (Toll Free) or 877 853<br>5247 (Toll Free) |
| Meeting ID: | 817 5900 3609 |
| Password: | 014947 |
| International numbers | |

**Join from an H.323/SIP room system**

| | |
|---|---|
| H.323: | 162.255.37.11 (US West)<br>162.255.36.11 (US East)<br>103.122.166.55 (Australia Sydney)<br>103.122.167.55 (Australia Melbourne)<br>69.174.57.160 (Canada Toronto)<br>65.39.152.160 (Canada Vancouver) |
| Meeting ID: | 817 5900 3609 |
| Password: | 014947 |
| SIP: | 81759003609@zoomcrc.com |
| Password: | 014947 |

**DWT.COM**

---

**From:** stk@keetonfirm.com
**Sent:** Wednesday, December 20, 2023 12:50 PM
**To:** Moon, James
**Cc:** Ryan Gustafson; Christina Kim; Bae, Peter; Whitten, Caleah; Harper, Jacob
**Subject:** Re: Effinger v. Ancient Organics - Defendant's Responses to Plaintiffs' First Set of RFPs and RFAs

**[EXTERNAL]**
_____

James,

That works and is understandable. Let's slot it for the afternoon on the 5th. How about we say 2PM PT?

Enjoy the holidays and we can address in the new year.

Best,

Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

On Dec 20, 2023, at 11:14 AM, Moon, James <JamesMoon@dwt.com> wrote:

Counsel,

We received your letter requesting to meet and confer by December 29.  Given the holidays and unavailability issues on our end, we'd propose to hold the Zoom on January 4 or 5 in the afternoon, which are both currently clear on our end.  That would also allow us an opportunity to provide you with a letter in response to yours before the conference.  Please let us know if that is agreeable.

Best,
James

**James Moon**
**Partner,** Davis Wright Tremaine LLP
**P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Tuesday, December 19, 2023 3:35 AM
**To:** Harper, Jacob <JHarper@dwt.com>
**Cc:** Ryan Gustafson <jrg@ggallp.com>; Christina Kim <cwk@ggallp.com>; Bae, Peter <PeterBae@dwt.com>; Moon, James <JamesMoon@dwt.com>; Whitten, Caleah <CaleahWhitten@dwt.com>
**Subject:** Effinger v. Ancient Organics - Defendant's Responses to Plaintiffs' First Set of RFPs and RFAs

**[EXTERNAL]**

Counsel,

Please find attached a correspondence in the above referenced matter.

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.


Mail Attachment.ics
7 KB

EXHIBIT 6

**From:** Steffan Keeton  stk@keetonfirm.com
**Subject:** Re: Effinger v. Ancient Organics - Discovery and Mediation Meeting Followup
**Date:** January 18, 2024 at 12:29 PM
**To:** Moon, James  JamesMoon@dwt.com
**Cc:** Harper, Jacob  JHarper@dwt.com,  Bae, Peter  PeterBae@dwt.com,  Ryan Gustafson  jrg@ggallp.com,  Mike McGlamry  mmcglamry@pmkm.com

SK

James,

I have tried to call you twice (yesterday and just now) about mediation scheduling. We really need to discuss this issue as I am concerned that we are missing an opportunity to book Judge Welsh soon like we discussed, and that later dates may not be appropriate for many reasons.

Please call me back. My cell is 443-735-6750.

Best,

Steffan

> On Jan 17, 2024, at 12:53PM, Moon, James <JamesMoon@dwt.com> wrote:
>
> We will inquire, but we request additional dates since we're down to 1 at this point.
>
> **James Moon**
> **Partner,** Davis Wright Tremaine LLP
>
> **P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
> **A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
> **DWT.COM**
>
> ---
>
> **From:** stk@keetonfirm.com <stk@keetonfirm.com>
> **Sent:** Wednesday, January 17, 2024 2:07 PM
> **To:** Moon, James <JamesMoon@dwt.com>
> **Cc:** Bae, Peter <PeterBae@dwt.com>; Ryan Gustafson <jrg@ggallp.com>; Mike McGlamry <mmcglamry@pmkm.com>
> **Subject:** Re: Effinger v. Ancient Organics - Discovery and Mediation Meeting Followup
>
> **[EXTERNAL]**
>
> ---
>
> James,
>
> Contacted Judge Welsh's office and she is in high demand. Feb 13th is no longer available. She doesn't have any other workable dates until mid March. I'm fearful if we don't get 2/15 booked it will no longer be available either.
>
> Please contact your client about 2/15 so we can secure it ASAP. We have to update the Court with our date by Friday.
>
> Best,
>
> Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

> On Jan 17, 2024, at 5:22 AM, stk@keetonfirm.com wrote:
>
> Hi James,
>
> Yes, I will try to connect with Judge Welsh's office today and get some additional dates.
>
> Best,
>
> Steffan
>
>
> Steffan T. Keeton
>
> The Keeton Firm LLC
> 100 South Commons
> Suite 102
> Pittsburgh, PA 15212
> 1-888-412-LAW1
> stk@keetonfirm.com
>
> This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.
>
>> On Jan 16, 2024, at 4:40 PM, Moon, James <JamesMoon@dwt.com> wrote:
>>
>> I will check on my end, but can you provide any additional availability dates in case those 2 do not work?  Happy to connect once we lock down the schedule.

**James Moon**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6819  **C** 626.825.6528  **E** jamesmoon@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
**DWT.COM**

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Tuesday, January 16, 2024 1:00 PM
**To:** Moon, James <JamesMoon@dwt.com>; Bae, Peter
<PeterBae@dwt.com>; Ryan Gustafson <jrg@ggallp.com>; Mike
McGlamry <mmcglamry@pmkm.com>
**Subject:** Effinger v. Ancient Organics - Discovery and Mediation
Meeting Followup

[EXTERNAL]

Hi James,

Thanks for meeting with me late last week to discuss
the discovery in the case and the upcoming
mediation.

First, I'd like to introduce you to Mike McGlamry
from Pope McGlamry. He and I have worked on a
fair number of cases together in the past, and I had
been planning to bring his firm in to help with the
discovery in this matter. Now that things are heating
up with discovery, he's going to be hopping on the
case with us.

Second, I reached out to Judge Welsh's office and she
has availability on February 13 and 15. Please let me
know which works best for you/your client.

On that note, we will need to work out a schedule of
proposals/submissions to ensure that we have a
productive session with Judge Welsh. Would you be
free later this week (Wednesday or Thursday) to
discuss the pre-mediation schedule?

Third, in terms of the critical documents to start
preparing for mediation, we will need:

(1) Labels during the updated Relevant Time Period

(1) Labels during the updated Relevant Time Period (June 17, 2022 through June 17, 2018).

(2) Sales data for the Products during the Relevant Time Period both at a National Level and a California Level.

Because these are critical for the mediation, we would like to have these specific items to us by February 1, 2024 and the remainder of the discovery requests delivered by your scheduled February 9, 2024. In other words, we would like these two sets of documents/information receive priority delivery over the other documents. Is that doable?

Best,

Steffan

Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

EXHIBIT 7



**From:** **Moon, James** JamesMoon@dwt.com
**Subject:** RE: Effinger v. Ancient Organics Discovery
**Date:** February 14, 2024 at 11:50 AM
**To:** Steffan Keeton stk@keetonfirm.com

I'm told the documents are processing as we speak.  You should see it later today or early tomorrow.

James Moon
Partner
Davis Wright Tremaine LLP
P 213.633.6819 C 626.825.6528 E jamesmoon@dwt.com
A 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566
DWT.com
-----Original Message-----
From: Steffan Keeton <stk@keetonfirm.com>
Sent: Tuesday, February 13, 2024 8:45 AM
To: Moon, James <JamesMoon@dwt.com>
Subject: Effinger v. Ancient Organics Discovery

[EXTERNAL]

James,

By agreement the completion of your production was due last Friday.

Can we have a call to discuss?

Best,
Steffan

# EXHIBIT 8

**From:** stk@keetonfirm.com
**Subject:** Effinger v. Ancient Organics - Defendant's Production
**Date:** February 27, 2024 at 5:59 PM
**To:** Moon, James JamesMoon@dwt.com
**Cc:** Bae, Peter PeterBae@dwt.com, Harper, Jacob JHarper@dwt.com, Mike McGlamry mmcglamry@pmkm.com, Jay Hirsch jayhirsch@pmkm.com, Ryan Gustafson jrg@ggallp.com

James,

Defendant has raised issues of potential class size (the national vs. California) but has only delivered national data. Could you please provide California sales data?

I'm also writing to check the status of document production. Back in January when discussing discovery deficiencies, we agreed to expedite the sales data and labels while reserving other documents for early February.
We received the initial production about 20 days ago. Upon review, it consists of org charts, job descriptions, and product labels. This is limited to a few of the RFPs with the vast majority unfulfilled. Could you please provide a status update of Defendant's production of additional responsive documents, particularly including, RFP Nos. 6, 19, 23, 25, and 27?

Best,

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.

EXHIBIT 9

**From:** stk@keetonfirm.com  
**Subject:** Effinger v. Ancient Organics  
**Date:** March 20, 2024 at 2:37 PM  
**To:** Moon, James  JamesMoon@dwt.com,  Bae, Peter  PeterBae@dwt.com,  Harper, Jacob  JHarper@dwt.com  
**Cc:** Mike McGlamry  mmcglamry@pmkm.com,  Ryan Gustafson  jrg@ggallp.com,  Jay Hirsch  jayhirsch@pmkm.com

Counsel,

Please see the attached correspondence.

Steffan



**20240320 - AO Letter.pdf**

Steffan T. Keeton

The Keeton Firm LLC  
100 South Commons  
Suite 102  
Pittsburgh, PA 15212  
1-888-412-LAW1  
stk@keetonfirm.com

This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.



James Moon, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Flr
Los Angeles, CA 90017-2566


March 20, 2024

**Via: E-Mail**

RE:  *Effinger v. Ancient Organics*, 3:22-cv-03596-AMO,
        Discovery Deficiencies


James,

There are deficiencies in response to numerous RFPs that have led to documents
not being produced by Defendant. Specifically, we require responsive documents to
RFP Nos.  6, 19, 23, 25, and 27 be delivered by Friday March 22, 2024. These
documents are now over 40 days past the agreed upon date. If we do not receive
them by Friday, we will seek the appropriate relief from the Court.

This is not the first attempt to resolve these issues. On December 19, 2023, we
informed Defendant of significant discovery deficiencies concerning its responses
and production in response to written discovery. On January 11, 2024, a meet and
confer session was conducted in response to these issues. During the meet and
confer, many issues were resolved and adjusted in consideration of the upcoming
mediation with Judge Welsh.

In part, we both agreed to accelerate certain aspects of the document production.
Specifically, product labels and summarized sales data would be provided by
February 1, 2024. Other aspects were to be produced by February 9, 2024.

On February 1, 2024, product labels and summary sales figures of national sales
were produced. On February 9, 2024, no additional documents were produced by
Defendant; however, on February 14, 2024, a shallow production of documents was
produced by Defendant. This limited production included product labels, job
descriptions for Defendant's employees, organizational charts, and a product
specification sheet. This shallow production pales in comparison to the items
discussed in the January meet and confer session. This is unacceptable. We require
responsive documents to RFP Nos.  6, 19, 23, 25, and 27 be delivered by Friday
March 22, 2024.

**THE KEETON FIRM LLC**
March 20, 2024
Page 2 of 2

Based on the need for the requested documents and for other related information, it is also wise that we discuss the extension of the current discovery deadline. In pursuit of a successful mediation, the intensity of discovery slowed down. To offset these delays and given Defendant's stance that it would prefer to expend resources to combat the upcoming class certification motion, Plaintiffs propose an extension to May 15, 2024. In addition, Plaintiffs propose for expert disclosures to coincide with the filing of the class certification motion on June 14, 2024. Please let me know today if you will agree to this short extension, so that we can file a joint motion to that effect.

In this pursuit, we request dates for the deposition of the following individuals and entities:

1.) Matteo Girard Maxon;
2.) Peter Malakoff;
3.) Morgyne LeCount; and
4.) Representative for the 30(b)6 for Ancient Organics.

Additionally, in your mediation statements you've indicated that Plaintiffs' case is lacking in certain aspects, not taking into consideration the truncated discovery undertaking in light of the expressed desire to limit costs pending mediation. Now we must get this case back on pace, and we will need Defendant to participate – in good faith – in the discovery process as described herein. Otherwise, we will seek Court intervention to ensure that this case is no longer impacted by unnecessary delays.

Sincerely,

Steffan T. Keeton

EXHIBIT 10

**From:** stk@keetonfirm.com  📎
**Subject:** Effinger v. Ancient Organics - Plaintiff's Documents and Supplemented ROGs and RFAs.
**Date:** March 26, 2024 at 2:57 AM
**To:** Moon, James JamesMoon@dwt.com
**Cc:** Harper, Jacob JHarper@dwt.com, Bae, Peter PeterBae@dwt.com, Ryan Gustafson jrg@ggallp.com, Mike McGlamry
mmcglamry@pmkm.com, Jay Hirsch jayhirsch@pmkm.com

Counsel,

Please see attached.

Steffan



James Moon, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Flr
Los Angeles, CA 90017-2566

March 25, 2024

**Via: E-Mail**

RE:  *Effinger v. Ancient Organics*, 3:22-cv-03596-AMO,
        Discovery Update

James,

Plaintiff Effinger has conducted a search to find responsive documents and items.
Those documents will be delivered within the next few hours. We had difficulty with
assigning BATES numbers to the documents, and once that component is finalized,
the documents will be uploaded to Dropbox and the link sent to you. Provided with
that link are the presently available documents and materials responsive to
Defendant's RFP to Plaintiff Effinger, that are in Plaintiff's possession, custody, or
control. This includes, after a reasonably diligent search, no physical jars of the
Product; only documents are produced. Further, this confirms that Plaintiff Effinger



James Moon, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Flr
Los Angeles, CA 90017-2566

March 25, 2024

**Via: E-Mail**

RE:  *Effinger v. Ancient Organics*, 3:22-cv-03596-AMO,
     Discovery Update

James,

Plaintiff Effinger has conducted a search to find responsive documents and items. Those documents will be delivered within the next few hours. We had difficulty with assigning BATES numbers to the documents, and once that component is finalized, the documents will be uploaded to Dropbox and the link sent to you. Provided with that link are the presently available documents and materials responsive to Defendant's RFP to Plaintiff Effinger, that are in Plaintiff's possession, custody, or control. This includes, after a reasonably diligent search, no physical jars of the Product; only documents are produced. Further, this confirms that Plaintiff Effinger is not withholding any documents responsive to RFP Nos. 1-5, 8-9, 12-35, and 42-46 based on assertions of privilege.

Additionally included are Supplemented Objections and Responses to Defendant's RFAs and Interrogatories.

Best,

Steffan T. Keeton

EXHIBIT 11

**From:** **Bae, Peter** PeterBae@dwt.com 🖉
**Subject:** Ancient Organics - Doc production (2024.3.26)
**Date:** March 26, 2024 at 10:42 PM
**To:** mmcglamry@pmkm.com, stk@keetonfirm.com
**Cc:** Harper, Jacob JHarper@dwt.com, Moon, James JamesMoon@dwt.com, Whitten, Caleah CaleahWhitten@dwt.com, Ryan Gustafson jrg@ggallp.com, Christina Kim cwk@ggallp.com, Planchon, Ben BenPlanchon@dwt.com

PB

---

Counsel,

Please find attached an encrypted zip folder containing Ancient Organics's supplemental production of documents. Password to follow in a separate email. Thanks.



**Peter Bae**
**Associate** | Davis Wright Tremaine LLP

**P** 213.633.8626  **E** peterbae@dwt.com
**A** 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

**DWT.COM**    in  𝕏



AO_000175_CONFIDENTIAL.zip

EXHIBIT 12

1  DAVIS WRIGHT TREMAINE LLP
      Jacob M. Harper (SBN 259463)
2      *jacobharper@dwt.com*
      James H. Moon (SBN 268215)
3      *jamesmoon@dwt.com*
      Peter K. Bae (SBN 329158)
4      *peterbae@dwt.com*
5  865 South Figueroa Street, 24th Floor
   Los Angeles, California 90017-2566
6  Telephone:  (213) 633-6800
   Fax:  (213) 633-6899
7
   *Attorneys for Defendant*
8  *Ancient Organics, a California corporation*

9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12              **THE NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN FRANCISCO DIVISION**

14

15  KELLY EFFINGER and KEEFE STEVERNU,      Case No. 3:22-cv-03596-AMO
    individually, and on behalf of those similarly
16  situated,                                **DEFENDANT'S AMENDED RESPONSE
                                             TO PLAINTIFFS' FIRST SET OF
17              Plaintiffs,                  REQUESTS FOR PRODUCTION**

18         v.                                Assigned to the Hon. Araceli Martinez-Olguin

19  ANCIENT ORGANICS, a California           Action Filed:  June 17, 2022
    corporation,
20
                Defendant.
21

22

23

24

25

26

27

28

1   Defendant Ancient Organics (Ancient Organics) hereby makes its amended response to

2   plaintiffs Kelly Effinger and Keefe Stevernu's (Plaintiffs) First Set of Requests for Production

3   (Request(s)) as follows:

4   **PRELIMINARY STATEMENT**

5   The responses set forth below represent Ancient Organics's present knowledge based on

6   discovery, investigation, and case preparation to date. Ancient Organics has made reasonable

7   efforts to locate responsive documents and the contents hereof are based on the information

8   obtained from these efforts. Ancient Organics's investigation into this matter is, and will

9   continue to be, ongoing. Ancient Organics may locate additional responsive documents at a later

10  date, and may assert appropriate objections to the use of the documents identified herein.

11  Ancient Organics, therefore, expressly reserves the right to rely on additional responsive

12  documents, whether located in the course of its continuing investigation or in the course of

13  discovery, at all future hearings and at trial, and the right to object on appropriate grounds to the

14  use of any documents produced in response to this Request. The production of any given

15  document pursuant to the Requests is not an admission or acknowledgment by Ancient Organics

16  that such document is relevant to any claim or defense in this action; is without prejudice to

17  Ancient Organics's right to contend at trial or in any other or subsequent proceeding in this

18  action or otherwise that such document is inadmissible, irrelevant, immaterial, or not the proper

19  basis for discovery; and is without prejudice to or waiver of any objection to any future use of

20  such document which Ancient Organics may be advised to make.

21  **GENERAL OBJECTIONS**

22  1.      Ancient Organics objects to the Definitions & Instructions to the extent they seek

23  to impose obligations greater than or different from those imposed by the Federal Rules of Civil

24  Procedure. In responding to the Requests, Ancient Organics undertakes only to comply with

25  such Rules.

26  2.      Ancient Organics objects to the Requests, and to each and every item contained

27  therein, to the extent that they attempt or purport to require disclosure of privileged or

28  confidential communications between attorney and client, disclosure of documents or

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   information protected by the attorney work-product doctrine, or disclosure of documents

2   involved in any other applicable privilege.  If, due to the volume of a document involved or any

3   other reason, a production by Ancient Organics includes any document that is otherwise

4   privileged or protected from discovery, the production of such document is inadvertent and

5   unintentional, and Ancient Organics does not intend thereby to waive said privilege or

6   protection.  Ancient Organics is not currently withholding any responsive documents based on its

7   objections except based on privilege.  Ancient Organics objects to the extent the documents or

8   information were generated or created after the anticipation of litigation or the commencement of

9   this legal action, which documents Ancient Organics objects to listing on a privilege log,

10  including because it is unduly burdensome and invades privileged communications with outside

11  counsel made for purposes of litigation.

12      3.      Ancient Organics objects to the Requests, and to each and every item contained

13  therein, to the extent that they seek confidential or proprietary trade secret and/or competitively

14  sensitive information or information that may be protected by a right of privacy.

15      4.      Ancient Organics objects to each of the Requests to the extent they presume that

16  the Plaintiffs will obtain class certification and seek information beyond the current scope of this

17  action.  Unless and until the Court certifies this case as a class action—which Ancient Organics

18  believes it should not do—discovery should remain confined to issues relevant to Plaintiffs'

19  individual claims and to class certification issues.  *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory

20  Committee Note (2003) (before certification, discovery should be "controlled" and "limited to

21  those aspects [of the merits of the case] relevant to making the certification decision").

22      5.      Ancient Organics objects to the Requests to the extent they purport to require

23  immediate production of all responsive documents concurrent with this Response.  Subject to

24  and without waiving the foregoing objections, Ancient Organics has produced, and will only

25  produce, documents pursuant to the parties' protective order appropriately limiting the control,

26  use, and disposition of such documents.

27      6.      Ancient Organics objects to the Requests to the extent they exceed the limits of

28  Phase 1 class certification discovery set by the Court in this bifurcated proceeding.  (ECF Nos.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

45, 49 (limiting first phase of discovery to (a) information and documents related to the named Plaintiffs; (b) information and documents related to class certification requirements under Fed. R. Civ. P. 23; (c) information and documents related to Plaintiffs' and the proposed putative class members' alleged damages; and (d) documents relating to the identifiability of class members).)

Specific objections to each Request are made on an individual basis in the responses below. These General Objections and Qualifications are incorporated by reference into each of the responses set forth below. The failure to mention one of the foregoing objections and qualifications in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

**OBJECTIONS TO DEFINITIONS**

1.    **"Product(s)":** Ancient Organics objects to the definition of "product(s)" as ambiguous, overbroad, unduly burdensome, and calling for information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ancient Organics defines "Product(s)" to mean the ghee product it sells in 8oz, 16 oz, 32 oz, 16 oz 6-Pack, Half Gallon, and 1 Gallon sizes.

2.    **"You," "your," or "yourself":** Ancient Organics objects to the definition of "you," "your," or "yourself" as overbroad and unduly burdensome to the extent that they seek information from all of Ancient Organics's "present or former employees, agents or representatives, including consultants or experts." Ancient Organics will construe the term "you," "your," or "yourself" as referring to Ancient Organics only and, therefore, responds to these discovery requests on its own behalf only, with documents in its "possession, custody, or control," as the Federal Rules contemplate.

3.    **"Relevant Time Period":** Ancient Organics objects to the definition of "Relevant Time Period" as overbroad, unduly burdensome, and calling for information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent Plaintiffs define the term to "mean[] from June 17, 2018 to the present." As agreed upon by the parties at the January 11, 2024, meet and confer conference,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ancient Organics will define "Relevant Time Period" to mean from June 17, 2018 to June 6, 2022, which is when Plaintiffs filed the original Complaint.

4.      **"Representations":**  Ancient Organics objects to the definition of "Representations" as overbroad, unduly burdensome, and calling for information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent Plaintiffs define the term to "refer[] to the claims made on the Products including … 'nourish your mind, body and soul'" and "'superfood.'"  The Court ruled in its Order Granting in Part Ancient Organics's Motion to Dismiss that these statements are "nonactionable puffery," and that Plaintiffs may only "proceed on their claims as to the other challenged label statements," i.e., the "very best fat one can eat," "Omega 3, 6, 9, VITAMINS A, D, E, & K," "provides sustained energy levels," and "Eat Good Fat" statements.  (ECF No. 36 at 9; *see also id.* at 7.)

**SPECIFIC OBJECTIONS AND AMENDED RESPONSES TO**

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 5:**

All documents that describe, summarize, analyze, discuss or comment on your efforts to market, advertise, and promote the Product, including but not limited to the labeling and packaging of the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll documents that describe, summarize, analyze, discuss or comment on your efforts to market, advertise, and promote the Product."

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll documents that describe, summarize, analyze, discuss or comment on your efforts to market, advertise, and promote the Product."

Subject to and without waiving the foregoing objections, Ancient Organics will produce labels and texts of actual advertisements of its ghee products.  Ancient Organics produced labels and texts of actual advertisements of its ghee products on February 1, 2024, and February 14, 2024.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications related to the decision to change the serving size of the Product from one tablespoon to one teaspoon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll Documents and Communications related to the decision to change the serving size of the Product from one tablespoon to one teaspoon."

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll Documents and Communications related to the decision to change the serving size of the Product from one tablespoon to one teaspoon."

Subject to and without waiving the foregoing objections, Ancient Organics will produce documents, if any, regarding the decision to change the serving size of its ghee products from one tablespoon to one teaspoon.  Despite a diligent search and reasonable inquiry, Ancient

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Organics has no documents regarding the decision to change the serving size of its ghee products

2  from one tablespoon to one teaspoon.

3  **REQUEST FOR PRODUCTION NO. 7:**

4      Documents evincing each compositional and presentational change made to the Product

5  and its marketing during the Relevant Time Period.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7      Ancient Organics incorporates the Preliminary Statement, General Objections, and

8  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

9  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

10  product doctrine.  Ancient Organics objects to this Request as calling for documents that are

11  neither "relevant to any party's claim or defense" nor "proportional to the needs of the case,"

12  including but not limited to documents showing changes made to the Product(s) unrelated to the

13  labeling or Representations at issue in Plaintiffs' Complaint.  Fed. R. Civ. P. 26(b)(1).

14  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15      Ancient Organics incorporates the Preliminary Statement, General Objections, and

16  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

17  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

18  product doctrine.  Ancient Organics objects to this Request as calling for documents that are

19  neither "relevant to any party's claim or defense" nor "proportional to the needs of the case,"

20  including but not limited to documents showing changes made to the Product(s) unrelated to the

21  labeling or Representations at issue in Plaintiffs' Second Amended Complaint.  Fed. R. Civ. P.

22  26(b)(1).

23      Subject to and without waiving the foregoing objections, Ancient Organics will produce

24  labels and texts of actual advertisements of its ghee products.  Ancient Organics produced labels

25  and texts of actual advertisements of its ghee products on February 1, 2024, and February 14,

26  2024.

27

28

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 8:**

Documents regarding your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging, including the intended, anticipated, and actual implications of, and inferences consumers draw from these decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine. Ancient Organics objects to this Request as grossly overbroad and vague to the extent it calls for all "Documents regarding your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging."

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine. Ancient Organics objects to this Request as grossly overbroad and vague to the extent it calls for all "Documents regarding your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging."

Subject to and without waiving the foregoing objections, Ancient Organics will produce responsive documents related to the Representations on the labeling of its ghee products. Ancient Organics produced labels of its ghee products, texts of actual advertisements of its ghee products, an employee organizational chart, and texts of job descriptions for Ancient Organics's employees responsible for labeling and packaging its ghee products on February 1, 2024, and February 14, 2024.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications with the FDA or other regulatory bodies, whether in other nations or trans-national, which may assert authority over, or possesses expertise, relating to the labeling of the Product or substantially similar products over the last 6 years.

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as calling for documents that are neither "relevant to any party's claim or defense" nor "proportional to the needs of the case," including but not limited to Ancient Organics's communications with regulatory bodies related to the labeling of products not at issue in Plaintiffs' Complaint.  Fed. R. Civ. P. 26(b)(1).  Ancient Organics objects to this Request as vague and ambiguous, including its use of the term "substantially similar products."  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll Communications with … regulatory bodies … relating to the labeling of the Product or substantially similar products over the last 6 years."

Subject to and without waiving the foregoing objections, Ancient Organics is willing to produce responsive, non-privileged communications, if any, with the FDA relating to the labeling of the Product(s) during the Relevant Time Period.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as calling for documents that are neither "relevant to any party's claim or defense" nor "proportional to the needs of the case," including but not limited to Ancient Organics's communications with regulatory bodies related to the labeling of products not at issue in Plaintiffs' Second Amended Complaint.  Fed. R. Civ. P. 26(b)(1).  Ancient Organics objects to this Request as vague and ambiguous, including its use of the term "substantially similar products."  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll Communications with … regulatory bodies … relating to the labeling of the Product or substantially similar products over the last 6 years."

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     Despite a diligent search and reasonable inquiry, Ancient Organics has no

2  communications with the U.S. Food and Drug Administration related to the labeling of its ghee

3  products.

4  **REQUEST FOR PRODUCTION NO. 11:**

5     Documents regarding your pricing of the Product, including but not limited to costs,

6  pricing, incentives, discounts, rebates, exchange amounts, as well as retailer data.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8     Ancient Organics incorporates the Preliminary Statement, General Objections, and

9  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

10  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

11  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

12  extent it calls for all "Documents regarding your pricing of the Product."

13     Subject to and without waiving the foregoing objections, Ancient Organics is willing to

14  produce responsive, non-privileged documents, if any, sufficient to show Ancient Organics's

15  pricing of the Product(s) sold in California during the Relevant Time Period.

16  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17     Ancient Organics incorporates the Preliminary Statement, General Objections, and

18  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

19  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

20  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

21  extent it calls for all "Documents regarding your pricing of the Product."

22     Subject to and without waiving the foregoing objections, Ancient Organics will produce

23  responsive, non-privileged documents sufficient to show Ancient Organics's pricing of its ghee

24  products.  Ancient Organics produced its financial statements for FY 2020 through November

25  30, 2023, on February 1, 2024, and a costing sheet for its ghee products on March 26, 2024.

26  **REQUEST FOR PRODUCTION NO. 16:**

27     Documents relating to your policy concerning the retention, storage, or destruction of any

28  document.

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Ancient Organics will produce its document retention policy in effect during the Relevant Time Period, if any.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.

Despite a diligent search and reasonable inquiry, Ancient Organics does not have a document retention policy.

**REQUEST FOR PRODUCTION NO. 17:**

All insurance policies or indemnification agreements that may provide coverage for any of the claims in this action, or that may provide reimbursement for payments made in defense, and Communication concerning coverage relating to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in that it calls for "[a]ll … communication[s] concerning coverage relating to this action."

Subject to and without waiving the foregoing objections, Ancient Organics will produce an "insurance agreement," if any, "under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment."  Fed. R. Civ. P. 26(a)(1)(A)(iv).

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2      Ancient Organics incorporates the Preliminary Statement, General Objections, and

3  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

4  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

5  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

6  that it calls for "[a]ll … communication[s] concerning coverage relating to this action."

7      Despite a diligent search and reasonable inquiry, Ancient Organics does not have an

8  applicable insurance policy or indemnification agreement.

9  **REQUEST FOR PRODUCTION NO. 18:**

10      Documents that report, describe, summarize, analyze, discuss or comment on competition

11  from, or the marketing or sales strategies, market shares or projected market shares, market

12  conditions or the profitability of any competing company in the supply, manufacture, distribution

13  or sale of the Product.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

15      Ancient Organics incorporates the Preliminary Statement, General Objections, and

16  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

17  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

18  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

19  extent it calls for all "Documents that report, describe, summarize, analyze, discuss or comment

20  on competition from, or the marketing or sales strategies, market shares or projected market

21  shares, market conditions or the profitability of any competing company in the supply,

22  manufacture, distribution or sale of the Product."

23      Subject to and without waiving the foregoing objections, Ancient Organics is willing to

24  produce responsive, non-privileged documents, if any, sufficient to show Ancient Organics's

25  California market shares of the Product(s) during the Relevant Time Period.

26  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27      Ancient Organics incorporates the Preliminary Statement, General Objections, and

28  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

2  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

3  extent it calls for all "Documents that report, describe, summarize, analyze, discuss or comment

4  on competition from, or the marketing or sales strategies, market shares or projected market

5  shares, market conditions or the profitability of any competing company in the supply,

6  manufacture, distribution or sale of the Product."

7        Despite a diligent search and reasonable inquiry, Ancient Organics has no documents

8  related to market shares of ghee products sold by Ancient Organics or other companies.

9  **REQUEST FOR PRODUCTION NO. 19:**

10       Sales data for the Product within the states which comprise the putative classes and in the

11  United States showing units sold, cost of units, markup cost and percentage and retail prices of

12  units sold, during the Relevant Time Period.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14       Ancient Organics incorporates the Preliminary Statement, General Objections, and

15  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

16  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

17  product doctrine.  Ancient Organics objects to this Request to the extent it seeks information on a

18  nationwide basis, because Plaintiffs cannot assert nationwide claims based on California

19  law.  *See, e.g.*, *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2014 WL

20  4774611, at *4 (N.D. Cal. Sept. 22, 2014) ("[T]his Court joins the majority of courts in the

21  Northern District in concluding that dismissal is appropriate with respect to claims asserted

22  under the laws of states in which no Plaintiff resides or has purchased products.").

23       Subject to and without waiving the foregoing objections, Ancient Organics is willing to

24  produce responsive, non-privileged documents sufficient to show Ancient Organics's California

25  sales data for the Product(s) during the Relevant Time Period.

26  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

27       Ancient Organics incorporates the Preliminary Statement, General Objections, and

28  Objections to Definitions as if fully set forth herein.  Ancient Organics agrees to produce

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

nationwide sales information for its ghee products, understanding this issue is "resolved" in accordance with the parties' meet and confer correspondence.

Subject to and without waiving the foregoing objections, Ancient Organics will produce responsive, non-privileged documents sufficient to show Ancient Organics's nationwide sales data for its ghee products. Ancient Organics produced its financial statements for FY 2020 through November 30, 2023, on February 1, 2024, and a costing sheet for its ghee products on March 26, 2024. Despite a diligent search and reasonable inquiry, Ancient Organics has no additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents reflecting how you determine to price the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine. Ancient Organics objects to this Request as grossly overbroad and vague to the extent it calls for all "Documents reflecting how you determine to price the Product."

Subject to and without waiving the foregoing objections, Ancient Organics is willing to produce responsive, non-privileged documents, if any, sufficient to show Ancient Organics's decision-making process on pricing of the Product(s) sold in California during the Relevant Time Period.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine. Ancient Organics objects to this Request as grossly overbroad and vague to the extent it calls for all "Documents reflecting how you determine to price the Product."

Subject to and without waiving the foregoing objections, Ancient Organics will produce responsive, non-privileged documents sufficient to show Ancient Organics's decision-making

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  process on pricing its ghee products.  Ancient Organics produced its financial statements for FY

2  2020 through November 30, 2023, on February 1, 2024, and a costing sheet for its ghee products

3  on March 26, 2024.

4  **REQUEST FOR PRODUCTION NO. 23:**

5       All Communications and Documents concerning consumer interpretation of "Good Fat."

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7       Ancient Organics incorporates the Preliminary Statement, General Objections, and

8  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

9  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

10  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

11  that it calls for "[a]ll Communications and Documents concerning consumer interpretation of

12  'Good Fat.'"

13       Subject to and without waiving the foregoing objections, Ancient Organics is willing to

14  produce responsive, non-privileged documents, e.g., market research, consumer surveys, or

15  studies, if any, concerning consumer interpretation of the Representations on the Product(s) sold

16  in California during the Relevant Time Period.

17  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

18       Ancient Organics incorporates the Preliminary Statement, General Objections, and

19  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

20  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

21  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

22  that it calls for "[a]ll Communications and Documents concerning consumer interpretation of

23  'Good Fat.'"

24       Despite a diligent search and reasonable inquiry, Ancient Organics has no documents

25  regarding consumer interpretation of the Representations on the labeling of its ghee products.

26  **REQUEST FOR PRODUCTION NO. 24:**

27       Documents reflecting that you charge a premium for the Products.

28

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

2           Ancient Organics incorporates the Preliminary Statement, General Objections, and

3    Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

4    the extent it seeks information that is protected by the attorney-client privilege or attorney work-

5    product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

6    extent it calls for all "Documents reflecting that you charge a premium for the Products."

7           Subject to and without waiving the foregoing objections, Ancient Organics is willing to

8    produce responsive, non-privileged documents, if any, sufficient to show Ancient Organics's

9    pricing of the Product(s) in California during the Relevant Time Period.

10   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11          Ancient Organics incorporates the Preliminary Statement, General Objections, and

12   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

13   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

14   product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

15   extent it calls for all "Documents reflecting that you charge a premium for the Products."

16   Ancient Organics objects to this Request to the extent it assumes Ancient Organics "charge[s] a

17   premium for the Products."

18          Subject to and without waiving the foregoing objections, Ancient Organics will produce

19   its financial statements for FY 2020 through November 30, 2023, and a costing sheet for its ghee

20   products.  Ancient Organics produced its financial statements for FY 2020 through November

21   30, 2023, on February 1, 2024, and a costing sheet for its ghee products on March 26, 2024.

22   **REQUEST FOR PRODUCTION NO. 25:**

23          Documents regarding consumer interpretation of the labels of the Products, including, but

24   not limited to, consumer surveys and focus group studies on the Product.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26          Ancient Organics incorporates the Preliminary Statement, General Objections, and

27   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

28   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

1  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

2  extent it calls for all "Documents regarding consumer interpretation of the labels of the

3  Products."

4      Subject to and without waiving the foregoing objections, Ancient Organics is willing to

5  produce responsive, non-privileged documents, e.g., market research, consumer surveys, or

6  studies, if any, concerning consumer interpretation of the Representations on the Product(s) sold

7  in California during the Relevant Time Period.

8  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

9      Ancient Organics incorporates the Preliminary Statement, General Objections, and

10  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

11  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

12  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague to the

13  extent it calls for all "Documents regarding consumer interpretation of the labels of the

14  Products."

15      Despite a diligent search and reasonable inquiry, Ancient Organics has no documents

16  regarding consumer interpretation of the Representations on the labeling of its ghee products.

17  **REQUEST FOR PRODUCTION NO. 26:**

18      Documents substantiating the healthiness of the Products.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

20      Ancient Organics incorporates the Preliminary Statement, General Objections, and

21  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

22  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

23  product doctrine.  Ancient Organics objects to this Request as vague and ambiguous, including

24  its use of the term "healthiness."

25  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

26      Ancient Organics incorporates the Preliminary Statement, General Objections, and

27  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

28  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

1  product doctrine.  Ancient Organics objects to this Request as vague and ambiguous, including

2  its use of the term "healthiness."

3       Subject to and without waiving the foregoing objections, Ancient Organics will produce a

4  specification sheet for its ghee products.  Ancient Organics produced a specification sheet for its

5  ghee products on February 14, 2024.

6  **REQUEST FOR PRODUCTION NO. 27:**

7       All consumer complaints regarding the Product during the Relevant Time Period.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

9       Ancient Organics incorporates the Preliminary Statement, General Objections, and

10  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

11  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

12  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

13  that it calls for "[a]ll consumer complaints regarding the Product," including but not limited to

14  customer complaints regarding the Product(s) unrelated to the labeling or Representations at

15  issue in Plaintiffs' Complaint.

16       Subject to and without waiving the foregoing objections, Ancient Organics is willing to

17  produce responsive, non-privileged documents, if any, sufficient to show California customer

18  complaints regarding Representations on the Product(s) during the Relevant Time Period.

19  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

20       Ancient Organics incorporates the Preliminary Statement, General Objections, and

21  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

22  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

23  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

24  that it calls for "[a]ll consumer complaints regarding the Product," including but not limited to

25  customer complaints regarding the Product(s) unrelated to the labeling or Representations at

26  issue in Plaintiffs' Second Amended Complaint.

27       Subject to and without waiving the foregoing objections, Ancient Organics will produce

28  responsive, non-privileged documents, if any, sufficient to show customer complaints regarding

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

Representations on the labeling of its ghee products.  Despite a diligent search and reasonable inquiry, Ancient Organics has no customer complaints regarding the Representations on the labeling of its ghee products.

**REQUEST FOR PRODUCTION NO. 31:**

Documents showing any consumers surveys or studies regarding consumer interpretation of the Product labels carried out by you or by a third-party on your behalf. Include the name of survey or study, dates they were conducted, and BATES range in any production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Ancient Organics is willing to produce responsive, non-privileged documents, e.g., market research, consumer surveys, or studies, if any, concerning consumer interpretation of the Representations on the Product(s) sold in California during the Relevant Time Period.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Ancient Organics incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.

Despite a diligent search and reasonable inquiry, Ancient Organics has no documents regarding consumer interpretation of the Representations on the labeling of its ghee products.

**REQUEST FOR PRODUCTION NO. 34:**

Documents regarding your decision-making process and decision to use the Representations on the Product, including the intended, anticipated, and actual implications of, and inferences consumers draw from these Representations.

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

2        Ancient Organics incorporates the Preliminary Statement, General Objections, and

3    Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

4    the extent it seeks information that is protected by the attorney-client privilege or attorney work-

5    product doctrine.

6        Subject to and without waiving the foregoing objections, Ancient Organics is willing to

7    produce responsive, non-privileged documents, e.g., market research, consumer surveys, or

8    studies, if any, concerning consumer interpretation of the Representations on the Product(s) sold

9    in California during the Relevant Time Period.

10   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

11       Ancient Organics incorporates the Preliminary Statement, General Objections, and

12   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

13   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

14   product doctrine.

15       Despite a diligent search and reasonable inquiry, Ancient Organics has no documents

16   regarding consumer interpretation of the Representations on the labeling of its ghee products.

17   Subject to and without waiving the foregoing objections, Ancient Organics will produce an

18   employee organizational chart and texts of job descriptions for Ancient Organics's employees

19   responsible for labeling and packaging its ghee products.  Ancient Organics produced an

20   employee organizational chart and texts of job descriptions for Ancient Organics's employees

21   responsible for labeling and packaging its ghee products on February 14, 2024.

22   **REQUEST FOR PRODUCTION NO. 38:**

23       All Communications and Documents related to Your understanding of "GOOD FAT."

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

25       Ancient Organics incorporates the Preliminary Statement, General Objections, and

26   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

27   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

28   product doctrine.  Ancient Organics objects to this Request as vague and ambiguous, including

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

1    its use of the term "understanding."  Ancient Organics objects to this Request as grossly

2    overbroad and vague in that it calls for "[a]ll Communications and Documents related to Your

3    understanding of 'GOOD FAT.'"

4         Subject to and without waiving the foregoing objections, Ancient Organics is willing to

5    produce responsive, non-privileged documents, e.g., market research, consumer surveys, or

6    studies, if any, concerning consumer interpretation of the Representations on the Product(s) sold

7    in California during the Relevant Time Period.

8    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

9         Ancient Organics incorporates the Preliminary Statement, General Objections, and

10   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

11   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

12   product doctrine.  Ancient Organics objects to this Request as vague and ambiguous, including

13   its use of the term "understanding."  Ancient Organics objects to this Request as grossly

14   overbroad and vague in that it calls for "[a]ll Communications and Documents related to Your

15   understanding of 'GOOD FAT.'"

16        Despite a diligent search and reasonable inquiry, Ancient Organics has no documents

17   regarding consumer interpretation of the Representations on the labeling of its ghee products.

18   **REQUEST FOR PRODUCTION NO. 39:**

19        All Communications and Documents related to Your understanding of "superfood."

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

21        Ancient Organics incorporates the Preliminary Statement, General Objections, and

22   Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

23   the extent it seeks information that is protected by the attorney-client privilege or attorney work-

24   product doctrine.  Ancient Organics objects to this Request as calling for documents that are

25   neither "relevant to any party's claim or defense" nor "proportional to the needs of the case"

26   (Fed. R. Civ. P. 26(b)(1)), to the extent Plaintiffs seek "Communications and Documents related

27   to [Ancient Organics's] understanding of 'superfood.'"  The Court ruled in its Order Granting in

28   Part Ancient Organics's Motion to Dismiss that the "superfood" and "nourish your mind, body

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  and soul" statements are "nonactionable puffery," and that Plaintiffs may only "proceed on their

2  claims as to the other challenged label statements."  ECF No. 36 at 9.

3  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4      Ancient Organics incorporates the Preliminary Statement, General Objections, and

5  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

6  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

7  product doctrine.  Ancient Organics objects to this Request as calling for documents that are

8  neither "relevant to any party's claim or defense" nor "proportional to the needs of the case"

9  (Fed. R. Civ. P. 26(b)(1)), to the extent Plaintiffs seek "Communications and Documents related

10  to [Ancient Organics's] understanding of 'superfood.'"  The Court ruled in its Order Granting in

11  Part Ancient Organics's Motion to Dismiss that the "superfood" and "nourish your mind, body

12  and soul" statements are "nonactionable puffery," and that Plaintiffs may only "proceed on their

13  claims as to the other challenged label statements."  (ECF No. 36 at 9.)

14      Subject to and without waiving the foregoing objections, Ancient Organics will produce

15  documents, if any, related to its understanding of the "superfood" statement on the labeling of its

16  ghee products.  Despite a diligent search and reasonable inquiry, Ancient Organics has no

17  documents related to its understanding of the "superfood" statement on the labeling of its ghee

18  products.

19  **REQUEST FOR PRODUCTION NO. 40:**

20      All Communications with non-profit organizations and trade groups regarding the

21  Products.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

23      Ancient Organics incorporates the Preliminary Statement, General Objections, and

24  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

25  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

26  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

27  that it calls for "[a]ll Communications with non-profit organizations and trade groups regarding

28  the Products" unrelated to the labeling or Representations at issue in Plaintiffs' Complaint.

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

1     Subject to and without waiving the foregoing objections, Ancient Organics is willing to

2  produce responsive, non-privileged communications, if any, with non-profit organizations and

3  trade groups regarding the Representations on the Product(s) sold in California during the

4  Relevant Time Period.

5  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6     Ancient Organics incorporates the Preliminary Statement, General Objections, and

7  Objections to Definitions as if fully set forth herein.  Ancient Organics objects to this Request to

8  the extent it seeks information that is protected by the attorney-client privilege or attorney work-

9  product doctrine.  Ancient Organics objects to this Request as grossly overbroad and vague in

10  that it calls for "[a]ll Communications with non-profit organizations and trade groups regarding

11  the Products" unrelated to the labeling or Representations at issue in Plaintiffs' Second Amended

12  Complaint.

13     Despite a diligent search and reasonable inquiry, Ancient Organics has no

14  communications with non-profit organizations or trade groups regarding the Representations on

15  the labeling of its ghee products.

16
17  DATED:  March 27, 2024          DAVIS WRIGHT TREMAINE LLP
                                     JACOB M. HARPER
18                                   JAMES H. MOON
                                     PETER K. BAE
19
20
21                          By: _____
                                     James H. Moon
22                                   *Attorneys for Defendant*
                                     *Ancient Organics, a California corporation*
23
24
25
26
27
28

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On March 27, 2024, I served the document described as "**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**" upon the interested parties in this action addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

____  (VIA U.S. MAIL)  I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

_X_  (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address sharisanders@dwt.com, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

Executed on March 27, 2024, Los Angeles, California.

_X_  Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
SHARI SANDERS

23

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

SERVICE LIST

| | |
|---|---|
| **POPE McGLAMRY, P.C.**<br>Caroline G. McGlamry (Cal. Bar 308660)<br>Michael L. McGlamry (*pro hac vice forthcoming*)<br>3391 Peachtree Road, NE, Suite 300<br>Atlanta, GA 30326<br>Tel: (404) 523-7706<br>carolinemcglamry@pmkm.com<br>mmcglamry@pmkm.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **GOOD GUSTAFSON AUMAIS LLP**<br>J. Ryan Gustafson (Cal. Bar No. 220802)<br>2330 Westwood Blvd., No. 103<br>Los Angeles, CA 90064<br>Tel: (310) 274-4663<br>jrg@ggallp.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **THE KEETON FIRM LLC**<br>Steffan T. Keeton, Esq. *(pro hac vice)*<br>100 S Commons, Ste 102<br>Pittsburgh PA 15212<br>Tel: (888) 412-5291<br>stkeeton@keetonfirm.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |
| **SHENAQ PC**<br>Amir Shenaq, Esq. *(pro hac vice)*<br>3500 Lenox Rd. Ste 1500<br>Atlanta, GA 30326<br>Tel: (888) 909-9993<br>amir@shenaqpc.com | *Attorneys for Plaintiffs* KELLY EFFINGER and KEEFE STEVERNU |

ANCIENT ORGANICS'S AMENDED RESPONSE TO RFP, SET ONE
Case No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899