1  DAVIS WRIGHT TREMAINE LLP
2      Jacob M. Harper (SBN 259463)
       *jacobharper@dwt.com*
3      James H. Moon (SBN 268215)
       *jamesmoon@dwt.com*
4      Peter K. Bae (SBN 329158)
       *peterbae@dwt.com*
5  865 South Figueroa Street, 24th Floor
   Los Angeles, California  90017-2566
6  Telephone:  (213) 633-6800
   Fax:  (213) 633-6899
7
8  *Attorneys for Defendant*
   *Ancient Organics, a California corporation*
9

10              **IN THE UNITED STATES DISTRICT COURT**

11              **THE NORTHERN DISTRICT OF CALIFORNIA**

12                    **SAN FRANCISCO DIVISION**

13

14  | | |
    |---|---|
    | KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated, | Case No. 3:22-cv-03596-AMO |
    | | **DEFENDANT ANCIENT ORGANICS'S MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS, PLAINTIFF STEVERNU'S INTERROGATORY RESPONSES, AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
    | Plaintiffs, | |
    | v. | |
    | ANCIENT ORGANICS, a California corporation, | [***Declaration of James H. Moon; [Proposed] Order Filed Concurrently***] |
    | Defendant. | Assigned to the Hon. Araceli Martínez-Olguín |
    | | Date:      August 29, 2024<br>Time:      2:00 p.m.<br>Courtroom:  10 |

28

1

## NOTICE OF MOTION

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3        **PLEASE TAKE NOTICE** that on August 29, 2024, at 2:00 p.m. or as soon thereafter as

4 the matter may be heard, in Courtroom 10 of the above-captioned Court located at 450 Golden

5 Gate Avenue, San Francisco, California 94102, Defendant Ancient Organics will move the Court

6 for an order compelling Plaintiffs Kelly Effinger and Keefe Stevernu (Plaintiffs) to appear for

7 their duly-noticed depositions and plaintiff Stevernu to provide interrogatory responses, and

8 imposing sanctions upon Plaintiffs and their counsel.

9        This Motion is made pursuant to Federal Rules of Civil Procedure 30, 37(a), and 37(d).

10 This Motion is based upon this notice, the attached Memorandum of Points and Authorities, the

11 Declaration of James H. Moon submitted herewith, the pleadings and records on file, and upon

12 such other and further matters as may be presented before or at the hearing.

13

14 Dated:  July 17, 2024                         DAVIS WRIGHT TREMAINE LLP
                                                    Jacob M. Harper
15                                                  James H. Moon
                                                    Peter K. Bae
16

17                                              By: */s/ Jacob M. Harper*
                                                    Jacob M. Harper
18
                                                *Attorneys for Defendant Ancient Organics*
19

20

21

22

23

24

25

26

27

28

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 6330
6800

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................. 2

        A.      Ancient Organics Serves Written Discovery............................................. 2

        B.      Plaintiffs' Counsel Claim They Will Dismiss Plaintiff Stevernu. ......... 3

        C.      Plaintiffs and Plaintiffs' Counsel Fail to Appear for Deposition in March
                2024. ........................................................................................................ 3

        D.      Plaintiffs Request, and Receive, An Extension of Case Deadlines......... 4

        E.      Plaintiffs and Plaintiffs' Counsel Fail to Appear for Deposition in July
                2024. ........................................................................................................ 4

        F.      Plaintiffs' Counsel Fail to Meet and Confer on These Discovery Issues.............. 5

III.    ARGUMENT ........................................................................................................ 6

        A.      The Court Should Compel Plaintiffs' Depositions. ................................. 6

        B.      The Court Should Compel Plaintiff Stevernu to Provide Interrogatory
                Responses. ............................................................................................... 8

        C.      The Court Should Sanction Plaintiffs' Counsel for Discovery Misconduct. ........ 10

                1.      The Court Should Impose Monetary Sanctions. .................................. 10

                2.      The Court Should Impose Case-Terminating Sanctions. ..................... 11

IV.     CONCLUSION .................................................................................................... 14

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 6330
6800

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Adriana Int'l Corp. v. Thoeren*,
    913 F.2d 1406 (9th Cir. 1990)........................................................................................... 11

5

6

*Comp. Task Grp., Inc. v. Brotby*,
    364 F.3d 1112 (9th Cir. 2004)........................................................................................... 13

7

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
    482 F.3d 1091 (9th Cir. 2007)........................................................................................... 11

8

9

*Davenport v. Lee*,
    2011 WL 2143122 (E.D. Cal. May 31, 2011)..................................................................... 8

10

*Dysthe v. Basic Research, LLC*,
    273 F.R.D. 625 (C.D. Cal. 2011) ........................................................................................ 7

11

12

*Erichsen v. Cnty. of Orange*,
    2016 WL 6921610 (C.D. Cal. Mar. 31, 2016) .................................................................... 6

13

14

*Fraley v. Facebook Inc.*,
    2012 WL 555071 (N.D. Cal. Feb. 21, 2012)................................................................. 7, 10

15

*Gallegos v. Atria Mgmt. Co., LLC*,
    2016 WL 11824850 (C.D. Cal. Nov. 14, 2016) ........................................................... 6, 7, 8

16

17

*GS Holistic, LLC v. Puff & Up Inc.*,
    2024 WL 1601832 (C.D. Cal. Mar. 12, 2024) .................................................................... 6

18

19

*Harkey v. Beutler*,
    817 F. App'x 389 (9th Cir. 2020)...................................................................................... 12

20

*Hart v. P.A.E. Govt' Servs.*,
    2011 WL 2580389 (E.D. Cal. June 28, 2011).................................................................... 6

21

22

*Henry v. Gill Indus. Inc.*,
    983 F.2d 943 (9th Cir. 1993).............................................................................................. 11

23

24

*In re Clawson*,
    434 B.R. 556 (N.D. Cal. 2010)............................................................................................. 7

25

*In re Nest Labs Litig.*,
    2016 WL 8231155 (N.D. Cal. Mar. 9, 2016) ...................................................................... 8

26

27

*Lowry v. Heritage Sec.*,
    2011 WL 7769329 (S.D. Cal. July 7, 2011)................................................................. 12, 13

28

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 6330
6800

*Malone v. U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ................................................................................................ 13

*Nehad v. Mukasey*,
    535 F.3d 962 (9th Cir. 2008) ................................................................................................. 7

*Nilon v. Natural-Immunogenics Corp.*,
    2014 WL 3779006 (S.D. Cal. July 31, 2014) ..................................................................... 6, 8

*Opperman v. Path*,
    2015 WL 9311888 (N.D. Cal. Dec. 22, 2015) ...................................................................... 9

*Pappas v. Naked Juice Co. of Glendora, Inc.*,
    2012 WL 12248744 (C.D. Cal. Dec. 7, 2012) ...................................................................... 8

*R & R Sails, Inc. v. Ins. Co. of Penn.*,
    673 F.3d 1240 (9th Cir. 2012) .............................................................................................. 10

*Rice v. Am. Nat'l Red Cross*,
    2024 WL 3011044 (E.D. Cal. June 14, 2024) ..................................................................... 13

*Richmark Corp. v. Timber Falling Consultants*,
    959 F.2d 1468 (9th Cir. 1992) ............................................................................................... 9

*Ridgeway v. Wal-Mart Stores, Inc.*,
    2016 WL 4529430 (N.D. Cal. Aug. 30, 2016) ...................................................................... 8

*Roberts v. Electrolux Home Prods.*,
    2013 WL 4239050 (C.D. Cal. Aug. 14, 2013) ...................................................................... 7

*Ruelas v. Alameda Cnty.*,
    2022 WL 21769762 (N.D. Cal. Nov. 1, 2022), *report and recommendation adopted*,
    2023 WL 8173675 (N.D. Cal. Apr. 14, 2023) .......................................................... 11, 12, 13

*Russo v. Network Sol'ns, Inc.*,
    2008 WL 763748 (N.D. Cal. Mar. 21, 2008) ........................................................................ 9

*Sali v. Corona Regional Med. Ctr.*,
    884 F.3d 1218 (9th Cir. 2018) ............................................................................................... 6

*Sanchez v. Comm'y Church Retirement Ctr.*,
    1993 WL 473661 (N.D. Cal. Nov. 5, 1993) ........................................................................ 13

*Sherman v. Yahoo! Inc.*,
    2015 WL 473270 (S.D. Cal. Feb. 5, 2015) ........................................................................... 7

*Smith v. Sergent*,
    2017 WL 1022860 (E.D. Cal. Mar. 16, 2017) ...................................................................... 9

*Transamerica Life Ins. Co. v. Arutyunyan*,
    93 F.4th 1136 (9th Cir. 2024) ........................................................................................ 12, 13

iv

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 6330
6800

*Turner v. Cal. Forensic Med. Grp.*,
   2013 WL 1281785 (E.D. Cal. Mar. 26, 2013) ................................................................. 9

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*,
   158 F.3d 1051 (9th Cir. 1998) ....................................................................................... 13

**Statutes**

Civil L.R. 37-2 ..................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 30 ............................................................................................................. 7, 10

Fed. R. Civ. P. 33 ................................................................................................................. 9

Fed. R. Civ. P. 37 ................................................................................................ 6, 8, 10, 11

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 6330
6800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Ancient Organics respectfully requests that the Court (1) compel Plaintiffs Keefe Stevernu and Kelly Effinger (Plaintiffs) to appear at their duly-noticed depositions, (2) order Mr. Stevernu to provide interrogatory responses, and (3) impose sanctions upon Plaintiffs and their counsel for their repeated, bad faith discovery conduct.

After no-showing at their initial depositions in March 2024, Plaintiffs made a last-minute petition to this Court, seeking to extend the case deadlines based on their purported "good faith" efforts to comply with the prior discovery schedule.  After obtaining an extension of deadlines, ***Plaintiffs (and their attorneys) failed to appear—again—for duly-noticed depositions in July 2024.***  Their excuse for failing to appear—that they "have no record of receiving notices for depositions"—is refuted by photographic evidence and Proofs of Service provided by Ancient Organics's process servers, who personally served notice of Plaintiffs' depositions on each of the *four* plaintiffs' firms in this action.  Nor have opposing counsel provided plaintiff Stevernu's interrogatory responses at all based on their stated intention to withdraw him as a named plaintiff.  They have not filed any motion to dismiss the plaintiff for months despite engaging in mediation on that same plaintiff's behalf.

This is unacceptable.  Instead of complying with the extended case schedule, Plaintiffs and their counsel doubled down and unilaterally failed to appear for depositions, again, in July 2024.  Neither plaintiff objected to the deposition, again, forcing Ancient Organics's attorneys to prepare for and travel to depositions that did not occur as properly noticed.  Separately, despite disclosing he is "likely to have discoverable information concerning," e.g., "his purchases of [Ancient Organics's] Products and the representations made by [Ancient Organics]," plaintiff Stevernu still has not provided responses to Ancient Organics's Interrogatories, which were served nearly six months ago.  Ancient Organics has no choice but to request that the Court compel Plaintiffs to appear at deposition, and order plaintiff Stevernu to provide interrogatory responses, before a date certain.

1
ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Sanctions should be imposed upon Plaintiffs' counsel.  Plaintiffs cannot carry their heavy

2    burden to provide "substantial" justification for refusing to appear at deposition, nor can Mr.

3    Stevernu substantially justify his refusal to provide interrogatory responses, as required to defeat

4    an award of sanctions.  Mandatory monetary sanctions in the amount of $15,000 should therefore

5    be imposed to partially defray the costs and fees incurred by Ancient Organics in noticing

6    Plaintiffs' second set of depositions, traveling to Plaintiffs' depositions in July 2024, taking

7    Plaintiffs' nonappearances at deposition, and bringing this motion.  The Court should also

8    impose terminating sanctions based on repeated unjustifiable bad faith discovery conduct.

9    The Court should grant Ancient Organics's Motion, and sanction Plaintiffs' counsel.

**II.    FACTUAL BACKGROUND**

**A.    Ancient Organics Serves Written Discovery.**

12    On March 24, 2023, Plaintiffs filed the operative Second Amended Complaint (SAC),

13    claiming Ancient Organics's ghee products are falsely advertised and marketed as "healthy,

14    healthful, better for them, and a healthier alternative to the competition"—representations which

15    do not appear on the labeling of Ancient Organics's ghee—because they contain "high levels of

16    saturated fats."  (ECF No. 39 (SAC) ¶¶ 15(a), 16(a), 19.)

17    In December 2023, the parties exchanged initial disclosures.  (Declaration of James H.

18    Moon (Moon Decl.) ¶ 2.)  Plaintiffs' disclosures state that both "Ms. Effinger" and "Mr.

19    Stevernu" are "likely to have discoverable information concerning the matters described in the

20    Complaint.  Specifically, [their] purchases of [Ancient Organics's] Products and the

21    representations made by [Ancient Organics]."  (Ex. A (Initial Disclosures) at 2.)[1]

22    On January 25, 2024, Ancient Organics served Requests for Production, Requests for

23    Admission, and Interrogatories (together, the discovery requests) upon both Plaintiffs.  (Moon

24    Decl. ¶ 3; *see, e.g.*, Ex. B (Ancient Organics's ROG to Stevernu).)

25    On February 26, 2024, Plaintiffs served responses and objections to Ancient Organics's

26    Requests for Production and Requests for Admission.  On March 1, 2024, Ms. Effinger served

27

28    [1] All cites to Exhibits reference exhibits to the Declaration of James H. Moon filed
concurrently.

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  responses and objections to Ancient Organics's Interrogatories.  (Moon Decl. ¶ 4.)  Mr. Stevernu

2  failed to serve interrogatory responses, without any explanation.  (*Id.*)

3  **B.      Plaintiffs' Counsel Claim They Will Dismiss Plaintiff Stevernu.**

4         On March 1, 2024, Ancient Organics noticed Mr. Stevernu's deposition for 9 a.m. PST

5  on March 27, 2024, and Ms. Effinger's deposition for 9 a.m. PST on March 28, 2024, at Ancient

6  Organics's counsel's San Francisco office.  (Moon Decl. ¶ 5; Exs. C & D (Deposition Notices).)

7         On March 20, 2024, Ancient Organics's attorneys emailed Plaintiffs' counsel seeking to

8  meet and confer on Plaintiffs' discovery responses and document production.  (Exs. E & F (Mar.

9  2024, emails) at 3–4.)  Ancient Organics noted that "Mr. Stevernu failed to serve [interrogatory]

10  responses without explanation."  (Ex. E at 3.)  The same day, Plaintiffs' counsel responded:

11  "Concerning Mr. Stevernu, we will move to dismiss with prejudice.  Will you give us leave to

12  file?  If so, we can draft up the dismissal for Mr. Stevernu."  (*Id.* at 2.)

13         On March 21, 2024, Ancient Organics's attorneys responded as follows:  "Before

14  considering any dismissal request, we would need to receive full responses to the previously

15  served discovery and to take his duly noticed deposition."  (Ex. E at 1.)  Plaintiffs' lawyer

16  replied:  "We are moving forward to dismiss Mr. Stevernu.  We are doing so because we haven't

17  been able to get in touch with him for the past few weeks and we have done everything we know

18  to do to make contact with him."  (*Id.*)  Mr. Stevernu ultimately failed to produce a single

19  document, despite committing to do so, and never responded to Ancient Organics's

20  Interrogatories, without explanation.  Plaintiffs have also not moved to dismiss Mr. Stevernu.

21         On March 22, 2024, Plaintiffs' counsel emailed Ancient Organics, stating for the first

22  time that "Ms. Effinger will not be able to attend next week's deposition on [March 28, 2024]."

23  (Ex. F at 1.)

24  **C.      Plaintiffs and Plaintiffs' Counsel Fail to Appear for Deposition in March 2024.**

25         Plaintiffs and their counsel failed to appear for their duly-noticed depositions on March

26  27, 2024, and March 28, 2024.  (Moon Decl. ¶ 5.)  Neither plaintiff sought a protective order to

27  delay the deposition.  (*Id.*)  Ancient Organics's attorney prepared for and traveled to depositions

28  that did not occur.  (*Id.*)

3

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    **D.    Plaintiffs Request, and Receive, An Extension of Case Deadlines.**

2    On March 27, 2024—the day Mr. Stevernu's deposition was supposed to go forward—

3    opposing counsel filed their motion to extend the case schedule based on their purported "good

4    faith" attempts to comply with discovery.  (ECF No. 54 (Pls.' motion to change time) at 4

5    ("Plaintiffs have made a good faith attempt" to extend deadlines).)

6    On June 5, 2024, the Court granted Plaintiffs' motion.  (ECF No. 61 (Scheduling Order).)

7    **E.    Plaintiffs and Plaintiffs' Counsel Fail to Appear for Deposition in July 2024.**

8    On June 10, 2024, Ancient Organics personally served Amended Notices of Plaintiffs'

9    depositions upon each of the four plaintiffs' law firms in this action.  (Exs. G & H (Am.

10    Deposition Notices).)  The Notices set Mr. Stevernu's deposition for 9 a.m. PST on July 2, 2024,

11    and Ms. Effinger's deposition for 9 a.m. PST on July 3, 2024, at Ancient Organics's counsel's

12    San Francisco office.  (*See id*.)

13    Ancient Organics's Proofs of Service confirms Amended Notices of Plaintiffs'

14    depositions were personally served on each of the four plaintiffs' firms in this action.  (Ex. I

15    (POS).)  Specifically, Ancient Organics's process server served:  The Keeton Firm by leaving

16    Plaintiffs' deposition subpoena packet on the front office receptionist's desk; Pope McGlamry,

17    P.C. and Shenaq PC by sliding Plaintiffs' deposition subpoena packets under these firms' front

18    office doors; and served Good Gustafson Aumais LLP by leaving Plaintiffs' deposition subpoena

19    packet at this firm's front office door.  (*Id*.)

20    Even still, Plaintiffs and their attorneys failed to appear for depositions on July 2, 2024,

21    and July 3, 2024, without any explanation.  (Moon Decl. ¶ 9.)  Again, neither plaintiff sought a

22    protective order to delay the deposition, forcing Ancient Organics's attorney to prepare for and

23    travel to depositions that did not occur, again.  (*Id*.)  They did not otherwise notify Ancient

24    Organics that they would not appear.  The deposition transcripts for Plaintiffs' nonappearances

25    cost Ancient Organics $618.  (Ex. J (transcript invoices).)

26

27

28

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**F.      Plaintiffs' Counsel Fail to Meet and Confer on These Discovery Issues.**

On July 8, 2024, Ancient Organics's counsel emailed Plaintiffs' counsel seeking to meet and confer on Plaintiffs' failure to appear at their depositions, incomplete document production, and deficient discovery responses.  (Ex. K (July 8, 2024, email).)

On July 10, 2024, Plaintiffs' counsel wrote a one-page response to Ancient Organics's meet and confer email.  (Ex. L (July 10, 2024, letter).)  Purporting to "write on behalf of the Plaintiff," opposing counsel provide a one-sentence explanation regarding their nonappearance at deposition:  "We have no record of receiving notices for depositions to be taken on these dates during the discovery period."  (*Id*. at 1.)  With respect to Plaintiffs' deficient discovery responses, the letter states:  "There are no additional documents to be produced from Plaintiff.  Additionally, Plaintiff is not withholding any documents based on privilege."  (*Id*.)

On July 12, 2024, Ancient Organics's counsel emailed Plaintiffs' counsel:  "We are available to talk Monday at 1:30 pm PT or Tuesday am PT.  In advance of the call, please let us know who you purport to represent with [your] letter that refers to 'Plaintiff.'  Your firm is attorney of record for both plaintiffs in this litigation.  If you do not have authority to proceed or answer as to one plaintiff, that is a material issue we need to know."  (Ex. M (July 2024, emails) at 3.)  On July 15, 2024, Plaintiffs' counsel replied:  "In terms of Plaintiff, it refers to Ms. Effinger.  Despite our continued efforts, we have been unable to get Mr. Stevernu to respond to our communications nor have we been unable [sic] to locate him."  (*Id*. at 2.)  On July 16, 2024, Plaintiffs' counsel "[c]onfirmed" the meet and confer for "3PM PT" on July 17, 2024.  (*Id*. at 1.)

On July 17, 2024, Plaintiffs' counsel emailed Ancient Organics's counsel approximately 41 minutes before the parties' meet and confer was "[c]onfirmed" by Plaintiffs' counsel to go forward, claiming he is "no longer able to meet at 3PM today."  (Moon Decl. ¶ 13; *see* Ex. M at 1.)  Ancient Organics filed this Motion following Plaintiffs' repeated failures over a four-month period to appear for deposition, and Mr. Stevernu's failure to provide interrogatory responses, without explanation.

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**III.    ARGUMENT**

The Court should grant Ancient Organics's Motion to Compel and for Sanctions.  As

discussed below, Ancient Organics is entitled to (A) depose the named plaintiffs in this action;

and (B) Mr. Stevernu's interrogatory responses, which he completely failed to provide.  The

Court should award monetary sanctions and case-terminating sanctions against Plaintiffs'

counsel based on their repeated discovery abuses.

**A.    The Court Should Compel Plaintiffs' Depositions.**

The Court should compel both Plaintiffs' depositions pursuant to Federal Rule of Civil

Procedure 37(a), which permit "a party [to] move for an order compelling disclosure or

discovery."  Courts routinely grant motions to compel a party's deposition under Rule 37(a).

*See, e.g.*, *Erichsen v. Cnty. of Orange*, 2016 WL 6921610, at *5–8 (C.D. Cal. Mar. 31, 2016)

(granting motion to compel plaintiffs' deposition and Rule 37(d) motion for sanctions based on

plaintiffs' failure to appear for noticed depositions); *Nilon v. Natural-Immunogenics Corp.*, 2014

WL 3779006, at *4–5 (S.D. Cal. July 31, 2014) (same); *Hart v. P.A.E. Govt' Servs.*, 2011 WL

2580389, at *4 (E.D. Cal. June 28, 2011) (same); *Sali v. Corona Regional Med. Ctr.*, 884 F.3d

1218, 1222 (9th Cir. 2018) ("Rule 37(a) encompasses an order to attend a deposition.").

Proofs of service "'constitute prima facie evidence of valid service' and are 'entitled to a

presumption of validity.'"  *GS Holistic, LLC v. Puff & Up Inc.*, 2024 WL 1601832, at *3 (C.D.

Cal. Mar. 12, 2024).  Here, Ancient Organics's Proofs of Service, complete with true and correct

photographs of the deposition subpoena packages served on each of the four plaintiffs' firms in

this action, confirms that Ancient Organics personally served its Amended Notices of Plaintiffs'

depositions.  (Ex. I.)

Ancient Organics is entitled to take the depositions of the two plaintiffs that initiated this

litigation.  "It is axiomatic that a plaintiff who chooses to bring suit must appear for his or her

own deposition."  *Erichsen*, 2016 WL 6921610, at *5; *Gallegos v. Atria Mgmt. Co., LLC*, 2016

WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016) ("A current plaintiff is not excused from being

deposed.").

6

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Opposing counsel's intention to withdraw Mr. Stevernu as a plaintiff, without more, does

2    not change that.[2]  As the Court is aware, Plaintiffs' counsel conducted settlement negotiations on

3    behalf of both plaintiffs as recently as March 14, 2024, yet they claimed just eight days later on

4    March 22, 2024, that they would move "forward to dismiss Mr. Stevernu … because [they]

5    haven't been able to get in touch with him for the ***past few weeks***."  (Ex. E at 1 (emphasis

6    added); *see also* Ex. M at 2 (Plaintiffs' counsel claim they "have been unable to get Mr. Stevernu

7    to respond to [their] communications nor have [they] been [able] to locate him.").)[3]

8    Opposing counsel have not even submitted a motion to withdraw on Mr. Stevernu's

9    behalf, despite claiming they would move to dismiss him as a plaintiff nearly four months ago.

10   (Ex. E at 1.)  Put simply, "defendants are entitled to take the deposition of a named plaintiff

11   notwithstanding the plaintiff's intention to withdraw from the case, especially where the

12   plaintiff's claims formed the basis of the class action and the plaintiff has been a named plaintiff

13   from the start of the action."  *Gallegos*, 2016 WL 11824850, at 9 (collecting cases).

14   And even if Plaintiffs' counsel filed a motion to withdraw Mr. Stevernu—they did not—

15   "until a named plaintiff's motion to withdraw is granted, he or she remains a party to the case,

16   and may therefore be deposed pursuant to Federal Rule of Civil Procedure 30(a)."  *Roberts v.*

17   *Electrolux Home Prods.*, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (collecting cases);

18   *Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) (ordering Fraley,

19   who "remains a named plaintiff," to appear for deposition); *Dysthe v. Basic Research, LLC*, 273

20   F.R.D. 625, 629 (C.D. Cal. 2011) ("Hall is currently a *named* plaintiff and has not yet been

21

22   [2] If a motion to dismiss Mr. Stevernu is ever made, Ancient Organics intends to oppose
     on the grounds that any such withdrawal or dismissal by the Court should at least be conditioned
     upon Mr. Stevernu sitting for the requested deposition and providing interrogatory responses to
23   identify his purported bases for starting this putative class action lawsuit. *See, e.g.*, *Sherman v.*
     *Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (courts may "condition … a
24   dismissal on a plaintiff's deposition or production of discovery.").

25   [3] Plaintiffs' counsel likely committed serious ethical violations by participating in
     mediation and rejecting settlement offers on behalf of a client whom they have been unable to
26   contact. *See, e.g.*, *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) ("It is well settled that
     only the client has the authority to define the objectives of the representation. … Only the client,
27   therefore, may decide whether to make or accept an offer of settlement.") (collecting authorities);
     *In re Clawson*, 434 B.R. 556, 571 (N.D. Cal. 2010) ("California requires an attorney to have
28   express authority to settle a client's claims.").

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  dismissed …. Defendants are certainly entitled to take the deposition of a party.") (emphasis in

2  original); *Nilon*, 2014 WL 3779006, at *4 ("Mr. Nilon currently has a motion to substitute …, he

3  nevertheless, is still the named Plaintiff in this matter and as a party, Defendant is entitled to take

4  his deposition."); *Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 12248744, at *2 (C.D.

5  Cal. Dec. 7, 2012) ("As Mr. Marchewka is currently a named plaintiff and has not yet been

6  dismissed, defendant is entitled to take his deposition.").

7         As named plaintiffs, both Mr. Stevernu and Ms. Effinger possess information likely to

8  lead to the discovery of admissible evidence relevant to class certification and merits issues.  As

9  a purported "consumer of the products challenged … in this lawsuit," Mr. Stevernu's "deposition

10  testimony regarding his allegations in his pleadings and regarding his discovery responses and

11  document production may have relevance to class certification issues, or may lead to the

12  discovery of admissible evidence, even if [he] ultimately is no longer a party to the litigation."

13  *Pappas*, 2012 WL 12248744, at *2; *Ridgeway v. Wal-Mart Stores, Inc.*, 2016 WL 4529430, at *3

14  (N.D. Cal. Aug. 30, 2016) ("Even if Krohn were to continue as a class member rather than as a

15  named plaintiff, it would still be within Wal-Mart's rights to seek his deposition."); *Gallegos*,

16  2016 WL 11824850, at *10 (plaintiff's "testimony is relevant because she remains a percipient

17  witness in this action regardless of whether she continues as a putative class member."); *see also*

18  *In re Nest Labs Litig.*, 2016 WL 8231155, at *2 (N.D. Cal. Mar. 9, 2016) (refusing to grant

19  plaintiff's motion to quash deposition and document subpoenas because he was "originally a

20  putative class plaintiff, and the operative complaint is based in part on his specific allegations.").

21  In fact, Mr. Stevernu disclosed that he is "likely to have discoverable information concerning the

22  matters described in the Complaint.  Specifically, his purchases of [Ancient Organics's] Products

23  and the representations made by [Ancient Organics]."  (Ex. A at 2.)

24         The Court should compel Plaintiffs to appear for their depositions within the next

25  fourteen (14) days.

26  **B.**    **The Court Should Compel Plaintiff Stevernu to Provide Interrogatory Responses.**

27         "A motion to compel is appropriate when a party fails to provide responses to

28  interrogatories." *Davenport v. Lee*, 2011 WL 2143122, at *1 (E.D. Cal. May 31, 2011); Fed. R.

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Civ. P. 37(a)(3)(iii) ("A party seeking discovery may move for an order compelling an answer,

2    designation, production, or inspection [if] a party fails to answer an interrogatory submitted

3    under Rule 33.").  Pursuant to Civil L.R. 37-2, the full text of each Interrogatory at issue is

4    attached as **Exhibit B** to the concurrently filed Declaration of James H. Moon.  Because Mr.

5    Stevernu failed to respond to a single one of Ancient Organics's Interrogatories, there are no

6    objections or responses to excerpt.

7            Mr. Stevernu's "complete failure … to respond in any way to [Ancient Organics's

8    Interrogatories] requires an order compelling a response."  *Turner v. Cal. Forensic Med. Grp.*,

9    2013 WL 1281785, at *1 (E.D. Cal. Mar. 26, 2013); *Russo v. Network Sol'ns, Inc.*, 2008 WL

10   763748, at *1 (N.D. Cal. Mar. 21, 2008) ("[B]ecause there is no evidence that Mr. Russo ever

11   provided responses to the discovery requests at any point, the motion to compel is granted.");

12   *Smith v. Sergent*, 2017 WL 1022860, at *2 (E.D. Cal. Mar. 16, 2017) ("Plaintiff's complete

13   failure to respond to defendant's discovery requests … means he has waived any objections to

14   those requests and will be ordered to respond.").[4]

15           To the extent opposing counsel suggests Mr. Stevernu should not be compelled to

16   provide interrogatory responses because they will move to dismiss him at some undetermined

17   point in time, the argument fails.  Even assuming Mr. Stevernu is dismissed as a named plaintiff,

18   courts routinely compel interrogatory responses from class members, including because those

19   "responses can be relevant to class certification issues, such as commonality, predominance, and

20   typicality."  *Opperman v. Path*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015).  Indeed,

21   "the fact that [Mr. Stevernu] may soon be dismissed from the lawsuit makes even more relevant

22   [Ancient Organics's] discovery into the basis for [his] allegations that will be a part of the record

23   in this case.  Even if [Mr. Stevernu] is dismissed from the case, the court may consider the

24

25           [4] As Ancient Organics's attorneys explained to Plaintiffs' counsel, Mr. Stevernu's
     "'failure to object timely [to Ancient Organics's Interrogatories] serves to waive objections.'"
26   (Ex. E at 3.)  *See, e.g.*, *Turner*, 2013 WL 1281785, at *1 ("Having not provided timely responses,
     plaintiff has waived any objection he may have to the requests propounded."); *Richmark Corp. v.*
27   *Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a
     failure to object to discovery requests within the time required constitutes a waiver of any
28   objection.").

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    relevance of [his] earlier testimony to [Ancient Organics's] ongoing defense." *Fraley*, 2012 WL

2    555071, at *3.

3         The Court should compel Mr. Stevernu to serve responses to Ancient Organics's

4    Interrogatories within the next seven (7) days.

5    **C.    The Court Should Sanction Plaintiffs' Counsel for Discovery Misconduct.**

6         The Court must require a "party or deponent" who unsuccessfully opposes a motion to

7    compel to "pay the movant's reasonable expenses in making the motion, including attorney's

8    fees," unless the party subject to the sanction was "substantially justified," or "other

9    circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  The Court may

10   "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred

11   by any party—on a person who impedes, delay, or frustrates the fair examination of the

12   deponent." *Id*. 30(d)(2).  The Court may also sanction a party who "fails … to appear for that

13   person's deposition," or "fails to serve its answers, objections, or written response" to

14   interrogatories, "unless the failure was substantially justified or other circumstances make an

15   award of expenses unjust." *Id*. 37(d)(1)(A).  "The party facing sanctions bears the burden of

16   proving that its failure to disclose the required information was substantially justified or is

17   harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

18        As explained below, the Court should impose (1) monetary sanctions, and (2) terminating

19   sanctions based upon opposing counsel's repeated, bad faith discovery conduct.

20        **1.    The Court Should Impose Monetary Sanctions.**

21        The Court should award Ancient Organics its reasonable expenses because Plaintiffs and

22   their attorneys cannot provide substantial justification for failing to appear at deposition.  Fed. R.

23   Civ. P. 37(a)(5)(A); *id*. 30(d)(2); *id*. 37(d)(1)(A).

24        As detailed in the concurrently filed Declaration of James H. Moon, the Court should

25   order Plaintiffs and Plaintiffs' counsel, jointly and severally, to pay Ancient Organics monetary

26   sanctions totaling $15,000, which is less than the attorneys' fees and costs actually incurred by

27   Ancient Organics.  (Moon Decl. ¶¶ 14–22.)  This reduced sum reflects the costs and fees of

28   personally serving Amended Notices of Depositions upon each of the four plaintiffs' firms;

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    traveling to Plaintiffs' depositions on July 2, 2024, and July 3, 2024, for which Plaintiffs failed to

2    appear; documenting Plaintiffs' latest set of nonappearances; and preparing this motion.  (*Id*.)

3         **2.    The Court Should Impose Case-Terminating Sanctions.**

4         In addition to mandatory monetary sanctions, the Court should impose case-terminating

5    sanctions based on opposing counsel's bad faith discovery conduct.

6         "[W]illfulness, bad faith, or fault justify terminating sanctions."  *Conn. Gen. Life Ins. Co.*

7    *v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  "Disobedient conduct not

8    shown to be outside the control of the litigant is all that is required to demonstrate willfulness,

9    bad faith, or fault."  *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).  Indeed, "for

10   purposes of terminating sanctions, a party is bound by the actions of its attorneys, as a court need

11   not find that the client, rather than only its lawyers, engaged in willful conduct."  *Ruelas v.*

12   *Alameda Cnty.*, 2022 WL 21769762, at *3 (N.D. Cal. Nov. 1, 2022), *report and recommendation*

13   *adopted*, 2023 WL 8173675 (N.D. Cal. Apr. 14, 2023).  "A court may consider prior misconduct

14   when weighing a subsequent sanction motion."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

15   1411 (9th Cir. 1990).

16        Plaintiffs' discovery misconduct establishes willfulness, bad faith, or fault to justify

17   terminating sanctions.  Plaintiffs' purported "explanation for [their] refusal to appear on two

18   separate occasions" each for their "properly noticed deposition[s] … leaves no basis for

19   concluding that [their] failures to appear were not … within [their] control."  *Henry*, 983 F.2d at

20   949.  Separately, as of the filing of this Motion on July 17, 2024, Mr. Stevernu still has not

21   responded to Ancient Organics's Interrogatories, served nearly six months ago on January 25,

22   2024.  (Ex. B.)  Mr. Stevernu "cannot be heard to say this … failure to answer was beyond his

23   control" either, especially "in light of the fact that at least two letters were sent by [Ancient

24   Organics] demanding the interrogatories and claiming they were overdue."  *Henry*, 983 F.2d at

25   949.  As explained below, Ancient Organics amply satisfies the Ninth Circuit's five-factor test

26   for assessing terminating sanctions upon a finding of willfulness, bad faith, or fault:  "(1) the

27   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

28   (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring the

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  disposition of cases on their merits; and (5) the availability of less drastic sanctions."

2  *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).

3      *First*, the public interest in expeditious resolution "weighs in favor of dismissal, as

4  Plaintiff[s'] past and anticipated future conduct is the antithesis of expeditious resolution.

5  Plaintiff[s have] unnecessarily undermined the smooth flow of litigation…. [W]ere Plaintiff[s']

6  cases allowed to proceed, the public's interest in expeditious resolution of cases will very likely

7  not be satisfied." *Lowry v. Heritage Sec.*, 2011 WL 7769329, at *15 (S.D. Cal. July 7, 2011). In

8  short: "The public has an interest in speedy resolution of cases, and further delay is not

9  warranted." *Ruelas*, 2022 WL 21769762, at *4.

10     *Second*, this Court's need to manage its busy docket weighs in favor of dismissal.

11  Notwithstanding this Court's "impacted docket, Plaintiff[s'] behavior has necessitated the

12  Court's direct intervention on multiple occasions to referee disputes." *Lowry*, 2011 WL

13  7769329, at *16. As Ancient Organics's attorneys explained to Plaintiffs' counsel: "Plaintiffs'

14  failure to appear is especially egregious because they already no-showed at their initial

15  depositions in March 2024, and requested an extension of discovery deadlines based on their

16  purported 'good faith' attempts to comply with discovery." (Ex. K at 1.) "Plaintiff[s have] taken

17  advantage of the Court's resources, willingness to allow [them] leeway, and repeatedly [have]

18  broken … promises to conduct [themselves] in a civil and courteous manner in [their] dealing

19  with the Court and counsel. [Their] behavior has resulted in several unnecessary court

20  appearances and the issuance of orders …. In the future, such a high level of supervision will

21  necessarily consumer judicial resources that could be devoted to other matters." *Lowry*, 2011

22  WL 7769329, at *16.

23     *Third*, Ancient Organics has already been prejudiced by Plaintiffs' failure to appear for

24  depositions and Mr. Stevernu's failure to respond to discovery, which favors dismissal. *See, e.g.*,

25  *Harkey v. Beutler*, 817 F. App'x 389, 391 (9th Cir. 2020) (affirming dismissal based on

26  plaintiff's prejudicial failure to appear at deposition and to respond to discovery, even when

27  plaintiff claimed he was "not properly served with the deposition notice and with other discovery

28  requests."). "In the instant action, plaintiff[s'] repeated failure to appear at [their] deposition …

12

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    has cost [Ancient Organics] court reporter fees, and additional costs in attorney time for

2    attending the deposition and attempting to compel plaintiff's attendance.  Moreover, defendant's

3    inability to depose plaintiff has interfered with defendant's ability … to prepare its defense.  The

4    existence of prejudice is palpable." *Sanchez v. Comm'y Church Retirement Ctr.*, 1993 WL

5    473661, at *2 (N.D. Cal. Nov. 5, 1993); *Ruelas*, 2022 WL 21769762, at *4 ("Because Mebrahtu

6    did not appear for his deposition …, Defendants were prejudiced.").  In addition, "it is clear that

7    [Ancient Organics] is prejudiced by [Mr. Stevernu's] refusal to participate in discovery and turn

8    over basic discovery … supporting the claims [he] asserts in the complaint. … [Ancient Organics

9    has] been substantially prejudiced by Plaintiff's misconduct because Defendant cannot assess the

10   case, prepare its defense, or prepare for trial where Plaintiff has completely failed to respond

11   to … discovery requests."  *Rice v. Am. Nat'l Red Cross*, 2024 WL 3011044, at *6 (E.D. Cal.

12   June 14, 2024); *Comp. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) ("[F]ailing

13   to provide clear answers to interrogatories" constitutes prejudice).

14           *Fourth*, the "policy favoring disposition on the merits also favors dismissal here because

15   Plaintiff[s have] failed to move [their] case toward disposition, instead impeding progress in that

16   direction."  *Rice*, 2024 WL 3011044, at *6 (cleaned up); *Transamerica Life Ins. Co.*, 93 F.4th at

17   1147 (same).

18           *Fifth*, "the only effective or practical solution here is dismissal."  *Lowry*, 2011 WL

19   7769329, at *19.  "Under the egregious circumstances present here"—where Plaintiffs failed to

20   appear for their duly-noticed depositions, again, after receiving a last-minute extension of case

21   deadlines from the Court, and Mr. Stevernu still has not provided interrogatory responses,

22   despite remaining a named plaintiff—"it is unnecessary … for a district court to discuss why

23   alternatives to dismissal are infeasible."  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir.

24   1987); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) ("[I]t is not

25   always necessary for the court to impose less serious sanctions first, or to give any explicit

26   warning.").

27

28

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    The Court should issue terminating sanctions based on Plaintiffs' bad faith discovery

2 misconduct, including Plaintiffs' repeated failure to appear at deposition, and Mr. Stevernu's

3 refusal to provide interrogatory responses.

4                              **IV.    CONCLUSION**

5    Based on the foregoing, Ancient Organics respectfully requests that the Court order:

6    • Plaintiffs Keefe Stevernu and Kelly Effinger to make themselves available for

7       depositions within fourteen (14) days of the Court's Order on Ancient Organics's

8       Motion;

9    • Plaintiff Keefe Stevernu to provide responses to Ancient Organics's Interrogatories

10      within seven (7) days of the Court's Order on Ancient Organics's Motion;

11   • Plaintiffs Keefe Stevernu and Kelly Effinger, and their counsel, jointly and severally,

12      to pay expenses in the amount of $15,000 to Ancient Organics; and

13   • Dismiss Plaintiffs Keefe Stevernu's and Kelly Effinger's individual claims, with

14      prejudice, based on their bad faith discovery conduct.

15

16 Dated:  July 17, 2024                    DAVIS WRIGHT TREMAINE LLP
                                                Jacob M. Harper
17                                              James H. Moon
                                                Peter K. Bae
18
                                            By: */s/ Jacob M. Harper*
19                                              Jacob M. Harper

20                                          *Attorneys for Defendant Ancient Organics*

21

22

23

24

25

26

27

28

ANCIENT ORGANICS'S MOTION TO COMPEL DISCOVERY; SANCTIONS
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899