**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND REQUEST FOR IMMEDIATE HEARING**<br><br>Date: August 29, 2023<br>Time: 2:00 PM<br>Courtroom: 10<br>The Honorable Araceli Martinez-Olguín |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 2

     A.    Defendant's Motion Should Be Denied Because It Is Procedurally Improper Because It Violates The Court's Standing Order. ...................... 2

     B.    Defendant's Motion Should Be Denied Because Defense Counsel Intentionally Created the Issues Where It Seeks Relief. .......................... 4

          1.    Depositions Were Not Properly Served by Defendant's Design ................ 5

          2.    Defendant Seeks Dismissal of Plaintiff Stevernu's Claims Despite Declining the Dismissal for Months ............................................................ 8

III.  CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Chodosh v. Saunders,*
   No. SACV2001326CJCKESX, 2020 WL 7020303 (C.D. Cal. Nov. 5, 2020) ............... 5

*Davis v. Elec. Arts Inc.,*
   No. 10-CV-03328-RS (DMR), 2017 WL 8948082 (N.D. Cal. Sept. 12, 2017) ............. 6

*Hawkins v. Kroger Co.,*
   No. 15CV2320 JM(AHG), 2020 WL 6150040 (S.D. Cal. Oct. 20, 2020) ............. 2, 7, 9

*Sinett Inc. v. Blairex Lab'ys, Inc.,*
   909 F.2d 253 (7th Cir. 1990) ................................................................................... 6

*Van v. Language Line LLC,*
   2016 WL 5339805 (N.D. Cal. Sept. 23, 2016) ......................................................... 6

## I. INTRODUCTION

The Defendant's conduct to fabricate a motion for sanctions is deplorable but it is part of a pattern. Rather than engage in cooperative discovery in the additional time provided by the Court, Defendant has completely thwarted Plaintiffs' ability to take depositions or obtain documents; meanwhile, Defendant conjured up a hypocritical plan to at best deceive Plaintiffs, and at worst, a fraud on both Plaintiffs and this Court.[1]

Throughout this litigation, defense counsel has exercised gamesmanship at almost every stage. The damages caused by Defendant's bad faith and refusal to communicate or cooperate are self-inflicted damages, and self-inflicted damages are not sanctionable. With numerous opportunities to mitigate damages, Defendant rather seeks to complicate the elementary aspects of litigation (service of deposition notices, dismissal of unresponsive parties). Plaintiffs' counsel is respectful of the Court's valuable time, and throughout this litigation has attempted to resolve issues without the Court's intervention.

Defendant's Motion should be denied for multiple reasons.

Aside from the fact that the predicate for the motion is a scam and a fraud[2], it should be rejected because it is procedurally improper. The Court's Standing Order

---

[1] Rather than serve deposition notices by email (like every single document shared or served on and between the Parties to date), mail or even direct service, Defendant says it left packages after hours, and outside the doors of 4 separate law firms located in Georgia, Pennsylvania, and California (without otherwise notifying counsel). By Declarations submitted herewith, none of the packages were received by any of the four law firms.

[2] Defendant failed to serve the notices of the depositions. Instead of following approved methods of service, Defendant intentionally cluttered the service process to ensure that Plaintiffs' counsel would not be served notice of the depositions.

– 1 –

has a detailed procedure for handling discovery disputes. Defendant failed to follow this procedure before filing this motion. This process is intended to facilitate resolution prior to these issues being presented before this Court. Instead, Defendant rushed to the courthouse and seeks relief for injuries that are self-inflicted. By failing to make *any* effort to comply with the Court's discovery procedures, Defendant's motion should be denied.

Lastly, Defendant seeks relief by dismissing claims from a non-responsive plaintiff despite rejecting to consent to dismiss his claims for months.

While this behavior might seem surprising, it is not for opposing counsel. Rather, it is standard fare from their playbook. *See, e.g., Hawkins v. Kroger Co.*, No. 15CV2320 JM(AHG), 2020 WL 6150040, at *8 (S.D. Cal. Oct. 20, 2020) ("While the examples listed by Magistrate Judge Goddard could conceivably be viewed as constituting something other than bad faith, **they demonstrate a level of sophistry in Kroger's and Counsel's behavior that is concerning to this court**.") (emphasis added). Defendant's gamesmanship should not be rewarded, and the motion should be denied.

## II. ARGUMENT

### A. Defendant's Motion Should Be Denied Because It Is Procedurally Improper Because It Violates The Court's Standing Order.

Defendant's motion attempts to resolve a discovery dispute – created by Defendant – under the guise of a motion for sanctions and to compel. This violates the

– 2 –

Court's procedure because Defendant failed to proceed with the necessary steps to resolve its discovery dispute with the Court.

Discovery disputes are required to follow the Court's Standing Order. Defendant failed to comply with each and every step outlined by the Court before the filing of the present motion. There were no in-person or videoconference meet-and-confer discussions, requests for informal guidance from the Court, nor any attempt to craft a joint statement. *See* First Keeton Declaration, ¶¶ 20-22.

Instead, when Plaintiffs' counsel could not participate in a recently scheduled meet and confer session for medical reasons, defense counsel quickly filed the present motion without a single attempt to discuss or reschedule. In fact, just two hours after leaving the hospital and for the second time asking for defense counsel's availability the very next day, defense counsel's only response was this motion. *See* Exhibit 1.

To the extent that the Court would like to review the cancelled meet and confer on the date of this filing, a *complete* review of the facts shows no sanctionable conduct by Plaintiffs' counsel. Leading into the meet and confer, issues raised by both sides were planned to be discussed.[3] This meeting had never previously been cancelled or re-scheduled by Plaintiffs' counsel, and when it was scheduled two days prior, numerous dates and times were offered by Plaintiffs' counsel.[4]

On July 17, 2024, Plaintiffs' counsel had a medical appointment later in the day in the period after the scheduled meet and confer. Second Keeton Declaration, ¶¶

---

[3] For example, the title of the email chain uploaded as Defendant's Exhibit M is entitled "Re: Effinger v. Ancient Organics - Response to Pls.' 30(b)(6) Deposition Notice" indicating that the primary issue concerned Defendant's objections to Plaintiff's 30(b)6 deposition notice previously served on Defendant.

[4] *See* Defendant's Exhibit M at 3.

– 3 –

Plaintiffs' Opposition to Defendant's Motion for Sanctions
*Effinger v. Ancient Organics*, No. 3:22-cv-03596-AMO

5-7. Approximately an hour before the scheduled meet and confer, Plaintiffs' counsel was informed that he had to arrive significantly earlier to the appointment. Second Keeton Declaration, ¶¶ 8-10. Immediately upon learning of this information, he informed defense counsel, apologized, and asked for additional availability for the next day.[5] After receiving no response, and immediately after leaving the hospital, Plaintiffs' counsel contacted defense counsel and asked for availability for any day remaining in the present work week.[6] This slight delay in the meet and confer was not in bad faith and is supported by valid cause.

Defendant's "rush to Chambers" approach fails to resolve any of Defendant's perceived discovery deficiencies. Instead, it serves to further delay this case, and waste the Court's valuable time. If the Court decides to waive its standard procedure and reviews Defendant's motions, Defendant's arguments still fail because Defendant's claimed discovery problems are self-inflicted. Simply put, Defendant intentionally created a mess and now wishes for the Court to clean it up. This is improper.

### B. Defendant's Motion Should Be Denied Because Defense Counsel Intentionally Created the Issues Where It Seeks Relief.

Even if Defendant's Motion complied with the Court's procedure for discovery disputes, the Motion should still be denied because Defendant created the circumstances where it now seeks relief.

---

[5] Exhibit M at 3.
[6] Exhibit 1 at 2.

– 4 –

### 1. Depositions Were Not Properly Served by Defendant's Design

On July 8, 2024 at 5:43PM PT, Plaintiffs' counsel first learned that Defendant had intended to depose any plaintiff in this case during the first week of July 2024. After a thorough review, Plaintiffs' counsel responded, "We have no record of receiving notices for depositions to be taken on these dates during the discovery period." Defendant's Exhibit L. This statement is accurate because Plaintiffs' counsel never received notice, not even the packages Defendant asserts were delivered outside the law offices after hours. When Plaintiffs' counsel alerted defense counsel that no notice had been provided, defense counsel failed to respond with any of the information provided in Exhibit I. Instead, defense counsel filed this motion. In fact, defense counsel's affidavits of service were only generated on July 16, 2024,[7] the day before they filed the instant motion. Had defense counsel provided this "proof" to Plaintiffs' counsel prior to the filing of this motion, Plaintiffs' counsel would have objected, and the Court's valuable time would have been saved because the service is wholly deficient.

Rule 5(b) outlines how service may be made. Fed. R. Civ. P. 5(b). Defendant fails to comply with the service requirements in each of its claimed proofs of service.

At Good Gustafson Aumais' office, a document claimed to be a deposition notice is precariously wedged into the exterior door like a food delivery menu solicitation.[8] This is not proper service. *Chodosh v. Saunders*, No. SACV2001326CJCKESX, 2020

---

[7] Additionally, the majority of these rapidly generated affidavits are also deficient because they fail to include necessary information about the process server. For example, three of the four affidavits fail to identify the process server other than an indistinguishable signature at the bottom of the document.

[8] Defendant's Exhibit I at 11.

– 5 –

WL 7020303, at *4 (C.D. Cal. Nov. 5, 2020), *aff'd*, No. 20-56252, 2021 WL 5985041 (9th Cir. Dec. 16, 2021) ("Leaving documents at Plaintiffs' counsel's office door is not proper service under Rule 5."); *Van v. Language Line LLC*, 2016 WL 5339805, at *6 (N.D. Cal. Sept. 23, 2016) ("Leaving documents at a recipient's door does not fall within the methods of service expressly approved in Rule 5(b).").

At the Keeton Firm, a brown envelope was dropped on the corner of a table – next to outgoing mail containers – in a common lobby of a building with numerous offices.[9] This fails to satisfy Rule 5(b) because the process server didn't even attempt to leave it at a proper location.

At Shenaq PC, the process server slid an envelope under the door.[10] This is not proper service. *Sinett Inc. v. Blairex Lab'ys, Inc.*, 909 F.2d 253, 253–54 (7th Cir. 1990) (Rule 5(b) does not allow service on an attorney by sliding a document under the door of a law office); *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2017 WL 8948082, at *1 (N.D. Cal. Sept. 12, 2017) ("The court finds that Plaintiffs' attempt to serve Defendant by sliding the discovery requests under defense counsel's office door when the office was closed did not constitute proper service.").

At Pope McGlamry, the process server combined both the method used at Good Gustafson and the method used at Shenaq PC.[11] Both methods fail for the same reasons as they did when they were used at each of those firms.

---

[9] Defendant's Exhibit I at 9.
[10] Defendant's Exhibit I at 5.
[11] Defendant's Exhibit I at 7-8.

In the end, none of Plaintiffs' counsel were notified of these intended depositions. *See* First Keeton Dec.; McGlamry Dec.; Gustafson Dec.; Shenaq Dec. As outlined below, this was Defendant's goal throughout the entire process.

The first time that Plaintiffs' counsel was notified of the intended depositions occurred at 5:43 PM PT on July 8, 2024. Despite discussing numerous discovery issues and accepting service via electronic means throughout the litigation, defense counsel never sent an email, made a phone call, left a voicemail, sent a text message, or inquired about the depositions in any fashion prior to the intended deposition date. This is further aggravated by the fact that defense counsel never reached out to arrange scheduling of the deposition date at any time preceding the deposition date while scheduling them both for the days immediately preceding the Fourth of July. Surely counsel would want to confirm the availability of client and counsel before scheduling a deposition on a busy holiday week where many people are on vacation. The only reason not to confer with opposing counsel under these circumstances is if it played some other role in the defense counsel's gameplan.

It is additionally noteworthy that three different process servers in three different states all clearly violated Rule 5 in the same fashion. This is unlikely *unless* it came from a common directive from defense counsel. If defense counsel was concerned about the Court's deposition deadline, the easiest path to provide notice would be placing the notice in the mail and/or sending it electronically as had been the normal course throughout this litigation.

Instead, Defendant set into motion this game to further delay and distract from the merits of this case. While this behavior is surprising to counsel acting in

– 7 –

Plaintiffs' Opposition to Defendant's Motion for Sanctions
*Effinger v. Ancient Organics*, No. 3:22-cv-03596-AMO

good faith, for defense counsel, this is merely a routine play from their playbook.[12] In other words, Defendant obtained what it desired, and it wastes the Court's time when it cries foul. The only bad faith here is Defendant's own.

### 2. Defendant Seeks Dismissal of Plaintiff Stevernu's Claims Despite Declining the Dismissal for Months

For months now, Plaintiffs' counsel has been unable to get any response from Mr. Stevernu. Despite numerous phone calls, electronic messages, voicemail messages, and text messages, counsel has received no response. First Keeton Declaration, ¶¶ 12-19. When this problem started to occur around the mediation, Plaintiffs' counsel attempted to obtain Defendant's consent so we could dismiss Mr. Stevernu's claims via a joint stipulation under Rule 41. However, each time this was suggested, Defendant declined or ignored.

The hope of Plaintiffs' counsel was to preserve the Court's valuable time by avoiding a dismissal or withdrawal motion and hearing for such a simple issue that is routinely resolved amongst counsel rather than court.[13] It is bizarre that Defendant is seeking case terminating sanctions for Mr. Stevernu because Plaintiffs' counsel has been requesting the dismissal of his case for months. In other words, they are wasting the Court's time by seeking relief that – months ago – could have been granted with a single joint stipulation.

---

[12] *See, e.g.*, *Hawkins*, 2020 WL 6150040, at *3 ("**the Court finds that the record clearly establishes that Kroger's counsel has acted in bad faith** to hamper the discovery process, by engaging in pedantic hair-splitting, gamesmanship, unreasonable parsing of language, and willful obliviousness to the plain meaning of the Court's order.") (emphasis added).

[13] *See, e.g.*, Exhibit M at 3

– 8 –

## III. CONCLUSION

Plaintiff respectfully asks that the Court to set a hearing immediately, reproach Defendant's counsel for their conduct, and deny Defendant's motion in its entirety because it is procedurally improper and premised on Defendant's own bad faith. Simply put, Defendant's "gamesmanship, illustrative of bad faith, was afoot[,]"[14] and should not be rewarded.

Dated: July 22, 2024

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

*Counsel for Plaintiffs*

---

[14] *Hawkins*, 2020 WL 6150040, at *8.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2024, a true and correct copy of this Opposition was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton
