DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
Ancient Organics, a California corporation

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO CHANGE TIME; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of James H. Moon Filed Concurrently*]<br><br>Assigned to the Hon. Araceli Martínez-Olguín |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Plaintiffs Request, and Obtain, Their First Extension of Case Deadlines ............... 2

    B. Plaintiffs Serve Their Rule 30(b)(6) Notice; Ancient Organics Objects. ............... 3

    C. Ancient Organics Meets and Confers With Plaintiffs' Counsel. ............................ 3

III. ARGUMENT ........................................................................................................................ 3

    A. Plaintiffs' Motion Fails to Comply With Civil L.R. 6 and Scheduling Order ........................................................................................................................ 4

    B. Plaintiffs Fail to Provide "Good Cause" to Extend Case Deadlines. ...................... 4

i

ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casillas v. Bayer Corp.*,
　2024 WL 3440449 (N.D. Cal. July 16, 2024) .................................................................... 4

*Gilmore v. Safe Box Logistics, Inc.*,
　2023 WL 7106883 (N.D. Cal. Sept. 15, 2023) .................................................................. 5

*Hawkins v. Kroger Co.*,
　2020 WL 6150040 (S.D. Cal. Oct. 20, 2020) .................................................................... 2

*Johnson v. Mammoth Recreations, Inc.*,
　975 F.2d 604 (9th Cir. 1992) ............................................................................................ 4

*Justin v. City and Cnty. of San Francisco*,
　2008 WL 544466 (N.D. Cal. Feb. 26, 2008) .................................................................... 5

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
　2024 WL 1180999 (N.D. Cal. Mar. 18, 2024) ............................................................. 4, 5

*Marino v. YummyEarth, Inc.*,
　N.D. Cal. Case No. 3:22-cv-02739-VC ........................................................................... 2

*Ottovich v. City of Fremont*,
　2013 WL 3245162 (N.D. Cal. June 26, 2013) ................................................................. 4

*Ries v. Ariz. Bevs. USA LLC*,
　2013 WL 12172652 (N.D. Cal. Feb. 5, 2013) .................................................................. 5

*Walker & Zanger, Inc. v. Paragon Indus.*,
　2006 WL 1581969 (N.D. Cal. June 6, 2006) ................................................................... 5

*Zivkovic v. S. Cal. Edison Co.*,
　302 F.3d 1080 (9th Cir. 2002) .......................................................................................... 4

**Rules**

Civil Local Rules
　Rule 16(b) .......................................................................................................................... 4
　Rule 37-3 ........................................................................................................................... 5
　Rule 6 ................................................................................................................................ 4
　Rule 6-1(b) ........................................................................................................................ 4
　Rule 6-3 ............................................................................................................................. 2

Federal Rules of Civil Procedure
　Rule 30(b)(6) ............................................................................................................ 1, 3, 4, 5

ii
ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

After flouting their discovery deadlines and depositions, again, plaintiffs Keefe Stevernu and Kelly Effinger (Plaintiffs) filed their Second Motion to Change Time (Mot., ECF No. 65), seeking another extension of expert and class certification deadlines. The request should be denied for lack of good cause, and their continuous and prejudicial failure to prosecute this case.

As explained in Ancient Organics's Opposition to Plaintiffs' First Motion to Change Time (ECF No. 57 at 1–2) and Ancient Organics's pending Motion to Compel and for Sanctions (ECF No. 62 at 1), Plaintiffs and their attorneys have repeatedly failed to diligently pursue discovery—even after the Court cut them slack and admonished them to conclude the case with alacrity—including by failing to (1) appear at their initial depositions in March 2024, less than a week before they were set to go forward, obligating Ancient Organics's lawyers to travel to depositions that did not occur; (2) provide plaintiff Stevernu's responses to Ancient Organics's Interrogatories, served more than six months ago, despite never moving to dismiss him as a named plaintiff; and (3) appear for depositions, again, in July 2024, without any prior notice, forcing Ancient Organics's attorneys to travel to depositions that did not go forward, for a second time. Plaintiffs also (4) sought to confer for the first time on their facially deficient Rule 30(b)(6) Notice (as required) on the day of the fact discovery deadline, and (5) never moved to compel any further discovery from Ancient Organics before the July 17 fact discovery motion deadline. And to top it all off, (6) Plaintiffs filed their second motion to extend expert and class certification deadlines on July 24, *the day their expert disclosures were due*.

Plaintiffs' counsel are no strangers to missing deadlines, causing scheduling problems for parties and cases, and trying to clean up their messes afterward. In another putative consumer action in this Court, the Honorable Vince Chhabria recently denied Mr. Keeton's and Mr. Gustafson's request for "a retroactive extension of the class certification deadline," rejected opposing counsel's medical issue as an excuse for missed deadlines, and limited the plaintiff to her individual claims, for two reasons:

1

ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> First, litigation deadlines are important. … [T]he rules need to mean something. … At no point during the seven weeks between the class certification deadline and the hearing did counsel file a motion for relief from the failure to meet the deadline. This despite being called to the mat by opposing counsel for dilatory litigation conduct, which should have caused counsel to snap to attention regarding any delays or transgressions that needed to be remedied. Although one member of the plaintiff's legal team has apparently been fighting a serious illness over the summer, he is not the only member of the legal team. The other lawyers, along with the named plaintiff herself, have a responsibility to make sure that deadlines are met or that extensions are timely requested. Second and relatedly, based on counsel's performance thus far, the Court would be very likely to deny class certification on adequacy of representation grounds. So granting the request to retroactively extend the deadline would likely be futile.

(Ex. A (ECF No. 51 (Order Denying Relief from Failure to Timely File Class Cert. Mot. filed Oct. 11, 2023), *Marino v. YummyEarth, Inc.*, N.D. Cal. Case No. 3:22-cv-02739-VC)) at 1–2.)

This case merits the same result. Plaintiffs' Motion should be denied outright as untimely under Civil L.R. 6-3 and this Court's Scheduling Order. And even if their motion were timely, Plaintiffs fail to address the applicable legal standard for a ***second time***, let alone supply "good cause" required to amend the Court's Order.[1] Plaintiffs' accusations of Ancient Organics's "bad faith" are not only false, but also cannot excuse their own inexplicable delays. Another extension of the case schedule would only prejudice Ancient Organics, who continues to incur substantial expense defending against Plaintiffs' baseless claims.

The Court should deny Plaintiffs' dilatory, unwarranted, and prejudicial request.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs Request, and Obtain, Their First Extension of Case Deadlines.

On June 17, 2022, Plaintiffs filed this action against Ancient Organics. (ECF No. 1.) On December 13, 2023, this Court entered its Case Schedule. (ECF No. 49.) On March 27, 2024, Plaintiffs filed their First Motion to Change Time. (ECF No. 54.) On April 10, 2024, Ancient Organics filed an opposition to Plaintiffs' motion. (ECF No. 57.)

On June 5, 2024, the Court granted Plaintiffs' First Motion to Change Time, extending discovery and class certification deadlines, including the "Class Certification Expert

---

[1] The only legal citation in Plaintiffs' motion is to an order *vacating* a sanctions award issued by a magistrate judge in a different case involving different circumstances. *See Hawkins v. Kroger Co.*, 2020 WL 6150040, at *10 (S.D. Cal. Oct. 20, 2020) ("[T]he sanctions imposed upon Counsel under the court's inherent authority cannot stand.").

2

ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Disclosures" deadline to "**July 24, 2024**." (ECF No. 61 (Scheduling Order) at 2.) The Order
2  expressly provides that the "***parties may seek further extension seven days in advance of the***
3  ***applicable deadline*** only upon a showing of good cause." (*Id*. (emphasis added).)

### B. Plaintiffs Serve Their Rule 30(b)(6) Notice; Ancient Organics Objects.

On June 10, 2024, Plaintiffs purported to serve their Rule 30(b)(6) Deposition Notice. Plaintiffs' Notice, which includes 59 matters for examination, unilaterally set Ancient Organics's deposition for July 10, 2024. On July 8, 2024, Ancient Organics sent a letter to Plaintiffs identifying defects in the Rule 30(b)(6) Notice, including the notice's unreasonable, overbroad topics. (Ex. B (July 8, 2024, letter) at 1–2.) On July 10, 2024, Plaintiffs' counsel sent a letter to Ancient Organics seeking to meet and confer on their Rule 30(b)(6) Notice "within the next week." (Ex. C (July 10, 2024, letter) at 1.)

### C. Ancient Organics Meets and Confers With Plaintiffs' Counsel.

On July 12, 2024, Ancient Organics's counsel emailed Plaintiffs' counsel: "We are available to talk [July 15, 2024] at 1:30 pm PT or Tuesday am PT." (Ex. D (July 2024, emails) at 3.) On July 16, 2024, Plaintiffs' counsel "[c]onfirmed" the conferral call for "3PM PT" on July 17, 2024. (*Id*. at 1.) At approximately 2:19PM PT on July 17, 2024, Plaintiffs' counsel emailed one of Ancient Organics's attorneys, claiming he is "no longer able to meet at 3PM." (*Id*.) None of Plaintiffs' attorneys—including the other attorney of record representing Plaintiffs—joined the call. The parties rescheduled. On July 23, 2024, counsel for the parties met and conferred regarding Plaintiffs' Rule 30(b)(6) Notice. (Moon Decl. ¶ 6.) Plaintiffs' counsel ended the videoconference after less than five minutes without attempting to discuss any of the deficiencies of the notice or overbroad topics, after Ancient Organics' counsel noted those same issues from its July 8, 2024, letter. (*Id.*) The next day, Plaintiffs filed their Second Motion to Change Time. This opposition timely follows.

### III.  ARGUMENT

Plaintiffs' Motion should be denied. The Motion is untimely (again), it fails to demonstrate the necessary good cause, and Plaintiffs did not diligently pursue discovery (again). Most of all, another belated amendment of the case schedule would prejudice Ancient Organics.

3
ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### A. Plaintiffs' Motion Fails to Comply With Civil L.R. 6 and Scheduling Order.

Plaintiffs' Motion should be denied for failing to comply with Civil L.R. 6 and this Court's Scheduling Order. Rule 6-1(b) states "[a]ny … motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event." This Court's extended Scheduling Order goes further, ordering the parties to "seek further extension seven days in advance of the applicable deadline." (ECF No. 61 at 2.)

Plaintiffs' Motion should be denied as untimely, because it was filed the ***same day as the expert disclosure deadline***, not "14 days" or "seven days in advance of the applicable deadline," respectively. (Mot. 4 (seeking to extend "Class Certification Expert Disclosures (currently 07/24/2024).") (filed July 24, 2024)).) In fact, this is the ***second time*** Plaintiffs filed an untimely extension motion. (ECF No. 54 (filed five days before close of fact discovery).) The Court should not countenance Plaintiffs' continued lack of diligence.

### B. Plaintiffs Fail to Provide "Good Cause" to Extend Case Deadlines.

Rule 16(b) provides "a schedule may only be modified for 'good cause and with the judge's consent.'" *M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*, 2024 WL 1180999, at *4 (N.D. Cal. Mar. 18, 2024). "If the party seeking the modification was not diligent, the inquiry should end." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiffs "failed to either show an inability to comply with the Court's scheduling order or diligence in seeking modification thereof, and thus fails to show good cause." *Ottovich v. City of Fremont*, 2013 WL 3245162, at *2 (N.D. Cal. June 26, 2013). Plaintiffs, who filed their second extension motion on July 24, 2024, insist they could not meet their July 24, 2024, expert disclosure deadline because Ancient Organics acted in "bad faith," including by objecting to their Rule 30(b)(6) Notice sixteen days earlier on July 8, 2024. (Mot. ¶¶ 7, 20–21.) To start, Rule 16(b)'s good cause standard "primarily considers [a moving party's] diligence," not "bad faith." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs' "argument misses the mark, as it fails to address [their] diligence in retaining experts and how [Ancient Organics] hindered [Plaintiffs] from retaining and preparing experts by the July [24] deadline." *Casillas v. Bayer Corp.*, 2024 WL 3440449, at *2 (N.D. Cal. July 16, 2024)

4
ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(Martínez-Olguín, J.).  "No reason has been given as to why Plaintiff[s] waited this … period of time, other than some claim that they relied on the good faith of their opposing counsel." *Walker & Zanger, Inc. v. Paragon Indus.*, 2006 WL 1581969, at *3 (N.D. Cal. June 6, 2006).  And although Plaintiffs blamed Ancient Organics for their failure to comply with the discovery schedule (ECF No. 54 at 2–3), unlike Ancient Organics, Plaintiffs never filed a motion to compel, although the deadline to file discovery motions passed on July 17 (Civil L.R. 37-3), providing further evidence of their lack of diligence.  In sum:  "Plaintiffs['] efforts in obtaining discovery in this case do not begin to approach diligence.  They … could have foreseen the need for additional discovery given that fact discovery closed while they had not yet taken the 30(b)(6) deposition they sought, did not seek to compel discovery within the guidelines of this court, and have not made any showing that the reopening of discovery will lead to relevant evidence." *Ries v. Ariz. Bevs. USA LLC*, 2013 WL 12172652, at *5 (N.D. Cal. Feb. 5, 2013).

  Although Plaintiffs cannot be prejudiced by their own lack of diligence, Ancient Organics would be substantially prejudiced by another extension of case deadlines.  Plaintiffs insist they will be "prejudiced by not being able to file expert reports." (Mot. ¶ 27.)  Not so, because the situation is of their "own making." *Gilmore v. Safe Box Logistics, Inc.*, 2023 WL 7106883, at *4 (N.D. Cal. Sept. 15, 2023) (Martínez-Olguín, J.); *Justin v. City and Cnty. of San Francisco*, 2008 WL 544466, at *4 (N.D. Cal. Feb. 26, 2008) (no good cause where plaintiffs' motion "comes as a result of counsel's lack of diligence.").  Also, "prejudice to the party opposing modification" compels denial. *M.A. Silva Corks USA, LLC*, 2024 WL 1180999, at *4.  Matteo Girard Maxon, President of Ancient Organics, has continued to work diligently to comply with the Court's Scheduling Order, including by conferring with Ancient Organics's attorneys to ensure discovery moves forward smoothly.  (ECF No. 57-2 (Maxon Decl.) ¶ 4.)  In contrast, Plaintiffs "prejudiced Ancient Organics with their lack of diligence in discovery. … [N]either Plaintiff showed up for their depositions set by the company's attorneys, and … one of the Plaintiffs wants to withdraw[] from the case after making allegations against [Mr. Maxon's] company." (*Id*. ¶ 5.)  Granting Plaintiffs' second motion would only prejudice Ancient Organics by forcing it to spend more on litigation, including past the expert disclosure date.  (*Id*. ¶ 4.)

5

ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2  Dated: July 29, 2024                               DAVIS WRIGHT TREMAINE LLP
3                                                          Jacob M. Harper
                                                           James H. Moon
4                                                          Peter K. Bae

5                                                   By: */s/ Jacob M. Harper*
                                                           Jacob M. Harper
6
                                                    *Attorneys for Defendant*
7                                                   *Ancient Organics, a California corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
ANCIENT ORGANICS'S OPPOSITION TO SECOND MOTION TO CHANGE TIME
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899