UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KELLY EFFINGER, et al., | Case No. 22-cv-03596-AMO |
|---|---|
| Plaintiffs, | |
| v. | **ORDER RE DISCOVERY AND SCHEDULING** |
| ANCIENT ORGANICS LLC, | Re: Dkt. Nos. 62, 64, 65 |
| Defendant. | |

Before the Court are several motions related to discovery and case scheduling. The motions are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS in part and DENIES in part** Defendant's motion, and the Court **DENIES** Plaintiff's motion.

I.   **BACKGROUND**

The Court held an initial case management conference for this putative class action on December 12, 2023. ECF 49. The Court set a case schedule during that conference, including an April 1, 2024, close of fact discovery for class certification. *Id.*

On March 27, 2024, Plaintiffs moved for an extension of deadlines. ECF 54. Following another conference and complete briefing, the Court granted Plaintiff's motion in light of the parties' earlier agreement to delay discovery while they attended mediation. ECF 61. The Court set the new close of fact discovery as July 10, 2024. *Id.*

On July 17, 2024, within the seven-day grace period contemplated by Civil Local Rule 37-3, Defendant filed the now-pending motion to compel discovery responses and for sanctions

against Plaintiffs' Counsel. ECF 62. Plaintiffs timely filed an opposition brief on July 22, 2024. ECF 63.[1]

On July 24, 2024, Plaintiffs filed the now-pending motion for an extension of time to file expert disclosures and the motion for class certification. ECF 65. Defendant timely filed an opposition brief on July 29, 2024. ECF 66.

## II. DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant moves to compel Plaintiffs Kelly Effinger and Keefe Stevernu to appear for depositions and Plaintiff Stevernu to provide interrogatory responses. Defendant includes within its motion a request for sanctions upon Plaintiffs and their counsel. The Court addresses these issues in turn.

### A. Depositions of Plaintiffs

A notice of deposition is sufficient to compel a party's attendance at a deposition, and the only requirement is that the party be "served with proper notice" of the deposition beforehand. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); Fed. R. Civ. P. 30(b)(1).

Here, the parties disagree about whether Plaintiffs received adequate notice. Defendant makes no reference to Rule 5, the Rule of Procedure that sets forth the standards constituting effective service in federal practice. Defendant argues instead that its proofs of service are entitled to a presumption of validity. ECF 62 at 6. However, the proofs of service and the photos attached thereto show that the deposition notices were not effectively served at Plaintiffs' counsels' offices. *See* Moon Decl., Ex. I (ECF 62-10). As the images reveal, the documents were variously wedged into door handles like solicitations, dropped on the corner of a common lobby table next to outgoing mail containers, and slid under office doors. *See id.*; Fed. R. Civ. P. 5(b). This does not constitute proper service. *Van v. Language Line LLC*, 2016 WL 5339805, at *6 (N.D. Cal. Sept. 23, 2016) ("Leaving documents at a recipient's door does not fall within the methods of service

---

[1] Also on July 22, 2024, Plaintiffs' Counsel filed an administrative motion to file under seal a declaration to includes confidential personal information. ECF 64. Defendant did not file a response. Good cause appearing, the Court **GRANTS** the administrative motion to file under seal.

United States District Court
Northern District of California

1   expressly approved in Rule 5(b).").  Indeed, as Plaintiffs note in their opposition brief,

2   Defendant's attempted service appears aimed at avoiding effective notice given that Defense

3   counsel avoided making service by electronic means, as the parties had done throughout the case.

4   *Compare, e.g.*, Moon Decl. Ex. D (ECF 62-5, Effinger Dep. Notice with electronic service) *with*

5   Ex. H (ECF 62-9, Am. Effinger Dep. Notice showing no electronic service).  Worse still,

6   Defendant did not coordinate with Plaintiffs' counsel prior to issuing the deposition notices, and

7   Defense counsel did not contact Plaintiffs' counsel about the missed depositions until the week

8   after they were supposed to take place.  None of this conduct reveals a meaningful effort to

9   schedule and complete depositions, and it falls short of the effective notice required by Rule 5.

10  Because Defendant fails to show that Plaintiffs were served with proper notice, it has not

11  established that it is entitled to compel their depositions after the close of fact discovery.  This

12  portion of Defendant's motion is therefore **DENIED**.

13       **B.       Stevernu Interrogatory Responses**

14       Parties are obligated to participate in the discovery process, including by responding to

15  interrogatories fully, in writing, and under oath.  Fed. R. Civ. P. 33(b)(3).  "A party seeking

16  discovery may move for an order compelling an answer, designation, production, or inspection [if]

17  a party fails to answer an interrogatory submitted under Rule 33."  Fed. R. Civ. P. 37(a)(3)(iii).

18       Here, Defendant served interrogatories on both Plaintiffs Effinger and Stevernu through

19  counsel.  Moon Decl. ¶ 3; Ex. B (Ancient Organics's Interrogatories to Stevernu).  There is no

20  dispute that Stevernu did not respond.  Plaintiffs resist Defendant's motion to compel responses on

21  the basis that Plaintiffs' Counsel has not been in contact with Stevernu for several months and do

22  not intend to keep him in the case.  *See* Keeton Decl. ¶¶ 12-19.  But Plaintiffs fail to establish any

23  reason Stevernu should be exempted from the requirements of the Federal Rules of Civil

24  Procedure while he remains a named plaintiff.  Stevernu agreed to serve as a class representative

25  at the outset of this litigation, a role that comes with great responsibility to represent the interests

26  of absent class members and almost certainly the reasonable obligation to respond to written

27  discovery.  *See* Fed. R. Civ. Pro. 23(a)(4); 1 Newberg and Rubenstein on Class Actions (6th ed.) §

28  3:67: Adequacy of class representative – Qualifications – Knowledge of the case and of duties as

1  class representative (noting that a plaintiff is expected to be committed to his or her role as a class
2  representative in the litigation).  So long as Stevernu remains in the case, Defendant is entitled to
3  discovery from him.  Therefore, Defendant's motion to compel is **GRANTED**: within 14 days of
4  this order, Stevernu shall provide responses to the interrogatories.[2]

### C. Sanctions

Finally, Defendant includes within its motion to compel discovery a motion for sanctions. Civil Local Rule 7-8(a) requires motions for sanctions to be filed separately.  Therefore, the Court **DENIES** Defendant's motion for sanctions as procedurally defective.

### III. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

As noted above, Plaintiffs move to extend deadlines for expert disclosures and the deadline for their motion for class certification.  ECF 65.  Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order.  Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Mammoth Recreations*, 975 F.2d at 609).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations*, 975 F.2d at 609 (citation omitted).  If the moving party fails to show diligence, "'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Mammoth Recreations*, 975 F.2d at 609).

Here, Plaintiffs fail to demonstrate good cause in support of further extensions of case deadlines.  Plaintiffs' motion reads as if they seek to compel a 30(b)(6) deposition, but the time has passed for them to move to compel.  Plaintiffs frame the issue as a comparison between their

---

[2] Objections to the interrogatories have been waived.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

4

"good faith" participation in discovery in contrast to Defendants' "bad faith" throughout the process, and they contend that their need for more time is due only to Defendants' discovery gamesmanship. However, these arguments misapprehend the standard – Plaintiffs fall short of showing "good cause" for extending deadlines that have already been generously reset. *Mammoth Recreations*, 975 F.2d at 609. These arguments are also weakened because of their vagueness – Plaintiffs do not propose new deadlines for expert discovery and class certification briefing, leaving the Court in the dark as to whether an extension of ten days or ten weeks would be more appropriate to address their vague request. Overall, given the lack of good cause shown, the Court **DENIES** Plaintiffs' motion to extend deadlines.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants' motion to compel further discovery responses, and the Court **DENIES** Plaintiffs' motion to change time.

**IT IS SO ORDERED.**

Dated: August 2, 2024

**A̲R̲A̲C̲E̲L̲I̲ ̲M̲A̲R̲T̲Í̲N̲E̲Z̲-̲O̲L̲G̲U̲Í̲N̲**
**United States District Judge**