**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry (SBN #308660)
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com
**_Pro hac vice forthcoming_

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (SBN #220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*_Pro hac vice_

_Counsel for Plaintiff and the Proposed Class_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLASS CERTIFICATION**<br><br>Date: January 9, 2025<br>Time: 2:00 p.m.<br>Courtroom: 10<br><br>Judge: Hon. Araceli Martínez-Olguín<br><br>Case Filed: June 17, 2022 |

# NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 9, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Francisco Courthouse, in Courtroom 10 – 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Araceli Martínez-Olguín, plaintiff Kelly Effinger will, and hereby does, move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify a nationwide class and a California subclass:

> **Nationwide**: All persons in the United States who purchased the Products in the United States from June 17, 2018 until the date of certification; and

> **California**: All persons in California who purchased the Products in California from June 17, 2018 until the date of certification.

Excluded from the Class are: governmental entities; Defendant; Defendant's officers, agents, legal representatives, employees, successors, subsidiaries, and assigns; and any judge presiding over this matter and members of their immediate families and judicial staff.

The Class will pursue claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* Plaintiff further requests that the Court appoint (1) Plaintiff Kelly Effinger as the class representative on all claims, and (2) Pope McGlamry PC, Good Gustafson Aumais LLP, and The Keeton Firm LLC as co-lead counsel for the class.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declarations, the pleadings and files in this action, and any such other matters as may be presented at or before the hearing.

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  COMMON FACTS AND EVIDENCE SUPPORT CLASS CERTIFICATION ............... 1

III. THE PROPOSED CLASSES ................................................................................... 4

IV.  ARGUMENT ............................................................................................................ 4

   A.   Rule 23(a) Requirements ................................................................................. 6
        1.   Numerosity is Satisfied. .......................................................................... 6
        2.   There Are Numerous Common Issues of Law and Fact ............................ 6
        3.   Plaintiff's Claims are Typical of the Claims of the Class ........................... 8
        4.   Plaintiff and Her Counsel will Fairly and Adequately Protect Class
             Interests ................................................................................................. 9
   B.   The Requirements for Certification Under Rule 23(b)(3) Are Satisfied ............... 10
        1.   Common Issues Predominate ................................................................. 10
        2.   A Class Action Is the Superior Method of Adjudication ......................... 18
   C.   Alternative Rule 23(c)(4) Limited Issue Class ................................................... 20
   D.   Plaintiff Meets the Rule 23(b)(2) Requirements ................................................ 21

V.   CONCLUSION ....................................................................................................... 22

# **TABLE OF AUTHORITIES**

**CASES**

*Adkins v. Facebook, Inc.,*
    424 F. Supp. 3d 686 (N.D. Cal. 2019) ....................................................................22

*Allen v. Hyland's Inc.,*
    300 F.R.D. 643 (C.D. Cal. 2014) ...........................................................................14

*Amchem Prods, Inc. v. Windsor,*
    521 U.S. 591 (1997) .............................................................................................5, 6

*Amey v. Cinemark USA,*
    No. 13-CV-05669-WHO, 2018 WL 3956326 (N.D. Cal. Aug. 17, 2018)...............9, 11

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds,*
    568 U.S. 455 (2013) ...........................................................................................6, 17

*Armstrong v. Davis,*
    275 F.3d 849 (9th Cir. 2001) ..................................................................................6

*Arthur Young & Co. v. U.S. Dist. Court,*
    549 F.2d 686 (9th Cir. 1977) ................................................................................21

*Astiana v. Hain Celestial Grp., Inc.,*
    783 F.3d 753 (9th Cir. 2015) ................................................................................18

*Avilez v. Pinkerton Gov't Servs., Inc.,*
    596 Fed. Appx. 579 (9th Cir. 2015)......................................................................20

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ...........................................................................11, 14

*Briseno v. ConAgra Foods, Inc.,*
    844 F.3d 1121 (9th Cir. 2017) ..............................................................................19

*Broomfield v. Craft Brew All., Inc.,*
    No. 17-cv-01027-BLF, 2018 WL 4952519 (N.D. Cal. Sept. 25, 2018) ..........10, 12, 22

*Brown v. Hain Celestial Grp., Inc.,*
    C 11-03082 LB, 2014 WL 6483216 (N.D. Cal. Nov. 18, 2014).............................6, 12

*Bruno v. Quten Research Inst., LLC,*

   280 F.R.D. 524 (C.D. Cal. 2011) ....................................................................6

*CelTech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*

   20 Cal. 4th 163 (1999) ...............................................................................13

*Chabner v. United of Omaha Life Ins. Co.,*

   225 F.3d 1042 (9th Cir. 2000) ....................................................................13

*Chamberlan v. Ford Motor Co.,*

   402 F.3d 952 (9th Cir. 2005) ......................................................................17

*Chavez v. Blue Sky Natural Beverage Co.,*

   268 F.R.D. 365 (N.D. Cal. 2010) ........................................................11, 13, 14

*Collins v. eMachines, Inc.,*

   134 Cal. Rptr. 3d 588 (Ct. App. 2011) ........................................................16

*Cortez v. Purolator Air Filtration Prods. Co.,*

   23 Cal. 4th 163 (2000) ...............................................................................14

*Daugherty v. Am. Honda Motor Co.,*

   144 Cal. App. 4th 824 (2006), ....................................................................16

*Effinger v. Ancient Organics LLC,*

   657 F. Supp. 3d 1290 (N.D. Cal. 2023) ..................................................passim

*Eisen v. Carlisle & Jacqueline,*

   417 U.S. 156 (1974) ....................................................................................5

*Farar v. Bayer AG,*

   No. 14-CV-04601-WHO, 2017 WL 5952876 (N.D. Cal. Nov. 15, 2017) .....................8

*Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.,*

   326 F.R.D. 592 (N.D. Cal. 2018) ..................................................................7

*Forcellati v. Hyland's, Inc.,*

   CV 12-1983, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ..................................12

*Frlekin v. Apple Inc.,* 13-03451,

   2015 WL 6851424 (N.D. Cal. Nov. 7, 2015) ..................................................20

*Gulf Oil Co. v. Barnard,*
   452 U.S. 89 (1981) ...........................................................................................................4

*Hadley v. Kellogg Sales Co.,*
   324 F. Supp. 3d 1084 (N.D. Cal. 2018) ..........................................................................12, 16

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ...................................................................................7, 8, 11, 20

*Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992) ...........................................................................................9

*In re Activision Sec. Litig.,*
   621 F. Supp. 415 (N.D. Cal. 1985) ...............................................................................20, 21

*In re Rubber Chemicals Antitrust Litig.,*
   232 F.R.D. 346 (N.D. Cal. 2005) ...........................................................................................6

*In re THQ, Inc. Sec. Litig.,*
   No. CV 00-1783AHM(EX), 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) .................7

*In re Tobacco II Cases,*
   46 Cal. 4th 298, 312 (2009) ...............................................................................12, 14, 15

*In re Wells Fargo Home Mortg. Overtime Pay Litig.,*
   571 F.3d 953 (9th Cir. 2009) ...........................................................................................10

*Johnson v. Gen. Mills, Inc.,*
   275 F.R.D. 282 (C.D. Cal. 2011)...........................................................................................15

*Jordan v. Cty. of Los Angeles,*
   669 F.2d 1311 (9th Cir.) ...........................................................................................6, 9

*Kasky v. Nike, Inc.,*
   27 Cal. 4th 939 (2002) ...........................................................................................12

*Kennedy v. Jackson Nat'l Life Ins. Co.,*
   No. C07-0371, 2010 WL 4123994 (N.D. Cal. Oct. 6, 2010) .....................................13

*Krommenhock v. Post Foods*, LLC,
   334 F.R.D. 552 (N.D. Cal. 2020) ...........................................................................................8, 16

*Kumar v. Salov N. Am. Corp.*,

    No. 14-CV-2411-YGR, 2016 WL 3844334 (N.D. Cal. July 15, 2016).......................16

*Kuxhausen v. BMW Fin. Servs. NA LLC*,

    707 F.3d 1136 (9th Cir. 2013) .......................................................................6

*Kwikset Corp. v. Superior Court*,

    51 Cal. 4th 310 (2011) ...............................................................................18

*Lilly v. Jamba Juice Co.*,

    308 F.R.D. 231 (N.D. Cal. 2014) .................................................................21

*Marsh v. First Bank of Delaware*,

    11-cv05226-WHO, 2014 WL 554553 (N.D. Cal. Feb. 7, 2014)..................19

*Martin v. Monsanto Co.*,

    No. 16-2168(JFW), 2017 WL 1115167  (C.D. Cal. Mar. 24, 2017) ...........16

*Mass. Mut. Life Ins. Co. v. Superior Ct.*,

    97 Cal. App. 4th 1282 (2002)..............................................................13, 14

*McCowen v. Trimac Transp. Servs. (W.), Inc.*,

    311 F.R.D. 579 (N.D. Cal. 2015) .................................................................17

*Menagerie Prods. v. Citysearch*,

    No. CV 08-4263 CAS (FMO), 2009 WL 3770668 (C.D. Cal. Nov. 9, 2009) .............13

*Mitchell v. Cate*,

    No. 2:08-CV-01196, 2014 WL 3689287 (E.D. Cal. July 23, 2014) .............9

*Nagrampa v. MailCoups Inc.*,

    No. C03-00208 MJJ, 2007 WL 2221028 (N.D. Cal. July 30, 2007) ...........12

*Occidental Land, Inc. v. Superior Ct.*,

    18 Cal. 3d 355 (1976)...............................................................................15

*Shum v. Intel Corp.*,

    630 F. Supp. 2d 1063 (N.D. Cal. 2009) .....................................................18

*Sidibe v. Sutter Health*,

    333 F.R.D. 463 (N.D. Cal. 2019) .................................................................9

*Slaven v. BP America, Inc.,*

    190 F.R.D. 649 (C.D. Cal. 2000) ...................................................................7

*Spann v. J.C. Penney Corp.,*

    307 F.R.D. 508 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) ..........21

*Steroid Hormone Prod. Cases,*

    181 Cal. App. 4th 145 (2010) .................................................................12

*Tait v. BSH Home Appliances Corp.,*

    289 F.R.D. 466 (C.D. Cal. 2012) ..............................................................16

*Valentino v. Carter–Wallace, Inc.,*

    97 F.3d 1227 (9th Cir. 1996) ..................................................................20

*Vasquez v. Superior Ct.,*

    4 Cal. 3d 800 (1971) ...........................................................................15

*Wal-Mart Stores, Inc. v. Dukes,*

    564 U.S. 338 (2011) .......................................................................5, 7, 8, 9

*Weinstat v. Dentsply Int'l, Inc.,*

    180 Cal. App. 4th 1213 (2010) ................................................................13

*Williams v. Gerber Prods.,*

    552 F.3d 934 (9th Cir. 2008) ..................................................................12

*Wolin v. Jaguar Land Rover N. Am., LLC,*

    617 F.3d 1168 (9th Cir. 2010) ............................................................17, 19

*Yokoyama v. Midland Nat'l Bank Ins. Co.,*

    594 F.3d 1087 (9th Cir. 2010) ................................................................16

*Zeiger v. WellPet LLC,*

    304 F. Supp. 3d 837 (N.D. Cal. 2018) ................................................11, 12, 15

*Zeisel v. Diamond Foods, Inc.,*

    No. C 10–01192 JSW, 2011 WL 2221113 (N.D. Cal. June 7, 2011) ......................13

*Zinser v. Accufix Research Inst., Inc.,*

    253 F.3d 1180 (9th Cir. 2001) ................................................................18

## I.    INTRODUCTION

Plaintiff Kelly Effinger seeks certification of a nationwide class and one statewide subclass of California consumers who have been damaged by Defendant's deceptive labeling and marketing of its Ancient Organics ghee ("Products") in violation of California consumer protection laws and common law.

Federal courts recognize that claims such as those asserted by Plaintiff, which challenge deceptive business practices and deceptive advertising, are appropriate for class action treatment under Rule 23 of the Federal Rules of Civil Procedure. The central issue in this case "is whether…a reasonable consumer would likely be deceived by Defendant's statements." *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1299 (N.D. Cal. 2023). The answer to this question is the same for all class members. And because deception is determined by an objective, reasonable consumer standard, common evidence will establish this fact. All the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in this case.

## II.    COMMON FACTS AND EVIDENCE SUPPORT CLASS CERTIFICATION

Ancient Organics manufactures, markets, and sells the Products. Plaintiff was misled by Defendant's labeling of the Product**,** shown below.



Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

Throughout the Class Period, Defendant labeled each and every Product with the same representations. In addition to the "EAT GOOD FAT" representation, the side panel highlights the Products' purported health benefits.



Plaintiff saw and relied upon these representations in purchasing the Product. Effinger Dec., ¶¶ 6-8. In August 2021, she purchased the Product from a grocery store in Stockton, California. *Id.* at ¶4. Plaintiff understood the representations on the Product to mean that the Product was healthy, healthful, better for her, conducive to health, and a healthier alternative to the competition. *Id.* at ¶9. She further understood these representations to mean that the Product would not be detrimental to her health. *Id.* at ¶10. Plaintiff was injured in the full amount of her purchase. *Id.* at ¶5.

Plaintiff and Class Members reasonably interpret the Product's label in a similar fashion: that the Product is healthy and a healthier alternative to the competition. This understanding is consistent with Ancient Organics' intent. Ancient Organics deceptively promotes its Products as possessing certain characteristics, uses, or benefits that they do not have. Ancient Organics uniformly represents "that [the Product] is healthful, conducive to health, and won't detriment

health." *Effinger*, 657 F. Supp. 3d at 1299. While Ancient Organics sells a variety of sizes of the Product, its representations and contents are uniform.[1]

These "statements would mislead consumers into believing the Product is healthy for them (or healthier than competing products), but the risks attendant to the high levels of saturated fat render it unhealthy or dangerous." *Effinger*, 657 F. Supp. 3d at 1299. Consumers' interpretation of the Products' label is consistent with Defendant's intended result.[2]

All consumers in the United States are led to believe that the Products provide health benefits. Plaintiff, like other reasonable consumers, relied on Ancient Organics' deceptive marketing and labeling and believed the Products were beneficial for their health. Ancient Organics' representations led Plaintiff and other reasonable consumers to believe that the Products provide significant health benefits.

Ancient Organics' use of health-focused and nutrition-focused claims on the Product's label is deceptive and misleading. Ancient Organics' website confirms that reasonable consumers are misled by the claims at issue here. For example, throughout the website, Ancient Organics exudes the purported health benefits of the Product,[3] while discounting the serious health consequences of consuming the Product.[4]

Common legal and factual questions arise from two central issues that do not vary among Plaintiff or members of the class. The Court need only determine: (1) Whether Ancient Organics

---

[1] *See, e.g.*, Exhibits A-E.

[2] *See, e.g.*, Exhibit F (representing purported health benefits of consuming Ancient Organics ghee); Exhibit G (describing the Product as containing "Healthy Fats").

[3] *See, e.g.*, Exhibit M ("Aren't we worried that these foods will increase your risk of heart disease and raise your cholesterol? In a word, nope. In fact, we encourage you to make these important fats a regular part of your healthy diet."); Exhibit N (referring to the Product as "good medicine" that can "heal wounds, improve digestion, fight free radicals, and boost the immune system.").

[4] *See, e.g.*, Exhibit M (rejecting the understanding that consumers should "sharply limit your intake of saturated fats.") Exhibit O (representing that there is "no difference in the risk of coronary heart disease, stroke, or coronary vascular disease between those individuals with the lowest and highest intakes of saturated fat.").

– 3 –

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics*, No. 3:22-cv-03596-AMO

committed the common course of conduct alleged by Plaintiff in manufacturing, marketing, and labeling its Products; and (2) whether it must cease its misleading conduct.

## III.   THE PROPOSED CLASSES

Plaintiff seeks certification of the following Classes:

**Nationwide**: All persons in the United States who purchased the Products in the United States from June 17, 2018 until the date of certification ("Class Period"); and

**California**: All persons in California who purchased the Products in California from June 17, 2018 until the date of certification ("Class Period").

## IV.   ARGUMENT

The Supreme Court has recognized that "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Barnard*, 452 U.S. 89, 99 (1981). To maintain a suit as a class action under Fed. R. Civ. P. 23, plaintiffs must allege facts establishing each of the following four threshold requirements of subsection (a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4).

In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), plaintiffs seeking certification of claims for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) must also demonstrate that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs seeking monetary relief, on the other hand, must satisfy the prerequisites of both subsection (a) and (b)(3) of Fed. R. Civ. P. 23 by demonstrating that questions of law or fact common to the members of the proposed class "predominate over any questions affecting only individual members," and that a class resolution is "superior to other available methods for the fair and efficient adjudication of the

– 4 –

controversy." Fed. R. Civ. P. 23(b)(3); *see, e.g., Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

Whether seeking certification under Fed. R. Civ. P. 23(b)(2) or 23(b)(3), a plaintiff bears the initial burden of advancing reasons why a putative class action meets Rule 23 requirements. Fed. R. Civ. P. 23. Once a plaintiff has made a preliminary legal showing that the requirements of Fed. R. Civ. P. 23 have been met, the burden of proof is upon the defendant to demonstrate otherwise. *See Amchem*, 521 U.S. at 614. In determining whether to maintain an action as a class action, courts do not conduct an exploration of the merits regarding aspects of the claims unrelated to a Rule 23 requirement. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011); *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974). Moreover, because a court decides whether certification of a class is appropriate at the pleading stage of the action, the court accepts substantive allegations in the complaint as true for purposes of the class motion. See *Eisen*, 417 U.S. at 177.

Rule 23 provides courts with broad discretion in determining whether a class should be certified. *See Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), abrogated on other grounds by *Johnson v. California*, 543 U.S. 499 (2005). Although the Court's analysis "must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,'" *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 465-66 (2013), "Rule 23 grants no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 455. Merit questions should only be considered to the extent "that they are relevant to determining whether the Rule 23 prerequisites … are satisfied." *Id.* Finally, courts routinely recognize that consumer protection claims are well-suited for class certification. *Amchem*, 521 U.S. at 625; *In re First All. Mortg. Co.*, 471 F.3d 977, 992 (9th Cir. 2006); *Brown v. Hain Celestial Grp., Inc.*, C 11-03082 LB, 2014 WL 6483216, at *15 (N.D. Cal. Nov. 18, 2014) ("California's approach to proving materiality, reliance, and causation in consumer deception cases makes those questions amenable

to common proof.").

## A. Rule 23(a) Requirements

### 1. Numerosity is Satisfied.

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. "Plaintiffs do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity." *In re Rubber Chemicals Antitrust Litig.*, 232 F.R.D. 346, 350 (N.D. Cal. 2005). Exact numbers are not required. *Id.* "Where the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 533 (C.D. Cal. 2011); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (numerosity satisfied merely by pleading that "hundreds" of consumers were affected). Additionally, other indicia of impracticability include a relatively small size of each member's claim. *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir.), vacated on other grounds, *Cty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982) (finding the numerosity requirement to be satisfied due to these factors and reversing the district court's order denying class certification).

Here, Defendant is unlikely to contest numerosity because it is clear that the class is sufficiently numerous. *See Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 607 (N.D. Cal. 2018) (finding numerosity requirement satisfied even though neither party addressed this prong with any detail). Defendant sold at least one thousand units of the Product during the Class Period. *See* Exhibit K (showing Defendant's annual revenue for an individual year in the Class Period). Thus, numerosity is satisfied.

### 2. There Are Numerous Common Issues of Law and Fact

Rule 23(a)(2) requires that the proposed Classes share a common question of law or fact. Fed. R. Civ. P. 23(a)(2). This commonality requirement has been construed permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "[A]ll questions of fact and law need not

– 6 –

be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* at 1019-20; Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 7A Fed. Prac. & Proc. § 1763 ("It is important to note that this provision does not require that all the questions of law and fact raised by the dispute be common.").

Indeed, for the commonality requirement to be met, there must only be a single issue common to the proposed class. *Dukes*, 131 S. Ct. at 2550; *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000); *In re THQ, Inc. Sec. Litig.*, No. CV 00-1783AHM(EX), 2002 WL 1832145, at *3 (C.D. Cal. Mar. 22, 2002) (same).

Here, the primary common issue "is whether…a reasonable consumer would likely be deceived by Defendant's statements; the answer is, generally, yes." *Effinger*, 657 F. Supp. 3d at 1299 (N.D. Cal. 2023). Further, Plaintiff's allegations present not one, but a number of common questions including, but not limited to:

• Whether Ancient Organics marketed, advertised, labeled and sold the Products using false, misleading or deceptive representations;

• Whether Ancient Organics omitted or misrepresented material facts in connection with the marketing, advertising, labeling and sale of the Products;

• Whether Ancient Organics' marketing, advertising, labeling and sale of the Products constitutes an unfair, unlawful or fraudulent business practice;

• Whether Ancient Organics' marketing, advertising, labeling and selling of the Products constitutes a deceptive business practice; and

• Whether Ancient Organics' marketing, advertising and labeling of the Products constitutes false advertising.

As these common issues demonstrate, Plaintiff's claims rise and fall on Defendant's actions that uniformly applied to all Class members, including whether Ancient Organics omitted and

GOOD GUSTAFSON AUMAIS LLP

concealed material information and whether the label representations are misleading. *See Hanlon*, 150 F.3d at 1022 ("When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative...."), overruled on other grounds by *Dukes*, 564 U.S. 338. District courts uniformly find these issues sufficient to satisfy commonality in similar labeling cases, supporting the same finding here. *See, e.g.*, *Krommenhock v. Post Foods*, LLC, 334 F.R.D. 552, 562-63 (N.D. Cal. 2020); *Farar v. Bayer AG*, No. 14-CV-04601-WHO, 2017 WL 5952876, at *5 (N.D. Cal. Nov. 15, 2017) ("even a single common question will do.").

Accordingly, Plaintiff has satisfied the commonality requirement.

### 3. Plaintiff's Claims are Typical of the Claims of the Class

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The purpose of the "typicality" requirement of Rule 23(a)(3) is to ensure that the named representative's interests "align" with those of the class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Dukes*, 131 S. Ct. at 2550 (quotations and citation omitted). Thus, typicality is satisfied as long as the named plaintiff's claims stem from the "same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory." *Jordan*, 669 F.2d at 1321 (citations omitted).

In this case, Plaintiff alleges a common pattern of wrongdoing — Defendant's deceptive labeling and marketing of its Products — and will present the same evidence (based on the same legal theories) to support both her claims and the claims of the members of the Classes. Similarly, Plaintiff and each Class member seek the same relief—an injunction putting an end to Ancient Organics' deception of consumers—and the monetary relief. Accordingly, Fed. R. Civ. P. 23(a)(3) is satisfied.

### 4. Plaintiff and Her Counsel will Fairly and Adequately Protect Class Interests

Fed. R. Civ. P. 23(a)(4)'s adequacy "inquiry turns on: (i) whether the named plaintiff and class counsel have any conflicts of interest with other class members; and (ii) whether the named plaintiff and class counsel can vigorously prosecute the action on behalf of the class." *Amey v. Cinemark USA*, No. 13-CV-05669-WHO, 2018 WL 3956326, at *6 (N.D. Cal. Aug. 17, 2018). But perfect symmetry of interest is not required and not every discrepancy among the interests of class members renders a putative class action untenable. *Mitchell v. Cate*, No. 2:08-CV-01196, 2014 WL 3689287, at *8 (E.D. Cal. July 23, 2014). Only conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the adequacy requirement. *Id.*; *Sidibe v. Sutter Health*, 333 F.R.D. 463, 488 (N.D. Cal. 2019).

Satisfying the first prong, Plaintiff's "individual claims and class claims arise from the same course of allegedly deceptive conduct for which [she] seek[s] remedies applicable to and beneficial to the class." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2018 WL 4952519, at *7 (N.D. Cal. Sept. 25, 2018).

Satisfying the second prong, Plaintiff has taken an active role in this litigation since it commenced in 2022. She regularly communicates with counsel, participated throughout the discovery process, participated in a mediation, and produced documents to Defendant. Effinger Dec., ¶¶ 16-19. Plaintiff understands her responsibilities as a representative of the Class she wishes to represent and has satisfied her duties as class representative. *Id.* Putative class Counsel are qualified lawyers experienced in the successful prosecution of class actions, and submit their firm resumes setting forth their experience and expertise in the management and leadership of class action litigation. *See* Firm Resumes (Exs. H-J). These firms have already undertaken substantial work in this litigation and will continue to devote the resources necessary to see this case through to a successful outcome. Fed. R. Civ. P. 23(a)'s adequacy requirement is satisfied.

– 9 –

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

**B.      The Requirements for Certification Under Rule 23(b)(3) Are Satisfied**

This case should be certified for damages under Rule 23(b)(3) because common questions of law or fact predominate over any purported individual questions, and a class action is the superior method for the fair and efficient adjudication of this controversy.

1.      **Common Issues Predominate**

Fed. R. Civ. P. 23(b) "encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."[5] "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009).

This criterion is satisfied when "'common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'" *Hanlon*, 150 F.3d at 1022 (quoting Wright, Miller, & Kane, 7A Fed. Prac. & Proc. § 1778 (2d ed. 1986)). Questions that are common to the class predominate over individual questions where a plaintiff alleges a common course of conduct of misrepresentations, omissions, or other wrongdoing that affected all the class members in the same or similar manner. *See Blackie v. Barrack*, 524 F.2d 891, 905-908 (9th Cir. 1975). Courts routinely find predominance in false labeling cases. *See Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018) ("because deception and materiality under the FAL, CLRA, and UCL are objective questions, they are ideal for class certification because they will not require the court to investigate class members' individual interaction with the challenged products.").

Here, balancing the common issues against any purported individual issues demonstrates

---

[5] Fed. R. Civ. P. 23(b) advisory committee's notes (citing Zechariah Chafee, *Some problems of equity* 201 (1950)).

that the common issues predominate. *See Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 378-79 (N.D. Cal. 2010) (where plaintiffs allege defendant falsely represented the geographic origin of a beverage on the label, "class issues … predominate over individual issues" in part because for FAL, UCL, and CLRA claims, "relief is available without individual showing of reliance."). Further, Defendant's core defenses that its labeling is not false, misleading, or deceptive to a reasonable consumer rely upon common proof applicable to all Class members, further demonstrating predominance is satisfied. *See Amey*, 2018 WL 3956326, at *7 (predominance is met where a defendant is "attacking a common issue with common proof"). Because the Products' label and contents were uniform throughout the Class Period, common questions predominate over individual questions.

### (a)     UCL, FAL, and CLRA claims

The "CLRA and FAL prohibit false or misleading advertising, and the UCL creates a cause of action for business practices that are unlawful, unfair, or fraudulent." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 850 (N.D. Cal. 2018). "Courts often analyze claims under these three statutes together." *Effinger*, 657 F. Supp. 3d at 1296. "The California Supreme Court has recognized that 'these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Zeiger*, 304 F. Supp. 3d at 850-51 (alteration in original) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)). These claims are often given class treatment because the core issues of materiality, reliance, and causation "make up the bulk and engine," making them "amenable to common proof." *Brown*, 2014 WL 6483216, at *15.

FAL, UCL, and CLRA claims are often intertwined. *Zeiger*, 304 F. Supp. 3d at 850-51 (citing *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1089 (N.D. Cal. 2018) and *Williams v. Gerber Prods.*, 552 F.3d 934, 938 (9th Cir. 2008)). All three statutes use the reasonable consumer

– 11 –

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

standard in determining liability for a "deceptive or misleading" business practice. *Id.*[6] Further, CLRA and FAL violations may create liability "under the UCL's 'unlawful' prong." *Zeiger*, 304 F. Supp. 3d at 852. Thus, courts generally consider the UCL, FAL, and CLRA together in evaluating predominance. *See Brown*, 2014 WL 6483216, at *15; *see also Broomfield*, 2018 WL 4952519, at *10 ("For the purposes of class certification, Plaintiffs' CLRA, UCL, and FAL claims are 'materially indistinguishable ....'") (quoting *Forcellati v. Hyland's, Inc.*, CV 12-1983, 2014 WL 1410264, at *9 (C.D. Cal. Apr. 9, 2014)).

**(i)** ***Common Questions Predominate on Plaintiff's California UCL and FAL Claims***

With respect to claims for the violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL" claims), and the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL" claims), individualized issues will not outweigh common issues because Class members do not need to individually show they have lost money or property as a result of deception.[7] Plaintiffs simply must show that the material facts at issue were "an immediate cause of the injury-producing conduct"—and only the named Plaintiff must make this showing. *Tobacco II*, 46 Cal. 4th at 326. Moreover, a "plaintiff is not required to allege that those misrepresentations were the sole or even decisive cause of the injury-producing conduct." *Id.*

Consistent with her allegations, Plaintiff declared that she relied on Ancient Organics' representations that were on the label.[8] Where, as here, the named plaintiffs have alleged economic

---

[6] Under UCL's "unfair" prong, Plaintiff need only show that Ancient Organics' conduct is "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Nagrampa v. MailCoups Inc.*, No. C03-00208 MJJ, 2007 WL 2221028, at *2 (N.D. Cal. July 30, 2007). The UCL "focus[es] on the defendant's conduct, rather than the plaintiff's damages..." *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Whether Ancient Organics' conduct violated the "unfair" prong of the UCL would be applicable to the Class.

[7] *See In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009); *Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154 (2010) ("[O]nce the named plaintiff meets [the standing] burden, no further individualized proof of injury or causation is required to impose restitution liability against the defendant in favor of absent class members.").

[8] Effinger Dec., ¶¶ 7-9.

GOOD GUSTAFSON AUMAIS LLP

injury traceable to the alleged violation of the UCL sufficient to raise an inference of causation, common issues of fact and law predominate plaintiffs' UCL and FAL claims.[9] Courts have consistently certified similar types of claims based on *Tobacco II*'s holding that class-wide relief is available without an individual showing of reliance for the absent class members.[10]

Additionally, the UCL's "unlawful" prong borrows violations of other statutes and makes them independently actionable and a *per se* violation of the statute.[11] Here, Plaintiff asserts claims based on Defendant's violation of California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), which broadly prohibits the misbranding of food,[12] the CLRA, and the FAL. Thus, if these claims are established, there is also a *per se* unlawful business practice that results in strict liability under the UCL.[13] Even where the amount of damages is an individual question, this does not defeat certification.[14] Plaintiffs must only present "a likely method for determining class damages."[15] As in *Chavez*, Plaintiff proposes a measure of damages determinable by objective criteria—the price paid for the Products. Because the Products are ineffective and provide no

---

[9] *See Tobacco II*, 46 Cal. 4th at 326; *see also Zeisel v. Diamond Foods, Inc.*, No. C 10–01192 JSW, 2011 WL 2221113, at *9 (N.D. Cal. June 7, 2011) (granting class certification motion regarding allegations under UCL and FAL that defendants' walnut product did not provide the benefits represented on product packaging); *Mass. Mut. Life Ins. Co. v. Superior Ct.*, 97 Cal. App. 4th 1282, 1289-95 (2002) (certifying UCL and CLRA claims arising out of deceptive sales practices based on omissions of material facts).

[10] *See, e.g., Chavez*, 268 F.R.D. at 378-79 (certifying a class action alleging claims under the UCL and CLRA); *Kennedy v. Jackson Nat'l Life Ins. Co.*, No. C07-0371, 2010 WL 4123994, at *10-11 (N.D. Cal. Oct. 6, 2010) (certifying a class action alleging claims under the UCL and FAL); *Menagerie Prods. v. Citysearch*, No. CV 08-4263 CAS (FMO), 2009 WL 3770668, at *12-13 (C.D. Cal. Nov. 9, 2009) (holding that common questions predominated with respect to alleged violations of the "fraudulent" prong of the UCL where claim was predicated on a common course of conduct by the defendant); *see also Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1224 (2010) (reversing trial court's order denying class certification of plaintiffs' UCL claim).

[11] *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *CelTech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).

[12] Cal. Health & Safety Code § 110660. The Sherman Law provides that food is misbranded "if its labeling is false or misleading in any particular." *Id.*

[13] *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 181 (2000) ("The UCL imposes strict liability when property or monetary losses are occasioned by conduct that constitutes an unfair business practice." (citation omitted)).

[14] *Chavez*, 268 F.R.D. at 379 (citing *Blackie*, 524 F.2d at 905).

[15] *Id.* (citation and quotations omitted).

---

– 13 –

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics*, No. 3:22-cv-03596-AMO

benefit, Plaintiff and members of the class are entitled to full restitution. This is sufficient for class certification purposes.[16] Damages can be determined by reference to Defendant's sales records and an average retail price. Thus, determining the amount of restitution to which Plaintiff and the other Class members may be entitled does not threaten to raise individual issues that would outweigh common questions. Analysis of Class members' rights to restitution, as well as the quantum of such relief, does not involve individual issues that could threaten the predominance of common questions. Each Product at issue here was labeled with the same deceptive and misleading claims; all Class members were exposed to identical misleading representations. The materiality of these representations is a predominant issue.

### (ii) *Common Questions Predominate on Plaintiff's California CLRA Claims*

As with UCL claims, the predominance inquiry for a claim under the Consumer Legal Remedies Act does not require individualized assessment of absent Class members' subjective beliefs.[17] Rather, an inference of common reliance is permitted to support the certification of a class when the plaintiffs show that the representations at issue were material.[18] As stated by the California Supreme Court in *Tobacco II*:

> A misrepresentation is judged to be material if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question, and as such[,] materiality is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.

*Tobacco II*, 46 Cal. 4th at 327 (quotations and internal citations omitted).

Here, the Products' representations are clearly material. Plaintiff has alleged that these

---

[16] *Id.*; *See Allen v. Hyland's Inc.*, 300 F.R.D. 643 (C.D. Cal. 2014); *See Tobacco II*, 46 Cal. 4th at 320 (The language of Section 17203, "construed in light of the concern that wrongdoers not retain the benefits of their misconduct[,] has led courts repeatedly and consistently to hold that relief under the UCL is available without individualized proof of deception, reliance and injury." (citations omitted)).

[17] *Chavez*, 268 F.R.D. at 376; *Mass. Mut. Life Ins. Co.*, 97 Cal. App. 4th at 1292.

[18] *Chavez*, 268 F.R.D. at 376 (citing *Steroid Hormone Prod. Cases*, 181 Cal. App. 4th at 157 (2010)); *Mass. Mut. Life Ins. Co.*, 97 Cal. App. 4th at 1292-93.

claims "mislead consumers into believing the Product is healthy for them (or healthier than competing products)" and not detrimental to their health.[19] Plaintiff decided to purchase the Products based on these claims.[20] Plaintiff's interpretation and reliance is consistent with Ancient Organics' intent.[21] The alleged misrepresentations, if established, would be common to all Class members, and would violate Cal. Civ. Code § 1770(a)(7) (by misrepresenting that the products are of a particular standard, quality, or grade) and (a)(16) (by misrepresenting that the products were supplied in accordance with a previous representation). Accordingly, the record provides sufficient support for class certification with regard to the CLRA based on an inference of common reliance. Courts routinely find that representations similar to the ones at issue here are material for purposes of class certification.[22]

Thus, Plaintiff can and will "show that members of the public are likely to be deceived," *Zeiger*, 304 F. Supp. 3d at 850, without individualized proof by establishing that the statements would be material to a reasonable member of the class. *Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR, 2016 WL 3844334, at *8 (N.D. Cal. July 15, 2016); *Yokoyama v. Midland Nat'l Bank Ins. Co.*, 594 F.3d 1087, 1093 (9th Cir. 2010) (Because Hawaii uses an objective test for reliance, "[t]he jury will not have to determine whether each plaintiff subjectively relied on the omissions, but will instead have to determine only whether those omissions were likely to deceive a reasonable person. This does not involve an individualized inquiry.").

---

[19] *Effinger*, 657 F. Supp. 3d 1290, 1299 (N.D. Cal. 2023).

[20] Effinger Dec, ¶¶ 6-8.

[21] *See, e.g.*, Exhibits F (describing the "Health Benefits" of the Product), G (describing Product as "Healthy Fats"), and L (connecting product with "a balanced diet" and "higher nutrition").

[22] *See, e.g., Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282 (C.D. Cal. 2011) (granting plaintiff's motion for class certification based on allegations that defendant had misrepresented its yogurt product to promote digestive health in a way that ordinary yogurt does not); *Mass Mut. Life Ins. Co.*, 97 Cal. App. 4th at 1292-95 (upholding certification of CLRA claim based on allegedly deceptive representations that a financial product had certain benefits that it did not) (citing *Vasquez v. Superior Ct.*, 4 Cal. 3d 800, 814 (1971); *Occidental Land, Inc. v. Superior Ct.*, 18 Cal. 3d 355, 363 (1976)).

CLRA, FAL, and UCL "fraudulent" claims based on omissions require a showing that "the omission [is] contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006), as modified (Nov. 8, 2006). A duty to disclose arises if a defendant (1) "has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff," (2) "actively conceals a material fact," or (3) "makes partial representations that are misleading because some other material fact has not been disclosed." *Collins v. eMachines, Inc.*, 134 Cal. Rptr. 3d 588, 593 (Ct. App. 2011).

Plaintiff's CLRA, FAL, and UCL claims are amenable to class treatment because:

> [t]he relevant analysis under California law does not consider whether each class member saw and relied on each of the Challenged Statements and in what combination, but instead whether the Challenged Statements were used consistently through the Class Period, supporting an inference of classwide exposure, and whether the Challenged Statements would be material to a reasonable consumer.

*Krommenhock*, 334 F.R.D. at 563-64 (citing Hadley, 324 F. Supp. 3d at 1095 (N.D. Cal. 2018)). *See also Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 480 (C.D. Cal. 2012) (showing class treatment of UCL, CLRA, and FAL claims because they are premised on the reasonable consumer standard); *Martin v. Monsanto Co.*, No. 16-2168(JFW), 2017 WL 1115167, at *6 (C.D. Cal. Mar. 24, 2017) ("Under both the UCL and FAL, relief is available without individualized proof of deception, reliance, and injury.") (citing *In re Tobacco II Cases*, 46 Cal. 4th at 320).

Furthermore, Plaintiff's claims here will stand or fall with respect to the entire Class, rather than succeed as to some members of the Class but not to others. *See, e.g.*, *McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. 579, 588 (N.D. Cal. 2015) ("class-wide legal questions predominate because the legality of the ABP system, which applied uniformly to drivers, lies at the foundation of each of the wage claims"). Specifically, common evidence will be used to answer, on a class-wide basis, whether (1) Ancient Organics made uniform misrepresentations on, and omissions from, its Products' packaging ; (2) the misrepresentations and omissions are material or

GOOD GUSTAFSON AUMAIS LLP

likely to deceive a reasonable consumer, and (3) Ancient Organics had a duty to disclose, can all be resolved by common evidence.[23] For example, Plaintiff can establish that Ancient Organics made uniform misrepresentations and omissions. *See* Exhibits A-E. Plaintiff will also establish materiality through common evidence which show Ancient Organics' misrepresentations and omissions are material to the reasonable consumer.

This same common evidence is relevant to Ancient Organics' duty to disclose as it shows (1) uniform partial representations (the health-focused and nutrition-focused representations) are misleading because Ancient Organics failed to disclose material facts (detrimental health consequences of consuming the Products). This is sufficient common evidence for a class-wide determination on a duty to disclose. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (defendant's "duty to disclose its knowledge" was a common issue predominating statutory consumer fraud claims); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005) (class certification proper where "a common nucleus of facts and potential legal remedies dominate this litigation, such as … whether Ford had a duty to disclose its knowledge and failed to do so.").

Once Plaintiff proves these core issues, she can prove the resultant injury across the Class. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011) ("For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she paid more for than he or she otherwise might have been willing to pay if the product had been labeled accurately."). Predominance is satisfied.

---

[23] Materiality is to be "addressed at trial or in a ruling on a summary-judgment motion [and] should not be resolved in deciding whether to certify a proposed class." *Amgen*, 568 U.S. 455 at 470.

GOOD GUSTAFSON AUMAIS LLP

**(b)** **Unjust Enrichment Claim**

Common issues also predominate with respect to the unjust enrichment claim. The elements of an unjust enrichment claim under California law are "(1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another." *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1073 (N.D. Cal. 2009). As is the case with respect to Plaintiff's claims for violations of California statutory law, the predominant issue for Plaintiff's unjust enrichment claim is whether Ancient Organics was enriched at the expense of the Classes by the deceptive labeling and marketing of its Products. In California, "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Effinger*, 657 F. Supp. 3d at 1302 (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)).

Here, the same common issues predominate with respect to unjust enrichment; a class should be certified as Plaintiff's unjust enrichment claim as well.

**2.** **A Class Action Is the Superior Method of Adjudication**

"In determining superiority, courts must consider the four factors of Rule 23(b)(3)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). The first factor analyzes "the class members' interests in individually controlling the prosecution or defense of separate actions." Fed. R. Civ. P. 23(b)(3)(A). When individual damages are small, this factor weighs in favor of certification. *Zinser*, 253 F.3d at 1190. The small amount of individual damages for members of the Class here demonstrates that individual actions would undoubtedly result in negative value propositions based on the cost of obtaining the type of evidence necessary to litigate this case. As a result, no reasonable consumer would bring such an action. Accordingly, this factor weighs in favor of class certification. *See Wolin*, 617 F.3d at 1175-76; s*ee also Marsh v. First Bank of Delaware*, 11-cv05226-WHO, 2014 WL 554553, at *15 (N.D. Cal. Feb. 7, 2014) (finding superiority where "each proposed class members' recovery is likely to be too low for that person to bring an individual action.").

GOOD GUSTAFSON AUMAIS LLP

The second factor requires a court to determine "the extent and nature of any litigation concerning the controversy already begun by or against class members." Fed. R. Civ. P. 23(b)(3)(B). This factor is also met as there are no other pending actions against Ancient Organics. *See Marsh*, 2014 WL 554553, at \*15 (finding superiority where "there is no evidence before the Court of any other private actions against any of the defendants alleging the same misconduct or that any likely class member has an interest in prosecuting a separate action.").

The third factor examines "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(C). This factor also weighs in favor of class certification because Defendant is a citizen of this District, and there is no other more desirable forum in which to litigate these claims.

Finally, the Court must consider "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). This case does not present any manageability concerns because it involves only California law and is premised upon uniform misrepresentations and omissions on the packaging of food products. However, should the Court find otherwise, it should not refuse to certify a class on the basis of manageability alone "given the variety of procedural tools courts can use to manage the administrative burdens of class litigation." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017).

As the claims at issue here focus on Ancient Organics' conduct, trial will be manageable as it will involve examining evidence of Ancient Organics' practices rather than any issues regarding Class members or their conduct.[24] Class treatment of these claims is the most efficient and just way to proceed. Although Ancient Organics will doubtless raise multiple specious distinctions in its opposition to certification, it is clear the Classes consist of very cohesive groups of consumers who

---

[24] *See Hanlon*, 150 F.3d at 1023 (9th Cir. 1998) ("From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery.").

were all tricked by Ancient Organics in the same way. This factor weighs in favor of class certification.

## C.    Alternative Rule 23(c)(4) Limited Issue Class

Rule 23(c)(4) provides that, "[w]hen appropriate[,] 'an action may be brought or maintained as a class action with respect to particular issues.'" *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1229 n.3, 1234 (9th Cir. 1996) (citing Fed. R. Civ. P. 23(c)(4)(A)). In fact, Rule 23(c)(4) has been recognized as a "management device[]" that "imposes a duty on the court and gives it ample power to treat common things in common and to distinguish the distinguishable." *In re Activision Sec. Litig.*, 621 F. Supp. 415, 438 (N.D. Cal. 1985). In order to obtain Rule 23(c)(4) issue certification, Plaintiff need not meet the predominance requirement. *See Avilez v. Pinkerton Gov't Servs., Inc.*, 596 Fed. Appx. 579, 579-80 (9th Cir. 2015). "Courts have applied subdivision (c)(4)(A) to allow a partial class action to go forward, leaving questions of reliance, damages, and other issues to be adjudicated on an individual basis." 7A Wright & Miller, *Federal Practice and Procedure: Civil* §1790 (3d ed.). Issue certification can be employed "even if only one common issue can be identified as appropriate for class treatment, that is enough to justify the application of the provision as long as the other Rule 23 requirements are met." *Id.*; *see also Frlekin v. Apple Inc.*, 13-03451, 2015 WL 6851424, at *2 (N.D. Cal. Nov. 7, 2015).

It is well-established that the standard upon which to review Rule 23(c)(4) certification is whether "the adjudication of the certified issues would significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency." *Valentino*, 97 F.3d at 1229. Here, it is indisputable that certifying all issues related to liability or even core liability issues— like whether Ancient Organics (1) made material misrepresentations and omissions, (2) was aware of the falsity of its representations and that it was making material misrepresentations, (3) had a duty to disclose, and (4) that these omissions had the likelihood or capacity to deceive a reasonable consumer—would significantly advance the resolution and economize judicial resources, and

– 20 –

GOOD GUSTAFSON AUMAIS LLP

provide a more efficient mechanism that relitigating these issues time and again.

Accordingly, if the Court were to reject Plaintiff's damages model, it can and should grant issue certification as to liability for her claims. *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 244 (N.D. Cal. 2014) (rejecting damages model, but certifying "the proposed class solely for purposes of determining liability" pursuant to Rule 23(c)(4) because common issues predominated plaintiff's express warranty, CLRA, FAL, and UCL claims); *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 533 (C.D. Cal. 2015), modified, 314 F.R.D. 312 (C.D. Cal. 2016) ("court can, in the alternative, bifurcate under Rule 23(c)(4) and a certify a liability-only class, eliminating the need to address at this time any issues relating to restitution or damages.").

Alternatively, the Court should certify certain or all issues identified in Section IV.A.2 because interests of judicial economy and efficiency call for adjudicating these issues in one as opposed to hundreds or thousands of separate individual trials given that the same witnesses and evidence would be presented at each trial. *See Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977) (affirming certification of whether misrepresentations and omissions were made and their materiality, and excluding other issues like reliance and causation); *Frlekin*, 2015 WL 6851424, at *2 (certifying class on the single issue of whether "Apple had to compensate its employees for time spent waiting for bag searches to be completed"); *In re Activision Sec. Litig.*, 621 F. Supp. at 438 (finding "it both appropriate and desirable to certify a defendant class of underwriters to litigate the single issue under § 12(2) of material misrepresentations and omissions in the offering materials.").

### D. Plaintiff Meets the Rule 23(b)(2) Requirements

Plaintiff seeks Rule 23(b)(2) certification to prohibit the future sale of misbranded food products. Class certification is appropriate under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Adkins v.*

GOOD GUSTAFSON AUMAIS LLP

*Facebook, Inc.*, 424 F. Supp. 3d 686, 698 (N.D. Cal. 2019). Rule 23(b)(2) certification is warranted here because "Plaintiffs claim that [Ancient Organics] has a uniform policy and practice of misrepresenting on its packaging…" and "[e]njoining those alleged misrepresentations would provide relief to the class as a whole." *Broomfield*, 2018 WL 4952519, at *8. Further, "injunctive relief is the 'primary form of relief' available under the consumer protection laws." *Id.* "And in any event, 'whether the damages claims are incidental to the injunctive relief the plaintiffs seek is irrelevant, because the plaintiffs are not seeking to recover damages for the proposed Rule 23(b)(2) class.'" *Id.*

## V.  CONCLUSION

For the preceding reasons, Plaintiff respectfully asks the Court to certify the Classes as defined above.

Plaintiff further requests that the Court appoint (1) her as class representative on all claims and (2) Pope McGlamry PC, Good Gustafson Aumais LLP, and The Keeton Firm LLC as co-lead counsel for the class.

Finally, Plaintiff requests that the Court set a Scheduling Order providing deadlines for the parties to submit a Notice Plan and to provide Notice to the Class Members.

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

Dated: September 11, 2024

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

**GOOD GUSTAFSON AUMAIS LLP**
/s/ J. Ryan Gustafson
J. Ryan Gustafson
Cal. Bar No. 220802
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry
Cal. Bar No. 308660
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel.: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Classes*

Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2024, a true and correct copy of this Motion, Memorandum, Declarations, and Exhibits were filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton