DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
Ancient Organics, a California corporation

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[*Declaration of Matteo Girard Maxon Filed Concurrently*]<br><br>Assigned to the Hon. Araceli Martínez-Olguín |

## I. INTRODUCTION

Pursuant to Local Rules 79(c) and 79(f), Defendant Ancient Organics submits this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Motion, ECF No. 74). Ancient Organics requests the Court seal Exhibit K to the Declaration of Steffan Keeton in Support of Class Certification (Keeton Declaration). (ECF No. 73-1 at 22.) Ancient Organics does not request that Exhibits A-E to the Keeton Declaration, which consists of product labels, remain under seal. (ECF No. 73-1 at 6.)

As set forth below and in the accompanying Declaration of Matteo Girard Maxon (Maxon Declaration), Exhibit K is a financial spreadsheet that contains highly sensitive, non-public, and proprietary information that Ancient Organics designated as confidential in this case, the disclosure of which could cause Ancient Organics significant competitive harm. Therefore, Ancient Organics requests that the Court enter an order sealing the following information:

| Document title or description | Dkt No. of redacted version | Dkt. No. of decl. in support of sealing | Party with burden to substantiate need to seal | Full or partial sealing sought | Brief statement of reason for sealing | Granted/ Denied |
|---|---|---|---|---|---|---|
| Exhibit K to Keeton Declaration | ECF No. 73-1 at 22 | Declaration of Matteo Girard Maxon in Support of Ancient Organics' Response to Plaintiffs' Administrative Motion to Consider Whether a Party's Material Should Be Sealed (Maxon Declaration filed concurrently.) | Defendant Ancient Organics | Full | Contains sensitive proprietary production cost, revenue data, and retail partner information broken down by various Ancient Organics products, designated as confidential pursuant to the Protective Order. Maxon Decl. ¶¶ 5–6. | |

1

ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.     ARGUMENT

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). District courts have broad discretion to permit sealing of court documents where, as here, the potential harm from disclosure outweighs the public's right to access such information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (recognizing broad discretion to seal trade secret or other confidential information). Thus, a party may overcome the presumption in favor of access to court records by showing that "'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1178.[1]

Under the "compelling reasons" standard, documents may be appropriately sealed if they contain "business information that might harm a litigant's competitive standing." *See Johnson*, 2016 WL 4472993, at *2 (quoting *Nixon*, 435 U.S. at 598). For instance, courts in this district have found "compelling reasons" exist to keep certain revenue, production costs, and retail partner information under seal where, as here, disclosure could harm a party's business interests. *See, e.g.*, *Keirsey v. eBay, Inc.*, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) ("[U]nder Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *see also Johnson*, 2016 WL 4472993, at *2 (compelling reasons existed to seal "sensitive financial information . . . that, if made public, could harm [the movant's] business interests"); *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), *redacted opinion issued*, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (compelling reasons existed to seal Netflix's projected global streaming revenues, "the disclosure of which would cause competitive and

---

[1] The Ninth Circuit has recognized two standards to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Kamakana*, 447 F.3d at 1180. Courts in this Circuit have generally applied the "compelling reasons" standard to motions for class certification. *See Yan Mei Zhang v. Toyota Motor Corp.*, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (collecting cases).

2
ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:22-cv-03596-AMO

1  business harm to Netflix"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at *3 (N.D. Cal. June 17,
2  2021) ("costs, revenues, gross margins, and market share data over time" met compelling
3  standard because disclosure "might harm a litigant's competitive standing").
4        Here, Ancient Organics asks the Court to seal only Exhibit K to Keeton Declaration
5  because it contains confidential and sensitive information regarding Ancient Organics' retail
6  partners, costs to produce different Ancient Organics products, and the revenue of each product
7  by retail partner, the disclosure of which would cause Ancient Organics competitive harm.
8  Maxon Decl. ¶¶ 5–6.  This information is a critical component of Ancient Organics' business
9  strategy.  Ancient Organics faces significant competition from other companies offering similar
10 ghee products and thus works diligently to keep information regarding its cost of production and
11 revenue confidential, particularly where, as here, the data is broken down by retail partner over
12 time.  Thus, if the requested information is not placed under seal, Ancient Organics' competitors
13 will have access to data revealing how much product and which products Ancient Organics sells
14 to each retailer, the cost of production for each size of Ancient Organics products, and revenue
15 from each product broken down by not only retailer but also week, month, and year.  *Id.*  Ancient
16 Organics' competitors could use this information to unfairly compete with Ancient Organics by,
17 for example, using this information "to gain insight into [Ancient Organics] margins, commercial
18 strategies, and internal operating procedures," or "to determine whether it would be profitable to
19 provide similar [products] to its own consumers, essentially using [Ancient Organics'] own
20 business investments and experience for its own benefit."  *City of Birmingham Relief & Ret. Sys.*,
21 2019 WL 3815720, at *1; *Keirsey*, 2013 WL 5609318, at *3; *see also* Maxon Decl. ¶¶ 5–6.
22       Less restrictive means to sealing Exhibit K to the Keeton Declaration is not sufficient
23 because Exhibit K is a single spreadsheet that consists entirely of formulas and data figures
24 broken down by Ancient Organics' cost of production and revenue by product and retailer over
25 time.  Maxon Decl. ¶ 4.  Moreover, class members' ability to access this information, *if* a class is
26 certified, can easily be addressed by court-approved measures.  *See Keirsey*, 2013 WL 5609318,
27 at *3 (after certification, a class member's request for sealed information could be addressed
28 through notice to designating party, opportunity to comment, and the signing of a protective

3
ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

order, if appropriate). Thus, the need to protect Ancient Organics' confidential proprietary information may be balanced with parties' right to access court records through appropriate safeguards.

### III.   CONCLUSION

For the foregoing reasons, Ancient Organics requests the Court seal Exhibit K to the Keeton Declaration, which has been provisionally filed under seal.

Dated:  September 25, 2024                         DAVIS WRIGHT TREMAINE LLP
                                                      Jacob M. Harper
                                                     James H. Moon
                                                     Peter K. Bae

By: */s/ Jacob M. Harper*
     Jacob M. Harper

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

4
ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899