DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>            Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DECLARATION OF MATTEO GIRARD MAXON IN SUPPORT OF ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Assigned to the Hon. Araceli Martínez-Olguín |

---

MAXON DECLARATION ISO ANCIENT ORGANICS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:22-cv-03596-AMO

**DECLARATION OF MATTEO GIRARD MAXON**

I, Matteo Girard Maxon, declare as follows:

1. I am the President of Ancient Organics, the defendant in the above referenced matter. I submit this declaration in support of Ancient Organics' Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 74. The matters stated herein are true to my personal knowledge, and if called upon as a witness, could and would testify competently to the matters set forth below.

2. I understand that Plaintiffs and Ancient Organics entered into a Stipulated Protective Order to govern the disclosure of confidential materials produced in this action, and that the Protective Order was signed and entered by the Court on February 2, 2024. (ECF No. 53.)

3. I understand that Plaintiffs have relied upon documents in support of their Motion for Class Certification and provisionally filed under seal a document containing material Ancient Organics designated as confidential pursuant to the Stipulated Protective Order.

4. The only record submitted by Plaintiffs that Ancient Organics requests to be sealed is Exhibit K to the Declaration of Steffan Keeton in Support of Class Certification. (Keeton Declaration, ECF No. 73-1 at 22.) As explained further below, this spreadsheet document consists entirely of Ancient Organics' sensitive and proprietary production cost, revenue data, retail partner information broken down by various Ancient Organics ghee products.

5. Exhibit K to the Keeton Declaration contains and references proprietary information about Ancient Organics' production costs and retail revenue for products at issue in this litigation. In the ordinary course, Ancient Organics keeps its production costs and retail revenue information highly confidential and only shares such information on a need-to-know basis. If production costs and retail revenue data were made public, Ancient Organics' competitors may use such data to gain a significant unfair competitive advantage by using the data to price or market their own competing ghee products. Ancient Organics' competitors could also use production cost and retail revenue data to derive additional business information such as profit margin, and extrapolate such data to track Ancient Organics' performance with different

retailers over time.  Disclosure of this information would thus lead to financial and competitive harm to Ancient Organics.

6. Moreover, Exhibit K to the Keeton Declaration would also reveal the amount of products Ancient Organics sells to various retailers and Ancient Organic's revenue from each respective retail partner.  The ratio of Ancient Organics' production cost and revenue per retailer and how many units of products Ancient Organics sells to its retail partners is based on a variety of factors including cost, demand, geography, and time, all of which Ancient Organics invests substantial resources to develop in a competitive and efficient manner.  Disclosure of this information could not only cause Ancient Organics competitive harm, but could also affect Ancient Organics' relationship with its retail partners.  For example, retail partners could question why Ancient Organic sells more of its product to one retail competitor over the other.  As such, Ancient Organics makes great efforts to protect the confidentiality of its production costs and revenue as it relates to each respective retail partner.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 25th day of September, 2024, at Berkeley, California.

_____
Matteo Girard Maxon