DAVIS WRIGHT TREMAINE LLP
   Jacob M. Harper (SBN 259463)
   *jacobharper@dwt.com*
   James H. Moon (SBN 268215)
   *jamesmoon@dwt.com*
   Peter K. Bae (SBN 329158)
   *peterbae@dwt.com*
   Katelyn A. Feliciano (SBN 350385)
   *katelynfeliciano@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated, <br><br>        Plaintiffs, <br><br>    v. <br><br> ANCIENT ORGANICS, a California corporation, <br><br>        Defendant. | Case No. 3:22-cv-03596-AMO <br><br> **DEFENDANT ANCIENT ORGANICS'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> [***Declaration of Jacob M. Harper Filed Concurrently***] <br><br> Assigned to the Hon. Araceli Martínez-Olguín <br><br> Date:        January 9, 2025 <br> Time:       2:00 p.m. <br> Courtroom:  10 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................... 1

II.     FACTUAL BACKGROUND ...................................................................................... 3

        A.      Ancient Organics Sells Ghee................................................................. 3

        B.      Plaintiff Repeatedly Purchases Ancient Organics's Ghee. ..................... 4

        C.      The Court Dismisses Some of Plaintiff's Claims.................................... 5

        D.      Counsel Fail to Diligently Pursue This Case. ........................................ 5

        E.      Plaintiff Moves to Certify the Class with No Competent Evidence........................ 6

III.    ARGUMENT ............................................................................................................. 7

        A.      Plaintiff Failed to Prove Her Counsel's Adequacy. ............................... 9

        B.      Plaintiff Failed to Prove Rule 23(a) Commonality or 23(b) Predominance. ........ 11

                1.      Plaintiff Failed to Prove Materiality and Deception. .............................. 11

                2.      Plaintiff Failed to Prove a Classwide Damages Theory............................ 14

        C.      Plaintiff Failed to Prove Typicality. ...................................................... 17

        D.      Plaintiff Failed to Prove Numerosity. .................................................... 19

        E.      Plaintiff Failed to Prove the Rule 23(b)(2) Prong. ................................ 21

        F.      Plaintiff Failed to Establish the Rule 23(c)(4) Prong. ........................... 22

        G.      Plaintiff Failed to Establish a Nationwide Class Is Appropriate........................... 24

IV.     CONCLUSION .......................................................................................................... 25

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adkins v. Facebook, Inc.*,
424 F. Supp. 3d 686 (N.D. Cal. 2019) .................................................................. 23

5

6

*Aguilera v. Unocal Corp.*,
2023 WL 6369701 (C.D. Cal. Aug. 14, 2023) ........................................................ 13

7

*Algarin v. Maybelline, LLC*,
300 F.R.D. 444 (S.D. Cal. 2014) ................................................................. 18, 21, 22

8

9

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) .............................................................................................. 9, 11

10

11

*Ang v. Bimbo Bakeries USA, Inc.*,
2018 WL 4181896 (N.D. Cal. Aug. 31, 2018) .................................................... 15, 16

12

*Berger v. Home Depot USA Inc.*,
2011 WL 13224881 (C.D. Cal. Mar. 18, 2011) ...................................................... 12

13

14

*Bilodeau v. City of Medford*,
2022 WL 17853323 (D. Or. Nov. 29, 2022) *report & recommendation adopted by*
2022 WL 17849475 (D. Or. Dec. 22, 2022) ............................................................ 8

15

16

*Broomfield v. Craft Brew All., Inc.*,
2018 WL 4952519 (N.D. Cal. Sept. 25, 2018) ....................................................... 22

17

18

*Cabrera v. Bayer Healthcare, LLC*,
2024 WL 1699357 (C.D. Cal. Feb. 23, 2024) ........................................................ 19

19

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ................................................................................................. 7

20

21

*Canada v. Blain's Helicopters, Inc.*,
831 F.2d 920 (9th Cir. 1987) ................................................................................... 20

22

23

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) .......................................................................................... *passim*

24

*Cover v. Windsor Surry Co.*,
2016 WL 520991 (N.D. Cal. Feb. 10, 2016) .......................................................... 25

25

26

*Cover v. Windsor Surry Co.*,
2017 WL 9837932 (N.D. Cal. July 24, 2017) ........................................................ 20

27

*DZ Reserve v. Meta Platforms, Inc.*,
96 F.4th 1223 (9th Cir. 2024) ................................................................................. 8

28

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ........................................................................................... 7, 17

*Farar v. Bayer AG*,
    2017 WL 5952876 (N.D. Cal. Nov. 15, 2017) ..................................................................... 14

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ............................................................................................................... 9

*Glenn v. Hyundai Motor Am.*,
    2016 WL 3621280 (C.D. Cal. June 24, 2016) .................................................................... 25

*Grodzitsky v. Am. Honda Motor Co*,
    957 F.3d 979 (9th Cir. 2020) ....................................................................................... 11, 13

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ............................................................................................................... 7

*Handloser v. HCL Techs. Ltd.*,
    2021 WL 879802 (N.D. Cal. Mar. 9, 2021) ....................................................................... 23

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) (Mot. 6) ............................................................................... 8

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .............................................................................................. 17

*In re ConAgra Foods, Inc.*,
    90 F. Supp. 3d 919 (C.D. Cal. 2015) .................................................................................. 15

*In re MyFord Touch Consumer Litig.*,
    2016 WL 7734558 (N.D. Cal. Sept. 14, 2016) ................................................................... 15

*In re NJOY, Inc. Consumer Class Action Litig.*,
    120 F. Supp. 3d 1050 (C.D. Cal. 2015) .............................................................................. 15

*In re POM Wonderful LLC*,
    2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) ........................................................ 15, 16, 17

*Johnson v. Harley-Davidson Motor Co. Grp., LLC*,
    285 F.R.D. 573 (E.D. Cal. 2012) ........................................................................................ 12

*Johnson v. Nissan N. Am., Inc.*,
    272 F. Supp. 3d 1168 (N.D. Cal. 2017) ............................................................................. 25

*Kandel v. Brother Int'l Corp.*,
    264 F.R.D. 630 (C.D. Cal. 2010) .................................................................................... 9, 11

*Kaur v. Things Remembered, Inc.*,
    2016 WL 11811049 (N.D. Cal. Apr. 20, 2016) ............................................................... 9, 10

iii

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Kosta v. Del Monte Foods, Inc.*,
  308 F.R.D. 217 (N.D. Cal. 2015) ........................................................................................ 12

*Krommenhock v. Post Foods, LLC*,
  334 F.R.D. 552 (N.D. Cal. 2020) ........................................................................................ 14

*Kumar v. Salov N. Am. Corp.*,
  2016 WL 3844334 (N.D. Cal. July 15, 2016) ...................................................................... 14

*Marino v. YummyEarth, Inc.*,
  N.D. Cal. Case No. 3:22-cv-02739-VC, ECF No. 51 ...................................................... 2, 10

*Mazur v. eBay, Inc.*,
  257 F.R.D. 563 (N.D. Cal. 2009) ........................................................................................ 18

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale
  Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) ................ 24, 25

*McGinity v. Procter &Gamble Co.*,
  69 F.4th 1093 (9th Cir. 2023) ............................................................................................. 18

*McKinney v. Corsair Gaming, Inc.*,
  646 F. Supp. 3d 1133 (N.D. Cal. 2022) .............................................................................. 24

*Moheb v. Nutramax Labs., Inc.*,
  2012 WL 6951904 (C.D. Cal. Sept. 4, 2012) ...................................................................... 21

*Orr v. Bank of Am., NT & SA*,
  285 F.3d 764 (9th Cir. 2002) .......................................................................................... 13, 20

*Pascal v. Nissan N. Am.*,
  2023 WL 2558786 (C.D. Cal. Feb. 21, 2023) ....................................................................... 8

*Phan v. Sargento Foods, Inc.*,
  2021 WL 2224260 (N.D. Cal. June 2, 2021) ................................................................... 24, 25

*Philips v. Ford Motor Co.*,
  2016 WL 7428810 (N.D. Cal. Dec. 22, 2016), *aff'd*, 726 F. App'x 608 (9th Cir. 2018)
  ..................................................................................................................................... 15, 16, 17

*Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*,
  2016 WL 5920345 (C.D. Cal. June 23, 2016) ..................................................................... 18

*Pulaski & Middleman, LLC v. Google, Inc.*,
  802 F.3d 979 (9th Cir. 2015) ............................................................................................... 15

*Reitman v. Champion Petfoods USA, Inc.*,
  830 F. App'x 880 (9th Cir. 2020) ........................................................................................ 24

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ries v. Ariz. Beverages USA LLC*,
  2013 WL 1287416 (N.D. Cal. Mar. 28, 2013) ........................................................................ 9

*Ries v. Ariz. Beverages USA, LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) ............................................................................... 21, 22

*Schneider v. YouTube, LLC*,
  674 F. Supp. 3d 704 (N.D. Cal. 2023) ................................................................................ 22

*Shahinian v. Kimberly-Clark Corp.*,
  2016 WL 11722907 (C.D. Cal. Nov. 14, 2016) ................................................................... 16

*Shields v. Walt Disney Parks & Resorts US, Inc.*,
  279 F.R.D. 529 (C.D. Cal. 2011) ........................................................................................ 20

*Siles v. ILGWU Nat'l Ret. Fund*,
  783 F.2d 923 (9th Cir. 1986) .............................................................................................. 20

*Stanton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ................................................................................................ 9

*Tasion Comm'ns, Inc. v. Ubiquiti Networks, Inc.*,
  308 F.R.D. 630 (N.D. Cal. 2015) ................................................................................... 22, 23

*Tourgeman v. Collins Fin. Servs., Inc.*,
  2012 WL 1327824 (S.D. Cal. Apr. 17, 2012) ..................................................................... 19

*Valentine v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) .............................................................................................. 22

*Vinci v. Hyundai Motor Am.*,
  2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ..................................................................... 25

*Vizcarra v. Unilever U.S., Inc.*,
  339 F.R.D. 530 (N.D. Cal. 2021) ................................................................... 11, 13, 14, 15

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................................*passim*

*Webb v. Carter's Inc.*,
  272 F.R.D. 489 (C.D. Cal. 2011) ........................................................................................ 12

*Weisberg v. Takeda Pharm. U.S.A., Inc.*,
  2018 WL 4043171 (C.D. Cal. Aug. 21, 2018) ................................................................... 18

*Wilson v. Frito-Lay N. Am., Inc.*,
  260 F. Supp. 3d 1202 (N.D. Cal. 2017) .............................................................................. 18

*Zinser v. Accufix Rsch. Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) ..................................................................................... 21, 23

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Statutes**

California Business & Professions Code

§§ 17200 *et seq.* (Unfair Competition Law ("UCL")) ................................................................ 4

§§ 17500 *et seq.* (False Advertising Law ("FAL")) ................................................................ 4

California Civil Code §§ 1750 *et seq.* (Consumer Legal Remedies Act ("CLRA")) ..................... 4

**Rules**

Federal Rule of Civil Procedure

23 ................................................................................................................................ *passim*

30(b)(6) ................................................................................................................................ 5, 6

56(e) ..................................................................................................................................... 20

**Other Authorities**

Cambridge Dictionary, definition of ghee ........................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

If ever the Court wanted a textbook example of how *not* to get a class certified, this is it. This action was filed in 2022 on theory that Ancient Organics represented that its ghee (i.e., 100% clarified butter) was "healthy."  In the two years since, Plaintiff Kelly Effinger (Plaintiff) and her counsel (Counsel) have:

- twice requested extensions of discovery deadlines—the first just five days before fact discovery closed and the other after the already-extended deadline to request an extension passed;

- improperly attempted to schedule a 30(b)(6) deposition of Ancient Organics on the last business day before the original fact discovery deadline before giving up on depositions entirely;

- disclosed the fact they lost contact with the other plaintiff Keefe Stevernu after having attended a mediation and engaged in settlement negotiations on his behalf;

- failed to respond to Ancient Organics's interrogatories to plaintiff Stevernu after several months delay and even after the Court's order compelling responses;

- attempted to dismiss plaintiff Stevernu's claims without his consent; and

- moved for yet another extension of time on the day expert disclosures were due.

As a result, Counsel now pursue their class claims with no evidence.  They failed to take *any* depositions; produced almost no evidence in support of their class claims (save an incompetent and inadmissible declaration of counsel); and moved for class certification by reciting the allegations in the Second Amended Complaint (ECF No. 39 (SAC)).

While Ms. Effinger's Counsel bungled this case, they have also mucked up other class actions based on similar incompetence.  Just last year, Judge Vince Chhabria chastised the same lawyers (both Counsel here, Good Gustafson Aumais LLP and The Keeton Law Firm LLC) for similar dilatory and ineffective conduct and noted the likely preclusive effect on class certification:

> At the [sanctions] hearing, the Court informed [plaintiff] and her counsel that the deadline to file for class certification had long passed.  [Plaintiff] was clearly

unaware of that fact, and it appeared to be a surprise to counsel as well. (Counsel claimed to have become aware of it in preparation for the hearing, but if that's true, it's difficult to understand why he didn't inform his client and why he didn't immediately file something upon discovery of his serious mistake.) At the hearing on the motion for sanctions, counsel requested a *retroactive* extension of the class certification deadline. That request is denied for two intertwined reasons … [First,] [a]t no point during the seven weeks between the class certification deadline and the hearing did counsel file a motion for relief from the failure to meet the deadline … Second and relatedly, based on counsel's performance thus far, the Court would be very likely to deny class certification on adequacy of representation grounds. So granting the request retroactively to extend the deadline would likely be futile.

*Marino v. YummyEarth, Inc.*, N.D. Cal. Case No. 3:22-cv-02739-VC, ECF No. 51 at 1–2.

Where does this leave the Court and this case? The class discovery and expert disclosure deadlines have now passed, and Counsel filed a motion for class certification on behalf of Plaintiff Effinger alone,[1] with no competent evidence whatsoever to support a single element of their class burden. Ms. Effinger and her Counsel have utterly failed to meet their burden to present *evidence* "to *prove* that there are *in fact* sufficiently numerous parties, common questions of law or fact," typicality of claims or defenses, and adequacy of representation, as required by Federal Rule of Civil Procedure ("Rule") 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (emphasis added).

Plaintiff's Motion depends on the premise that the "substantive allegations in the complaint [are] true for purposes of the class motion." (ECF No. 73, Motion for Class Certification (Motion) 5.) But "Rule 23 does not set forth a mere pleading standard," and "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart*, 564 U.S. at 350. The only evidence submitted is a declaration from one of the two plaintiffs and her attorney—who has no personal knowledge of anything about the substance of this case. As a result, Ms. Effinger and the putative class counsel have failed to meet their Rule 23 burden:

---

[1] Ms. Effinger's Counsel withdrew from representing the other plaintiff, Mr. Stevernu, who has not prosecuted this case in any way since at least early 2024. The other plaintiff is subject to sanctions based on his failure to respond to interrogatories, despite this Court's order compelling his response. (ECF No. 67 at 3–4; Declaration of Jacob M. Harper (Harper Decl.) ¶¶ 6–9.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- ***Rule 23(a) Adequacy:*** Counsel's failures in this litigation and the lack of evidence supporting certification underscore Counsel's inadequacy.

- ***Rule 23(a) Commonality & Rule 23(b) Predominance:*** Plaintiff fails to show that individual issues of materiality and deception do not predominate, or that damages are determinable on a classwide basis.

- ***Rule 23(a) Typicality****:* Plaintiff is atypical of the class because she faces unique defenses concerning her repeat purchases of the ghee products, conflicting discovery responses regarding her knowledge of the product, her failure to read the nutritional label, and her reliance on non-actionable representations.

- ***Rule 23(a) Numerosity:*** Plaintiff fails to show how national sales data translates to the number of individuals that fall within the proposed class (or California subclass).

- ***Rule 23(b)(2) Injunctive Class:*** Rule 23(b)(2) certification of an injunctive class is inappropriate, as Plaintiff primarily seeks monetary relief.

- ***Rule 23(c)(4) Issue Class:*** Plaintiff does not prove that each liability issue independently meets Rule 23(a)'s requirements, and certification of only some issues would not materially advance the litigation.

- ***Nationwide Class:*** A nationwide class is inappropriate here because consumer laws vary from state to state as the Court noted before.

The Court should deny Plaintiff's unsupported and deficient Motion.

## II.    FACTUAL BACKGROUND

### A.    Ancient Organics Sells Ghee.

Ancient Organics manufactures and distributes a ghee product.  (SAC ¶ 24.)  Ancient Organics's ghee product label contains representations like: (1) a front panel stating "100% ORGANIC," "*from* GRASS-FED AND PASTURED COWS," "EAT GOOD FAT," with the word "*Ayughritam*" followed by its translation "Ghee is Life"; (2) an informational side panel stating, *e.g.*, "Ancient Organics Ghee is the very best fat one can eat.  Use this superfood to nourish your mind, body and soul" and listing "OMEGA 3,6, 9, Vitamins A, D, E & K"; and

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(3) a nutritional panel listing the product's total fat content as well as the product's sole ingredient "ORGANIC BUTTER (MILK)." (SAC ¶¶ 26–27; ECF No. 73-1, Declaration of Steffan T. Keeton in Support of Plaintiff's Motion to Certify Class (Keeton Declaration), Ex. A–E (product labels).) All ghee—including Ancient Organics's—is made of 100% clarified butter. (ECF No. 36 at 1–2 (quoting Cambridge Dictionary definition of ghee).)

### B. Plaintiff Repeatedly Purchases Ancient Organics's Ghee.

Plaintiff alleges she "has purchased the [p]roduct on multiple occasions[.]" (SAC ¶ 15(b).) Plaintiff asserts that she relied on the following statements in making her purchase: "the 'EAT GOOD FAT' representations made on the [p]roduct as well as the reference that it was the 'very best fat one could eat' and the reference to the vitamins contained in it" as well as the statement the product "provides sustained energy levels." (Id. ¶¶ 18, 25.) Plaintiff also claims to have relied upon the statement "use this superfood to nourish your mind, body, and soul." (Id. ¶ 25; ECF No. 73-2, Declaration of Kelly Effinger in Support of Plaintiff's Motion to Certify Class (Effinger Declaration) ¶ 7.) Plaintiff claims Ancient Organics's labeling and advertising is false and misleading because the ghee "represents to consumers that the fat contained in the [p]roduct is good for them, and thus the [p]roduct is healthy" and "a healthier alternative to the competition," when the ghee contains purported "dangerously high levels of saturated fat." (Id. ¶¶ 29, 124.) Based on these representations, Plaintiff brings claims, purportedly on behalf of a nationwide class and a California subclass, alleging violations of California's Unfair Competition Law (UCL), California's False Advertising Law (FAL), California's Consumer Legal Remedies Act (CLRA), and unjust enrichment. (Id. ¶¶ 109–178.)

In her discovery responses, Plaintiff states that she at first "lacked sufficient knowledge to admit or deny" whether "ghee is made from butter" and denied knowing "butter contains saturated fat." (Harper Decl., Ex. A (Effinger's Resp. to Requests For Admission (RFA)) at Resp. RFA Nos. 10–11.) Plaintiff amended her response to state that she *did* know "ghee is made from butter" and that "butter contained saturated fat." (Harper Decl., Ex. B (Effinger's Suppl. Resp. to RFA) at Suppl. Resp. RFA Nos. 10–11.) Plaintiff further admitted that "she does not have a specific recollection of reading the nutrition panel [of the ghee product] at the time of

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

any of her purchases, but may have read it then or at some other time prior to filing her lawsuit." (*Id.* at Suppl. Resp. RFA No. 2.)  In response to an RFA asking if Plaintiff "read or rel[ied] upon A[ncient] O[rganics's] advertising[,]" Plaintiff stated that "[t]o the extent that 'advertising' is intended to also include commercial or print ads, [she] does not have a specific recollection of seeing or reading such [an] advertisement." (*Id.* at Suppl. Resp. RFA No. 3.)  Plaintiff further suggested that she purchased at least 10 units of the ghee products.  (Harper Decl., Ex. C (Effinger's Resp. to Requests for Production (RFP)) at Resp. RFP No. 6.)

**C.    The Court Dismisses Some of Plaintiff's Claims.**

On February 24, 2023, the Court entered an order dismissing several of Plaintiff's theories underlying her claims.  (ECF No. 36.)  First, Plaintiff's claims could not proceed on an "implied nutrient content [theory] regarding fat levels" in the ghee product.  (*Id.* at 7.)  Second, because Ancient Organics's ghee product made no representation about its fat levels, Plaintiff could not claim it failed to include mandatory federal disclosure statements regarding the same. (*Id.* at 8.)  Third, Plaintiff could not pursue claims based on "the label statement describing the [ghee] as a 'Superfood' that can be used 'to nourish your body, mind and soul.'" (*Id.* at 9.)  Last, Plaintiff lacked standing to pursue "claims on behalf of Multi-State Consumer Class members under the laws of" jurisdictions outside of California.  (*Id.* at 11.)  Permitting Plaintiff to proceed at the pleadings stage with her claims on behalf of a nationwide class, the Court cautioned that "proving that California law is appropriate for the Nationwide class may ultimately be difficult." (*Id.* at 12.)

**D.    Counsel Fail to Diligently Pursue This Case.**

Throughout this case, Counsel have been dilatory in meeting discovery obligations and court-ordered deadlines.  In March 2024, Counsel hurriedly served a Rule 30(b)(6) Notice on the eve of the close of fact discovery and tried to schedule Ancient Organics's deposition on the last business day before the deadline.  (*See* ECF No. 66 at 1.)  Plaintiff then moved to modify the Scheduling Order, in light of her Counsel's failure to produce any documents or respond to interrogatories regarding Mr. Stevernu by the deadline.  (ECF No. 54.)  Although the Court provided the requested extension (ECF No. 61), Counsel nonetheless failed to respond to

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

Ancient Organics's interrogatories served six months earlier. This later resulted in Ancient Organics needing to move to compel interrogatory responses—which the Court granted and found any objections waived for being untimely. (ECF No. 67 at 4 & n.2.) Counsel also sought to confer regarding the Rule 30(b)(6) Notice on the day fact discovery closed and failed to move to compel further discovery by the discovery motion deadline. (ECF No. 66 at 1.)

In July 2024, the day expert disclosures were due and in a last-ditch effort to pursue a Rule 30(b)(6) deposition, Counsel requested yet another extension of deadlines. (ECF No. 65.) The Court noted "Plaintiff's motion [for an extension of time] reads as if they seek to compel a 30(b)(6) deposition, but the time has passed." (ECF No. 67 at 4.) The Court denied Counsel's second extension request, finding that "Plaintiffs f[e]ll short of showing 'good cause' for extending deadlines that have already been generously reset." (*Id.* at 5.).

In August 2024, Counsel sought to dismiss their own client from this action (ECF No. 68), without any "authority for the premise that an attorney may seek dismissal of a client's claims in absence of the client's knowledge or consent" (ECF No. 69). Counsel then withdrew as Mr. Stevernu's attorneys due to an inability to contact him since early 2024. (ECF Nos. 70, 72.) Months earlier, Counsel had participated in mediation and made settlement offers on behalf of their client, whom they had been unable to contact. (Harper Decl. ¶ 8.)

Class certification fact discovery closed July 10, 2024, and the deadline for expert disclosures was July 24, 2024. (ECF No. 61.) Both dates came and went. Plaintiff neither conducted a single deposition nor submitted any expert reports ahead of moving for class certification. (Harper Decl. ¶ 6.)

**E.    Plaintiff Moves to Certify the Class with No Competent Evidence.**

Plaintiff supports her Motion with little to no evidence. Plaintiff submits her own declaration describing her alleged *individual* circumstances and purported reliance on various actionable and non-actionable statements on the ghee product's label. (*See generally* Effinger Decl.) Counsel Steffan T. Keeton also submits a declaration, attaching 24 pages of largely unauthenticated and irrelevant documents of which he has no personal knowledge: (1) copies of Ancient Organics's ghee product labels; (2) three Amazon store listings for the ghee product;

(3) the resumes of Plaintiff's Counsel's firms; (4) a spreadsheet of Ancient Organics's sales data; and (5) three articles purportedly published on Ancient Organics's website. (*See generally* Keeton Decl.)

### III.     ARGUMENT

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart*, 564 U.S. at 350–51). The moving party must come forward with evidence "prov[ing] that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)." *Id.* (cleaned up). "The party must also satisfy through *evidentiary proof* at least one of the provisions of Rule 23(b)." *Id.* (emphasis added). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[] have been satisfied" by the preponderance of the evidence. *Id.* (cleaned up).

Plaintiff moves for certification with nothing more than declarations from herself and her Counsel, which leaves the Court with next to nothing to conduct the "rigorous" evidentiary analysis required under Rule 23. When conducting the rigorous Rule 23 analysis, the court may be required to "judg[e] the persuasiveness of the evidence presented," *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011), and "probe behind the pleadings before coming to rest on the certification question," *Wal-Mart*, 564 U.S. at 350 (citation omitted). It is axiomatic that "[p]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead— that their proposed class satisfies each requirement of Rule 23[.]" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (collecting cases).

Plaintiff fundamentally misunderstands the evidentiary standard on a motion for class certification. Indeed, Plaintiff and her Counsel expressly rely on the premise that the "substantive allegations in the complaint [are] true for purposes of the class motion." (Mot. 5.)

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Plaintiff later declares that "Plaintiff's *allegations* present … common questions" (*id.* at 7

2    (emphasis added)) and cites the Court's order finding Plaintiff met the *pleading* standard as to

3    certain claims (*id.* (citing ECF No. 36)).  Plaintiff cites the Ninth Circuit's permissive standard

4    for commonality in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (Mot. 6), which the

5    Supreme Court rejected in *Wal-Mart*.[2]  As the Supreme Court stated in *Wal-Mart*, "Rule 23 does

6    not set forth a mere pleading standard."  564 U.S. at 350.  Instead, a plaintiff "must affirmatively

7    demonstrate . . . compliance" with Rule 23.  *Id.* at 350–51.

8         The Court should deny Plaintiff's Motion based on her failure to recognize or meet her

9    evidentiary burden.  *See*, *e.g.*, *Pascal v. Nissan N. Am.*, 2023 WL 2558786, at *8 (C.D. Cal. Feb.

10   21, 2023) (declining to reconsider denial of class certification because "Plaintiffs have been

11   litigating this case for years[,]" but "Plaintiffs failed to present evidence by which they could

12   satisfy their burden under the rigorous analysis Rule 23 demands"); *Bilodeau v. City of Medford*,

13   2022 WL 17853323, at *3 (D. Or. Nov. 29, 2022) (addressing "the sufficiency of the evidence

14   that [p]laintiffs have presented to the [c]ourt at the class certification stage" and finding

15   declarations from named plaintiffs and counsel, among other things, were insufficient), *report &*

16   *recommendation adopted by* 2022 WL 17849475 (D. Or. Dec. 22, 2022).

17        In particular, and as explained further below, Plaintiff's mistaken belief that the pleadings

18   are sufficient to certify a class permeates the Motion.  Plaintiff provides no evidence connecting

19   Ancient Organics's sales data to identifying the number of individuals who meet the class

20   definition.  (Mot. 6–7.)  Plaintiff fails to present any common proof showing materiality or

21   deception can be proven on a classwide basis—not a consumer survey, declaration from an

22   absent class member, or otherwise.  (*Id.* at 10–18.)  Plaintiff submits no expert reports or any

23   evidence in support of a classwide damages theory.  (*Id.* at 13.)  The only thing Plaintiff proved

24   through her Motion is the inadequacy of Counsel to represent the proposed class.

25

26

27

28   ───────────────
     [2] The Ninth Circuit has recognized *Wal-Mart* overruled *Hanlon*.  *See DZ Reserve v. Meta*
     *Platforms, Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024).

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### A.    Plaintiff Failed to Prove Her Counsel's Adequacy.

Rule 23(a)'s adequacy requirement ensures named parties and counsel "will fairly and adequately protect the interests of the class." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (internal quotation marks omitted).  Courts must consider whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class[.]" *Stanton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  Adequacy of class counsel turns, in part, on counsel's competence.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

In assessing the adequacy of counsel, courts consider "the actual progress of the proceedings," "[d]elays in seeking class certification," "failure to timely prosecute the litigation," "and any failure to comply with reasonable disclosure obligations or discovery requests." *Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) (citations omitted) (denying class certification based on lack of adequacy).  "[E]ven where all the other requirements of Rule 23 are satisfied, class treatment is inappropriate where the plaintiff's counsel is not adequate to represent the class."  *Kaur v. Things Remembered, Inc.*, 2016 WL 11811049, at *2 (N.D. Cal. Apr. 20, 2016) (citing *Ries v. Ariz. Beverages USA LLC*, 2013 WL 1287416, at *9 (N.D. Cal. Mar. 28, 2013)).

Counsel's deficiencies in representation render them inadequate to protect the rights of the class.  Counsel has committed countless errors since the inception of this litigation, including:

- Completely disregarding deadlines set by this Court that had "already been generously set" (ECF No. 67 at 5 (finding Counsel failed to show good cause to warrant extension of expert disclosures and motion for class certification));

- Failing to meet discovery obligations, resulting in waiver of objections to interrogatories (*id.* at 4 & n.2 (compelling interrogatories that were six months late and waiving objections));

- Failing to take timely discovery necessary to support class certification despite repeated extensions of the schedule, e.g., not taking a single deposition or securing an expert (Harper Decl. ¶ 6; ECF No. 67 at 4 (Plaintiffs failed to meet

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

expert disclosure deadline and sought "to compel a 30(b)(6) deposition, but the time ha[d] passed for them to move to compel"));

- Participating in mediation and settlement negotiations on behalf of a client they lost contact with, and only disclosing the fact to Ancient Organics after mediation (ECF No. 57 at 2);

- Moving to dismiss their own client without authorization, thereby jeopardizing their client's rights in this litigation and calling into question Counsel's understanding of the Rules of Professional Conduct (ECF No. 69 (Counsel cited no "authority for the premise that an attorney may seek dismissal of a client's claims in absence of the client's knowledge or consent")); and

- Moving for class certification without understanding the legal standard with wholly insufficient evidence, due primarily to Counsel's own failure to consult experts and diligently pursue discovery.

This case is analogous to *Kaur*, in which class certification was denied due to class counsels' inadequacy. 2016 WL 11811049, at *1. In *Kaur*, class counsel moved to continue the motion for class certification nearly on the discovery cut off after not explaining "why they waited [several] months to bring [a discovery] dispute to the Court's attention," and failing to "take a single deposition before the discovery cut off." *Id.* In *Kaur*, similar to here, counsel also "lost track" of a named plaintiff who was set for deposition, and failed to disclose that fact to the defendant until discovery deadlines passed. *Id.* Further in *Kaur*, as in here, the "[c]ourt, reluctant to hold the failings of [plaintiff's] lawyers against her, extended the discovery cut off and the deadline for th[e] class certification." *Id.*

Counsel here has previously been admonished by this Court for their failure to meet deadlines and the resulting prejudice to the class. *See Marino v. YummyEarth, Inc.*, N.D. Cal. Case No. 3:22-cv-02739-VC, ECF No. 51 at 2 ("[B]ased on counsel's performance thus far, the Court would be very likely to deny class certification on adequacy of representation grounds."). Given that this same conduct has continued in this case, this Court should "deny the appointment

10

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

of class counsel who cannot be relied on to prosecute the class's claims in a competent manner." *Kandel*, 264 F.R.D. at 635.

**B.    Plaintiff Failed to Prove Rule 23(a) Commonality or 23(b) Predominance.**

Rule 23(a) commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he common question must be of 'such nature that it is capable of class-wide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke.'" *Vizcarra v. Unilever U.S., Inc.*, 339 F.R.D. 530, 548 (N.D. Cal. 2021) (quoting *Wal-Mart*, 564 U.S. at 350). "A district court must analyze the persuasiveness of evidence submitted to establish the commonality requirement and may not simply conclude that the commonality requirement is met on the basis that the plaintiff's evidence in support of that requirement is admissible." *Id.* (citing *Grodzitsky v. Am. Honda Motor Co*, 957 F.3d 979, 986 (9th Cir. 2020)).

Separately, the "Rule 23(b) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods*, 521 U.S. at 623. "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)" because the rule "is designed for situations in which class-action treatment is not as clearly called for." *Comcast*, 569 U.S. at 34 (internal quotation marks and citations omitted). Courts have a "duty to take a closer look at whether common questions predominate over individual ones." *Id.* (internal quotation marks and citation omitted).

As explained below, Plaintiff failed to affirmatively prove commonality and predominance as to: (1) the materiality of the ghee product label and the likelihood of deception to a reasonable consumer; and (2) class wide damages as required under *Comcast*.

**1.    Plaintiff Failed to Prove Materiality and Deception.**

Plaintiff was required to "point to common evidence other than alleged misrepresentations themselves to establish that the question of likelihood of deception can be resolved on a classwide basis." *Vizcarra*, 339 F.R.D. at 548 (lack of evidence regarding deception or materiality precluded commonality). "[I]n all but the most unusual case, plaintiffs must have some means of proving materiality and reliance by a reasonable consumer on a

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

classwide basis in order to certify a class." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 225 (N.D. Cal. 2015). "A misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment. Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did." *Webb v. Carter's Inc.*, 272 F.R.D. 489, 502 (C.D. Cal. 2011) (cleaned up).

As an initial matter, the Motion fails to prove Rule 23(a) commonality or Rule 23(b) predominance because Plaintiff submits *no* evidence on these points. The Motion simply lists "a number of common questions" without providing a single citation to any evidence or testimony. (*See* Mot. 6–7.) But "[w]hat matters to class certification … is not the raising of common 'questions' – even in droves – but, rather, the capacity of a classwide proceeding to generate common *answers*[.]" *Wal-Mart*, 564 U.S. at 349–50 (cleaned up).

Plaintiff has not (and cannot) show her claims are subject to common proof, or that common issues predominate, because the issue of whether vague and innocuous statements like "eat good fat" are material varies from consumer to consumer. Plaintiff has failed to offer evidence suggesting any representations at issue were material to any ghee-seeking customer, or led them to believe that other butter products contained less fat than disclosed on Ancient Organics's product. In other words, "consumers' behavior would vary as to whether they would buy the [ghee products] if they saw the [challenged] disclosure." *Webb*, 272 F.R.D. at 502; *see, e.g.*, *Johnson v. Harley-Davidson Motor Co. Grp., LLC*, 285 F.R.D. 573, 581 (E.D. Cal. 2012) (finding "materiality is not an issue subject to common, rather than individualized proof" because "there are numerous individualized issues as to whether the reasonable consumer purchasing one of [d]efendants' [products] would find the excessive heat material."); *Berger v. Home Depot USA Inc.*, 2011 WL 13224881, at *9 n.7 (C.D. Cal. Mar. 18, 2011) ("[B]ecause the alleged misrepresentations were not 'relied upon' by certain members of the [c]lasses, those members suffered no damages and the [c]ourt cannot infer reliance or find that the alleged misrepresentations were material as to those members."). Plaintiff failed to prove that a question "central to a claim under the UCL and FAL … and the CLRA … namely likelihood of deception

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

and materiality, respectively, are susceptible to resolution with common proof." *Vizcarra*, 339 F.R.D. at 552.

Plaintiff has not pointed to any common evidence capable of resolving, on a classwide basis, whether a reasonable consumer would have been deceived by the ghee product's alleged mislabeling. This could have been satisfied through expert reports or customer surveys, but Plaintiff offers nothing. The *only* evidence submitted on this point was Plaintiff's declaration (Mot. 12 n.8, 15 n.20) and articles purportedly from Ancient Organics' website (*id.* at 15 n.21). Even if this Court were to consider Plaintiff's declaration, one complainant is not enough to show the product deceived any other purchaser, including Plaintiff's co-plaintiff who has offered no evidence in support of certification. *See Grodzitsky*, 957 F.3d at 987 (no commonality where "[i]n the absence of [an] expert] report … the remaining evidence consisted solely of highly individualized complaints"). The record here is that Plaintiffs are the only people to have ever complained about the ghee products—and one has stopped prosecuting the lawsuit.

Compounding the lack of evidence, Plaintiff points to many statements on the products, *other* than the ones at issue, as misleading. For example, Plaintiff claims she relied upon the statement that Ancient Organics's ghee is a "superfood" that can "nourish your mind, body, and soul" (Effinger Decl. ¶ 7), but ***this Court already ruled such a statement non-actionable in this case*** (ECF No. 36 at 9). Plaintiff makes no attempt to disentangle whether the purported deception was based on the actionable or non-actionable misrepresentations. Plaintiff further muddies the waters by relying on purported statements on Ancient Organics's website and other advertisements that Plaintiff does not allege to have seen or relied upon. (*Compare* Mot. 3 nn.2– 4 (citing Keeton Decl. Ex. F–G, M–O), 15 (citing Keeton Decl. Exs. F, L) *with* Harper Decl., Ex. B at Suppl. Resp. RFA No. 3 ("Plaintiff does not have a specific recollection of seeing or reading [an] advertisement" other than the ghee product label).)[3] Thus, Plaintiff's own "evidence" in

---

[3] Ancient Organics objects to Exhibits F–G, L, and M–O. None of the documents was produced in this case and nobody explains where they came from or mean. Counsel lacks personal knowledge of the documents to authenticate them. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (attempts to introduce an exhibit by attaching it to affidavit requires personal knowledge of the evidence, which affiant did not have); *Aguilera v. Unocal Corp.*, 2023 WL 6369701, at *7 (C.D. Cal. Aug. 14, 2023) (plaintiffs' counsel's affidavit failed to authenticate

support of commonality and predominance refutes that the representations at issue are *by themselves* material or would deceive a reasonable consumer into believing that the ghee products are "healthful" or "more healthful than similar products." (*See* SAC ¶ 3.)

Plaintiff has utterly failed to "point to common proof that is *capable* of answering those questions on a classwide basis." *Vizcarra*, 339 F.R.D. at 552. The failure to support commonality with evidence is what distinguishes this case from the cases Plaintiff relies upon. (*See* Mot. 8 (citing *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 562–63 (N.D. Cal. 2020) (plaintiffs presented testimony from a marketing expert, documents from defendant, and damages experts regarding materiality); *Farar v. Bayer AG*, 2017 WL 5952876, at *12–13 (N.D. Cal. Nov. 15, 2017) (materiality shown through "volumes of support" of "defendants' own internal research"); Mot. 15 (citing *Kumar v. Salov N. Am. Corp.*, 2016 WL 3844334, at *8 (N.D. Cal. July 15, 2016) (materiality shown by defendants' "market research evidence, along with other industry research").) Plaintiff's other citations are either to California court cases that do not apply the Rule 23 standard, or cases relying on a commonality standard expressly rejected by the Supreme Court in *Wal-Mart*. (*See* Mot. 13 nn.9–10.)

### 2. Plaintiff Failed to Prove a Classwide Damages Theory.

Plaintiff bears the burden of providing a damages model showing that "damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Comcast*, 569 U.S. at 35. A damages model "must measure only those damages attributable to [the plaintiff's]

---

exhibits through personal knowledge where declaration "does not indicate who" created the exhibit "or that [plaintiffs' counsel] knows who created these documents."). Counsel's characterization of exhibits F, G, and L as "marketing of the [p]roduct" on Ancient Organics's "Amazon store" and "product listing page" constitutes impermissible hearsay. (Keeton Decl. ¶¶ 5–6, 11.) Likewise, exhibits M–O, which are purported articles from Ancient Organics's website, are also impermissible hearsay. Plaintiff has not even attempted to establish the source of these articles, which lack a URL. (*Id.* at Exs. M–O.) Plaintiff also fails to show how the articles are attributable to Ancient Organics. (*See id.* at Ex. M (stating "article by Tim Ferriss for fourhourworkweek.com); Ex. N (stating "article by Linda Knittel for Yoga Journal"); Ex. O (stating "article by Dr. Andrew Weil for dr.weil.com").) Finally, there is nothing to establish that any of these exhibits are relevant to Plaintiff's claims—Plaintiff does not assert in her declaration that she viewed Ancient Organics's website or Ancient Organics's purported Amazon store. Further, the articles are from 2003, 2009, and 2011—more than a decade before this action was filed. (*See id.* at Exs. M–O.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

theory [of liability]." *Id.*  If a plaintiff does not offer a plausible damages model that matches her theory of liability, "the problem is not just that the [c]ourt will have to look into individual situations to determine the appropriate measure of damages; it is that [p]laintiffs have not even told the [c]ourt what data it should look for." *In re MyFord Touch Consumer Litig.*, 2016 WL 7734558, at *15 (N.D. Cal. Sept. 14, 2016).

For plaintiffs alleging that product label is misleading, the appropriate damages are the "price premium" (the difference between the price paid and the actual value of the product) attributed to the alleged misleading representation. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) (defining "[r]estitution" as "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.").  Plaintiffs are typically foreclosed from full refund theories of damages at class certification in food and beverage mislabeling actions.  *See, e.g.*, *Philips v. Ford Motor Co.*, 2016 WL 7428810, at *21–22 (N.D. Cal. Dec. 22, 2016) (full refund damages model deficient for product labeling claims), *aff'd*, 726 F. App'x 608 (9th Cir. 2018); *Ang v. Bimbo Bakeries USA, Inc.*, 2018 WL 4181896, at *13–14 (N.D. Cal. Aug. 31, 2018) (rejecting full refund and restitutionary disgorgement damages models as satisfying predominance); *In re POM Wonderful LLC*, 2014 WL 1225184, at *2–3 (C.D. Cal. Mar. 25, 2014) (full refund damages model unavailable).

Here, Plaintiff eschews a price premium model, which typically requires conjoint surveys based on data that isolate the increased cost attributable to the alleged misrepresentations, or proposing a hedonic regression model.  *Vizcarra.*, 339 F.R.D. at 555 (denying class certification because plaintiffs' conjoint analyses failed to isolate price premiums caused by alleged misrepresentations); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1025 (C.D. Cal. 2015) (finding a hedonic regression fell short of *Comcast* because it did not isolate the price premium attributable to the misrepresentation but accepting a combination of that hedonic regression with a conjoint analysis to identify price premium); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1119 (C.D. Cal. 2015) (denying certification where the survey failed to prove price premium).  Instead, Plaintiff claims an entitlement to "full restitution" because the

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

ghee products are purportedly "ineffective and provide no benefit." (Mot. 13.) This is insufficient to meet Plaintiff's burden to show damages can be determined on a classwide basis.

*First*, a full refund is not consistent with Plaintiff's price premium theory of liability, as evidenced by her allegations in the SAC. (SAC ¶¶ 19 ("Plaintiffs would not have purchased the [p]roduct at a premium price."), 76 ("The perceived healthiness of the [p]roducts has a material bearing on price and consumer acceptance."), 91(b) (Plaintiff "[p]aid a premium price for [p]roducts that were not what Defendant represented[.]"), 94 ("Defendant was able to, and did, charge a premium price for the [p]roducts over the cost of competitive products not bearing the representations.").) Plaintiff thus fails to present a model measuring only those damages attributable to her own theory of liability. *Ang*, 2018 WL 4181896, at *13 ("[T]he Court finds that the Full Refund Model does not satisfy the predominance requirement of Rule 23(b)(3) as set forth in *Comcast*, because Plaintiffs have not shown that it 'measure[s] only those damages attributable' to their theory of liability." (quoting *Comcast*, 569 U.S. at 35)).

*Second*, Plaintiff fails to provide evidence showing Ancient Organics's ghee products "provide no benefit" such that she would be entitled to a full refund. *See Shahinian v. Kimberly-Clark Corp.*, 2016 WL 11722907, at * 15 (C.D. Cal. Nov. 14, 2016) (no predominance where plaintiff "has not presented sufficient evidence that the allegedly mislabeled [products] are useless to class members"). Ancient Organics's product provides consumers with the benefit of ghee. (SAC ¶ 26 (depicting the ghee product's front panel).) Ancient Organics is also locally sourced from grass-fed and pastured cows, which differentiates it from its competitors. (*Id.*) Ancient Organics's manufacturing process also provides its ghee with its consistency and ability to withstand high-heat cooking, unlike other types of cooking oils and fats. (*Id.* ¶ 27 (depicting the ghee product's side panel)).) Regardless of any "health" benefits, ghee is a food source that provides calories for sustenance. Because the product provides benefits to Plaintiff and consumers, the class would not be entitled to damages based on a full refund theory. *See Philips*, 2016 WL 7428810, at *21–22 ("assumption" of no value was unsupported); *Ang*, 2018 WL 4181896, at *13–14 (plaintiffs failed to prove food product provided no benefit); *In re POM*,

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   2014 WL 1225184, at *2–3 (even if mislabeled, product still provided benefits of "hydration,

2   vitamins, and minerals").

3       *Third*, even if the Court were to consider the price premium theory alleged in the SAC,

4   Plaintiff has not provided any method for how damages would be calculated.  Plaintiff generally

5   claims that damages can be calculated because "[e]ach Product at issue here was labeled with the

6   same deceptive and misleading claims; all Class members were exposed to identical misleading

7   representations."  (Mot. 14.)  Plaintiff, however, does not "draw any link" between the alleged

8   *actionable* misrepresentations and the price difference between the ghee products and what

9   consumers would have paid without the alleged misrepresentations.  *See In re POM*, 2014 WL

10  1225184, at *5.  Plaintiff's failure to provide any method for determining how the alleged

11  misrepresentations led to a price premium is further underscored by the fact that Plaintiff claims

12  to have relied on representations this Court has found non-actionable.  (*See* Effinger Decl. ¶ 7

13  (Plaintiff states she "read and relied upon" the statement that the ghee is "a superfood" that can

14  be used to "nourish your mind, body and soul"); ECF No. 36 at 13 (holding such a statement is

15  not actionable).)  Plaintiff proposes no methodology—by expert report, consumer survey, or any

16  other evidence—of how she would prove any price difference is attributable to the alleged harm.

17  *See Philips*, 2016 WL 7428810, at *22.  Such a "damages 'model' does not comport with

18  *Comcast*'s requirement that class-wide damages be tied to a legal theory, nor can this [c]ourt

19  conduct the required 'rigorous analysis' where there is no substance to analyze."  *In re POM*,

20  2014 WL 1225184, at *5.

21      **C.    Plaintiff Failed to Prove Typicality.**

22       "The test of typicality is whether other members have the same or similar injury, whether

23  the action is based on conduct which is not unique to the named plaintiffs, and whether other

24  class members have been injured by the same course of conduct."  *Ellis*, 657 F.3d at 984

25  (internal quotation marks and citation omitted).  "[A] named plaintiff's motion for class

26  certification should not be granted if 'there is a danger that absent class members will suffer if

27  their representative is preoccupied with defenses unique to it.'"  *Hanon v. Dataproducts Corp.*,

28  976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citation omitted).

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

"To prevail on [her] causes of action under UCL, FAL, and the CLRA, Plaintiff[] must demonstrate that [she] actually relied on the challenged misrepresentations and suffered economic injury as a result of that reliance." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1208 (N.D. Cal. 2017). Doubts about the named plaintiff's reliance and causation will defeat typicality. *See, e.g.*, *Mazur v. eBay, Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) (plaintiff atypical where subject to unique unreasonable reliance defense); *Weisberg v. Takeda Pharm. U.S.A., Inc.*, 2018 WL 4043171, at *7 (C.D. Cal. Aug. 21, 2018) ("idiosyncrasies [sic] [regarding reliance, causation, and injury] pervade [p]laintiff's claims and allow for unique defenses"); *Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*, 2016 WL 5920345, at *6 (C.D. Cal. June 23, 2016) (plaintiff's UCL, CLRA, and FAL claims subject to unique defense and thus atypical where evidence "makes clear that he did not rely on [d]efendants' product packaging prior to purchasing the product"); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014).

Plaintiff's allegations and verified discovery responses confirm she is uniquely susceptible to Ancient Organics's defenses pertaining to lack of reliance and causation. While Plaintiff claims she was misled into purchasing the ghee because she believed "the [p]roducts were healthy, healthful, [or] better for [her]" (SAC ¶ 15), Plaintiff's own discovery responses repudiate that claim. In particular, Plaintiff declared she "lacked sufficient knowledge to admit or deny" whether "ghee is made from butter" and denied knowing that "butter contains saturated fat." (Harper Decl., Ex. A at Resp. RFA Nos. 10–11.) Plaintiff later admitted she knew "ghee is made from butter" and that "butter contains saturated fat." (Harper Decl., Ex. B at Suppl. Resp. RFA Nos. 10–11.) Even so, Plaintiff appeared to have purchased "more than 10 containers" of the ghee. (Harper Decl., Ex. C at Resp. RFP No. 6.) Plaintiff's repeat purchases of the ghee (at least 10 times), despite her lack of fundamental knowledge about the product she was buying, demonstrates the atypicality of the circumstances underlying her claimed reliance.

In addition, the nutritional panel of the ghee states "ORGANIC BUTTER (MILK)" as the sole ingredient. As the Ninth Circuit has recognized, when a "front label is ambiguous, the ambiguity can be resolved by reference to the back label." *McGinity v. Procter &Gamble Co.*, 69 F.4th 1093, 1098–99 (9th Cir. 2023). Plaintiff admits she either failed to read the nutrition

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

panel (and thus failed to clarify any ambiguity as to the ghee product's ingredients) or she did read the panel and unreasonably misunderstood the product's label. (Harper Decl., Ex. B at Suppl. Resp. RFA No. 2.) Either Plaintiff knew what she was buying and she was not deceived, or she repeatedly bought a specialty product without knowing what it was. *See*, *e.g.*, *Cabrera v. Bayer Healthcare, LLC*, 2024 WL 1699357, at \*6 (C.D. Cal. Feb. 23, 2024) (plaintiff atypical where she "never thought about the meaning of the [alleged misrepresentation]" when purchasing the product and repeatedly bought other products with the same allegedly misleading representation). Either way, Plaintiff's alleged knowledge regarding the nature of the ghee and repeated purchases give rise to unique defenses against Plaintiff.

Further, Ms. Effinger is atypical of the average ghee seekers she seeks to represent because she claims to have relied on statements on the product label that are non-actionable puffery. (*See* Effinger Decl. ¶ 7.) The Court specifically ruled that those statements (i.e., that the ghee is a "superfood" that can "nourish your body, mind and soul") are inactionable in this very case. (ECF No. 36 at 9 (finding such a statement "nonactionable puffery: it does not have any 'specific, concrete meaning' on which a consumer could reasonably rely.") Plaintiff is thus subject to unique reliance and causation defenses because, as Plaintiff admits, she relied on puffery in deciding to purchase the ghee products.

### D.    Plaintiff Failed to Prove Numerosity.

"A party seeking class certification … must be prepared to prove that there are in fact sufficiently numerous parties." *Wal-Mart*, 564 U.S. at 352. "[A]ctual, not presumed, conformance with Rule 23(a) remains … indispensable." *Id.* (alteration in original). Although numerosity does not "set a high bar," it still "requires more than speculation." *Tourgeman v. Collins Fin. Servs., Inc.*, 2012 WL 1327824, at \*3 (S.D. Cal. Apr. 17, 2012). The Motion even fails to clear this basic hurdle.

The only evidence Plaintiff cites to meet her burden of proof is an unauthenticated spreadsheet of Ancient Organics's national sales data attached to the declaration of Plaintiff's

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   attorney.[4]  (Mot. 6.)  Plaintiff cites Ancient Organics's sales for the unsupported proposition that

2   because Ancient Organics "sold at least one thousand units of the products [nationwide] during

3   the Class Period" that somehow demonstrates the number of class members.  (*See id.*)  For the

4   reasons stated in Section III(G) below, a national class fails, and thus national sales data is

5   irrelevant to numerosity.  Relying on unauthenticated sales data is insufficient because there is

6   no indication that, even if accurate, it is relevant to numerosity.  *Cover v. Windsor Surry Co.*,

7   2017 WL 9837932, at *5 (N.D. Cal. July 24, 2017) (national sales data was not "competent

8   evidence" and could not lead to "reasonable inferences and therefore fails to demonstrate

9   numerosity").

10         Although "[e]xact numbers" might not be "required[,]" Plaintiff essentially argues

11   numerosity is assumed.  (*See* Mot. 6.)  Not so.  *See, e.g.*, *Siles v. ILGWU Nat'l Ret. Fund*, 783

12   F.2d 923, 930 (9th Cir. 1986) (finding lack of numerosity where there was "no evidence"

13   regarding how many individuals out of potential pool of 31,000 employees met class

14   requirements); *Shields v. Walt Disney Parks & Resorts US, Inc.*, 279 F.R.D. 529, 546 (C.D. Cal.

15   2011) ("[W]here evidence of numerosity is entirely lacking, the Court cannot substitute its

16   imagination—no matter how commonsensical—in place of facts").  The sales data does not show

17   how many individuals fall within the class definition because Plaintiff provides no evidence as

18   to:  (1) how many of the sales were of products bearing the label at issue; (2) an estimated

19   number of absent class members that relied on the label statements at issue when purchasing the

20   ghee product; and (3) how many of the national sales occurred in California to establish the

21   California subclass.

22

23

24   _____

25   [4] Ancient Organics objects to Exhibit K attached to Counsel's declaration on the grounds that it is unauthenticated and therefore inadmissible.  "[D]ocuments authenticated by personal

26   knowledge 'must be attached to an affidavit that meets the requirements of [FRCP 56(e)] and the affiant must be a person through whom the exhibits could be admitted into evidence.'"  *Orr*, 285

27   F.3d at 773–74 (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (footnotes omitted)).  Plaintiff's Counsel lacks personal knowledge sufficient to authenticate or

28   opine on Ancient Organics's sales data.  Counsel's characterizations of the document are impermissible hearsay.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**E.    Plaintiff Failed to Prove the Rule 23(b)(2) Prong.**

Rule 23(b)(2) provides that a class may be maintained where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23 (b)(2).  "[C]ertification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001).  In a class action "predominantly for money damages …  th[e] absence of notice and opt-out violates due process" and renders certification of a Rule 23(b)(2) class inappropriate. *Wal-Mart*, 564 U.S. at 363.

*First*, Rule 23(b)(2) certification is not proper because injunctive relief would not benefit the class as a whole.  Plaintiff seeks to certify a class on behalf of "[a]ll persons who purchased the [ghee] [p]roducts … from June 17, 2018 until the date of certification" (Mot. 4)—*i.e.*, past purchasers.  Thus, "the only potential beneficiaries of any injunctive relief are future purchasers," *Algarin*, 300 F.R.D at 458, which are excluded from the class anyway.

*Second*, certification under Rule 23(b)(2) is not appropriate because Plaintiff primarily seeks monetary relief that is not merely "incidental" to the requested declaratory relief. Monetary relief predominates because the entire premise of Plaintiff's claims is that she "[p]aid a premium price for [p]roducts that were not what [Ancient Organics] represented."  (SAC ¶ 91.) "[A]lthough the monetary amount sought may be small per class member, in the aggregate they can hardly be said to be incidental to the injunctive relief sought." *Ries v. Ariz. Beverages USA, LLC*, 287 F.R.D. 523, 542 (N.D. Cal. 2012).  Plaintiff's unspecified amount of requested monetary relief (*see* SAC ¶ 179) "would [also] require [individualized] assessment of each class member's claim based on how many products [they] purchased [and] where [they] purchased the products[.]" *Algarin*, 300 F.R.D. at 459.  Moreover, individualized questions of damages inquiries center this litigation because "the retail price paid" varies, and as explained above regarding commonality and predominance, questions regarding "subjective value" exist here. *See Moheb v. Nutramax Labs., Inc.*, 2012 WL 6951904, at *6 (C.D. Cal. Sept. 4, 2012).  "In such a situation, the computation of the damages is not a mere 'mechanical step'" because "the

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

request for injunctive and/or declaratory relief is merely a foundational step towards a damages award which requires follow-on individual inquiries to determine each class members' entitlement to damages." *Algarin*, 300 F.R.D. at 459.

*Third*, to the extent Plaintiff argues Rule 23(b)(2) certification is appropriate because "'they are not seeking to recover damages for the proposed Rule 23(b)(2) class'" (Mot. 22 (quoting *Broomfield v. Craft Brew All., Inc.*, 2018 WL 4952519, at *8 (N.D. Cal. Sept. 25, 2018))), Plaintiff has failed to even propose a separate class seeking only injunctive relief. If the Court were inclined to grant such a 23(b)(2) class, that class should be precluded from also seeking damages to align with Plaintiff's stated intent. *See Ries*, 287 F.R.D. at 542 (certifying a Rule 23(b)(2) class and declining to certify a class for monetary damages).

### F.    Plaintiff Failed to Establish the Rule 23(c)(4) Prong.

Under Rule 23(c)(4), a class may be certified as to particular issues. "The Ninth Circuit has explained that, '[e]ven if the common questions do not predominate over the individual questions so that class certification of the *entire action* is warranted, Rule 23 [(c)(4)] authorizes the district court in appropriate cases to isolate the common issues … and proceed with class treatment of these particular issues.'" *Tasion Comm'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 632 (N.D. Cal. 2015) (quoting *Valentine v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)) (alternations in the original). "The theory underlying the rule is that the advantages of adjudicating issues that are common to the entire class on a representative basis may be secured even though other issues in the case may be litigated separately by each class member." *Id.* (internal citations and quotation marks omitted). Each issue to be certified must independently meet the requirements of Rule 23(a) and (b), except predominance. *Id.* at 633.

In a final desperate attempt to certify a class, Plaintiff moves to certify the issue of liability (Mot. 20), treating Rule 23(c)(4) "as something of a consolation prize in the event certification is denied under Rule 23(b)(3)." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 727 (N.D. Cal. 2023). Plaintiff's argument, devoid of evidentiary support, boils down to one sentence: certification of the elements of liability would serve judicial economy. (Mot. 20.) Such a "perfunctory justification for certification itself requires the Court to deny certification of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  a Rule 23(c)(4) class." *Handloser v. HCL Techs. Ltd.*, 2021 WL 879802, at *12 (N.D. Cal.

2  Mar. 9, 2021) ("single paragraph [supporting plaintiffs'] justification for certification under Rule

3  23(c)(4)," arguing that "the case may be certified for determination of common questions,

4  including whether [defendant] engaged in a pattern and practice of discrimination … whether

5  [defendant's] practices result in a disparate impact on the class, whether punitive damages are

6  appropriate, and whether injunctive relief is appropriate," was insufficient).

7      The Court should decline to certify an issue class because—as discussed at length

8  herein—Plaintiffs have failed to prove by a preponderance of the evidence that *any* of Rule 23(a)

9  or (b)'s requirements are satisfied.  Plaintiff's request is "basically asking the Court to have

10  every element of [her] claim[s] … subject to class treatment—*i.e.*, in effect, the entire action."

11  *Tasion*, 308 F.R.D. at 639.  But "Plaintiff[] cite[s] no precedent in which a court has allowed a

12  comprehensive division of multiple issues for certification under Rule 23(c)(4) where the

13  aggregation of those issues would otherwise not be certifiable under Rule 23(b)(3)." *Id.*

14      Plaintiff's alternative request to certify only certain issues (Mot. 21)—namely whether a

15  misrepresentation occurred and materiality—fails for the same reasons Plaintiff fails to meet the

16  commonality and predominance requirements:  Plaintiff provides no evidence that such issues

17  can be resolved with common proof.  *See supra* Section III(B)(1); *Handloser*, 2021 WL 879802,

18  at *12 ("Plaintiffs have not met the commonality and typicality requirements of Rule 23(a)(2)

19  and 23(a)(3), and therefore certification under Rule 23(c)(4) is inappropriate.").  Further,

20  Plaintiff claims issue certification would promote efficiency by avoiding "hundreds or thousands

21  of separate individual trials" (Mot. 21), but Plaintiff has failed to show any consumer except

22  herself (as Mr. Stevernu has effectively abandoned his claims) was allegedly deceived by the

23  ghee products.  Even if such speculative litigations existed, this Court would still be left to

24  grapple with individualized issues of reliance, causation, and damages.  Thus, the range of issues

25  in dispute would still remain vast and would not promote judicial economy.  *See, e.g.*, *Zinser*,

26  253 F.3d at 1192 ("Given all of these extremely complicated and individual issues, it would

27  seem unwise—and unmanageable—for the Court to independently attempt to handle this case.");

28  *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 697 (N.D. Cal. 2019) (denying Rule 23(c)(4)

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

certification because individual liability determinations implicated by plaintiffs' proposed class did not materially advance case disposition); *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020) (affirming denial of certification because "numerous individualized issues affecting determinations of liability make Rule 23(c)(4) certification inefficient").

### G.    Plaintiff Failed to Establish a Nationwide Class Is Appropriate.

Plaintiff brings claims under California law and seeks to certify a nationwide class of "[a]ll persons in the United States who purchased the Products in the United States from June 17, 2018 until the date of certification."  (Mot. 4.)  "Under California's choice of law rules, the class action proponent bears the initial burden to show that California has 'significant contact or aggregation of contacts' to the claims of each class member."  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 683 n.3 (9th Cir. 2022).  This Court anticipated that "proving that California law is appropriate for the Nationwide class may ultimately be difficult."  (ECF No. 36 at 12.)  Plaintiff makes no attempt at class certification to do so—Plaintiff offers no specific arguments as to why a nationwide class is appropriate in this case, represented by Plaintiff and her Counsel, based on the California consumer protection statutes.  Plaintiff cannot certify a nationwide class based on the California claims.

The Ninth Circuit has explained that variations in state law pose insurmountable problems for proposed "nationwide" consumer-fraud claims.  *See, e.g.*, *Mazza*, 666 F.3d at 589–94 (decertifying nationwide class because "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.").  This Court has previously noted the difficulty of certifying a nationwide class. (*See, e.g.*, ECF No. 36 at 12 (citing *McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) ("[E]ach class member's individual consumer protection claims must be governed by the laws of their home state and Plaintiffs cannot bring a nationwide class on those foreign class members' behalf") (cleaned up))); *Phan v. Sargento Foods, Inc.*, 2021 WL

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  2224260, at *13 (N.D. Cal. June 2, 2021) (similar); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp.

2  3d 1168, 1176 (N.D. Cal. 2017).

3  Plaintiff "cannot represent unnamed class members in states outside of California."

4  *Phan*, 2021 WL 2224260, at *13.  Plaintiff is a California resident who bases her claims solely

5  on her purported purchases of ghee products sold by a California business in California retail

6  stores.  (SAC ¶¶ 15(b), 16(b); Mot. 10–17.)  For the same reasons the Ninth Circuit rejected class

7  certification in *Mazza*, 666 F.3d at 591–91, 598, Plaintiff's nationwide class cannot be

8  maintained because (1) there are "material differences" between state consumer laws; (2) "each

9  state has a strong interest in applying its own … laws to … transactions" within its boundaries;

10  and (3) California's interest in applying its laws to foreign transactions and nonresidents is

11  "attenuated."  *See e.g.*, *Glenn v. Hyundai Motor Am.*, 2016 WL 3621280, at *4, *10 n.9, *13

12  (C.D. Cal. June 24, 2016) (applying *Mazza* and granting motion to dismiss) (collecting cases);

13  *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *5 (C.D. Cal. Apr. 10, 2018) (same); *see*

14  *also Cover v. Windsor Surry Co.*, 2016 WL 520991, at *6–8 (N.D. Cal. Feb. 10, 2016)

15  (recognizing material differences in implied warranty law between California and another state).

16  Plaintiff has not even attempted to prove how a nationwide class would be viable.

17  ### IV.    CONCLUSION

18  The Court should deny class certification because Plaintiff and Counsel have failed to

19  meet their burden of proving that any of the Rule 23 requirements are met.

21  Dated:  October 23, 2024                 DAVIS WRIGHT TREMAINE LLP

22                                         By: /s/ Jacob M. Harper

23                                            Jacob M. Harper

24                                         *Attorneys for Defendant Ancient Organics*

OPPOSITION TO MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-03596-AMO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899