# EXHIBIT C

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelly Effinger and Keefe Stevernu, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>            - against -<br><br><br><br><br>Ancient Organics,<br><br>                        Defendant | Case No. 3:22-cv-03596-AMO<br><br><br>**PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE** |

Plaintiff Kelly Effinger (Plaintiff) responds to Defendant Ancient Organics' Requests for Production, Set One (Request(s)) as follows:

## PRELIMINARY STATEMENT

The responses set forth below represent Plaintiff's present knowledge based on discovery, investigation, and case preparation to date. Plaintiff has made reasonable efforts to locate responsive documents and the contents hereof are based on the information obtained from these efforts. Plaintiff's investigation into this matter is, and will continue to be, ongoing. Plaintiff may locate additional responsive documents at a later date, and may assert appropriate objections to the use of the documents identified herein. Plaintiff, therefore, expressly reserves the right to rely on additional responsive documents, whether located in the course of her continuing investigation or in the course of discovery, at all future hearings and at trial, and the right to object on appropriate grounds to the use of any documents

1

1   produced in response to this Request.  The production of any given document

2   pursuant to the Requests is not an admission or acknowledgment by Plaintiff that

3   such document is relevant to any claim or defense in this action; is without

4   prejudice to Plaintiff's right to contend at trial or in any other or subsequent

5   proceeding in this action or otherwise that such document is inadmissible,

6   irrelevant, immaterial, or not the proper basis for discovery; and is without

7   prejudice to or waiver of any objection to any future use of such document which

8   Plaintiff may be advised to make.

9                    **GENERAL OBJECTIONS**

10      1.      Plaintiff objects to the Definitions & Instructions to the extent they seek

11  to impose obligations greater than or different from those imposed by the Federal

12  Rules of Civil Procedure.  In responding to the Requests, Plaintiff undertakes only

13  to comply with such Rules.

14      2.      Plaintiff objects to the Requests, and to each and every item contained

15  therein, to the extent that they attempt or purport to require disclosure of privileged

16  or confidential communications between attorney and client, disclosure of documents

17  or information protected by the work-product doctrine, or disclosure of documents

18  involved in any other applicable privilege.

19      3.      Plaintiff objects to the Requests, and to each and every item contained

20  therein, to the extent that they seek confidential or proprietary trade secret and/or

21  competitively sensitive information or information that may be protected by a right

22  of privacy.

23      4.      Plaintiff objects to the Requests to the extent they purport to require

24  immediate production of all responsive documents concurrent with this Response.

25  Plaintiff is willing to meet and confer with Ancient Organics about the timing of

26  production.

27      Specific objections to each Request are made on an individual basis in the

28  responses below.  These General Objections are incorporated by reference into each

2

**PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE**

of the responses set forth below. The failure to mention one of the foregoing objections and qualifications in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

## OBJECTIONS TO DEFINITIONS

1. **"You," "your," or "yourself":** Plaintiff objects to the definition of "you," "your," or "yourself" as overbroad and unduly burdensome to the extent that they seek information from all of Plaintiff's "representatives, managers, attorneys, and other agents." Plaintiff will construe the term "you," "your," or "yourself" as referring to Plaintiff only and, therefore, responds to these discovery requests on her own behalf only, with documents in her "possession, custody, or control," as the Federal Rules contemplate.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that RELATE to any transaction between YOU and ANCIENT ORGANICS.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to any transaction between YOU and ANCIENT ORGANICS" while discovery**

3

**is still open. Many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE to YOUR purchase of the PRODUCT, including but not limited to receipts, and bank and credit card statements reflecting such purchase.

**Response: Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to YOUR purchase of the PRODUCT" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff**

4

1

2

**will produce any receipts of purchases of the Product that are in Plaintiff's possession.**

3

4

**REQUEST FOR PRODUCTION NO. 3:**

5

6

All DOCUMENTS that RELATE to where YOU purchased the PRODUCT.

7

**Response: Response: Plaintiff incorporates the Preliminary Statement,**

8

**General Objections, and Objections to Definitions as if fully set forth**

9

**herein.   Plaintiff objects to this Request to the extent it seeks**

10

**information that is protected by the attorney-client privilege or**

11

**attorney work- product doctrine. Plaintiff additionally objects to this**

12

**Request because it is overburdensome, vague, overbroad, and not**

13

**proportional to the needs of the case to the extent that it requests "all**

14

**documents" that "relate to where YOU purchased the PRODUCT" while**

15

**discovery is still open. Many of the documents that will be relied upon**

16

**are in Ancient Organics' possession and not presently available to**

17

**Plaintiff until produced pursuant to Plaintiff's discovery requests.**

18

19

**Subject to and without waiving the foregoing objections, Plaintiff**

20

**will produce any receipts of purchases of the Product that are in**

21

**Plaintiff's possession.**

22

23

24

**REQUEST FOR PRODUCTION NO. 4:**

25

26

All DOCUMENTS that RELATE to when YOU purchased the PRODUCT.

27

**Response: Plaintiff incorporates the Preliminary Statement, General**

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to when YOU purchased the PRODUCT" while discovery is still open. Many of the documents that will "relate to" are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any receipts of purchases of the Product that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that RELATE to any materials YOU saw, read, or relied upon in making YOUR purchase of the PRODUCT.

**Response: Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not**

6

proportional to the needs of the case to the extent that it requests "all documents" that "relate to any materials….saw, read, or relied upon" while discovery is still open. Many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 6:**

The physical container of the PRODUCT YOU purchased.

**Response: Plaintiff will conduct a reasonably diligent search for any containers of the PRODUCT purchased by Plaintiff and will produce containers in Plaintiff's possession. To the extent that there are more than 10 containers, Plaintiff will produce 10 units. Further, if the 10-unit limit is not satisfactory to Ancient Organics, Plaintiff's counsel will meet and confer to refine the number of units relative to the needs of the case.**

**REQUEST FOR PRODUCTION NO. 7:**

Pictures or photographs YOU have of the physical packaging of the PRODUCT YOU purchased.

**Response: Plaintiff will conduct a reasonably diligent search for any**

7

**pictures of the packaging of the PRODUCT purchased by Plaintiff and will produce any pictures in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that RELATE to any request for a refund YOU made for the PRODUCT YOU purchased.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to" while discovery is still open. Many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff or Plaintiff's counsel concerning refunds or restitution.**

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that RELATE to YOUR purchase of "the competition" referenced in Paragraph 88 of YOUR COMPLAINT, including but not limited to

8

bank and credit card statements reflecting such purchase.

**Response: Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.   Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to" purchases of competing products without any limitation to scope or time.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any receipts of purchases of "the competition" that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 10:**

The physical container of "the competition" referenced in Paragraph 88 of YOUR COMPLAINT that YOU purchased.

**Response: Plaintiff will conduct a reasonably diligent search for any containers of "the competition" purchased by Plaintiff and will produce containers in Plaintiff's possession. To the extent that there are more than 10 containers, Plaintiff will produce 10 units. Further, if the 10-unit limit is not satisfactory to Ancient Organics, Plaintiff's counsel will meet and confer to refine the number of units relative to**

9

the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**

Pictures or photographs YOU have of the physical packaging of "the competition" referenced in Paragraph 88 of YOUR COMPLAINT that YOU purchased.

**Response: Plaintiff will conduct a reasonably diligent search for any pictures of the packaging of "the competition" purchased by Plaintiff and will produce any pictures in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATED to any COMMUNICATION between YOU and any representative of ANCIENT ORGANICS that evidence, support, refer, or RELATE to any of the matters alleged in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.   Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to any COMMUNICATION" while discovery is still open. Many of the documents are in Ancient Organics' possession**

**and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff or Plaintiff's counsel to Ancient Organics.**

## REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATED to any COMMUNICATION YOU have had with any governmental agency that evidence, support, refer, or RELATE to any of the matters alleged in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to."**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff sent to any governmental agency.**

**PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED to any COMMUNICATION between YOU or YOUR attorney(s) or other representative(s) and any other member of the proposed class YOU seek to represent, that evidence, support, refer, or RELATE to any of the matters alleged in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to any COMMUNICATION" while discovery is still open and ongoing.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff, if any, with any other known putative class member.**

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that RELATE to any COMMUNICATION between YOU and any PERSON (other than privileged communications with YOUR attorneys in this action) that evidence, support, refer, or RELATE to any of the matters alleged in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General**

1  Objections, and Objections to Definitions as if fully set forth herein.

2  **Plaintiff objects to this Request to the extent it seeks information that**

3  **is protected by the attorney-client privilege or attorney work- product**

4  **doctrine. Plaintiff additionally objects to this Request because it is**

5  **overburdensome, vague, overbroad, and not proportional to the needs**

6  **of the case to the extent that it requests "all documents" that "relate to**

7  **any COMMUNICATION between YOU and any PERSON" while**

8  **discovery is still open and ongoing.**

9

10  Subject to and without waiving the foregoing objections, Plaintiff

11  will produce any non-privileged written communications by Plaintiff

12  with any other person concerning the matters alleged in the Complaint.

13

14

15  **REQUEST FOR PRODUCTION NO. 16:**

16  All DOCUMENTS RELATED to any COMMUNICATION between YOU or

17  YOUR attorney(s) or other representative(s) and any other members of the

18  proposed class you seek to represent regarding ANCIENT ORGANICS.

19

20  **Response: Plaintiff incorporates the Preliminary Statement, General**

21  **Objections, and Objections to Definitions as if fully set forth herein.**

22  **Plaintiff objects to this Request to the extent it seeks information that**

23  **is protected by the attorney-client privilege or attorney work- product**

24  **doctrine. Plaintiff additionally objects to this Request because it is**

25  **overburdensome, vague, overbroad, and not proportional to the needs**

26  **of the case to the extent that it requests "ALL DOCUMENTS RELATED**

27

28

13

to any COMMUNICATION" while discovery is still open and ongoing.

Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff with any other known putative class member.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that evidence, refer to, or concern any COMMUNICATION that YOU or YOUR attorney(s) or other representative(s) made or received RELATING to ANCIENT ORGANICS or the PRODUCT at issue in the COMPLAINT, on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups, chat rooms, and online services (e.g., Facebook, LinkedIn, Twitter, Instagram, Reddit, WhatsApp, Signal, Telegram, TikTok, YouTube, Snapchat, Pinterest).

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "ALL DOCUMENTS" "RELATING TO ANCIENT ORGANICS" while discovery is still open and ongoing and many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced**

1  **pursuant to Plaintiff's discovery requests.**

2  **Subject to and without waiving the foregoing objections, Plaintiff**

3  **will produce any responsive non-privileged documents, if any, in**

4  **Plaintiff's possession.**

5

6

7  **REQUEST FOR PRODUCTION NO. 18:**

8  All DOCUMENTS that RELATE to any COMMUNICATION, whether written

9  or oral, between YOU and potential class members.

10  **Response: Plaintiff incorporates the Preliminary Statement, General**

11  **Objections, and Objections to Definitions as if fully set forth herein.**

12  **Plaintiff objects to this Request to the extent it seeks information that**

13  **is protected by the attorney-client privilege or attorney work- product**

14  **doctrine. Plaintiff additionally objects to this Request because it is**

15  **overburdensome, vague, overbroad, and not proportional to the needs**

16  **of the case to the extent that it requests "ALL DOCUMENTS that**

17

18  **RELATE to any COMMUNICATION, whether written or oral" while**

19  **discovery is still open and ongoing.**

20  **Subject to and without waiving the foregoing objections, Plaintiff**

21

22  **will produce any non-privileged written communications by Plaintiff,**

23  **if any, with any other known putative class member.**

24

25

26  **REQUEST FOR PRODUCTION NO. 19:**

27  All DOCUMENTS RELATED to any COMMUNICATIONS YOU have had with

28

**PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE**

any PERSONS, including potential class members, that evidence, discuss, support, refer, or RELATE to any of the matters alleged in the COMPLAINT, including ANY written or recorded statements YOU have taken from anyone RELATING to any of the claims, defenses, contentions, allegations, or facts in this litigation.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "ALL DOCUMENTS RELATED to any COMMUNICATION with any PERSONS" while discovery is still open and ongoing.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff, if any, with any non-privileged third-party and produce any transcripts.**

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS YOU have had with any PERSONS RELATED to this lawsuit.

**Response: Plaintiff incorporates the Preliminary Statement, General**

**Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "ALL COMMUNICATIONS...with any PERSONS" while discovery is still open and ongoing.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any non-privileged written communications by Plaintiff concerning this lawsuit.**

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that RELATE to the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, vague, overbroad, and not proportional to the needs of the case to the extent that it requests "ALL DOCUMENTS that**

17

RELATE to" while discovery is still open and ongoing and many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, Plaintiff will produce any responsive non-privileged documents, if any, in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that RELATE to actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine.**

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents, if any, to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that RELATE to any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive

18

as a result of YOUR participation as a plaintiff in this lawsuit.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce any fee or representation agreements signed with Plaintiff's counsel.**

## REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS that RELATE to any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

i.      the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

ii.      who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit; or

iii.      whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firms.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that**

is protected by the attorney-client privilege or attorney work- product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce any fee or representation agreements signed with Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS on which YOU intend to rely on in support of YOUR motion for class certification.

Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.

20

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 7 of YOUR COMPLAINT that "[r]easonable consumers would not have purchased the [PRODUCTS] if they had known about the misrepresentations and omissions, or would have purchased them on different terms."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 8 of YOUR COMPLAINT that "[i] n stark contrast to the healthy representations, [ANCIENT ORGANICS's PRODUCTS] contain unhealthy levels of saturated

fat."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**


**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 17 of YOUR COMPLAINT that YOU "relied on [ANCIENT ORGANICS's] prominent representations and claims about the [PRODUCTS] ... that it was healthy, healthful, better for them, a healthier alternative to the competition, healthful, conducive to health, and won't detriment health."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.**

1
2
3
4
5
6
7
8
9

**Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

10
11
12
13

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

14

15

**REQUEST FOR PRODUCTION NO. 29:**

16
17
18
19
20
21

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 18 of YOUR COMPLAINT that YOU "relied on [ANCIENT ORGANICS's] representations, including but not limited to, the 'EAT GOOD FAT' representations made on the [PRODUCT] as well as the reference that it was the 'very best fat one could eat' and the reference to the vitamins contained in it."

22
23
24
25
26
27

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is**

28

23

overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 71 of YOUR COMPLAINT that "[r]easonable consumers interpret [ANCIENT ORGANICS's] representations to mean that the [PRODUCT] consists of healthy fats."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 73 of YOUR COMPLAINT that YOU and "[class members] would not have purchased the [PRODUCT] if they knew the [PRODUCT] contained dangerously high levels of saturated fat and … was not healthful and conducive to health."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 87 of YOUR COMPLAINT that ANCIENT ORGANICS's "false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled [YOU] and the [class members]."

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 88 of YOUR COMPLAINT that ANCIENT ORGANICS "knows that consumers are willing

26

1
2

to pay more for food products that are represented as healthy, healthful, better for them, and a healthier alternative to the competition."

3
4
5
6
7
8
9
10
11
12
13
14

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

15
16
17
18

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

19
20

**REQUEST FOR PRODUCTION NO. 34:**

21
22
23
24
25

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 98 of YOUR COMPLAINT that ANCIENT ORGANICS "knows the rules, the regulations, and the reasonable consumers' interpretation of the [PRODUCTS'] representations yet continues to mislead and deceive."

26
27
28

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.**

27

1
2
3
4
5
6
7
8
9

**Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

10
11
12
13

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

14

15    **REQUEST FOR PRODUCTION NO. 35:**

16
17
18
19

All DOCUMENTS that RELATE to any economic or other injury YOU claim to have sustained as a result of any of ANCIENT ORGANICS's acts, representations, or omissions alleged in YOUR COMPLAINT.

20
21
22
23
24
25
26
27

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is**

28

28

still open. **Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS on which YOU intend to rely in support of YOUR claims or alleged damages in YOUR COMPLAINT.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be relied upon are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 37:**

All curriculum vitae or resumes of any expert who may offer evidence in support of class certification, at trial or with respect to any other motion in this lawsuit that is the subject of YOUR COMPLAINT and copies of all publications, reports, presentations or other documents referred to on the curriculum vitae or resume of each such expert.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents.**

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that RELATE to any compensation or consideration to be given to any expert who may offer evidence in support of class certification, at trial or with respect to any other motion in this lawsuit, including but not limited to retention agreements, invoices, and proof of payment.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" that "relate to" while discovery is still open.**

**Subject to and without waiving the foregoing objections, Plaintiff**

30

1

**will produce retention agreements, invoices, and proof of payments.**

2

3

**REQUEST FOR PRODUCTION NO. 39:**

4

5

All expert reports and transcripts of depositions, hearings, and trial testimony

6

given or written within the preceding four years, in any matter, by any expert

7

who may offer evidence in support of class certification, at trial or with respect

8

to any other motion in this lawsuit.

9

**Response: Plaintiff incorporates the Preliminary Statement, General**

10

**Objections, and Objections to Definitions as if fully set forth herein.**

11

**Plaintiff objects to this Request because it is overburdensome,**

12

**overbroad, and not proportional to the needs of the case to the extent**

13

14

**that it requests "all documents" while discovery is still open.**

15

**Subject to and without waiving the foregoing objections, Plaintiff**

16

**will produce non-privileged, responsive documents that are in**

17

**Plaintiff's possession, Plaintiff's expert's possession, or Plaintiff's**

18

19

**counsel's possession that are not subject to a protective order or other**

20

**means of confidentiality.**

21

22

**REQUEST FOR PRODUCTION NO. 40:**

23

All DOCUMENTS currently in YOUR possession that YOU intend to introduce

24

at the deposition of any representative, agent, officer, employee of ANCIENT

25

ORGANICS.

26

27

**Response: Plaintiff incorporates the Preliminary Statement, General**

28

Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" while discovery is still open. Many of the documents that will be introduced at a deposition are in Ancient Organics' possession and not presently available to Plaintiff until produced pursuant to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents that are in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 41:**

All non-privileged DOCUMENTS that RELATE to each occasion YOU have participated as a class representative in any other lawsuit.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request because it is overburdensome, overbroad, and not proportional to the needs of the case to the extent that it requests "all documents" – many of which are public records and may be obtained by Ancient Organics.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents sufficient to identify cases where Plaintiff filed on behalf of a putative class.**

32

1

**REQUEST FOR PRODUCTION NO. 42:**

2

All DOCUMENTS that RELATE to any legal proceedings commenced at any

3

time in any court or with any arbitration organization in which YOU have

4

sought to be a class representative in a class action, in which YOU brought suit

5

6

derivatively on behalf of a corporation, or in which YOU represented or assisted

7

in the representation of any plaintiffs, defendants, or other PERSONS in a legal

8

proceeding brought as a class, derivative or private attorney general action.

9

**Response: Plaintiff incorporates the Preliminary Statement, General**

10

**Objections, and Objections to Definitions as if fully set forth herein.**

11

**Plaintiff objects to this Request to the extent it seeks information that**

12

**is protected by the attorney-client privilege or attorney work- product**

13

**doctrine. Plaintiff additionally objects to this Request because it is**

14

15

**overburdensome, overbroad, and not proportional to the needs of the**

16

**case to the extent that it requests "all documents" – many of which are**

17

**public records and may be obtained by Ancient Organics.**

18

**Subject to and without waiving the foregoing objections, Plaintiff**

19

**will produce responsive, non-privileged documents sufficient to**

20

21

**identify cases where Plaintiff filed on behalf of a putative class.**

22

23

**REQUEST FOR PRODUCTION NO. 43:**

24

All DOCUMENTS evidencing, referring or RELATING to any other actions,

25

26

lawsuits, arbitrations, bankruptcies, insolvency proceedings or other

27

adjudicatory proceedings or regulatory enforcement actions or investigations to

28

33

which YOU are or have been a party during the past ten years.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine. Plaintiff additionally objects to this Request because it is overburdensome and overbroad to the extent that it requests "all documents" related to any legal action. Plaintiff further objects to this Request because it seeks irrelevant information, is not proportional to the needs of the case, and is overbroad and overburdensome because it seeks information on legal actions regardless of the subject matter or claims asserted.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents sufficient to identify cases where Plaintiff filed on behalf of a putative class or brought claims alleging consumer deception of a food product during the last ten years.**


## REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that YOU relied upon or referenced when answering ANCIENT ORGANICS's Request for Admissions, Set One.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein.**

**Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents Plaintiff relied upon in preparing responses to Ancient Organics' discovery requests.**

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS that support each of your response to ANCIENT ORGANICS's Request for Admissions, Set One, that is not an unqualified admission.

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work- product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents Plaintiff relied upon in preparing responses to Ancient Organics' discovery requests.**

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that YOU relied upon or referenced when answering ANCIENT ORGANICS's Interrogatories, Set One.

35

**Response: Plaintiff incorporates the Preliminary Statement, General Objections, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or attorney work-product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents Plaintiff relied upon in preparing responses to Ancient Organics' discovery requests.**

Dated: February 26, 2024

> **The Keeton Firm LLC**
> /s/ *Steffan T. Keeton*
> Steffan T. Keeton (*pro hac vice*)
> 100 S. Commons, Ste. 102
> Pittsburgh, PA 15212
> Tel: (888) 412-5291
> stkeeton@keetonfirm.com
>
> *Counsel for Plaintiff and the Proposed Class*

36

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

I hereby certify that on this 26th day of February, 2024, a true and correct copy

4

of **PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO**

5

**DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE** was sent to counsel

6

7

of record via email as follows:

8

**DAVIS WRIGHT TREMAINE LLP**
Jacob Harper

9

*jacobharper@dwt.com*
James H. Moon

10

*jamesmoon@dwt.com*
Peter Bae

11

*peterbae@dwt.com*

12

13

/s/ *Steffan T. Keeton*

14

Steffan T. Keeton

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF KELLY EFFINGER'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION, SET ONE