**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry (SBN #308660)
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (SBN #220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 20, 2025<br>Time: 2:00 p.m.<br>Courtroom: 10<br><br>Judge: Hon. Araceli Martínez-Olguín |

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................... 1

II.  ARGUMENT ....................................................................................................................... 2

    A.   Plaintiff's Counsel Is Adequate. ............................................................................... 2
    B.   Class-wide Proof of Materiality and Deception is Not Required. ........................... 3
    C.   Plaintiff's Damage Model Is Proper. ........................................................................ 5
    D.   Plaintiff's Claims Are Typical of the Class. ............................................................. 7
    E.   Evidence, General Knowledge, and Common Sense Satisfy Numerosity .............. 8
    F.   Plaintiff Satisfies Rule 23(b)(2) ............................................................................... 9
    G.   Plaintiff Satisfies Rule 23(c)(4) ............................................................................. 11
    H.   Common Issues Predominate in a Nationwide Class ............................................ 12

III. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Hyland's Inc.*,
   300 F.R.D. 643 (C.D. Cal. 2014)..................................................................................6, 7

*Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*,
   568 U.S. 455 (2013).............................................................................................................4

*Bailey v. Rite Aid Corp.*,
   338 F.R.D. 390 (N.D. Cal. 2021).......................................................................................10

*Bradach v. Pharmavite*, LLC,
   735 F. App'x 251 (9th Cir. 2018).........................................................................................3

*Bruno v. Eckhart Corp.*,
   280 F.R.D. 540 (C.D. Cal. 2012).......................................................................................12

*Campbell v. Facebook Inc.*,
   315 F.R.D. 250 (N.D. Cal. 2016).........................................................................................3

*Capaci v. Sports Rsch. Corp.*,
   No. CV 19-3440 FMO (FFMX), 2022 WL 1133818 (C.D. Cal. Apr. 14, 2022) ......................6

*Chavez v. Blue Sky Natural Beverage Co.*,
   268 F.R.D. 365 (N.D. Cal. 2010) ......................................................................................12

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013) .........................................................................................................5

*Cortigiano v. Oceanview Manor Home For Adults*,
   227 F.R.D. 194 (E.D.N.Y. 2005)..........................................................................................2

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir.) ......................................................................................................10

*Farar v. Bayer AG*, No. 14-CV-04601-WHO,
   2017 WL 5952876 (N.D. Cal. Nov. 15, 2017). ..........................................................5, 6, 8

*FTC v. Figgie Int'l, Inc.*,
   994 F.2d 595 (9th Cir. 1993)................................................................................................7

*Handloser v. HCL Techs. Ltd.*,
   No. 19-CV-01242-LHK, 2021 WL 879802 (N.D. Cal. Mar. 9, 2021) .................................. 11

*Hawkins v. Kroger Co.*,
   337 F.R.D. 518 (S.D. Cal. 2020) ............................................................................... 3, 7

*Hawkins v. Kroger Co.*,
   No. 15CV2320 JM(AHG), 2020 WL 6150040 (S.D. Cal. Oct. 20, 2020) ........................ 1, 3

*Hawkins v. Kroger Co.*,
   No. 3:15-CV-02320-JM-AHG, 2020 WL 1952832 (S.D. Cal. Apr. 23, 2020) ...................... 1

*In re ConAgra Foods, Inc.*,
   302 F.R.D. 537 (C.D. Cal. 2014) ................................................................................... 10

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ............................................................................ 8

*In re Intermec Corp. Sec. Litig.*,
   Fed. Sec. L. Rep. (CCH) 96 (W.D.Wash.1991) ................................................................ 9

*In re Rubber Chemicals Antitrust Litig.*,
   232 F.R.D. 346 (N.D. Cal. 2005) ..................................................................................... 9

*Johnson v. New York State Dep't of Corr. & Cmty. Supervision*,
   No. 18-CV-6568-CCR, 2020 WL 2558160 (W.D.N.Y. May 19, 2020) ............................... 2

*Korolshteyn v. Costco Wholesale Corp.*,
   No. 3:15-CV-709-CAB-RBB, 2017 WL 1020391 (S.D. Cal. Mar. 16, 2017) .................. 6, 7

*Lambert v. Nutraceutical Corp.*,
   870 F.3d 1170 (9th Cir. 2017) ......................................................................................... 7

*Leyva v. Medline Indus. Inc.*,
   716 F.3d 510 (9th Cir. 2013) ........................................................................................... 7

*Montera v. Premier Nutrition Corp.*,
   No. 16-CV-06980-RS, 2022 WL 1225031 (N.D. Cal. Apr. 26, 2022) ................................ 6

*Mueller v. Puritan's Pride, Inc.*,
   No. 3:16-CV-06717-JD, 2021 WL 5494254  (N.D. Cal. Nov. 23, 2021) ............................. 9

*Mullins v. Premier Nutrition Corp.*,
  2016 WL 1535057 (N.D. Cal. Apr. 15, 2016) ................................................................... 4, 6
*Pettersen v. Circle K Stores, Inc.*,
  No. 321CV00237RBMBGS, 2022 WL 17974463 (S.D. Cal. Nov. 23, 2022) .......................... 4
*Pokorny v. Quixtar, Inc.*,
  601 F.3d 987 (9th Cir. 2010) ............................................................................................. 12
*Reitman v. Champion Petfoods USA, Inc.*,
  830 F. App'x 880 (9th Cir. 2020) ...................................................................................... 11
*Swartz v. Dave's Killer Bread, Inc.*,
  No. 4:21-CV-10053-YGR, 2024 WL 4614551 (N.D. Cal. Sept. 20, 2024) .............................. 8
*Testone v. Barlean's Organic Oils, LLC*,
  No. 19-CV-169 JLS (BGS), 2021 WL 4438391 (S.D. Cal. Sept. 28, 2021) ............................. 3
*Vaquero v. Ashley Furniture Indus., Inc.*,
  824 F.3d 1150 (9th Cir. 2016) ............................................................................................. 7
*Villalpando v. Exel Direct Inc.*,
  303 F.R.D. 588 (N.D. Cal. 2014) ........................................................................................ 9
*Waggoner v. Barclays PLC*,
  875 F.3d 79 (2d Cir. 2017) .................................................................................................. 2
*Williams v. Gerber Products Co.*,
  552 F.3d 934 (9th Cir. 2008) ............................................................................................... 8
*Zeiger v. WellPet LLC*,
  526 F. Supp. 3d 652 (N.D. Cal. 2021) ............................................................................... 11

## I. PRELIMINARY STATEMENT

This is a simple case. Defendant produces, distributes, markets, and sells a purported "healthy" Product that is actually unhealthy due to dangerously high levels of saturated fat. As discussed in her opening brief, Plaintiff seeks to represent a class under Rule 23(b)(3), Rule 23(b)(2), and Rule 23(c)(4). Upon the thorough analysis in the opening brief – and supplemented in this Reply – Plaintiff satisfies every requirement to obtain class certification under each theory.

Despite challenging every element of class certification, Defendant spends the bulk of its brief attacking the adequacy of counsel. This litigation has been a fight, and that is to be expected when defense counsel is known for their "pedantic hair-splitting, gamesmanship, unreasonable parsing of language, and willful obliviousness."[1]

In this litigation, Defendant's gamesmanship has delayed Plaintiff's counsel's best efforts, but in the face of these challenges – including numerous obstructive discovery tactics – Plaintiff's counsel has vigorously fought for Plaintiff and the Class. At each stage, from spurious sanctions motions created by Defendant's "games" with serving deposition notices to wasting significant time and money by failing to act in good faith at the mediation, Defendant has attempted to derail this litigation. Despite these impediments, Plaintiff's counsel has maintained focus and vigorously pushed towards trial.

Defendant's opposition to Plaintiff's motion for class certification is a continuation of these tactics. Every sentence in Defendant's opposition should be read with suspicion as it generally mischaracterizes the class certification motion, or significantly parses language to levels that destroys the meaning.[2] For example, in its attack on the adequacy of Plaintiff's counsel, Defendant

---

[1] *Hawkins v. Kroger Co.*, No. 15CV2320 JM(AHG), 2020 WL 6150040, at *3 (S.D. Cal. Oct. 20, 2020); *see also Hawkins v. Kroger Co.*, No. 3:15-CV-02320-JM-AHG, 2020 WL 1952832, at *27 (S.D. Cal. Apr. 23, 2020) ("Mr. Harper's arguments during the hearing as well as Ms. Canner's representations to the Court have made apparent that both counsel continue to misapprehend both the spirit and the letter of the Federal Rules of Civil Procedure with respect to discovery practice.")

[2] For example, Defendant spends multiple pages of its brief claiming that Plaintiff misunderstands

– 1 –

creates a jumbled mess by combining various statements so it appears that Plaintiff is arguing that the Court should blindly certify the class based solely on the Second Amended Complaint. Not so. Plaintiff states – in a section discussing the role of a claim's merits – "because a court decides whether certification of a class is appropriate at the pleading stage of the action, the court accepts substantive allegations in the complaint as true for purposes of the class motion." This is correct.[3] In this section, Plaintiff's discussion focuses on the limitations presented to a district court when attempting to review the *merits* of a claim underlying a class certification motion; not, as the Defendant claims, a blind acceptance of class elements pled in a complaint.[4] Rather than navigating Defendant's distorted representation of Plaintiff's brief, if the Court requires clarification or a reminder of Plaintiff's arguments, it is best to avoid Defendant's opposition and read Plaintiff's carefully organized brief to understand Plaintiff's arguments.

## II.     ARGUMENT

### A.     Plaintiff's Counsel Is Adequate.

"Legal adequacy is determined by resolution of two questions: (1) whether named plaintiffs and their counsel have any conflicts with class members; and (2) whether named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *Campbell v. Facebook*

---

the standard to certify a class – representing to the Court that Plaintiff's counsel thinks that a class certification motion can be granted solely by accepting the complaint's allegations. That is not Plaintiff's argument. Defendant slices and repositions Plaintiff's arguments to create a Frankenstein's monster that it can defeat.

[3] *See, e.g., Johnson v. New York State Dep't of Corr. & Cmty. Supervision*, No. 18-CV-6568-CCR, 2020 WL 2558160, at *1 (W.D.N.Y. May 19, 2020) ("[I]t is proper for a district court to accept the complaint allegations as true in a class certification motion[,]") (citing *Waggoner v. Barclays PLC*, 875 F.3d 79, 85 n.5 (2d Cir. 2017)); *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194, 203 (E.D.N.Y. 2005) ("When considering a motion for class certification, the Court accepts the allegations in the complaint as true and does not conduct a preliminary inquiry into the merits of the case.").

[4] This is additionally important where – as in the case *sub judice* – Defendant requested bifurcated discovery that limits the discovery in the initial stage, and where Plaintiff originally objected "because it tends to unnecessarily slow the case and lead to more discovery conflicts over merits vs. class distinctions." (Dkt. 45 at 6). Despite defense counsel's assertion at the initial case management conference that discovery would be under a liberal standard – without unnecessary class vs. merits objections – the objections were raised throughout discovery.

– 2 –
Reply in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

– 3 –

*Inc.*, 315 F.R.D. 250, 263 (N.D. Cal. 2016). Here, answers to both questions establish adequacy and support class certification.

Litigation is never perfect, and despite Defendant's "best" efforts to derail this litigation, Plaintiff's counsel have vigorously fought for Plaintiff and the Class. *See Hawkins v. Kroger Co.*, 337 F.R.D. 518, 540 (S.D. Cal. 2020) ("[D]espite the few moments of less than diligent conduct discussed above, the lengthy and contentious proceedings thus far demonstrate Plaintiff's counsel's vigorousness.").

Litigating vigorously over multiple years against an opponent known for its "level of sophistry" provides benefits to the Class where less motivated counsel may have failed or yielded to defense counsel's tactics. See *Hawkins v. Kroger Co.*, No. 15CV2320 JM(AHG), 2020 WL 6150040, at *8 (S.D. Cal. Oct. 20, 2020) ("While the examples listed by Magistrate Judge Goddard could conceivably be viewed as constituting something other than bad faith, **they demonstrate a level of sophistry in Kroger's and Counsel's behavior that is concerning to this court**.") (emphasis added). Regardless of what Defendant has thrown at them, Plaintiff's counsel persisted in successfully litigating this matter on behalf of Plaintiff and the Class at each stage. In other words, Plaintiff's counsel is adequate.

### B. Class-wide Proof of Materiality and Deception is Not Required.

Defendant attempts to establish requirements that do not exist. Plaintiff is not required to prove materiality or class-wide deception at the class certification stage. Materiality need not be proven at class certification; instead, Plaintiff needs to show only that a common question of materiality and reliance exists. *Testone v. Barlean's Organic Oils, LLC*, No. 19-CV-169 JLS (BGS), 2021 WL 4438391, at *14 (S.D. Cal. Sept. 28, 2021) ("Thus, in light of *Amgen*, the Court finds more persuasive those cases requiring proof only of a common question of materiality and reliance rather than proof of those issues on the merits at the class certification stage."); *Bradach v. Pharmavite*, LLC, 735 F. App'x 251, 254–55 (9th Cir. 2018) (reversing district court's denial of

class certification because the district court required proof of putative class members interpretation of label statement).

Moreover, Plaintiff is not required to produce extrinsic evidence or expert reports showing materiality or deception at the class certification stage. Rather, "[t]he California Court of Appeal has expressly rejected the view that a plaintiff must produce a consumer survey or similar extrinsic evidence to prevail on a claim that the public is likely to be misled by a representation. Thus, the lack of extrinsic evidence of reliance does not automatically prevent class certification." *Mullins v. Premier Nutrition Corp.*, 2016 WL 1535057, at *5 (N.D. Cal. Apr. 15, 2016) (cleaned up).

The reasonable consumer standard underlies the law at issue in this case. When materiality is judged on an objective standard, it is a common question for purposes of Rule 23(b)(3). *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455, 459 (2013). Therefore, Plaintiff is required to present "a showing of a predominate, common question of materiality and reliance to be required by Rule 23." *Pettersen v. Circle K Stores, Inc.*, No. 321CV00237RBMBGS, 2022 WL 17974463, at *9 (S.D. Cal. Nov. 23, 2022) (later vacated to allow for the settlement of the class). In the case *sub judice*, whether an ordinary consumer reasonably believes Ancient Organics represents its ghee as healthy, healthful, and conducive to a healthy lifestyle is amenable to common proof: reviewing the Product's label and then asking the jury how they interpret the messaging. *See Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2016 WL 1535057, at *5 (N.D. Cal. Apr. 15, 2016) ("Whether an ordinary consumer reasonably believes [Defendant] advertises [Product] as a way to improve joint health is amenable to common proof: reviewing the advertisements, labels, and then asking the jury how they understand the message.").

Even if establishing materiality was required, Plaintiff satisfies that hypothetical requirement by showing Defendant's intent with the Product's messaging. While expert reports and intensive extrinsic evidence are sufficient to show commonality and predominance, they are

not necessary. In some cases, a defendant's "own internal research"[5] can assist in determining the intent and materiality of the representation. However, research is not the only type of evidence that can show materiality. Defendant's widescale marketing efforts which further its healthy and health-focused messaging confirm that this messaging is material to consumers.[6] Because proof of class wide materiality and deception is not required at this stage, and common proof can resolve common questions that predominate in this litigation, Defendant's arguments concerning materiality fail to prevent class certification.

### C. Plaintiff's Damage Model Is Proper.

Defendant's argument that Plaintiff cannot satisfy *Comcast* rests on its incorrect assertion that Plaintiff and Class Members are not entitled to full refunds. In contrast, plaintiffs and class members are entitled to full refunds where products are worthless — as is the case here.  Because the Products are worthless, Plaintiff presents a damages methodology tied to her theory of liability and one that is capable of measurement on a class-wide basis. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013).

Plaintiff presents a plausible damage model that matches her theory of liability. Plaintiff outlines that that she and Class members have been economically harmed by Defendant's deceptions. SAC, ¶¶ 91, 95. Specifically, despite Defendant's representations that the Product is healthy and beneficial to health for consumers, the Product contains dangerously high levels of saturated fat which render it unhealthy. Simply put, it provides no value to consumers.  Consistent with these economic injuries, Plaintiff's damage model seeks the full recovery of the amount paid

---

[5] *Farar v. Bayer AG*, No. 14-CV-04601-WHO, 2017 WL 5952876, at *12 (N.D. Cal. Nov. 15, 2017).

[6] The Declaration and Exhibits attached to Plaintiff's Motion for Class Certification contain a subset of this marketing information. These items were produced as responsive documents by Plaintiff to Defendant in these BATES ranges (Effinger_P_0000566-Effinger_P_0000568; Effinger_P_0000572-Effinger_P_0000575; Effinger_P_0000588-Effinger_P_0000589; Effinger_P_0000067; Effinger_P_0002109). Additionally, the articles that were attached as exhibits were additionally cited in the Second Amended Complaint. SAC, ¶97.

by herself and Class members.

Plaintiff's damages model mirrors established case law for products that provide full restitution when products have zero value. Defendant contends that consumers are unable to seek damages under a full refund theory in mislabeling cases involving consumable goods. Not so. "[C]ourts have allowed reliance on the full refund model when plaintiffs prove the product had no value to them." *Capaci v. Sports Rsch. Corp.*, No. CV 19-3440 FMO (FFMX), 2022 WL 1133818, at *3 (C.D. Cal. Apr. 14, 2022) ("[D]efendant's argument relies on the mistaken contention that [Plaintiff's] full refund damages model 'is not an allowable remedy.'"); *see also Allen v. Hyland's Inc.*, 300 F.R.D. 643, 670 (C.D. Cal. 2014) ("Plaintiffs have demonstrated that their [full refund] damages model is consistent with their theory that Defendants are liable because the products' active ingredients are too diluted—across the board as to all the affected products—to be effective."); *Farar v. Bayer AG*, No. 14-CV-04601-WHO, 2017 WL 5952876, at *11 (N.D. Cal. Nov. 15, 2017) ("the vitamins and nutrients do not provide any value or worth to the average American."); *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2016 WL 1535057, at *7 (N.D. Cal. Apr. 15, 2016) ("Because [Plaintiff] has provided a model of damages that traces the harm (the full amount of the purchase) to [Defendant's] allegedly improper conduct (claiming that Joint Juice will benefit joints), she has satisfied *Comcast*'s requirement."). "Ultimately, if Plaintiff can prove that the class would not have purchased [Product] but for the alleged false statements on the label, class members are entitled to full restitution of the purchase price regardless of any benefit received after the purchase[.]" *Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-CV-709-CAB-RBB, 2017 WL 1020391, at *6 (S.D. Cal. Mar. 16, 2017).

"[T]he question of whether Plaintiff may pursue a full refund damage theory is a legal question—and the answer is yes—but it is a question of fact for the jury whether [Product] was valueless for its advertised purpose. Plaintiff[] will need to prove that question of fact to be entitled to full refund damages." *Montera v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL

– 6 –

1225031, at *10 (N.D. Cal. Apr. 26, 2022), *aff'd in part*, 111 F.4th 1018 (9th Cir. 2024).

In any event, "[i]n this circuit [] damage calculations alone cannot defeat class certification." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013) (citation omitted); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("damage calculations alone cannot defeat certification.").

As the Ninth Circuit summarized, "the full refund model measures damages by presuming a full refund for each customer, on the basis that the product has no or only a *de minimis* value. 'Customers who purchased rhinestones sold as diamonds should have the opportunity to get all of their money back.' " *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1183 (9th Cir. 2017) (quoting *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993)). Similarly, consumers that have purchased a dangerously unhealthy product sold as a healthy product should have the opportunity to get all of their money back. Consistent with recovering from this deception, Plaintiff seeks full recovery for herself and the Class members.

### D. Plaintiff's Claims Are Typical of the Class.

In mislabeling cases, typicality is commonly satisfied when "wrongful conduct (the allegedly false statements) and the resulting harm (the amount paid to purchase [Product]) are the same." *Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-CV-709-CAB-RBB, 2017 WL 1020391, at *4 (S.D. Cal. Mar. 16, 2017). Plaintiff's satisfies typicality because her claims originate from the Product's deceptive label and the same resulting harm; *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 661 (C.D. Cal. 2014) ("In determining whether typicality is met, the focus should be on the defendants' conduct and the plaintiffs' legal theory[…]").

While Defendant attacks Plaintiff's typicality by pointing to purported minimal differences from Plaintiff's experience, Defendant confuses the analysis. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 534 (S.D. Cal. 2020). Moreover, Plaintiff

– 7 –

relied upon the Product label in making her purchase, and while the label may contain elements of puffery, that alone does not subject her to a unique defense.[7]

Mirrored experiences are not required to satisfy typicality. *Farar v. Bayer AG*, No. 14-CV-04601-WHO, 2017 WL 5952876, at *6 (N.D. Cal. Nov. 15, 2017) ("While defendants point to minor differences among or potential defenses to each named plaintiff's claims, accepting defendants' arguments would demand that the representative claims be substantially identical to those of absent class members. This Circuit has expressly rejected such a showing."). Defendant's purported "unique defenses" misunderstands the term. *See Farar*, 2017 WL 5952876, at *6 (rejecting claim that plaintiff's uncommon diet, use of a similar product, and failure to rely upon aspects of an advertisement presented unique defenses that destroyed typicality); *Swartz v. Dave's Killer Bread, Inc.*, No. 4:21-CV-10053-YGR, 2024 WL 4614551, at *6 (N.D. Cal. Sept. 20, 2024) ("Defendants do not specify what plaintiff's unique defenses may be, but it is unlikely plaintiff's recollection of a %DV is relevant to the question of whether defendants violated regulations and plaintiff paid a premium. Plaintiff's memory of the package he purchased several years ago may impact his credibility at trial but such defenses will likely not be unique to this plaintiff. Therefore, he is typical."). Because her claims arise from the same wrongful conduct and she suffered the same harm as Class members, Plaintiff's claims are typical of the Class.

E. **Evidence, General Knowledge, and Common Sense Satisfy Numerosity.**

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The party seeking certification "do[es] not need to state

---

[7] "[E]ven if some of the statements relied on by Plaintiff standing on their own may constitute puffery, those statements contribute 'to the deceptive context of the packaging as a whole.'" *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1116 (S.D. Cal. 2011) (quoting *Williams v. Gerber Products Co.*, 552 F.3d 934, 939, 523 n.3 (9th Cir. 2008)); *Franklin Fueling Sys., Inc. v. Veeder-Root Co.*, No. CIV.S-09-580 FCD/JFM, 2009 WL 2462505, at *7 (E.D. Cal. Aug. 11, 2009). ("[W]here at least some actionable statements have been pled, a claim cannot be dismissed on the ground that some statements constitute mere puffery.").

the exact number of potential class members, nor is a specific number of class members required for numerosity." *In re Rubber Chemicals Antitrust Litig.*, 232 F.R.D. 346, 350 (N.D. Cal. 2005). However, courts generally find that numerosity is satisfied if the class includes forty or more members. *See, e.g., Villalpando v. Exel Direct Inc.*, 303 F.R.D. 588, 605–06 (N.D. Cal. 2014).

"Where the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *In re Intermec Corp. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) 96, 178 (W.D.Wash.1991) (citing *Weinberger v. Thornton*, 114 F.R.D. 599, 602 (S.D.Cal.1986); *see also Schwartz v. Harp*, 108 F.R.D. 279, 281-282 (C.D.Cal.1985); *In re HiEnergy Techs., Inc. Sec. Litig.*, No. 8:04CV01226 DOCJTLX, 2006 WL 2780058, at *3 (C.D. Cal. Sept. 26, 2006).

Here, despite selling significantly large quantities of the Product in major retailers (including Whole Foods and Costco) from coast to coast over multiple years, Defendant contests numerosity. Plaintiff does not argue that "numerosity is assumed."[8] Rather, Plaintiff argues that general knowledge and common sense displays that numerosity is satisfied. Simply put, the combination of, *inter alia*, the sales data, Defendant's distribution network of the Product, and common sense show that at least tens of thousands of class members are included in the class. Numerosity is satisfied and supported rather than assumed. Thus, numerosity is satisfied under Rule 23.

### F. Plaintiff Satisfies Rule 23(b)(2)

Plaintiff satisfies the requirements for a Rule 23(b)(2) class because she complains of a practice that is generally applicable to the class as a whole. *Mueller v. Puritan's Pride, Inc.*, No. 3:16-CV-06717-JD, 2021 WL 5494254, at *8 (N.D. Cal. Nov. 23, 2021) (""It is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is

---

[8] Defendant's Opposition at 20.

Reply in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

generally applicable to the class as a whole."). Plaintiff has shown that such a 23(b)(2) class should be certified. For the reasons explained above, and incorporated here, there are many common questions at stake that predominate over individual ones. Defendant's actions are alleged to be equally applicable to the entire class. Injunctive relief against Defendant, if successful, would prohibit the misrepresentations as to all class members.

The cases cited by Defendant to attack the Rule 23(b)(2) class are outdated. In the intervening years, the Ninth Circuit's analysis of injunctive relief has significantly evolved.[9] Defendant raises three arguments against Plaintiff's request for injunctive relief.

First, Defendant claims that past purchasers cannot benefit from injunctive relief. Not so. "[A] previously deceived plaintiff may have standing to seek injunctive relief." *Davidson*, 889 F.3d at 970. Additionally, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase," because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* at 969.

Second, Defendant claims that certification under Rule 23(b)(2) is not proper because it claims Plaintiff primarily seeks monetary relief. Not so. "Consequently, and contrary to [Defendant's] argument, it does not appear to be the case that the court can certify a Rule 23(b)(2) class only if the monetary relief sought is purely incidental to the injunctive relief. Rather, Ninth Circuit precedent indicates that the court can separately certify an injunctive relief class and if appropriate, also certify a Rule 23(b)(3) damages class." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 573 (C.D. Cal. 2014); *See also Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 412 (N.D. Cal.

---

[9] For example, all of Defendant's cases predate *Davidson*. This pivotal case provided the path for harmed consumers to obtain injunctive relief. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir.), cert. denied, 139 S. Ct. 640, 202 L. Ed. 2d 492 (2018) ( "[A] previously deceived plaintiff may have standing to seek injunctive relief.").

– 10 –
Reply in Support of Plaintiff's Motion for Class Certification
*Effinger v. Ancient Organics,* No. 3:22-cv-03596-AMO

2021) ("[Plaintiff] is not precluded from seeking certification of a Rule 23(b)(2) class for injunctive relief merely because he also seeks certification of a Rule 23(b)(3) class for damages and restitution."); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 698 (N.D. Cal. 2021) ("There is no reason to think that injunctive relief against future harm is less important than monetary relief for past harm. To hold otherwise would bar an injunctive relief class merely because damages are also available.").

Third, Defendant argues that a class under Rule 23(b)(2) would be barred from seeking damages. That makes sense because "damages are not the main focus of the 23(b)(2) class in any case, so the primary focus of that class would be injunctive relief." *Id.* "Moreover, a major goal of California's consumer protection law is prevention of future consumer protection violations through injunctive relief. *Id.*

### G. Plaintiff Satisfies Rule 23(c)(4)

The courts in almost every case cited by Defendant in this section rejected classes under Rule 23(c)(4) due to a failure to satisfy other elements of Rule 23(a) or (b).[10] Moreover, when these courts refer to a plaintiff's minimal analysis, they are not referring to Plaintiff's analysis which stretched over an entire page.[11] Where the necessary elements of Rule 23 (a) and (b) are satisfied, courts will allow classes under Rule 23(c)(4).[12] Because Plaintiff has satisfied the other elements of Rule 23, Plaintiff may seek certification under Rule 23(c)(4).

---

[10] *See, e.g., Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020) ("numerous individualized issues affecting determinations of liability make Rule 23(c)(4) certification inefficient.").

[11] *See Handloser v. HCL Techs. Ltd.*, No. 19-CV-01242-LHK, 2021 WL 879802, at *12 (N.D. Cal. Mar. 9, 2021) ("Plaintiffs devote only a single paragraph to their justification for certification under Rule 23(c)(4).").

[12] *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 698 (N.D. Cal. 2021) ("Because Rule 23(c)(4) is the fallback, certification is DENIED WITHOUT PREJUDICE on the understanding that Zeiger will move to certify a class with an appropriate damages model.").

**H.  Common Issues Predominate in a Nationwide Class.**

Defendant incorrectly asserts that the Ninth Circuit case, *Mazza v. American Honda Motor Co.*, prevents this Court from certifying a nationwide class. Yet Defendant fails to offer any evidence to establish that certification of a nationwide class is not appropriate here.

*Mazza* did not change California's substantive choice-of-law rules,[13] which places the burden on the *defendant* to show that another state's law, rather than California law should apply to class claims.[14] The analysis must be conducted on a case-by-case basis because it requires analyzing various states' laws "under the circumstances of the particular case" and given "the particular [legal] issue in question."[15] In short, Plaintiff has the initial burden to show that California has sufficient contacts with the claims to satisfy due process. Plaintiff easily meets this burden here where Defendant is incorporated under the laws of, maintains its headquarters, and much of the misconduct occurs in California.[16] In fact, Defendant admits that "it is a California corporation with its principal place of business in Berkeley, CA. From its California headquarters, Defendant produces, markets, and distributes its consumer food products in retail stores throughout the United States."[17]

But the burden then shifts to Defendant to establish that a law other than the state of California should apply.[18] The burden also demands that Defendant convince this Court of "material" differences in the law.[19]

---

[13] *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 545 (C.D. Cal. 2012).
[14] *Id.* (citing *Wash. Mut. Bank., FA v. Super. Ct.*, 24 Cal. 4th 906, 921 (2001)) (emphasis in original).
[15] *Bruno*, 280 F.R.D. at 545 (quoting *Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 107-8 (2006)).
[16] *See Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 378-79 (N.D. Cal. 2010).  It's difficult to tell due to the cursory briefing, but Defendant seems to imply Plaintiff must show that the consumer laws of California and nationwide are the same. No such showing is required. *See Mazza*, 666 F.3d at 591.
[17] Defendant's Answer to the Second Amended Complaint, ¶22.
[18] *Wash Mut. Bank*, 24 Cal. 4th at 921; *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010).
[19] *Pokorny*, 601 F.3d at 995.

Remarkably, Defendant entirely ignores this requirement, which stands in stark contrast to the defendants in *Mazza* who "exhaustively detailed" the differences between California's law and that of other jurisdictions.[20] Defendant also fails to make the additional showings required to establish a material conflict, demonstrate that the conflict exists under the facts of this case, or show that the interests of other states outweigh California's interest in applying its law to the facts of this case.[21] Where, as here, a defendant fails to meet this burden, courts apply California law to a nationwide class.[22] If the Court determines that *Mazza* prevents nationwide certification here (which it should not), Plaintiff respectfully requests that the Court certify the California Class.

## III.   CONCLUSION

For the foregoing reasons and the analysis provided in Plaintiff's opening motion, this Court should grant Plaintiff's motion for class certification.

---

[20] *Mazza*, 666 F.3d at 591.
[21] *Id.* at 594.
[22] *See, e.g., Bruno*, 280 F.R.D. at 550; *cf. In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 803-04 (S.D. Cal. 1990).

Dated: November 25, 2024

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

**GOOD GUSTAFSON AUMAIS LLP**
/s/ J. Ryan Gustafson
J. Ryan Gustafson
Cal. Bar No. 220802
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry
Cal. Bar No. 308660
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel.: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2024, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton