DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
  Katelyn A. Feliciano (SBN 350385)
  *katelynfeliciano@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY REPLY IN SUPPORT OF CLASS CERTIFICATION**<br><br>[***Proposed Order Filed Concurrently***]<br><br>Assigned to the Hon. Araceli Martínez-Olguín<br><br>Date:  February 13, 2025<br>Time:  2:00 PM<br>Courtroom:  10 |

1

## NOTICE OF MOTION

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on February 13, 2025, at 2:00 p.m. or as soon thereafter

4 as the matter may be heard, in Courtroom 10 of the above-captioned Court located at 450 Golden

5 Gate Avenue, San Francisco, California 94102, Defendant Ancient Organics will move the Court

6 for an order striking Plaintiff Kelly Effinger's Reply in Support of Class Certification (the

7 Motion).

8      **Ancient Organics notes that the hearing on the Motion for Class Certification is set**

9 **for February 20, 2025, at 2:00 p.m.  But the Court's scheduling notes show that date is now**

10 **blocked off.  As a matter of efficiency, Ancient Organics requests the Court continue the**

11 **hearing on this related Motion until February 20, 2025.**

12      This Motion is based upon this notice, the attached Memorandum of Points and

13 Authorities submitted herewith, the pleadings and records on file, and upon such other and

14 further matters as may be presented before or at the hearing.

15

16 Dated:  November 27, 2024                     DAVIS WRIGHT TREMAINE LLP

17                                                            By:  /s/ Jacob M. Harper

18                                                                 Jacob M. Harper

19                                                            *Attorneys for Defendant Ancient Organics*

20

21

22

23

24

25

26

27

28

ANCIENT ORGANICS'S MOTION TO STRIKE LATE REPLY
No. 3:22-cv-03596-AMO

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    In the last week, plaintiff Kelly Effinger's counsel (Counsel) have *twice* missed their

3 deadline to file a timely Reply in Support of their Motion for Class Certification (Reply).  The

4 more opportunities they get, the more Counsel prove that they are inadequate attorneys to

5 represent the putative class.  Ancient Organics respectfully requests the Court strike the untimely

6 Reply (ECF No. 82), and deny the Motion for Class Certification.

7    The record of Counsel's inability to meet Court deadlines speaks for itself.  The Court

8 first extended class certification deadlines at Counsel's request on June 5, 2024.  (ECF No. 61;

9 *see also* ECF No. 65 (second request to continue dates).)  Based on that order, Counsel's Reply

10 was due November 20, 2024—a full 28-days after Ancient Organics's Opposition was filed.

11 (ECF No. 61)  On November 20, 2024, *the day their reply was due*, Counsel filed a motion to

12 extend the deadline—without a supporting declaration or notice to Ancient Organics—because

13 one attorney from Plaintiff's *three* law firms (ECF No. 73 (seeking appointment of "Pope

14 McGlamry PC, Good Gustafson Aumais LLP, and The Keeton Firm LLC as co-lead counsel for

15 the class")) experienced an unspecified "emergency" (ECF No. 80).  The Court, in its grace,

16 granted the request, giving Counsel until "11/25/2024" at "09:00 AM PST" to file their Reply.

17 (EFC No. 81.)  But Counsel failed to meet the new deadline they requested.  Instead, they filed

18 their reply brief after midnight the next day, on November 26.  (ECF No. 82.)  Counsel did not

19 explain why they missed the deadline again.

20    As explained at length in Defendant Ancient Organics's Opposition to the Motion for

21 Class Certification (ECF No. 79 at 1-2, 5-7, 9-11), Counsel's latest actions are illustrative of

22 their *modus operandi* in this and other putative class actions.  Counsel have repeatedly ignored

23 other deadlines set by this Court (*see* ECF No. 67) and offered the same "unexpected" medical

24 excuse when they failed to attend a scheduled meet and confer regarding their 30(b)(6)

25 deposition notice (*see* ECF No. 66-5).  Counsel also cited "serious illness" as excusing their

26 failure to timely move for class certification in *Marino v. YummyEarth, Inc*, N.D. Cal. Case No.

27 22-cv-02739-VC (*Marino*), where Judge Vince Chhabria found Counsel's conduct warranted

28

ANCIENT ORGANICS'S MOTION TO STRIKE LATE REPLY
No. 3:22-cv-03596-AMO

1  denying class certification on adequacy of counsel grounds.  *See Marino*, ECF No. 51 at 2.[1]  This

2  conduct drives up litigation costs for defendants and wastes judicial resources.

3      Ancient Organics bit its tongue on the first "emergency" extension request, but enough is

4  enough.  The Court should do something about Counsel's continuing and flagrant disregard for

5  the Local Rules, Federal Rules of Civil Procedure, and the Court's orders.  *See* L.R. 6-1(b)

6  (requiring Court order to change deadlines).  In particular, the Court should decline to consider

7  the untimely Reply.  *See*, *e.g.*, *Nguyen v. McHugh*, 65 F. Supp. 3d 873, 887 (N.D. Cal. 2014)

8  (granting motion to strike untimely filing because party "continue[d] to violate the local rules");

9  *Kinstley v. City & Cnty. of San Francisco*, 2009 WL 1974607, at *1 (N.D. Cal. July 8, 2009)

10  (granting motion to strike an untimely opposition).  Even if the Court chooses to consider the late

11  Reply, it should find Counsel inadequate to represent the putative class.  (ECF No. 79.)

12

13  Dated:  November 27, 2024                    DAVIS WRIGHT TREMAINE LLP

14                                              By:  /s/ Jacob M. Harper

15                                                   Jacob M. Harper

16                                              *Attorneys for Defendant Ancient Organics*

17

18

19

20

21

22

23

24

---

25  [1] Plaintiff's Reply is based on inapposite and outdated authorities and maintains that Plaintiff
does not have to prove the elements of class certification.  In addition, in a naked attempt to

26  muddy the waters, the Reply attacks Ancient Organics's counsel.  In support, Plaintiff cite only

27  to an order *vacating* a sanctions award issued by a magistrate judge in a different case based on
discovery disputes.  *See Hawkins v. Kroger Co.*, 2020 WL 6150040, at *10 (S.D. Cal. Oct. 20,

28  2020) ("[T]he sanctions . . . cannot stand.").  The case does not help them and there is no
discovery issue before the Court.

3

ANCIENT ORGANICS'S MOTION TO STRIKE LATE REPLY
No. 3:22-cv-03596-AMO