**POPE MCGLAMRY PC**
Michael L. McGlamry*
Caroline G. McGlamry (SBN #308660)
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com
*Pro hac vice forthcoming*

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (SBN #220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 20, 2025<br>Time: 2:00 p.m.<br>Courtroom: 10<br><br>Judge: Hon. Araceli Martínez-Olguín |

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................................................ 1

II.  LEGAL STANDARD ............................................................................................................. 2

III. ARGUMENT .......................................................................................................................... 3

    A.  The Length of the Delay and Impact on Judicial Proceedings ................................ 3
    B.  The Reason for the Delay ........................................................................................ 4
    C.  Prejudice to Nonmovant .......................................................................................... 6
    D.  Movant's Good Faith .............................................................................................. 7

IV.  CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Ahanchian v. Xenon Pictures, Inc.*,
 624 F.3d 1253 (9th Cir. 2010) ...................................................................................3, 7

*Bank of the Ozarks v. Prince Land, LLC*,
 No. CV 212-013, 2013 WL 395132 (S.D. Ga. Jan. 31, 2013)........................................5

*Bateman v. U.S. Postal Serv.*,
 231 F.3d 1220 (9th Cir. 2000) ........................................................................................7

*Chow v. Berryhill*,
 No. 17-CV-04997-LHK, 2018 WL 1335995 (N.D. Cal. Mar. 15, 2018).......................6

*Dalenko v. Stephens*,
 No. 5:12-CV-122-F, 2014 WL 794045 (E.D.N.C. Feb. 27, 2014)................................4

*Escamilla v. Miranda*,
 No. 23-CV-05033-BLF, 2024 WL 390071 (N.D. Cal. Jan. 31, 2024) ..................2, 6, 7

*Friedman v. Medjet Assistance, LLC*,
 No. CV0907585MMMVBKX, 2010 WL 11462853 (C.D. Cal. Nov. 1, 2010) .............3

*Herbert v. State Farm Mut. Auto. Ins. Co.*,
 No. C 06-05532 SBA, 2009 WL 88352 (N.D. Cal. Jan. 13, 2009) ...........................4, 6

*Huertas v. U.S. Dep't of Educ.*,
 No. CIV 08-3959 RBK KMW, 2009 WL 3165442 (D.N.J. Sept. 28, 2009) .................6

*I Klein v. Justin D. Heideman, LLC*,
 No. 2:19-CV-00854-DN-PK, 2021 WL 4482144 (D. Utah Sept. 30, 2021) .................3

*In re Charles Schwab Corp. Sec. Litig.*,
 No. C 08-01510 WHA, 2010 WL 1445451 (N.D. Cal. Apr. 9, 2010) ...........................5

*Islamic Republic of Iran v. Boeing Co.*,
 739 F.2d 464 (9th Cir. 1984) ..........................................................................................5

*Kennedy-Jarvis v. Wells*,
 113 F. Supp. 3d 144 (D.D.C. 2015) ...............................................................................5

*King v. Chubb & Son*,
   No. 8:10-CV-2916-T-24, 2013 WL 523202 (M.D. Fla. Feb. 12, 2013) ......................... 4
*Kouassi v. W. Illinois Univ.*,
   No. 13-CV-1265, 2015 WL 500701 (C.D. Ill. Feb. 4, 2015) ......................................... 4
*McCullers v. Koch Foods of Alabama*,
   2024 WL 4907226 (N.D. Ala. Nov. 26, 2024) ............................................................. 1
*O'Brien-Shure v. U.S. Lab'ys, Inc. Health & Welfare Ben. Plan*,
   No. 12 C 6101, 2013 WL 3321569 (N.D. Ill. July 1, 2013) ......................................... 4
*Okada v. Whitehead*,
   No. 815CV01449JLSKES, 2017 WL 2626990 (C.D. Cal. June 12, 2017) .................. 4
*Pincay v. Andrews*,
   389 F.3d 853 (9th Cir. 2004) ....................................................................................... 7
*Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp.*,
   No. 2:10CV516, 2012 WL 1354085 (E.D. Va. Apr. 18, 2012) .................................... 4
*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ..................................................................................................... 2
*Rios-Gutierrez v. Briggs Traditional Turf Farm, Inc.*,
   No. 21-0374-CV-W-FJG, 2022 WL 17501214 (W.D. Mo. May 23, 2022) ................. 3
*Rosengren v. SF Markets, LLC*,
   No. 23-55666, 2024 WL 3041552 (9th Cir. June 18, 2024) ........................................ 2
*Schwartz v. Scwhartz*,
   No. 1:19-CV-0340 (CJN), 2021 WL 7185474 (D.D.C. Jan. 28, 2021) ....................... 5
*United States v. Louisiana*,
   No. 3:11-00470-JWD-RLB, 2016 WL 632492 (M.D. La. Feb. 17, 2016) ................... 4
*United States v. Wrice*,
   954 F.2d 406 (6th Cir. 1992) ....................................................................................... 5

I.   **PRELIMINARY STATEMENT**

On the eve of the Reply's deadline, counsel that was tasked with drafting and filing the brief suffered a medical emergency as outlined in the Second Declaration of Steffan T. Keeton ("Second Keeton Declaration").[1] Given the last-minute nature of the emergency, the attorneys working on Plaintiff's behalf had to adjust on short notice and with a non-responsive party on the other side.[2] Shorthanded, they quickly drafted an emergency motion requesting for an extension until November 25, 2024. *See* First Keeton Dec., ¶¶ 8-14. The Court granted this motion and extended the deadline until this date at 9:00AM.

As a continuing medical emergency involving Plaintiff's counsel and his family, the reply brief was filed approximately 15 hours late. This late filing occurred due to a calendaring issue combined with last-minute technical difficulties. These two errors originated from one source: the medical emergency.

It is unfortunate that the facts underlying this Motion could not have been resolved without taking up the Court's valuable time.[3] Unfortunately, this pattern has persisted from the early stages

---

[1] Plaintiff's counsel did not want to overburden the Court with these details, but given Defendant's argument that this medical emergency speaks to the adequacy of Plaintiff's counsel in its sur-reply stylized as a Motion to Strike, Plaintiff's counsel believes the underlying facts are relevant in the Court's consideration.

[2] The goal of Plaintiff's counsel was to resolve this emergency amongst the attorneys and obtain a consented-to extension which would have streamlined the process for the Court's review. Unfortunately, no response was ever received from defense counsel despite numerous emails and calls.

[3] *See McCullers v. Koch Foods of Alabama*, 2024 WL 4907226, at *1 (N.D. Ala. Nov. 26, 2024) ("Such nonsense wastes time, damages professional relationships, and makes the lawyer withholding consent (or conditioning it) appear petty and uncooperative. Judges rightly expect lawyers to handle minor procedural issues like extensions without unnecessary conflict, and refusing to do so is unprincipled.").

of this case through the present. Defendant's grievances, whether slight,[4] feigned,[5] or fabricated,[6] have filled the Court's docket with unnecessary motion practice.[7]

Upon review of the four relevant factors, the Court should deny Defendant's Motion to Strike because each of the four factors weigh in favor of a finding of excusable neglect.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired." *Escamilla v. Miranda*, No. 23-CV-05033-BLF, 2024 WL 390071, at *1 (N.D. Cal. Jan. 31, 2024). Rule 6(b)(1)(B) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."

"With regard to determining whether a party's neglect of a deadline is excusable, courts consider (1) the length of the delay and its potential impact on judicial proceedings, (2) the reason

---

[4] The present Motion brought because the Reply was filed fifteen hours late in the midst of a medical emergency during the week of Thanksgiving where defense counsel declined to communicate or attempt to resolve any of their concerns prior to filing the Motion.

[5] *See, e.g.*, Defendant's Reply to its Motion to Dismiss the First Amended Complaint, Dkt. 29 at 1-2 (representing to the Court that Plaintiffs' opposition was untimely filed on December 1 because Defendant falsely claimed it was due on November 28 and should be rejected) *compare with* Dkt. 26 (showing response deadline was December 1).

[6] Defendant's charade involving Plaintiff's deposition notice where it intentionally did not serve Plaintiff's counsel the notice of deposition yet sought sanctions which the Court denied because "Defendant's attempted service appears aimed at avoiding effective notice given that Defense counsel avoided making service by electronic means, as the parties had done throughout the case." (Dkt. No. 67).

[7] In its Motion, Defendant states that the sanctions in *Hawkins* against counsel were vacated, but the sanctions vacated against counsel were the result of a procedural error by the magistrate in notifying counsel that they were personally subject to sanctions. *Hawkins*, 2020 WL 6150040 at *10 ("While this court is highly critical of the gamesmanship and stonewalling tactics employed by Counsel, resulting in the derailing of the orderly discovery process, for the due process reasons discussed above, the sanctions imposed upon Counsel under the court's inherent authority cannot stand."). Simply put, the Court did not dismiss sanctions because defense counsel was innocent, rather "what Kroger did in this case was largely unresponsive and, through its counsel, it took positions that were taken without substantial justification. The record clearly reflects the difficulties, tension and ill will between the attorneys, which in turn has led to discovery being handled in such a manner that it has hijacked a relatively straightforward case." *Id.* at *7. Defense counsel's conduct and tactics throughout this litigation have followed the same path, and once again, they have hijacked a straightforward case.

for the delay, (3) the danger of prejudice to the nonmovant, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Rosengren v. SF Markets, LLC*, No. 23-55666, 2024 WL 3041552, at *1 (9th Cir. June 18, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## III.  ARGUMENT

While Plaintiff's counsel filed the Reply approximately 15 hours late, an analysis under the *Pioneer* factors shows that Defendant's Motion to Strike should be denied. While the *Pioneer* analysis establishes excusable neglect, Plaintiff's counsel apologizes to the Court for any delay or concern this may have caused. It is unfortunate that the Court's docket had to be filled with a motion that could have been resolved with a simple phone call or brief email exchange.[8] Excusable neglect is an equitable concept, and is "remedial in nature and ... must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010). In Plaintiff's case, the balance of equities weighs in favor of finding excusable neglect.

### A.  The Length of the Delay and Impact on Judicial Proceedings

The length of the delay (15 hours) presents minimal impact on the judicial proceedings. Argument on the class certification motion is approximately three months from the date that the reply was untimely filed. While the Court's time is incredibly valuable, it is unlikely that the 15-hour delay would severely impact the proceedings over a period of three months.

Delays of minutes, hours, and sometimes days are routinely found to be minimal when determining excusable neglect. *See Friedman v. Medjet Assistance, LLC*, No.

---

[8] *See, e.g.*, *Rios-Gutierrez v. Briggs Traditional Turf Farm, Inc.*, No. 21-0374-CV-W-FJG, 2022 WL 17501214, at *2 (W.D. Mo. May 23, 2022) (denying motion to strike class certification motion filed two hours late because "Plaintiffs' failure to do so constitutes excusable neglect under the circumstances. Moreover, the Court agrees with Plaintiffs' conclusion in their reply suggestions that this entire dispute could have been resolved through a phone call with opposing counsel.").

CV0907585MMMVBKX, 2010 WL 11462853, at *1 (C.D. Cal. Nov. 1, 2010) (denying motion to strike because "[Plaintiff's] filings (whether untimely by a few minutes or twenty-two hours) did not unduly delay proceedings in this action."); *I Klein v. Justin D. Heideman, LLC*, No. 2:19-CV-00854-DN-PK, 2021 WL 4482144, at *2 (D. Utah Sept. 30, 2021) (denying motion to strike where filing was less than three hours late which the court described as "*de minimis*."); *Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp.*, No. 2:10CV516, 2012 WL 1354085, at *4 (E.D. Va. Apr. 18, 2012) (allowing the late filing where "pleading was delayed by only a few hours due to an electronic malfunction."); *United States v. Louisiana*, No. 3:11-00470-JWD-RLB, 2016 WL 632492, at *2 (M.D. La. Feb. 17, 2016) (denying motion to strike that sought "indiscriminate striking of relevant documents filed but minutes and hours late."); *King v. Chubb & Son*, No. 8:10-CV-2916-T-24, 2013 WL 523202, at *2 (M.D. Fla. Feb. 12, 2013) (denying motion to strike where filing was delayed by one day); *Dalenko v. Stephens*, No. 5:12-CV-122-F, 2014 WL 794045, at *3 (E.D.N.C. Feb. 27, 2014) (denying motion to strike because "Plaintiff cannot credibly claim she has been prejudiced by the 48–hour delay in filing."); *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at *3 (N.D. Cal. Jan. 13, 2009) ("[S]hort delay of 19 days works no prejudice to [Defendant].").[9]

Because the length of the delay is less than one day and there is likely *de minimis* impact on the judicial proceedings, this factor supports a finding of excusable neglect.

### B. The Reason for the Delay

At its root, the 15-hour delay was caused by the health emergency that impacted the

---

[9] *See also O'Brien-Shure v. U.S. Lab'ys, Inc. Health & Welfare Ben. Plan*, No. 12 C 6101, 2013 WL 3321569, at *2 (N.D. Ill. July 1, 2013) (deciding to still consider untimely filed motion to dismiss where the delay was 4 days, the parties substantively addressed the issues, and the defendants suffered no prejudice); *Kouassi v. W. Illinois Univ.*, No. 13-CV-1265, 2015 WL 500701, at *1 (C.D. Ill. Feb. 4, 2015) ("The Court notes that Plaintiff filed his objection one day late, but will exercise its discretion and consider it."); *Okada v. Whitehead*, No. 815CV01449JLSKES, 2017 WL 2626990, at *2 (C.D. Cal. June 12, 2017) ("the Court will not strike the Opposition because it was submitted only one day late, on a Saturday, and neither the Court nor [opposing party] were prejudiced by the delay.").

attorney that was tasked with drafting and filing the reply in the days leading up to Thanksgiving. As detailed in both the First Declaration of Steffan T. Keeton and the Second Declaration of Steffan T. Keeton, counsel suffered a medical emergency shortly before the reply's original deadline of November 20, and the Court granted an emergency extension until November 25 at 9:00AM. Due to a calendaring error, Plaintiff's counsel was aware that the deadline had been extended to November 25 but had omitted the morning deadline. *See* First Keeton Dec., ¶16. Thus, while still dealing with the impacts of the medical emergency and a few technical difficulties in the formatting and filing process, Plaintiff's counsel filed the reply on November 26, 2024 at 12:30AM. *See* First Keeton Dec., ¶¶ 16-19.

In the excusable neglect analysis, illness and medical emergency of counsel generally support a finding of excusable neglect. *See Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) ("We conclude that illness of counsel entrusted with the filing responsibility may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file."); *Bank of the Ozarks v. Prince Land, LLC*, No. CV 212-013, 2013 WL 395132, at *3 (S.D. Ga. Jan. 31, 2013) ("Accordingly, this Court finds that [Party's] attorney's heart attack constitutes excusable neglect and an extension is warranted."); *United States v. Wrice*, 954 F.2d 406, 408–409 (6th Cir. 1992) (excusable neglect where attorney explained to trial court that he was suffering from severe depression which had caused his tardiness in requesting extension of time); *Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 149 (D.D.C. 2015) ("Because Plaintiffs' counsel was ill and made an effort to file on the due date, because any effect on the proceeding was negligible, and because no prejudice would result from accepting Plaintiffs' amended opposition, the Court concludes that Plaintiffs have demonstrated "good cause" and "excusable neglect" sufficient to justify a one-day extension."); *Schwartz v. Scwhartz*, No. 1:19-CV-0340 (CJN), 2021 WL 7185474, at *2 (D.D.C. Jan. 28, 2021) (allowing brief extension where

"there is no evidence [Party] or counsel acted in bad faith; counsel's delay in filing was largely a result of family tragedy and her own illness caused by the ongoing COVID-19 pandemic."). However, illness of counsel is not a dispositive factor. Rather, "[r]easonable diligence is still expected." *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 1445451, at *3 (N.D. Cal. Apr. 9, 2010) (noting that "[w]hile a serious and debilitating illness can provide a basis for such a finding, the illness of counsel must be viewed in context with other considerations, such as the length of the delay" but rejecting counsel's request for a four-month extension).

Here, the significant medical emergency and its impact described by Plaintiff's attorney supports a finding of excusable neglect where the untimely filing was completed less than one day later. While battling numerous health ailments, Plaintiff's counsel committed an error in placing the deadline on the calendar with the appropriate date but failing to include the 9:00AM time.

Calendar errors alone – in the absence of significant health problems contained in this case – have satisfied this factor of excusable neglect. *See,e.g.*, *Escamilla v. Miranda*, No. 23-CV-05033-BLF, 2024 WL 390071, at *1 (N.D. Cal. Jan. 31, 2024) (late filed reply was caused by excusable neglect because there was no prejudice to opposing party due to calendaring error); *Ahanchian*, 624 F.3d at 1261 (excusable neglect where attorney misread the applicable deadline because of a "calendaring" mistake); *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at *2 (N.D. Cal. Jan. 13, 2009) (finding calendaring error was excusable neglect when corrected within three days); *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) ("the Ninth Circuit has found that [calendaring] mistakes constituted excusable neglect.").

Here, Plaintiff's counsel untimely filing of fifteen hours which was – at its root – caused by health issues which caused a calendaring error supports a finding of excusable neglect.

C.      **Prejudice to Nonmovant**

There is no prejudice to Defendant from the fifteen-hour delay or the Court's review of

Plaintiff's Reply in Support of Class Certification. Defendant's present motion to strike, and its review of Plaintiff's opposition will take up far more time than any harm caused by the minor filing delay. Permitting the Court to read and review legitimate arguments is not prejudicial. the danger of prejudice is slight. *Huertas v. U.S. Dep't of Educ.*, No. CIV 08-3959 RBK KMW, 2009 WL 3165442, at *2–3 (D.N.J. Sept. 28, 2009) ("At most, granting Plaintiff's motion permits the Court to read and consider whatever legitimate arguments he has against judgment on the pleadings. [Opposing Party] can hardly claim prejudice by having its arguments rebutted, which is in the usual course of federal civil practice.") Moreover, "[b]ecause [Party] seek[s] only to file a reply, a brief to which the nonmoving party is not typically entitled to respond, [Opposing Party] would not suffer any delay in filing his own papers." *Escamilla v. Miranda*, No. 23-CV-05033-BLF, 2024 WL 390071, at *1 (N.D. Cal. Jan. 31, 2024).

Here, there is no prejudice to Defendant if the Court denies its Motion to Strike the Plaintiff's Reply in Support of Class Certification that was filed 15 hours late.

### D.     Movant's Good Faith

"The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) (Berzon, M., concurring). Plaintiff's counsel did not engage in some willful act meant to secure an advantage over Defendant. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Ahanchian*, 624 F.3d at 1262 (finding counsel's "reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.").

Here, because there is no evidence that Plaintiff's counsel attempted to obtain a tactical advantage by filing the reply 15 hours late, this factor supports a finding of excusable neglect.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike should be denied.

– 8 –

Dated: December 11, 2024

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson
Cal. Bar No. 220802
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry
Cal. Bar No. 308660
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel.: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2024, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton