**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry (SBN #308660)
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (SBN #220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
**Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY EFFINGER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 13, 2025<br>Time: 2:00 p.m.<br>Courtroom: 10<br><br>Judge: Hon. Araceli Martínez-Olguín |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 13, 2025, at 2:00 p.m. or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Kelly Effinger will move the Court for an order allowing the late filing of Plaintiff Kelly Effinger's Reply in Support of Class Certification (the Motion).

Plaintiff notes that the hearing on the Motion for Class Certification is set for February 20, 2025, at 2:00 p.m. But the Court's scheduling notes show that date is no longer available. As a matter of efficiency, Plaintiff requests the Court continue the hearing on this related Motion until February 20, 2025. This Motion is made pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 6. This Motion is based upon this notice, the attached Declaration and Memorandum of Points and Authorities submitted herewith, the pleadings and records on file, and upon such other and further matters as may be presented before or at the hearing.

Dated: December 18, 2024

**The Keeton Firm LLC**

By: /s/ *Steffan T. Keeton*
Steffan T. Keeton

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 1

    A. The Length of the Delay and Impact on Judicial Proceedings ............................... 2
    B. The Reason for the Delay ....................................................................................... 3
    C. Prejudice to Nonmovant ......................................................................................... 4
    D. Movant's Good Faith ............................................................................................. 5

III. CONCLUSION ................................................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On the eve of the Reply's deadline, counsel that was tasked with drafting and filing the brief[1] suffered a medical emergency as outlined in the Second Declaration of Steffan T. Keeton ("Second Keeton Declaration").[2] Given the last-minute nature of the emergency, the attorneys working on Plaintiff's behalf had to adjust on short notice. Shorthanded, they quickly drafted an emergency motion requesting for an extension until November 25, 2024. *See* First Keeton Dec., ¶¶ 8-14.[3] The Court granted this motion and extended the deadline until this date at 9:00AM. While in a continuing medical emergency involving Plaintiff's counsel and his family, the reply was filed approximately 15 hours late. This late filing occurred due to a calendaring issue combined with last-minute technical difficulties. These two errors were caused by the medical emergency.

Upon review of Rule 6(b)(1)(B)'s factors, the Court should grant Plaintiff's Motion to Extend Time because each of the four factors weigh in favor of a finding of excusable neglect.

## II.   ARGUMENT

"Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired."[4] Rule 6(b)(1)(B) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." "With regard to determining whether a party's neglect of a deadline is excusable, courts consider (1) the length of the delay and its potential impact on judicial proceedings, (2) the reason for the delay, (3) the danger of prejudice

---

[1] Delegation of duties amongst counsel is an accepted practice. *See Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 549 (D.N.M. 2011) ("The Court is mindful that all firms—but particularly plaintiffs' firms—assign different responsibilities to different lawyers.").
[2] Filed under seal at Dkts. 85-3, 86.
[3] Dkt. 84-2.
[4] *Escamilla v. Miranda*, No. 23-CV-05033-BLF, 2024 WL 390071, at *1 (N.D. Cal. Jan. 31, 2024).

to the nonmovant, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Rosengren v. SF Markets, LLC*, No. 23-55666, 2024 WL 3041552, at *1 (9th Cir. June 18, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

While Plaintiff's counsel filed the reply approximately 15 hours late, the *Pioneer* factors weigh in favor of allowing the late filing because they support a finding of excusable neglect. While the *Pioneer* analysis establishes excusable neglect, Plaintiff's counsel apologizes to the Court for any delay or concern this may have caused. In Plaintiff's case, the balance of equities weighs in favor of finding excusable neglect.

### A.     The Length of the Delay and Impact on Judicial Proceedings

The delay presents minimal impact on the judicial proceedings. The hearing on the class certification motion is approximately three months from the date that the reply was untimely filed. While the Court's time is incredibly valuable, it is unlikely that the 15-hour delay would severely impact the proceedings over a period of three months.

Delays of minutes, hours, and sometimes days are routinely found to be minimal when analyzing excusable neglect. *See Friedman v. Medjet Assistance, LLC*, 2010 WL 11462853, at *1 (C.D. Cal. Nov. 1, 2010) (denying motion to strike because "[Plaintiff's] filings (whether untimely by a few minutes or twenty-two hours) did not unduly delay proceedings in this action."); *I Klein v. Justin D. Heideman, LLC*, 2021 WL 4482144, at *2 (D. Utah Sept. 30, 2021) (denying motion to strike where filing was less than three hours late which the court described as "*de minimis*."); *United States v. Louisiana*, 2016 WL 632492, at *2 (M.D. La. Feb. 17, 2016) (denying motion to strike that sought "indiscriminate striking of relevant documents filed but minutes and hours late."); *King v. Chubb & Son*, 2013 WL 523202, at *2 (M.D. Fla. Feb. 12, 2013) (denying motion to strike where filing was delayed by one day); *Dalenko v. Stephens*, 2014 WL 794045, at *3 (E.D.N.C. Feb. 27, 2014) (denying motion to strike because "Plaintiff cannot credibly claim she

has been prejudiced by the 48–hour delay in filing."); *Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 205 (E.D. Cal. 2015) (allowing documents filed in support of class certification motion to be filed one day late because the delay was caused by "unforeseen technical difficulties" and created no prejudice to opposing party); *Herbert v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 88352, at *3 (N.D. Cal. Jan. 13, 2009) ("[S]hort delay of 19 days works no prejudice to [Defendant].").[5]

Because the length of the delay is less than one day and there is likely *de minimis* impact on the judicial proceedings, this factor supports a finding of excusable neglect.

### B. The Reason for the Delay

The 15-hour delay was caused by the health emergency that impacted the attorney that was tasked with drafting and filing the reply in the days leading up to Thanksgiving. As detailed in both the First Declaration of Steffan T. Keeton and the Second Declaration of Steffan T. Keeton, counsel suffered a medical emergency shortly before the reply's original deadline of November 20, and the Court granted an emergency extension until November 25 at 9:00AM. Due to a calendaring error, Plaintiff's counsel was aware that the deadline had been extended to November 25 but had failed to place the time on his calendar. *See* First Keeton Dec., ¶16. Thus, while still dealing with the impacts of the medical emergency and a few technical difficulties in the formatting and filing process, Plaintiff's counsel filed the reply on November 26, 2024 at 12:30AM. *See* First Keeton Dec., ¶¶ 16-19.

In the excusable neglect analysis, illness and medical emergency of counsel generally support a finding of excusable neglect.[6] However, illness of counsel is not a dispositive factor.

---

[5] *See also O'Brien-Shure v. U.S. Lab'ys, Inc. Health & Welfare Ben. Plan*, 2013 WL 3321569, at *2 (N.D. Ill. July 1, 2013) (deciding to still consider untimely filed motion to dismiss where the delay was 4 days and the defendants suffered no prejudice); *Okada v. Whitehead*, 2017 WL 2626990, at *2 (C.D. Cal. June 12, 2017) ("the Court will not strike the Opposition because it was submitted only one day late, on a Saturday, and neither the Court nor [opposing party] were prejudiced by the delay.").

[6] *See Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) ("We conclude that illness of counsel entrusted with the filing responsibility may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file

Rather, "[r]easonable diligence is still expected."[7] Here, Plaintiff's counsel acted diligently in the face of the medical emergency. The significant medical emergency supports a finding of excusable neglect where the untimely filing was completed less than one day later. While battling numerous health ailments, Plaintiff's counsel committed an error in placing the deadline on the calendar with the appropriate date but failing to include the 9:00AM time. Calendar errors alone – in the absence of significant health problems contained in this case – have satisfied this factor of excusable neglect.[8] Here, Plaintiff's counsel untimely filing was caused by health issues which caused a calendaring error. This supports a finding of excusable neglect.

C. **Prejudice to Nonmovant**

There is no prejudice to Defendant from the fifteen-hour delay or the Court's review of Plaintiff's Reply in Support of Class Certification. Defendant's present motion to strike, and its

---

the appeal and is not reasonably capable of communicating to co-counsel his inability to file."); *Bank of the Ozarks v. Prince Land, LLC*, 2013 WL 395132, at *3 (S.D. Ga. Jan. 31, 2013) ("Accordingly, this Court finds that [Party's] attorney's heart attack constitutes excusable neglect and an extension is warranted."); *United States v. Wrice*, 954 F.2d 406, 408–409 (6th Cir. 1992) (excusable neglect where attorney explained to trial court that he was suffering from severe depression which had caused his tardiness in requesting extension of time); *Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 149 (D.D.C. 2015) ("Because Plaintiffs' counsel was ill and made an effort to file on the due date, because any effect on the proceeding was negligible, and because no prejudice would result from accepting Plaintiffs' amended opposition, the Court concludes that Plaintiffs have demonstrated "good cause" and "excusable neglect" sufficient to justify a one-day extension."); *Schwartz v. Scwhartz*, 2021 WL 7185474, at *2 (D.D.C. Jan. 28, 2021) (allowing brief extension where "there is no evidence [Party] or counsel acted in bad faith; counsel's delay in filing was largely a result of family tragedy and her own illness caused by the ongoing COVID-19 pandemic."); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 804 (D. Ariz. 2021), *aff'd*, No. 21-16105, 2023 WL 118740 (9th Cir. Jan. 6, 2023) (finding excusable neglect where party filed its motion for summary judgment one day late because counsel was impacted "from, among other things, the effects of a medical condition and caring for a sick family member.").

[7] *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 1445451, at *3 (N.D. Cal. Apr. 9, 2010) (noting that "[w]hile a serious and debilitating illness can provide a basis for such a finding, the illness of counsel must be viewed in context with other considerations, such as the length of the delay" but rejecting counsel's request for a four-month extension).

[8] *See, e.g.*, *Escamilla*, 2024 WL 390071, at *1 (late filed reply was caused by excusable neglect because there was no prejudice to opposing party due to calendaring error); *Ahanchian*, 624 F.3d at 1261 (excusable neglect where attorney misread the applicable deadline because of a "calendaring" mistake); *Herbert*, 2009 WL 88352, at *2 (finding calendaring error was excusable neglect when corrected within three days); *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) ("the Ninth Circuit has found that [calendaring] mistakes constituted excusable neglect.").

review of Plaintiff's opposition will take up far more time than any harm caused by the minor filing delay. Permitting the Court to read and review legitimate arguments is not prejudicial. Rather, the danger of prejudice is slight. *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *2–3 (D.N.J. Sept. 28, 2009) ("At most, granting Plaintiff's motion permits the Court to read and consider whatever legitimate arguments he has against judgment on the pleadings. [Opposing Party] can hardly claim prejudice by having its arguments rebutted, which is in the usual course of federal civil practice.") Moreover, "[b]ecause [Party] seek[s] only to file a reply, a brief to which the nonmoving party is not typically entitled to respond, [Opposing Party] would not suffer any delay in filing his own papers." *Escamilla*, 2024 WL 390071, at *1. Here, there is no prejudice to Defendant if the Court allows the filing of Plaintiff's Reply in Support of Class Certification.

### D.     Movant's Good Faith

"The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence."[9] Plaintiff's counsel did not engage in some willful act meant to secure an advantage over Defendant.[10] Here, because there is no evidence that Plaintiff's counsel attempted to obtain a tactical advantage by filing the reply 15 hours late, this factor supports a finding of excusable neglect.

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court retroactively grant the Plaintiff an extension of time to file her PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION (Dkt. 82).

---

[9] *Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) (Berzon, J., concurring).
[10] *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Ahanchian*, 624 F.3d at 1262 (finding counsel's "reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.").

Dated: December 18, 2024

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson
Cal. Bar No. 220802
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**POPE MCGLAMRY PC**
Michael L. McGlamry**
Caroline G. McGlamry
Cal. Bar No. 308660
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel.: (404) 523-7706
efile@pmkm.com
**Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2024, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton