– 1 –

|  |  |
|---|---|
| KELLY EFFINGER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCIENT ORGANICS,<br><br>Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**DECLARATION OF STEFFAN T. KEETON IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF CLASS CERTIFICATION** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## **DECLARATION OF STEFFAN T. KEETON**

I, Steffan T. Keeton, declare:

1. I am an attorney with The Keeton Firm LLC.

2. My firm is one of three firms representing Plaintiff in this matter.

3. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

4. I make this declaration in support of PLAINTIFF'S MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF CLASS CERTIFICATION.

5. Plaintiff's Reply in Support of Class Certification was due on November 20, 2024.

6. The Court granted an emergency request to extend the deadline to November 25, 2024 with the Court's addition that it be filed by 9:00AM.

7. The reply was filed shortly after midnight on November 26, 2024.

8. Plaintiff did not attempt to obtain Defendant's consent to this request because Defendant filed a Motion to Strike Plaintiff's Reply in Support of Class Certification (Dkt. 83).

9. Prior to the filing of the Motion to Strike, Defendant did not communicate with Plaintiff's counsel to attempt to discuss the issue before filing. Therefore, it did not appear that any discussion would be productive.

10. Good cause exists for the extension of time to file the reply.

11. The untimely filing was not caused intentionally or with bad faith.

12. The circumstances support a finding of excusable neglect and the acceptance

of Plaintiff's late-filed brief.

13. The filing delay was caused by a medical emergency to Plaintiff's counsel (detailed in the declaration filed under seal at Dkt. 86).

14. Specifically, due to the ongoing medical emergency that started the day before the filing deadline for the brief, I communicated with co-counsel that I – the attorney tasked with drafting and filing the brief – was unable to meet the deadline. In these discussions, I told co-counsel that I was hopeful that the emergency would be resolved by November 25, 2024.

15. Upon learning of my condition, my co-counsel swiftly and diligently attempted to contact defense counsel multiple times and through multiple mediums to explain the situation and obtain a brief, consented-to extension to avoid unnecessarily burdening the Court.

16. They were unable to get in contact with any of the attorneys representing Defendant in this matter.[1]

17. After being unable to discuss the matter with defense counsel, at approximately 2:00PM, they filed an emergency motion to extend the filing deadline until November 25, 2024.

18. The Court granted the request and extended the deadline until November 25, 2024 with a filing deadline of 9:00AM PT.

19. When the Court granted the extension, I was still dealing with the effects of the medical emergency outlined in the Second Keeton Declaration, and when I placed the new deadline on my calendar, the 9:00AM time was omitted from

---

[1] I have firsthand knowledge of this because I am on these email chains.

– 2 –

Keeton Declaration ISO Plaintiff's Motion to Extend Time
*Effinger, et al. v. Ancient Organics*, No. 3:22-cv-03596-AMO

1. my calendar.

20. Thus, while still battling through medical difficulties, I was under the belief that the brief was due no later than 11:59PM on November 25, 2024.

21. Due to last minute technical errors involving the formatting of the Reply brief, subsequent fixes, and the rejection of the newly formatted PDF document by ECF (triggering an "external code" warning which prohibited the filing of the document until additional reformatting was completed), the filing of the document was delayed until just after midnight on November 26, 2024.

22. The filing of the Reply was delayed as outlined in this Declaration and the Second Keeton Declaration, and was filed on November 26, 2024 at 12:30AM PT, approximately 15 hours after the Court's deadline.

23. If the Motion is granted, the 15-hour extension will have no impact on the case or the class certification hearing scheduled in February 2025.

24. The original 15-hour delay presented no prejudice to Defendant, and if this Motion is granted, Defendant would still suffer no prejudice.

25. Defendant has had access to the reply since November 26, 2024 at 12:30AM.

26. If the Motion is not granted, Plaintiff would be prejudiced because arguments outlined in the reply would not be fully briefed, and the class certification hearing in February 2025 would not be as successful or productive as it would be if the Parties and the Court were apprised of the reply to Defendant's arguments raised in its opposition.

27. The Court has issued the following previous modifications in the case:

   a. On September 16, 2022, Defendant sought an extension of time to

– 3 –

       respond to the complaint. Dkt. 11.

    b. During the pendency of the motion to dismiss and immediately upon ruling on the motion, the Court modified the initial case management conference on multiple occasions. Dkt. 34-35, 38.

    c. On June 5, 2024, the Court extended certain deadlines related to the class certification motion. Dkt. 61.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of December, 2024 at Pittsburgh, Pennsylvania.

/s/ Steffan T. Keeton

Steffan T. Keeton
