UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelly Effinger, individually, and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Ancient Organics,<br><br>    Defendant. | CASE NO. 3:22-cv-03596-AMO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF CLASS CERTIFICATION**<br><br>Re: Dkt. Nos. 83, 84, 88 |

Before the Court are two motions related to case scheduling. The motions are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** Plaintiff's motion to extend time, and the Court **DENIES** Defendant's motion to strike.

**I.     BACKGROUND**

On February 20, 2025, Plaintiff's Motion for Class Certification is scheduled for a hearing before the Court. The motion is fully briefed. However, Plaintiff's reply in support of her class certification motion was filed approximately 15 hours late. Defendant seeks to strike this filing because it is untimely. Plaintiff asks for relief to allow the Court to accept the filing of her untimely reply in support of class certification and argues that this untimely filing was caused by excusable neglect.

The facts of the present Motion are intertwined with Defendant's Motion to Strike which was filed on November 27, 2024, the day before Thanksgiving. ECF 83.

While both these motions are scheduled to be heard at the hearing on February 20, 2025, the Court finds that the interests of justice, as well as the Court's valuable time, are best served by ruling on these two motions before the class certification hearing.[1] Moreover, in the future, the Court expects both parties to resolve these scheduling issues without the Court's intervention. Simply put, rather than volleying motions at each other, the parties should communicate via telephone, Zoom, or other medium to at least *attempt* resolving such matters.

By way of background, towards the end of the briefing schedule, Plaintiff's counsel suffered from a medical emergency as outlined in the Keeton Declaration filed contemporaneously with Plaintiff's motion to extend time. Further, Plaintiff's counsel detailed the extent and severity of the medical emergency in the Second Keeton Declaration which was filed under seal.[2] As a result, Plaintiff's reply was delayed and an extension was granted by the Court until Monday, November 25, 2024 at 9AM. While still suffering from the medical ailments, Plaintiff's counsel mistakenly put the date of the filing on the calendar but omitted the time. This caused Plaintiff's counsel to erroneously believe that the filing was due by the end of the day. As a result, the brief was filed approximately 15 hours late.

While untimely filings are not to be accepted by the Court nor should the Court accept filings that are late do to intent or gross negligence, the Court in consideration of the medical emergency, the lack of prejudice to Defendant, Plaintiff's good faith, and the minimal delay permits the filing of the untimely reply because Plaintiff has

---

[1] Under these circumstances, "[i]t is appropriate to now rule on these motions to avoid unnecessary delays and costs to the parties." *Klein v. Justin D. Heideman, LLC*, No. 2:19-CV-00854-DN-PK, 2021 WL 4482144, at *1 (D. Utah Sept. 30, 2021).
[2] ECF 85-3, 86.

established that the untimely filing was the result of excusable neglect. Thus, Defendant's motion is hereby DENIED and Plaintiff's motion is GRANTED. The Court's reasoning is outlined below.

## II. PLAINTIFF'S MOTION TO EXTEND TIME

Plaintiff moves to extend the filing deadline from November 25, 2024 at 9:00AM to November 26, 2024 at 12:30AM so that her untimely brief will be accepted by the Court.[3]

### A. Legal Standard

Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired. Rule 6(b)(1)(B) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

A district court abuses its discretion by failing to engage in this four-factor test or at least the "equitable analysis" captured by the test. *Ahanchian*, 624 F.3d at 1261. Additionally, a "district court is given broad discretion in supervising the pretrial

---

[3] In this section, Defendant's motion to strike is not discussed in detail. Because the facts and arguments are intertwined with the present motion, a single discussion and analysis resolves both motions.

phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *The United States v. Thill*, No. 14-29-BLG-SPW-CSO, 2015 WL 12592794, at *1. (D. Mont. Jan. 28, 2015) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003)) (internal quotation marks and citations omitted). "The law has a strong preference to determine cases on their merits whenever possible." *Barg Coffin Lewis & Trapp, LLP v. Arlie & Co.*, No. 14-4740-LB, 2014 WL 7275360, at *4 (N.D. Cal. Dec. 22, 2014) (citing *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011)).

**B. Discussion**

Plaintiff contends that the untimely filing was caused by excusable neglect. As outline above, *Pioneer* controls the factors a court must examine in determining whether excusable neglect exists. The Court addresses each of the four *Pioneer* factors in turn.

*Prejudice to Nonmovant*

There is no prejudice to Defendant. A 15-hour delay for a reply brief filed almost three months before the hearing on the matter, where no responsive filing is required or allowed without relief of court[4] and filed the week of a major holiday, did not harm Defendant. Granting the requested relief presents no prejudice to Defendant. Permitting the Court to read and review legitimate arguments is not prejudicial. Rather, the danger of prejudice is slight. *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *2–3 (D.N.J. Sept. 28, 2009) ("At most, granting Plaintiff's motion

---

[4] While Defendant's Motion to Strike acts in part as an abbreviated sur-reply, those arguments may be raised at the hearing in February. The Court did not previously allow Defendant to file a sur-reply.

permits the Court to read and consider whatever legitimate arguments he has against judgment on the pleadings. [Opposing Party] can hardly claim prejudice by having its arguments rebutted, which is in the usual course of federal civil practice.") Moreover, "[b]ecause [Party] seek[s] only to file a reply, a brief to which the nonmoving party is not typically entitled to respond, [Opposing Party] would not suffer any delay in filing his own papers." *Escamilla*, 2024 WL 390071, at *1.

Because there is no prejudice to Defendant, this factor weighs in favor of a finding of excusable neglect.

### *Length of Delay and Impact on Judicial Proceedings*

The length of the delay – 15 hours – is minimal and does not impact judicial proceedings. Delays of minutes, hours, and sometimes days are routinely found to be minimal when analyzing excusable neglect. *See Friedman v. Medjet Assistance, LLC*, 2010 WL 11462853, at *1 (C.D. Cal. Nov. 1, 2010) (denying motion to strike because "[Plaintiff's] filings (whether untimely by a few minutes or twenty-two hours) did not unduly delay proceedings in this action."); *I Klein v. Justin D. Heideman, LLC*, 2021 WL 4482144, at *2 (D. Utah Sept. 30, 2021) (denying motion to strike where filing was less than three hours late which the court described as "*de minimis*."); *United States v. Louisiana*, 2016 WL 632492, at *2 (M.D. La. Feb. 17, 2016) (denying motion to strike that sought "indiscriminate striking of relevant documents filed but minutes and hours late."); *King v. Chubb & Son*, 2013 WL 523202, at *2 (M.D. Fla. Feb. 12, 2013) (denying motion to strike where filing was delayed by one day); *Dalenko v. Stephens*, 2014 WL 794045, at *3 (E.D.N.C. Feb. 27, 2014) (denying motion to strike because "Plaintiff cannot credibly claim she has been prejudiced by the 48–hour delay in filing."); *Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 205 (E.D. Cal. 2015)

(allowing documents filed in support of class certification motion to be filed one day late because the delay was caused by "unforeseen technical difficulties" and created no prejudice to opposing party); *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at *3 (N.D. Cal. Jan. 13, 2009) ("[S]hort delay of 19 days works no prejudice to [Defendant].").[5]

Because the length of the delay is less than one day and there is likely *de minimis* impact on the judicial proceedings, this factor supports a finding of excusable neglect.

*The Reason for Delay*

The delay was caused by a medical emergency of Plaintiff's counsel. This last-minute medical emergency – originating and continuing through the week of Thanksgiving – caused co-counsel to seek an emergency extension from the Court. While still suffering from the medical emergency, Plaintiff's counsel placed the new deadline on his calendar albeit without the 9:00AM deadline.

Illness and medical emergency of counsel generally support a finding of excusable neglect.[6] However, illness of counsel is not a dispositive factor. Rather,

---

[5] *See also O'Brien-Shure v. U.S. Lab'ys, Inc. Health & Welfare Ben. Plan*, 2013 WL 3321569, at *2 (N.D. Ill. July 1, 2013) (deciding to still consider untimely filed motion to dismiss where the delay was 4 days and the defendants suffered no prejudice); *Okada v. Whitehead*, 2017 WL 2626990, at *2 (C.D. Cal. June 12, 2017) ("the Court will not strike the Opposition because it was submitted only one day late, on a Saturday, and neither the Court nor [opposing party] were prejudiced by the delay.").

[6] *See Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) ("We conclude that illness of counsel entrusted with the filing responsibility may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file."); *Bank of the Ozarks v. Prince Land, LLC*, 2013 WL 395132, at *3 (S.D. Ga. Jan. 31, 2013) ("Accordingly, this Court finds that [Party's] attorney's heart attack constitutes excusable neglect and an extension is warranted."); *U. S. v. Wrice*, 954 F.2d 406, 408–409 (6th Cir. 1992) (excusable neglect where attorney explained to trial court that he was suffering from severe depression which had caused his tardiness in requesting extension of time); *Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 149 (D.D.C. 2015) ("Because Plaintiffs' counsel

"[r]easonable diligence is still expected."[7] Here, Plaintiff's counsel acted diligently in the face of the medical emergency. While battling numerous health ailments, Plaintiff's counsel committed an error in placing the deadline on the calendar with the appropriate date but failing to include the 9:00AM time. Calendar errors alone – in the absence of significant health problems contained in this case – have satisfied this factor and supported a finding of excusable neglect.[8] Here, the untimely filing was caused by health issues which caused a calendaring error. While non-compliant, it is however, understandable that given the ongoing medical issues, that an attorney could be under the belief that the filing was due by the end of the day (11:59PM).[9]

---

was ill and made an effort to file on the due date, because any effect on the proceeding was negligible, and because no prejudice would result from accepting Plaintiffs' amended opposition, the Court concludes that Plaintiffs have demonstrated "good cause" and "excusable neglect" sufficient to justify a one-day extension."); *Schwartz v. Scwhartz*, 2021 WL 7185474, at *2 (D.D.C. Jan. 28, 2021) (allowing brief extension where "there is no evidence [Party] or counsel acted in bad faith; counsel's delay in filing was largely a result of family tragedy and her own illness caused by the ongoing COVID-19 pandemic."); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 804 (D. Ariz. 2021), *aff'd*, No. 21-16105, 2023 WL 118740 (9th Cir. Jan. 6, 2023) (finding excusable neglect where party filed its motion for summary judgment one day late because counsel was impacted "from, among other things, the effects of a medical condition and caring for a sick family member.").

[7] *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 1445451, at *3 (N.D. Cal. Apr. 9, 2010) (noting that "[w]hile a serious and debilitating illness can provide a basis for such a finding, the illness of counsel must be viewed in context with other considerations, such as the length of the delay" but rejecting counsel's request for a four-month extension).

[8] *See, e.g.*, *Escamilla*, 2024 WL 390071, at *1 (late filed reply was caused by excusable neglect because there was no prejudice to opposing party due to calendaring error); *Ahanchian*, 624 F.3d at 1261 (excusable neglect where attorney misread the applicable deadline because of a "calendaring" mistake); *Herbert*, 2009 WL 88352, at *2 (finding calendaring error was excusable neglect when corrected within three days); *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) ("the Ninth Circuit has found that [calendaring] mistakes constituted excusable neglect.").

[9] The Court notes that Plaintiff's filing failed to meet this deadline by approximately 30 minutes. However, given the ongoing medical condition outlined in the declarations, and the fact that Plaintiff's counsel claimed that technical difficulties caused the filing to occur a few minutes after this deadline, the Court will allow the filing. It is not uncommon for courts to allow late filings when they occur due to technical difficulties which generate *slightly* late filings. *See,e.g.*, *Benaron v. Simic*, No. 3:19-CV-01653-SB, 2021 WL 4464176, at *6 (D. Or. Sept. 29, 2021) ("Accordingly, the Court denies Defendant's Motion to Strike on the basis that Plaintiff filed her

Because the untimely filing was caused by a medical emergency, this factor supports a finding of excusable neglect.

*Movant's Good Faith*

"The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) (Berzon, J., concurring). Plaintiff's counsel did not engage in some willful act meant to secure an advantage over Defendant. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Ahanchian*, 624 F.3d at 1262 (finding counsel's "reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.").

Because there is no evidence that Plaintiff's counsel attempted to obtain a tactical advantage by filing the reply 15 hours late, this factor supports a finding of excusable neglect.

**C. Balancing of the Factors**

After "weighing [] *Pioneer*'s equitable factors,"[10] the Court finds that each of

---

motion 59 minutes late."); *Multiplan, Inc. v. Holland*, No. 1:14CV315-LG-RHW, 2020 WL 1128202, at *1 (S.D. Miss. Mar. 6, 2020) (denying motion to strike for filing made 19 minutes late because it was "filed at a time so near the deadline."); *Hurst v. Ohio Dep't of Rehab. & Correction*, No. 2:11-CV-1090, 2014 WL 3889471, at *2 (S.D. Ohio Aug. 7, 2014) (denying motion to strike where filing was late by 46 minutes due to technical issue); *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-CV-00628-RCJ-CLB, 2024 WL 1199594, at *5 (D. Nev. Mar. 20, 2024) (allowing late filing made "20 minutes after midnight on the day of the deadline[.]"); *Austin v. CUNA Mut. Ins. Soc.*, 240 F.R.D. 420, 422 (W.D. Wis. 2006) ("Although the documents filed on October 11 were technically late, each was filed by 12:18 a.m. Defendants' brief tardiness with respect to those documents will be forgiven; plaintiff's motion to strike will be denied."). Regardless, the Court requires that all future filings be timely filed and expects counsel internally schedule the filings to be completed many hours before the deadline to ensure timely filing regardless of technical difficulties.

[10] *Pincay*, 389 F.3d at 860.

the four factors supports a finding that the delay was the result of excusable neglect. Because there were extraordinary events surrounding the filing of Plaintiff's brief, the Court will allow the untimely filing.[11] This order should not be construed as this Court's adoption of untimely filings in future cases nor does the Court expect this to occur in the future.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to extend, and the Court **DENIES** Defendant's motion to strike.

**IT IS SO ORDERED.**

Dated:

                                        ARACELI MARTINEZ-OLGUÍN
                                        United States District Judge

---

[11] Notably, the facts before the Court in the present case are similar to *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 804 (D. Ariz. 2021), *aff'd*, No. 21-16105, 2023 WL 118740 (9th Cir. Jan. 6, 2023). In *Bennett*, the district court – after conducted an analysis of each of the *Pioneer* factors – allowed the City to file its motion for summary judgment one day late because counsel was impacted "from, among other things, the effects of a medical condition and caring for a sick family member." *Id.*