Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Katelyn A. Feliciano (SBN 350385)
  *katelynfeliciano@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ancient Organics, a California corporation*

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KELLY EFFINGER and KEEFE STEVERNU, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCIENT ORGANICS, a California corporation,<br><br>Defendant. | Case No. 3:22-cv-03596-AMO<br><br>**DEFENDANT ANCIENT ORGANICS'S STATUS REPORT IN RESPONSE TO COURT'S MAY 23, 2025 ORDER [ECF No. 98]**<br><br>Assigned to the Hon. Araceli Martínez-Olguín |

1    On May 23, 2025, the Court issued an order denying plaintiff Kelly Effinger 's motion

2    for class certification.  (ECF No. 98 (the Order).)  In the Order, the Court ordered Ms. Effinger's

3    counsel and counsel for defendant Ancient Organics (together with Plaintiff, the Parties) "to

4    meet and confer regarding next steps in this case" and "file a proposed trial and pretrial schedule

5    within 28 days from the date of th[e] Order."  (*Id.* at 10.)  Counsel for the Parties conferred on

6    the status of the proceedings in this case, and agreed to file a stipulation to dismissal of

7    Ms. Effinger's claims with prejudice.

8    Beyond that, there is one other issue to address.  Ms. Effinger's counsel withdrew as

9    counsel for the other plaintiff, Keefe Stevernu, on September 3, 2024.  (ECF No. 72.)  Mr.

10    Stevernu has not participated or otherwise prosecuted this action since at least early 2024 when

11    he "became non-responsive to communications from [Ms. Effinger's] counsel." (ECF No. 70 at

12    1.)  Mr. Stevernu still has not provided responses to Ancient Organics's interrogatories, even

13    after being compelled to do so by the Court nearly a year ago.  (ECF No. 67 at 4.)  Ms.

14    Effinger's counsel has not been in contact with Mr. Stevernu, and despite efforts to reach Mr.

15    Stevernu by email and telephone through contact information provided by his former attorneys,

16    Ancient Organics also has not been able to contact him.

17    Given Mr. Stevernu's complete lack of communication with the Court or counsel for the

18    Parties over the last year and half, it does not appear that Mr. Stevernu will pursue this matter.

19    Therefore, Ancient Organics respectfully requests that the Court issue an Order to Show Cause

20    requiring Mr. Stevernu to demonstrate why his claims should not be dismissed for lack of

21    prosecution.  If he does not appear, no further proceedings appear necessary in this action.

22    District courts have the power to dismiss a case for lack of prosecution in situations,

23    whereas here, a plaintiff abandons their case or fails to comply with court orders.  *See Bautista v.*

24    *Concentrated Employment Program of Dept. of Labor*, 459 F.2d 1019, 1019–20 (9th Cir. 1972)

25    (affirming dismissal under Fed. R. Civ. P. 41(b) after plaintiffs failed to appear at two court

26    hearings); *Luk v. Wabach R.R. Co.*, 370 U.S. 626, 629–31 (1962) (courts have inherent authority

27    to dismiss *sua sponte* for failure to comply with court orders).  Courts routinely dismiss cases for

28    failure to prosecute where plaintiffs, like Mr. Stevernu, fail to diligently pursue their claims and

ANCIENT ORGANICS'S STATUS REPORT
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  fail to comply with discovery obligations. *Apostol v. Vilsack*, 2010 WL 1854645, at *3 (N.D.

2  Cal. Mar. 6, 2010) (dismissing where plaintiff failed to "cooperate with counsel" and failed to

3  comply with discovery obligations); *Miralle v. City of Oakland*, 2023 WL 12035980, at * 1

4  (N.D. Cal. May 18, 2023) (dismissing after plaintiff failed to contact counsel and "ha[d] been

5  entirely absent from the case"); *Cotter v. JP Morgan Chase Bank*, 2015 WL 5316408, at *2

6  (N.D. Cal. Sept. 11, 2015) (dismissing case after plaintiff "failed to participate in ADR

7  proceedings, failed to cooperate in the filing of joint status report …, failed to respond to the

8  Court's Order to Show Cause, and offered no explanation for her failure to prosecute.");

9  *Mashburn v. Comm'r of Soc. Sec.*, 2023 WL 2898545, at *1 (W.D. Wash. Jan. 19, 2023)

10  (dismissing *sua sponte* after plaintiff had not filed anything with the court in four months and

11  failed to respond to an order to show cause and explaining "it is a plaintiff's duty to move the

12  matter towards that disposition at a reasonable pace and to refrain from dilatory conduct").

13        Under Fed. R. Civ. P. 41(b) and Local Rule 41-1, absent any attempt by Mr. Stevernu to

14  respond to the Court's Order to Show Cause, Ancient Organics respectfully requests that the

15  Court dismiss this case.

16

17  Dated:  June 20, 2025                   DAVIS WRIGHT TREMAINE LLP

18                               By: */s/ Jacob M. Harper*

19                                 Jacob M. Harper

20                             *Attorneys for Defendant Ancient Organics*

21

22

23

24

25

26

27

28

ANCIENT ORGANICS'S STATUS REPORT
No. 3:22-cv-03596-AMO

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899